UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARTIN S. GOTTESFELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00012-JRS-MJD |
| ) | |
| B. LAMMER Warden of The FCI Terre Haute, ) | |
| Indiana, ) | |
| ) | |
| Respondent. ) | |

**ORDER ON PENDING MOTIONS**

**I.**

The petitioner's motion for an order to preserve evidence, dkt. [3], is **granted to the extent that** the duty to preserve evidence arises whenever a party knows, or should know, that litigation is imminent. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). The petitioner included with his petition a copy of his timely request to prison officials that they preserve video evidence in anticipation of litigation. Dkt. 1-1 at 1. No other order is necessary.

**II.**

The petitioner's motion for a speedy hearing and declaratory judgment, dkt. [4], is **denied**. The petitioner alleges that he lost 27 days of good-conduct time as a sanction for the disciplinary action at issue in his petition. A review of the Federal Bureau of Prison's website reveals that the petitioner's current expected release date is October 18, 2024. A favorable resolution in this matter would not result in the petitioner's imminent release. The Court will review the petition in due course.

**III.**

The petitioner's motion for summary judgment, dkt. [5], is **denied**. The Court will review

the petition after the respondent has had an opportunity to answer the order to show cause and the petitioner has had an opportunity to reply.

## IV.

The petitioner's Motion for Order on Respondent's Custodial Questioning and Speedy Hearing, dkt. [8], is **denied**. The petitioner's motion seeks an order from the Court requiring the respondent to allow the petitioner to have legal counsel present at any custodial questioning conducted while he is in the custody of the respondent. The circumstances giving rise to the petitioner's motion include the petitioner's ongoing hunger strike and medical staff's attempts to conduct frequent medical evaluations of the petitioner's condition.

This action concerns the plaintiff's disciplinary conviction for attempted extortion and resulting loss of good-time credit in incident number 3338082. The circumstances of his ongoing hunger strike and medical treatment are unrelated to the disciplinary action and do not impact the duration of his confinement. Therefore, these concerns are not properly raised in a § 2241 petition. Similarly, the petitioner's allegations related to retaliation and unconstitutional conditions of confinement in are not properly raised in a § 2241 petition.

Although the petitioner makes clear in both his petition and the current motion that he does not want his petition or motion to be construed as raising civil rights or conditions of confinement claims, a civil rights complaint is the only avenue available to him in federal court to seek redress for claims regarding his hunger strike, medical care, or conditions of confinement. Should he wish to pursue such claims, he should file a new civil rights complaint. The **clerk is directed** to include a civil rights complaint form with the petitioner's copy of this Order.

**IT IS SO ORDERED.**

Date: 1/16/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Martin S. Gottesfeld
Reg. No. 12982-104
FCI – Terre Haute
P.O. Box 33
Terre Haute, IN 47808