<u>United States District Court</u>
<u>Southern District of Indiana</u>
<u>Terre Haute Division</u>

**FILED**
JAN 30 2020
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Martin S. Gottesfeld, pro se,
Petitioner

v.

B. Lammer, Warden of
The FCI Terre Haute, Indiana,
Respondent

Docket No.: 2:20-cv-00012-JRS-MJD

<u>Motion for Judicial Notice (Fed. R. Evid. 201(c))</u>

Petitioner Martin S. Gottesfeld (herein the "petitioner"), acting pro se, and having regained access to some of his records since he filed the instant petition, hereby moves The Honorable Court pursuant to Fed. R. Evid. 201 to take judicial notice of the following relevant and admissible documents, which are available on the record of the case of <u>Gottesfeld v. Hurwitz, et al.</u>, 18-cv-10836-PGG-GWG (S.D.N.Y.):

- <u>id.</u> D.E. 78 2019-09-27 at ~~14~~ ~~15~~ 12-13, previous BP-10 filed against Jason Bradley as returned and as reflected in the system (please see instant petition at 11 ¶ 49);

- <u>Hurwitz</u> D.E. 78 2019-09-27 at 14-17, previous BP-10 filed against Jason Bradley as originally filed by prisoner (please note that memorandum by CO S. Hovey at 16 bottom left is missing from returned version supra and the implications of this memo for Bradley's supposed findings);

- <u>id.</u> D.E. 78 2019-09-27 at 21, the Bradley BP-10

Page 1 of 4

(please see instant petition at 23 ¶¶ 121-123 and at 36 ¶ 175);

- Hurwitz D.E. 78 ~~at 18~~ 2019-09-27 at 18, unredacted version of the first incident report (please see instant petition at 29 ¶¶ 146-152 and 154-156);

- Hurwitz D.E. 78 ~~19~~ 2019-09-27 at 19, relevant electronic message to the first incident report (please see instant petition at 31 ¶ 153);

- Hurwitz D.E. 78 2019-09-27 at 20, first incident report unredacted as modified by Ms. K. Hart (please see instant petition at 32 ¶¶ 157 and at 34 ¶¶ 164-165);

- Hurwitz D.E. ~~~~ 50 2019-05-13 at 25-28, inmate request to Katherine Siereveld of the FCI Legal Department (please see instant petition at 33 ¶ 160 and at 49);

- Hurwitz D.E. 69 2019-08-12 at 69-95, CMU inmate handbook, specifically at 87 code 296 (please see instant petition at 33 ¶ 159);

- Hurwitz D.E. 79 2019-10-01 at 7, cop-out response instructing the petitioner not to use the names of fellow inmates in his mail to The Honorable U.S. Senate Minority Leader Charles Schumer (D-NY) (please see instant petition at 34 ¶ 162);

- Hurwitz D.E. 69 2019-08-12 at 69-98, CMU inmate handbook and institutional supplement showing no such rules as enforced id. D.E. 79 at 7 and instant petition at 34 ¶ 162);

- Hurwitz D.E. 79 2019-~~10-01~~ at 43-45, missing handbook pages from id. D.E. 69 at 69-95, CMU inmate handbook, showing no such rules as enforced id. D.E. 79 at 7 and instant petition at 34 ¶ 162);

- Hurwitz D.E. 79 2019-~~10-01~~ at 15-40, BOP Program

Statement 5214.02, Communications Management Unit, Charles E. Samuels Jr. (April 1, 2015); and Federal Register Volume 80, No. 14 (Thursday, June 22, 2015) pages 3168-3178 on the CMUs; neither showing any such rules as enforced id. D.E. 79 at 7 and instant petition at 34 ¶ 162);

- Hurwitz D.E. 79 2019-10-02 at 9-14, 28 CFR Part 540 Subpart J, Communications Management Units, showing no such rules as enforced id. D.E. 79 at 7 and instant petition at 34 ¶ 162);

- Hurwitz D.E. 78 2019-09-27 at 86-87, declaration under penalty of perjury regarding in-person discussion between the petitioner and agent of the respondent Katherine Siereveld re: lack of written rules (please see instant petition at 35 ¶ 169); and

- Hurwitz D.E. 78 2019-09-27 at 31, BP-8 seeking DHO Bradley's written findings for the first incident report, & which was pursued all the way to a BP-11 under Admin. Remedy No. 996452 (please see instant petition at 36 ¶ 176).

The petitioner also moves the Court to take judicial notice of the following exhibits to the petitioner's motion to intervene in the case of Brown v. Fed. Bureau of Prisons, 1:19-cv-02795-RBW (D.D.C.), mailed 2019-10-24:

- Exhibit 7, showing that the respondent's legal department was consulted prior to pressing the first incident report (please cf. instant petition at 33 ¶ 160 and at 35 ¶ 171);

- Exhibit 13, the petitioner's final written DHO statement for the first incident report (please see instant petition at 35 ¶ 170);

- Exhibit 16, declarations by other CMU prisoners re DHO

Jason Bradley (please see instant petition at 35 ¶ 171); and

- Exhibit 17, the petitioner's earlier attempts at administrative remedy for a list of written communications rules, since fully exhausted under ARP No. 979747 (please see instant petition at 34 ¶ 162).

Should the Court be unable or unwilling to take judicial notice of the above-referenced documents, without physical copies thereof, then the petitioner asks that the Court order the respondent to allow the petitioner access to his own originals in his property and to photocopier access so that the petitioner may make a claim for mandatory judicial notice pursuant to Fed. R. Evid. 201(c)(2).

Respectfully filed pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), by mailing to The Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage, handed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent of the respondent on Sunday, January 19th, 2020, or the first opportunity thereafter,

by: JG
Martin S. Gottesfeld, pro se

The petitioner also notes the instant petition at 39 ¶ 195 and id. at 51 Exhibit 10.