Exhibit 1

Declaration of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, hereby declare that the following is true and correct under the penalty of perjury under the laws of the United States pursuant to 28 U.S.C. § 1746:

1. I am Martin S. Gottesfeld, the petitioner in the case of Gottesfeld v. Lammer, 2:20-cv-00012-JRS-MJD (herein "the case"), currently pending before The Honorable United States District Court for the Southern District of Indiana Terre Haute Division (hereafter "The Court").

2. I first received a copy of The Court's Order to Show Cause (docket entry (D.E.) 7) in the case; filed on Friday, January 10th, 2020; and postmarked Tuesday, January 14th, 2020, in Indianapolis; in my incoming mail on Friday, January 17th, 2020.

3. The envelope bearing to me The Court's order was marked received by FCI Terre Haute on Thursday, January 16th, 2020.

4. The envelope bearing to me The Court's order was opened by agents of the respondent outside my presence and its contents were read by these agents and digitally preserved prior to its delivery to me.

5. I did not apply for leave to proceed in forma pauperis in the case, but rather filled out a form BP-199 so as to have the sum of $20- sufficient to cover the $5 filing fee and subsequent PACER requests- enclosed in the envelope bearing to The Court my petition.

6. I am unable to use the sole Trust Fund Limited Inmate Computer System (TRULINCS) workstation in the unit where I

am confined to either check the status of the aforementioned BP-199 or print any transaction history from my institution trust-fund account.

7. I do not want and I do not need leave to proceed IFP in the case because the filing fee, as I understand it, is only five dollars ($5).

8. In its order, The Court cites D.E. 2 as my motion for leave to proceed IFP. D.E. 7 at 2 ¶ 4.

9. I do not ~~know~~ what was filed as D.E. 2 and I have never seen the docket report for the case.

10. ~~Along with the instant petition~~ The Court should have received the following seven (7) items in the envelope that bore to it my instant petition:

    1) Cover letter to The Clerk of The Court (1 page);

    2) Twenty dollar ($20) prepayment of filing and PACER fees;

    3) Verified Petition for a Writ of Habeas Corpus (28 U.S.C. § 2241) with exhibits 1-10 thereto (51 pages);

    4) Emergency Motion for an Order to Preserve Evidence Against Imminent Destruction with exhibits 1-2 thereto (3 pages);

    5) Motion for Speedy Hearing and Declaratory Judgment (Fed. R. Civ. P. 57 and 28 U.S.C. § 2201) with Exhibit 1 thereto (3 pages);

    6) Motion for Summary Judgment (Fed. R. Civ. P. 56 and Loc. Civ. R. 56.1) with Exhibit 1 thereto (2 pages); and

    7) Motion for Waiver of or Assistance with Service

OF FILINGS (1 page).

11. I did not intend for any of the above-enumerated seven (7) items to be construed as a motion for leave to proceed IFP.

12. I did intend and continue to desire that each of above-enumerated items numbered three (3) through seven (7), inclusive, to be filed as its own ~~docket entry~~ independent and separately-numbered docket entry in the same instant case.

13. On Saturday, January 4th, 2020, I filed pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), a MOTION FOR ORDER ON RESPONDENT'S (CUSTODIAL QUESTIONING AND SPEEDY HEARING (FED. R. CIV. P. 57) (3 pages) and exhibits 1-2 thereto (6 pages). This too I intended for filing as in the instant case under its own independent and separately-numbered docket entry.

14. Unlike other federal prisoners and through no fault of my own, I am ~~unable~~ not allowed to seal my mail to U.S. courts and pages have appeared missing on PACER in my previous filings in another U.S. court. 28 C.F.R. §540.203(b)

I declare under the penalty of perjury under the laws of The United States that the foregoing is true and correct. Executed on Sunday, January 19th, 2020,

by: [signature]

Martin S. Gottesfeld