United States District Court
Southern District of Indiana
Terre Haute Division

FILED
JAN 31 2020
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Martin S. Gottesfeld, pro se,
Petitioner,

v.

B. Lammer, Warden of
the FCI Terre Haute, Indiana,
Respondent

No. 2:20-cv-00012-JRS-MJD

## Claim for Mandatory Judicial Notice (Fed. R. Evid. 201(c)(2))

Petitioner and Claimant Martin S. Gottesfeld (herein the "petitioner"), acting pro se, hereby moves The Honorable Court pursuant to Fed. R. Evid. 201(c)(2) to take mandatory judicial notice of herewith-provided Exhibit 1 hereto, Declaration of Martin S. Gottesfeld (January 24th, 2020).

The facts contained in Exhibit 1 hereto are not reasonably open to question and they are relevant to pending matters in the instant case.

In regards to Exhibit 1 hereto at 1 ¶¶ 2-4, the petitioner notes Scruggs v. Jordan, 485 F.3d 934 (7th Cir. 2007), and that he is entitled to "a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action," but that he is yet to receive any such statement in the usual fifteen- (15-) workday period specified by the respondent's own policy, BOP Program Statement §270.09, Inmate Discipline Program, Chapter 5, Thomas R. Kane (July 8th, 2011).

Page 1 of 2

1 of 6

The petitioner further notes the instant petition at 36 ¶ 176 and ARP No. 996452, which the petitioner pursued through to a BP-11, ARP No. 996452-A1.

In regards to the remainder of Exhibit 1 hereto, the petitioner notes his pending MOTION FOR ORDER ON RESPONDENT'S CUSTODIAL QUESTIONING AND SPEEDY HEARING (FED. R. CIV. P. 57), filed pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), on Saturday, January 4th, 2020.

The petitioner further notes his rights under Castro v. United States, 540 U.S. 375 (2003), and that he declines any construal of his filings in the instant case as a request for the recruitment of counsel to represent him in the instant case or as a request for money damages or other relief inconsistent with 28 U.S.C. § 2241.

Respectfully filed in accordance with the prison-mailbox rule of Houston v. Lack, by mailing to The Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage, headed to Ms. R. Eisele of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent of the respondent, on Friday, January 24th, 2020, or the first opportunity thereafter,*

by: /s/ G

Martin S. Gottesfeld, prose

* The petitioner further notes the instant petition at 39 ¶ 195.

Exhibit 1

Declaration of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, declare that the following is true and correct under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. § 1746 on this 24th day of January, 2020:

1. I am Martin S. Gottesfeld and I am the petitioner in the case of Gottesfeld v. Lammer, 2:20-cv-00012-JRS-MJD (herein "the case"), currently pending before the Honorable U.S. District Court for the Southern District of Indiana Terre Haute Division (herein "The Court").

2. Today is the twenty-first (21st) working day since the disciplinary hearing officer (DHO) hearing of FBOP incident report number 3338082, which took place in the FCI Terre Haute CMU SHU on Friday, December 20th, 2019. Please see the verified petition in the case at 14 ¶¶ 59-116.

3. On Wednesday, January 22nd, 2020, i.e., the nineteenth (19) working day since the DHO hearing on incident report number 3338082, id., I inquired in writing as to the status of the sanctions, id. at 1 and id. at 22 ¶ 116.

4. I have not received any "written statement by the fact-finder," i.e., the DHO - or anyone else for that matter, "of the evidence relied on and the reasons for the disciplinary action." Id. at 13 ¶ 56, citing Scruggs v. Jordan, 485 F.3d 934 (7th Cir. 2007). I should have received this report within fifteen (15) work days.

5. Agents of Respondent B. Lammer continue to question me in custodial and very coercive settings in which I am wearing two (2) sets

Page 1 of 4

3 of 6

of handcuffs and a belt chain, without the presence of an attorney, despite my explicit requests for an attorney pursuant to The Sixth Amendment and Miranda.

6. These coercive custodial questionings occur each morning, seven (7) days per week, and agents of the respondent continue punishing me for asserting my rights therein.

7. Agents of the respondent have now filed two (2) additional incident reports against me for asserting my rights, the first of which was expunged ten (10) days later because it manifestly claimed that I did something that I just as manifestly didn't actually do.

8. On the morning of Monday, January 6th, 2020, agent of the respondent MLT Ms. Sandusky violated my bodily integrity by drawing my blood without my consent and despite my assertion of my right to the presence of an attorney for any ~~late~~ custodial interrogation of my mind or body.

9. On the morning of Tuesday, January 21st 2020, agent of the respondent RN Ms. ~~Snazze~~ Brazzell violated my bodily integrity by drawing my blood without my consent and despite my assertions of my right to the presence of an attorney for any custodial interrogation of my mind or body.

10. To my knowledge, there is no court order allowing the respondent to treat me involuntarily by drawing my blood or by any other medical procedure.

11. FCI Terre Haute staff psychologists Ms. Patterson and Ms. Carmicheal independently determined me competent to make my own medical decisions before MLT Sandusky and RN Brazzell punctured my skin with hypodermic needles and drew my blood without my consent, and Ms. Carmicheal evaluated me again thereafter and again

Page 2 of 4

found me competent.

12. There was at no point any emergency which could justify treating me against my will and the respondent has never notified my emergency contacts of any such emergency or advised my emergency contacts that I was treated against my will in an emergency.

13. I have no history of mental illness or hospitalization and my mental competency has never seriously been questioned.

14. The entire time I've been in the custody of the respondent, my wife, Mrs. Dana B. Gottesfeld has been my Health Care Proxy pursuant to Massachusetts law. I have never revoked my Massachusetts Health Care Proxy.

15. Since I lost access to my Massachusetts Health Care Proxy paperwork during my transfer to FCI Terre Haute, I duly executed on the morning of Friday, January 10th, 2020, two (2) identical copies of an Indiana Health Care Representative Appointment form, appointing my wife to make my medical decisions I shall I ever be deemed incapable of doing so.

16. FCI Terre Haute staff member Ms. J. Wheeler duly witnessed me execute both copies of my Indiana Health Care Representative Appointment.

17. Within hours of my execution of both copies of my Indiana Health Care Representative Appointment, staff psychologist Ms. Carmicheal each found me competent.

18. Forthwith after I executed both copies of my Indiana Health Care Representative Appointment, I provided one of the copies to Ms. agent of the respondent Ms. J. Wheeler acting in her official capacity as Respondent's agent, for delivery to the respondent's medical department and placement in my medical record.

Page 3 of 4

5 of 6

19. Agents of the respondent continued treating me without my consent and drew my blood even after they received my duly-executed and duly-witnessed Indiana Health Care Representative Appointment and they have never sought consent from my wife for their blood draws and other unwanted bodily interrogations.

20. Agents of the respondent RN Mr. Matthew Worthington, RN Ms. Brazzell, and Dr. Mr. G. Lukens refuse to tell me the full names of the practitioners treating me against my will, including that of Ms. Brazzell, Mr. G. Lukens, and the physician—if any—who is treating me against my will and by so doing they are denying me the necessary information to make decisions about my treatment since I am unable to confirm their licensing status with the State of Indiana, and the dates and educational institutions from which they did or did not graduate with medical credentials.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed on Friday, January 24th, 2020.

by: *[signature]*
Martin S. Gottesfeld