United States District Court
Southern District of Indiana
Terre Haute Division

FILED
FEB 4 2020
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Martin S. Gottesfeld, pro se,
Petitioner

v.

B. Lammer, Warden of
The FCI Terre Haute, Indiana,
Respondent

No.: 2:20-cv-00012-JRS-MJD

## PETITIONER'S PRELIMINARY RESPONSE TO ORDER TO SHOW CAUSE (D.E. 7)

Petitioner Martin S. Gottesfeld (herein the "petitioner"), acting pro se, hereby responds on a preliminary basis to The Honorable Court's Friday, January 10th, 2020, Order to Show Cause, found at docket entry (D.E.) seven (7) of the instant case.

The petitioner notes that this response is preliminary to the adjudication of his pending EMERGENCY MOTION FOR CLARIFICATION OF DOCKET ENTRY SEVEN (D.E. 7), filed in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), on Sunday, January 19th, 2020. Depending on the outcome of that motion, the petitioner may need to supplement the instant response.

Regarding the petitioner's February 7th, 2020, deadline, D.E. 7 at 2 ¶ 4, the petitioner humbly and respectfully directs The Court's attention to Exhibit 1 hereto, Declaration of Martin S. Gottesfeld (Friday, January 24th, 2020). Due to the

Page 1 of 2
1/6

circumstances therein described which continue beyond the petitioner's control, the petitioner requests an enlargement of time to resolve the filing fee until Friday, February 21st, 2020.

Should the Court be left with any questions, the petitioner requests a hearing.

The petitioner again notes <u>the instant petition</u> at 39 ¶ 195.

Respectfully filed in accordance with <u>the prison-mailbox rule</u>, <u>Exhibit 1</u> hereto at 4 ¶ 20, on Friday, January 24th, 2020,

by: /s/ MSG

Martin S. Gottesfeld, <u>pro se</u>

Exhibit 1

Declaration of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, declare that the following is true and correct under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. § 1746 on this 24th day of January, 2020:

1. I am Martin S. Gottesfeld and I am the petitioner in the case of Gottesfeld v. Lammer, 2:20-cv-00012-JRS-MJD (herein "the case"), currently pending before The Honorable U.S. District Court for The Southern District of Indiana Terre Haute Division (herein "The Court").

2. At approximately 3:45 P.M. on Friday, January 24th, 2020, agent of the respondent in the case Ms. Rebekka Eisele delivered to me a letter from a court-services deputy clerk of The Court (herein "the letter").

3. The letter is dated Tuesday, January 14th, 2020, i.e. four (4) days after The Court's Order to Show Cause (Docket entry (D.E.) 7).

4. The envelope bearing the letter to me was postage-paid by a non-USPS Pitney Bowes machine on Wednesday, January 15th, 2020, and then postmarked by the USPS in Indianapolis in the P.M. hours the same day.

5. Based upon my knowledge and training as a CMU prisoner, agents of the respondent in the case left markings on the envelope bearing to me the letter that are meant to lead me to believe that it was received in the FCI mail room on Friday, January 17th, 2020, however, the respondent did not notify me that I had received mail from The Court.

Page 1 of 4

3 of 6

6. Like all mail sent between me and U.S. courts, the envelope bearing the letter was opened outside of my presence even though it came from The Court marked "OFFICIAL BUSINESS," and agents of the respondent read and digitally preserved its contents.

7. I composed my Sunday, January 19th, 2020, EMERGENCY MOTION FOR CLARIFICATION OF DOCKET ENTRY SEVEN (D.E. 7) with no knowledge of the letter.

8. Unbeknownst to me, the envelope bearing the letter to me was stamped RECEIVED by the respondent's trust-fund department on Tuesday, January 21st, 2020.

9. The first I learned about the letter was some three (3) days later on Friday, January 24th, 2020, when Ms. Eisele, acting in her official capacity as an agent of the respondent, delivered it to me.

10. I thus learned of the letter some ten (10) days after it was composed by the court-services deputy clerk and a full week after the time at which I am meant to believe it was opened by the respondent. At that point, exactly two (2) weeks remained before The Court's deadline of February 7th, 2020, set out in D.E. 7 at 2 ¶ 4.

11. The letter informed me, "We are returning Check No. 4039 07492308 ($20.00) due to the reason(s) below:... Wrong amount," and asked me, "If you replace the check, please include the case number on the check."

12. I forthwith filled out a new BP-199 addressed to The Court for the exact amount of five dollars ($5.00).

13. I am unable to "include the case number on the check" as requested, so I forthwith wrote a one-(1)-page cover letter addressed to The Office of The Clerk to go along with the BP-199

Page 2 of 4

4/6

and therein I included the case number and asked The Clerk of The Court to "please apply [the check] to the filing fee in the above-captioned habeas case."

14. I further asked The Clerk of The Court, "If I should need to do anything further to resolve the filing fee for the above-captioned case, please inform me of such well prior to the February 7th, 2020, deadline set out in docket entry 7 at 2 # 4 of the case."

15. I then forthwith addressed an envelope to The Court for the BP-199 and its cover letter and I affixed to the envelope sufficient pre-paid first-class U.S. postage.

16. There being nothing further I could do as a prisoner to issue a check to The Court and place it in the mail, I marked the aforementioned envelope, "Friday, January 24th, 2020, Houston v. Lack, 487 U.S. 266 (1988)," and I will hereafter provide the envelope, the cover letter and the BP-199 at the first opportunity to Ms. J. Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent of the respondent, for processing and placing in the mail to The Court.

17. Based upon my training and experience as a CMU prisoner, the next time that the BP-199 could be approved as necessary, by my unit manager, agent of the respondent, Ms. Thomas, will be Thursday, January 30th, 2020. In contrast, had the respondent notified me upon receipt of the returned check, I could and would have filled out a BP-199 in time for Ms. Thomas's approval on Thursday, January 23rd, 2020, a full week earlier, and a day on which I personally spoke with Ms. Thomas.

18. Based upon my training and experience as a CMU prisoner,

the earliest that the respondent's trust-fund department could reasonably expect to receive the approved BP-199 would be the day after Ms. Thomas approves it, and the earliest that a check could be expected to be mailed would be the following week.

19. Therefore, the earliest that a check could reasonably be expected to be mailed would be Monday, February 3rd, 2020, i.e. four (4) days before the deadline, and it could take two (2) weeks or more. Then that could not be mailed prior to the deadline.

20. I am filing this declaration and the preliminary response with which it is exhibited in accordance with the prison-mailbox rule of <u>Houston v. Lack</u>, 487 U.S. 266 (1988), by mailing it to the court in an envelope separate from the envelope used for the aforementioned new BP-199 and also bearing sufficient affixed pre-paid first-class U.S. postage, handed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent of the respondent in the case, on Friday, January 24th, 2020, or the next opportunity thereafter.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on Friday, January 24th, 2020.

by: [signature]
Martin S. Gottesfeld

MSG-2020-01-24

Page 4 of 4

6 of 6

21. I also received the overdue DHO report for incident report 3338608 today, but I cannot include it herewith without risking its spoliation/loss.