UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
FEB 6 2020
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Martin S. Gottesfeld, pro se,
Petitioner
v.
B. Lammer, Warden of
The FCI Terre Haute, Indiana,
Respondent

No. 2:20-cv-00012-JRS-MJD

## PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE (D.E. 7)

Petitioner Martin S. Gottesfeld (herein the "petitioner"), acting pro se, hereby responds to The Honorable Court's Friday, January 10th, 2020, Order to Show Cause, found at docket entry (D.E. 7) of the instant case.

In support of this response, the petitioner humbly and respectfully directs The Court's attention to Exhibit 1 hereto, Declaration of Martin S. Gottesfeld (Tuesday, January 28th, 2020).

The petitioner further reincorporates herein by reference his PETITIONER'S PRELIMINARY RESPONSE TO ORDER TO SHOW CAUSE (D.E. 7), filed pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), on Friday, January 24th, 2020.

With regard to the petitioner's EMERGENCY MOTION FOR CLARIFICATION OF DOCKET ENTRY SEVEN (D.E. 7), filed pursuant to the prison-mailbox rule on Sunday, January 19th, 2020, the petitioner of course now notes D.E. 9 at 1 § I and thanks The Court. He also notes Exhibit 1 hereto at 1 ¶¶ 5-6 and id. at 2 ¶ 9. As

Page 1 of 3
1 of 10

long as The Court has received items 3-7 enumerated in Exhibit 1 at 2 ¶ 10 of the petitioner's previous emergency motion for clarification, the petitioner assents to the denial of that motion as moot and again thanks The Court.

As to the petitioner's pending motion to enlarge his time to resolve the filing fee until Friday, February 21st, 2020, the petitioner notes Exhibit 1 hereto at 2 ¶ 10 and humbly and respectfully directs The Court's attention to the four (4)-page Exhibit 2 hereto.

Regarding D.E. 9 at 1 § II, the petitioner notes that he recently learned that his efforts to retain new appellate counsel were successful despite the difficulties brought on by the relevant BOP incident report and that his pending direct appeal is no longer in jeopardy. The petitioner is greatly relieved and he thanks The Court for its prompt entry of a final order on the relevant motion.

With regard to D.E. 9 at 2 § IV, the petitioner thanks The Court for providing him a copy of its civil-rights complaint form. The Court is correct that the petitioner does not want any of his filings in the instant case construed in any manner that would deny him relief under 28 U.S.C. § 2241. The pro se petitioner, for whom this case is his first in The Seventh Circuit, thanks The Court for its full explanation in § IV and will further research the issue. He estimates there is a less-than-fifty-percent (50%) chance that he will move for reconsideration of § IV and a more-than-fifty-percent (50%) chance that he will file a separate civil-rights action.

The petitioner notes Exhibit 1 hereto at 2 ¶¶ 8 and 11, and that he believes he can move for reconsideration of D.E. 9 at 2 § IV at any time. "[D]istrict judges may reconsider interlocutory

orders at any time before final judgment." Terry v. Spencer, 888 F.3d 890, 893 (7th Cir. 2018), citing Mintz v. Caterpillar Inc., 788 F.3d 673, 679 (7th Cir. 2015) and Galva v. Norberg, 678 F.3d 581, 587 (7th Cir. 2012). However, should the petitioner be mistaken, he moves for an extension of two (2) weeks in which to potentially file a motion for reconsideration of § IV.

The petitioner notes D.E. 8 Exhibit 1 at 1 ¶¶ 2-4, but that ~~if the Court~~ in the event the petitioner were to move for reconsideration of D.E. 9 at 2 § IV, he would, at the Court's preference, instead file a separate petition pursuant to 28 U.S.C. § 2241. If such would be the Court's preference, then it need only say so.

Finally, the petitioner moves for clarification of D.E. 9 at 1 § III regarding whether the Court's denial of D.E. 5 is with or without prejudice. Should, for example, the respondent answer the order to show cause by seeking potential summary judgment, the petitioner feels it would only be fair to allow him to cross-move pursuant to Fed. R. Civ. P. 56.

The petitioner again notes the instant petition at 39 ¶ 195.

Respectfully filed on Tuesday, January 28th, 2020, in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), Exhibit 1 hereto at 2 ¶ 12,

by: /s/
Martin S. Gottesfeld, pro se