<u>Exhibit</u>

<u>Declaration of Martin S. Gottesfeld:</u>

I, Martin S. Gottesfeld, declare that the following is true and correct under the penalty of perjury under the laws of The United States pursuant to <u>28 U.S.C. § 2241</u> on this 28th day of January, 2020:

1. I am Martin S. Gottesfeld and I am the petitioner in the case of <u>Gottesfeld v. Lammer</u>, 2:20-cv-00012-JRS-MJD (herein "the case"), currently pending before The Honorable U.S. District Court for The Southern District of Indiana Terre Haute Division (herein "The Court").

2. Late this morning, Tuesday, January 28th, 2020, agent of the respondent in the case Rebekka Eisele delivered to me an envelope from the Evansville, Indiana, U.S. District Court Clerk's office bearing to me for the first time a copy of The Court's Thursday, January 16th, 2020, <u>Order on Pending Motions</u>, found at docket entry (D.E. 9) in the case.

3. The aforementioned envelope bears no postmark and no other indicia of when it was mailed.

4. Based upon my knowledge and training as a CMU prisoner, agents of the respondent left markings on the envelope that are meant to lead me to believe that it was received in the FCI mail room on Tuesday, January 21st, 2020, however, the respondent once again did not notify me that I had received mail from The Court until it was delivered to me a full week later.

5. Thus, I did not know of the existence of D.E. 9 when I filed my Friday, January 24th, 2020, <u>Petitioner's Preliminary Response to Order to Show Cause</u> (D.E. 7).

6. I also was unaware of D.E. 9 when I filed my Sunday, January 19th, 2020, EMERGENCY MOTION FOR CLARIFICATION OF DOCKET ENTRY SEVEN (D.E. 7).

7. Like all mail between me and U.S. courts, the envelope bearing D.E. 9 to me was opened outside of my presence by the respondent even though it came from the Court marked "OFFICIAL BUSINESS," and agents of the respondent read and digitally preserved its contents prior to delivering it to me.

8. I searched with due diligence for a Southern District of Indiana Local Rule governing timeliness requirements for motions for reconsideration and found none.

9. I previously requested the preservation of the audio and video surveillance footage subject to my recently-granted emergency motion in the case by submitting the exhibited written requests but was told by an agent of the respondent that the footage would not be preserved. That is why I came to the Court for an order.

10. Exhibit 2 hereto consists of accurate copies of the cover letter and form BP-199 that I prepared and was ready to file pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988) on Friday, January 24th, 2020, and which I handed to the appropriate agents of the respondent at my next opportunity thereafter for processing and mailing to The Court on Monday, January 27th, 2020.

11. My law-library access can still be problematic and due to planned lockdowns, this is especially true this week.

12. This filing is being mailed to The Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage and handed to Ms. J. Wheeler of the FCI Terre Haute CMU mail team, acting in her official capacity as an agent of the respondent in this case on

Tuesday, January 28th 2020, or the first opportunity thereafter.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed on Tuesday, January 28th 2020.

by:

Martin S. Gottesfeld