UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

**FILED**

FEB 1 1 2020

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| |
|---|
| Martin S. Gottesfeld, pro se, Petitioner, v. B. Lammer, Warden of The FCI Terre Haute, Indiana, Respondent. |

No.: 2:20-cv-00012-JRS-MJD

## CLAIM FOR MANDATORY JUDICIAL NOTICE (FED. R. EVID. 201(c)(2))

Claimant and Plaintiff Martin S. Gottesfeld (herein the "plaintiff"),

acting pro se, hereby moves The Honorable Court pursuant to Fed. R. Evid.

201(c)(2) and Fed. R. Evid. 901(b)(1) to take mandatory judicial notice of the

herewith-provided exhibits:

• Exhibit 1 hereto, Declaration of Martin S. Gottesfeld, made pursuant to

28 U.S.C. § 1746(1), Fed. R. Evid. 201(c)(2), and Fed. R. Evid. 901(b)(1)

(Sunday, February 2nd, 2020);

• Exhibit 2 hereto, initial unnumbered version of BOP BP-A0288 Incident

Report later numbered 3338082, please cf. docket entry (D.E.) 1 at 7 ¶¶ 28-32;

• Exhibit 3 hereto, BOP BP-A0308 Administrative Detention Order, signed

by Lt. B. Devlin (Monday, December 9th, 2019, 5:45 P.M.) and witnessed by L.

McPherson, please cf. D.E. 1 at 8 ¶¶ 33-34;

• Exhibit 4 hereto, BOP BP-A0288 Incident Report Number 3338082, further

information filled out by agent of the respondent Mr. S. Williams (Thursday,

December 12th, 2019), please cf. D.E. 1 at 10 ¶¶ 39-44;

• Exhibit 5 hereto, BOP BP-A0294 Notice of Discipline Hearing Before the

(DHO), filled out and signed by agent of the respondent Mr. S. Williams

(Thursday, December 12th, 2019), please see cf. D.E. 1 at 11 ¶¶ 45-46;

• Exhibit 6 hereto, BOP BP-10 regional appeal of incident report 3237478,

as originally filed by prisoner Donald Reynolds-Bey, registration number

32349-074 (July 12th, 2019), please cf. D.E. 1 at 11 ¶¶ 47-49;

- Exhibit 7 hereto, BOP BP-10 regional appeal of incident report 3237478, as entered into the BOP's records at DHO Jason Bradley's office, missing memorandum from C.O. S. Harvey and other pages, with response indicating that C.O. S. Harvey's memorandum was not considered as part of the appeal, signed by BOP North Central Regional Director J.E. Krueger (August 19th, 2019), please cf. D.E. 1 at 11 ¶¶ 47-49;

- Exhibit 8 hereto, BOP BP-A0294 Notice of Discipline Hearing Before the DHO, filled out and signed by agent of the respondent Mr. S. Williams and naming Counselor B. Orr as the petitioner's new staff representative (December 17th, 2019), please cf. D.E. 1 at 11 ¶¶ 50-53;

- Exhibit 9 hereto, BOP BP-229(13) (BP-9) Request for Administrative Remedy, i.e. The Hart BP-9, and subsequent appeals, signed by Petitioner Martin S. Gottesfeld (May 1st, 2019), please cf. D.E. 1 at 23 ¶¶ 119-123, at 25 ¶¶ 129-130, at 29 ¶¶ 144-145, at 34 ¶¶ 163-168, and at 36 ¶¶ 177-183;

- Exhibit 10 hereto, FCC Terre Haute THX-1330.18C Administrative Remedy - Informal Resolution (BP-8), i.e. The Eisele BP-8, signed by Petitioner Martin S. Gottesfeld (October 25th, 2019), please cf. D.E. 1 at 24 ¶¶ 124-132 and at 37 ¶¶ 182-183, as well as at 23 ¶¶ 119-123, at 25 ¶¶ 129-130, and at 37 ¶182.

- Exhibit 11 hereto, BOP BP-A0288 Incident Report (unnumbered), i.e. the first incident report, as originally delivered to the petitioner by agents of the respondent on April 25th, 2019, please cf. D.E. 1 at 29 ¶¶ 145-156, at 23 ¶121, at 26 ¶¶ 133-134, and at 36 ¶¶ 178-183;

- Exhibit 12 hereto, FCC Terre Haute THX-1330.18C Administrative Remedy - Informal Resolution (BP-8) and subsequent appeals, i.e. administrative-remedy number 979747, requesting a set of written communications rules for the communications-management unit (CMU) and noting the enforcement of specific unwritten rules, signed by Petitioner Martin S. Gottesfeld, please cf. D.E. 1

at 34 ¶162, at 35 ¶¶ 169 and 171, at 36 ¶¶ 176-177, and at 37 ¶¶ 181-183;

• Exhibit 13 hereto, BP-A0288 Incident Report post-hoc--numbered 3249328, i.e. version of the first incident report numbered and otherwise modified by agent of the respondent Ms. K. Hart (April 19th, 2019), please cf. D.E. 1 at 34 ¶¶ 163-166, at 35 ¶171, and at 36 ¶¶ 178-183;

• Exhibit 14 hereto, unredacted electronic message from the petitioner to Mrs. Dana E. Gottesfeld, re: Service of Process, that is the subject of the first incident report (Friday, April 19th, 2019, 8:40:25 A.M.), please cf. D.E. 1 at 29 ¶¶ 145-146 and 150, at 31 ¶153, at 32 ¶¶ 157-158, at 33 ¶¶ 161-162, at 34 ¶165, at 35 ¶171, and at 36 ¶¶ 178-183;

• Exhibit 15 hereto, unredacted message from the petitioner to agent of the respondent Katherine Siereveld re Unnumbered Incident Report (Form BP-A0288) (Friday, April 26th, 2019), please cf. D.E. 1 at 33 ¶160, at 35 ¶¶ 168-169 and 171, and at 36 ¶¶ 178-183;

• Exhibit 16 hereto, BOP BP-230(13) Regional Administrative Remedy Appeal (BP-10) re Disciplinary-Hearing Officer (DHO) Jason Bradley, i.e. the Bradley BP-10 (partial), signed by the petitioner (May 3rd, 2019), please cf. D.E. 1 at 35 ¶¶ 170-175 and 177-183;

• Exhibit 17 hereto, FCC Terre Haute THX-1330.18C Administrative Remedy - Informal Resolution (BP-8) re findings of fact for the first incident report, including subsequent appeals, signed by the petitioner (June 25th, 2019), please cf. D.E. 1 at 36 ¶¶ 176-183 and at 24 ¶1.26;

• Exhibit 18 hereto, additional declarations re DHO Jason Bradley signed by other CMU prisoners with similar experiences and originally meant to be included with the Bradley BP-10, please cf. Exhibit 1 hereto; D.E. 1 at 34 ¶ 162, at 35 ¶¶ 169 and 171, and at 37 ¶¶ 181-183; and Exhibit 12 hereto at 4 and 6;

• Exhibit 19 hereto, BOP BP-A0304 Discipline Hearing Officer Report for incident report number 3338082, signed by Alternate DHO D. Matthews (January 24th, 2020)--after the petitioner commenced the instant litigation citing specifically Exhibit 17 hereto and then inquired upon agents of the respondent as will be detailed in a subsequent declaration; and

• Exhibit 20 hereto, BOP BP-A0288 Incident Report issued by Lt. R. Cruz against the petitioner (January 5th, 2020, 10:30 A.M.) in violation of the petitioner's rights under The Sixth Amendment and The Fifth Amendment Due Process Clause, then expunged after filing of the instant litigation, please cf. D.E. 1 at 29 ¶¶ 143-145, at 35 ¶171, and at 37 ¶¶ 181-183.

If The Court is left with any questions regarding the instant claim or any of the above-enumerated and herewith-provided exhibits, the petitioner respectfully requests a hearing.

Respectfully filed pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988) in an envelope bearing sufficient affixed pre-paid first-class U.S. postage and U.S.P.S. tracking number 9114 9023 0722 4293 0823 41, handed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent of the respondent, on Sunday, February 2nd, 2020, or the first opportunity thereafter,

by: _____

Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

Exhibit 1

## Declaration of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, declare that the following is true and correct under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. § 1746(1), Fed. R. Evid. 201(c)(2), and Fed. R. Evid. 901(b)(1) on this second (2nd) day of February, 2020:

1. I am Martin S. Gottesfeld and I am the petitioner in the case of Gottesfeld v. Lammer, 2:20-cv-00012-JRS-MJD (herein "the case"), currently pending before The Honorable U.S. District Court for The Southern District of Indiana Terre Haute Division (herein "The Court").

2. I have personal knowledge of all twenty (20) of the numbered exhibits herewith-included in this same filing and they are all what I claim them to be.

3. The full text of BOP Prohibited Act Code 296, as found in 28 C.F.R. § 541.3 is, "Use of the mail for abuses other than criminal activity which circumvent mail monitoring procedures (e.g., use of the mail to commit or further a High category prohibited act, special mail abuse; writing letters in code; directing others to send, sending, or receiving a letter or mail through unauthorized means; sending mail for other inmates without authorization; sending correspondence to a specific address with directions or intent to have the correspondence sent to an unauthorized person; and using a ficticious return address in an attempt to send or receive unauthorized correspondence). Please cf. docket entry (D.E.) 1 in the case at 30 ¶¶ 148-149, at 33 ¶159, and at 34 ¶162.

4. I attempted to include each declaration from Exhibit 18 hereto with my initial filing of the Bradley BP-10 but agents of the respondent in the case would not let me do so under the specious claim that I would have been sending mail for others, as opposed to including admissible evidence to support my own claims. Please cf. Exhibit 16 hereto, Exhibit 12 hereto, and D.E. 1 in the case at 34 ¶162.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed on Sunday, February 2nd, 2020.

by: _____
Martin S. Gottesfeld

- Page 1 of 1 -

BP-A0288
JAN 17

 Exhibit A

**INCIDENT REPORT**

**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| Part I - Incident Report |
|---|

| 1. Institution:   FCC Terre Haute                    FCI | | Incident Report Number: |
|---|---|---|

| 2. Inmate's Name:<br>Gottesfeld, Martin | 3. Register Number:<br>12982-104 | 4. Date of Incident:<br>12/06/2019 | 5. Time:<br>1920 hrs. (approx.) |
|---|---|---|---|

| 6. Place of Incident:<br>CMU Law Library | 7. Assignment:<br>CMU Unassigned | | 8. Unit:<br>CMU (D) |
|---|---|---|---|

| 9. Incident:<br>Extortion (Attempted) | 10. Prohibited Act Code(s):<br>204(A) |
|---|---|

| 11. Description of Incident (Date:  12/09/2019        Time:   1234 hrs        Staff became aware of incident): |
|---|

On the evening of December 6, 2019, at approximately 1920 hrs., inmate Gottesfeld, Martin, Reg. No. 12982-104, handed me two Inmate Requests for processing.  I briefly glanced at them, noticed he requested a copy of, what I thought was his Judgment and Commitment, on one of them and I verbally explained to him he would have to ask the Records Department to view his Judgment to see if it is any different from the copy I had already given him. I brought the requests to my office, scanned them and left them for further processing on the next business day.  On December 9, 2019, I began processing the requests I had collected and noticed inmate Gottesfeld's request includes a demand for a "statutorily-mandated sum" which I interpreted as money.  The demand is to myself and approximately 72 other individuals, agencies, and entities demanding a true copy of his Order of Commitment.  Specifically he states, "I have searched my records for an order of committment[sic] allowing each of you, jointly and severly[sic], to hold me against my will and found no such order….I hereby demand a true copy of the order of committment[sic] under which each of you, jointly and severly[sic], is detaining me against my will.  This demand is self-executing every twenty-four (24) hours; and each of you whom neglects to deliver to me a true copy of the required order of committment[sic] shall forfeit to me the statutorily-mandated sum."

I feel threatened by inmate Gottesfeld's demands and I believe he is trying to extort me (and others), both personally and professionally.  Inmate Gottesfeld is attempting to intimidate and compel me (and other staff, agencies, entities) by threat of financial demise into providing him a document (to which I have no access) and potentially assisting him in securing a fraudulent release from custody.

| 12. Typed Name/Signature of Reporting Employee:<br>R. Eisele   *R.E.* | 13.Date And Time:<br>12/09/2019 / 1317 hrs. |
|---|---|

| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature):<br>B. Devlin | 15 .Date Incident Report Delivered:<br>12/9/19 | 16. Time Incident Report Delivered:<br>5:39 PM |
|---|---|---|

| Part II - Committee Action |
|---|

17. Comments of Inmate to Committee Regarding Above Incident:

| 18. A. It is the finding of the committee that you:<br><br>_____ Committed the Prohibited Act as charged.<br>_____ Did not Commit a Prohibited Act.<br>_____ Committed Prohibited Act Code(s). _____  _____ | B. _____ The Committee is referring the Charge(s) to the DHO for further Hearing.<br>C. _____ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |
|---|---|

19. Committee Decision is Based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

Exhibit 3

BP-A0308
JAN 17

**ADMINISTRATIVE DETENTION ORDER**

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

FCI TERRE HAUTE
_____
Institution

Date/Time: 12/09/2019 5:45PM

TO:  Special Housing Unit Officer

FROM: B. DEVLIN, LIEUTENANT _____, (Name/Title)

SUBJECT : Placement of Gottesfeld, Martin _____, Reg. No. 12982-104 _____, in Administrative Detention

____✓____(a)   Is pending an investigation for a violation of Bureau regulations;

_____(b)   Is pending an SIS investigation.

_____(c)   Is pending investigation or  trial for a criminal act;

____✓____(d)   Is to be admitted  to  Administrative Detention

_____(1)   Since the inmate has  requested admission for protection;

I hereby request placement in Administrative Detention for my own protection.

Inmate Signature/Register No.: _____

Staff Witness Printed Name Signature: _____

_____(2)   Since a serious threat exists to individual's safety as perceived by staff, although person  has not requested admission; referral of
the necessary information will be forwarded for an appropriate hearing by the SRO.

_____(e)   Is pending transfer or is in holdover status during transfer.

_____(f)   Is pending classification; or

_____(g)   Is terminating confinement in Disciplinary Segregation and has been ordered into Administrative Detention by the Warden's
designee.

It is this  Correctional  Supervisor's  decision  based  on  all  the  circumstances  that  the  above  named  inmate's  continued presence in the general
population poses a serious threat to life, property, self, staff, other inmates,   or to the security or orderly running of the institution because*
Attempted Extortion
_____
_____

Therefore, the above named inmate is to be placed in Administrative Detention until further notice. The inmate received a copy of this Order on

(date / time) 12/09/19 8:50 PM

Staff Witness Signature/Printed Name L. McPherson                                         Date 12/09/2019

Supervisor 24 hour review of placement: Signature/Printed name_____

* In the case of DHO action, reference to that order is sufficient.  In other cases, the Correctional supervisor will make an independent review and decision, which is
documented here.
Record Copy - Inmate Concerned (not necessary if placement is a result of holdover status); Copy - Captain; Copy -  Unit Manager; Copy - Operation Supervisor
- Administrative Detention Unit; Copy – Psychology; Copy - Central File

PDF                                         Prescribed by P5270                    (Replaces BP-A0308 of JAN 88.)

BP-A0288
JAN 17

**INCIDENT REPORT**

**U.S. DEPARTMENT OF JUSTICE**       **FEDERAL BUREAU OF PRISONS**

| Part I - Incident Report | | |
|---|---|---|

| 1. Institution:    FCC Terre Haute      FCI | | Incident Report Number: 3338082 |
|---|---|---|

| 2. Inmate's Name:<br>Gottesfeld, Martin | 3. Register Number:<br>12982-104 | 4. Date of Incident:<br>12/06/2019 | 5. Time:<br>1920 hrs. (approx.) |
|---|---|---|---|

| 6. Place of Incident:<br>CMU Law Library | 7. Assignment:<br>CMU Unassigned | 8. Unit:<br>CMU (D) |
|---|---|---|

| 9. Incident:<br>Extortion (Attempted) | 10. Prohibited Act Code(s):<br>204(A) |
|---|---|

**11. Description of Incident (Date: 12/09/2019     Time: 1234 hrs     Staff became aware of incident):**

On the evening of December 6, 2019, at approximately 1920 hrs., inmate Gottesfeld, Martin, Reg. No. 12982-104, handed me two Inmate Requests for processing. I briefly glanced at them, noticed he requested a copy of, what I thought was his Judgment and Commitment, on one of them and I verbally explained to him he would have to ask the Records Department to view his Judgment to see if it is any different from the copy I had already given him. I brought the requests to my office, scanned them and left them for further processing on the next business day. On December 9, 2019, I began processing the requests I had collected and noticed inmate Gottesfeld's request includes a demand for a "statutorily-mandated sum" which I interpreted as money. The demand is to myself and approximately 72 other individuals, agencies, and entities demanding a true copy of his Order of Commitment. Specifically he states, "I have searched my records for an order of committment[sic] allowing each of you, jointly and severly[sic], to hold me against my will and found no such order....I hereby demand a true copy of the order of committment[sic] under which each of you, jointly and severly[sic], is detaining me against my will. This demand is self-executing every twenty-four (24) hours; and each of you whom neglects to deliver to me a true copy of the required order of committment[sic] shall forfeit to me the statutorily-mandated sum."

I feel threatened by inmate Gottesfeld's demands and I believe he is trying to extort me (and others), both personally and professionally. Inmate Gottesfeld is attempting to intimidate and compel me (and other staff, agencies, entities) by threat of financial demise into providing him a document (to which I have no access) and potentially assisting him in securing a fraudulent release from custody.

| 12. Typed Name/Signature of Reporting Employee:<br>R. Eisele    *R.E.* | 13.Date And Time:<br>12/09/2019 / 1317 hrs. |
|---|---|

| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature):<br>B. Devlin | 15 .Date Incident Report Delivered:<br>12/9/19 | 16. Time Incident Report Delivered:<br>5:39 pm |
|---|---|---|

| Part II - Committee Action | | |
|---|---|---|

**17. Comments of Inmate to Committee Regarding Above Incident:**

I did not extort anyone. I quoted relevant law nearly verbatim. See attached. This incident report is unconstitutional and those involved with it's preparation and any sanctions will likely be held not to have qualified immunity.

**18. A. It is the finding of the committee that you:**

_____ Committed the Prohibited Act as charged.
_____ Did not Commit a Prohibited Act.
_____ Committed Prohibited Act Code(s). _____ _____

B.  ✔ The Committee is referring the Charge(s) to the DHO for further Hearing.

C. _____ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

**19. Committee Decision is Based on Specific Evidence as Follows:**

Recommend 27 days gct and Refer to DHO due to severity of charge.

**20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):**

Recommend 27 days gct.

21. Date and Time of Action: 12-12-18  1:55 (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

_Scribner_

Chairman (Typed Name/Signature)       Member (Typed Name)       Member (Typed Name)

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO: COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

WD            Prescribed by P5270            Replaces BP-A0288 of AUG 11

BP-A0293                **Inmate Rights at Discipline Hearing**   CDFRM
AUG 11
**U.S. DEPARTMENT OF JUSTICE**                              **FEDERAL BUREAU OF PRISONS**

Institution: FCC Terre Haute FCI

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate's Name: Gottesfeld, Martin _____     Reg. No.: 12982-104 _____

Inmate Signature: _X_ _____     Date: 12/12/2019 _____

Notice of rights given to inmate(Date/time): 12/12/2019/   1505 _____

by: S. Williams/ _____
                 Staff Printed Name/Signature

(This form may be replicated via WP)               Replaces BP-S293(52) of JAN 88.

PDF                          Prescribed by P5270                          1

Exhibit S

BP-A0294    **Notice of Discipline Hearing Before the (DHO)** CDFRM
AUG 11

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

FCC Terre Haute FCI
Institution

12/12/2019
Date

| TO: Martin Gottesfeld | REG. NO.: 12982-104 |
|---|---|

ALLEGED VIOLATION(S): Extortion/Blackmail

| DATE OF OFFENSE: 12/06/2019 | CODE NO.: 204 |
|---|---|

You are being referred to the DHO for the above charge(s).

The hearing will be held on: _____ at _____ (A.M./P.M.) at the following location:
DHO Schedule

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) ✓ (do not) ____ wish to have a staff representative.

If so, the staff representative's name is: *Officer S. Harvey or B. Eddy*

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) ____ (do not) ✓ wish to have witnesses.

| NAME: | CAN TESTIFY TO: |
|---|---|
|  |  |
| NAME: | CAN TESTIFY TO: |
|  |  |
| NAME: | CAN TESTIFY TO: |
|  |  |

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

| DATE: 12/12/2019 | SIGNATURE: X [signature] |
|---|---|

Notice of hearing before DHO given inmate 12/12/2019/ 1505 by S. Williams/ [signature]
                                   Date/Time          Staff Printed Name/Signature

*(This form may be replicated via WP)*                    Replaces BP-294(52) of JAN 88

PDF                          Prescribed by P5270

Exhibit 6

July 23, 2019

DHO 7/12/19

BP-10 Regional Ks

To challenge incident report

3237478

Mailed Mon July 22, 2019 to Region

U.S.P.S. TRACKER  9114 9014 9645 1928 1184 42

---

Regional Administrative Remedy Appeal

... mail-point park. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted ...

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|
| | REYNOLDS, DONALD | 32349-074 | D | THA-PCI (CMU) |

**Part A—REASON FOR APPEAL.** The DHO hearing and report is based on Fraud, un-supporting facts, conflict of interest, retaliation for attempting to bring legal action inviolation of the First Amendment to the Const of the U.S, and suspension of Program Statement 7740.02. and 3420.11 . The Sanction of Code 197 (Phone Abuse-Illegal Purpose) was the loss of Phone for 180 days and a $50.00 fine, which should be suspended and the fine credited back to the trust account. This incident should be expunged completely for the following reasons: On March 24, 2019, Jason Simmons, (PMB- Field staff), located at 796 N. Foxcroft Ave, Suite 201, Martinsburg, W.V. 25401, knowingly and maliciously falsified a (BP-A0288) incident report outside his given authority in accordance with Program Statement 7740.02. He knowingly claimed that REYNOLDS instructed his family members to file a false and fraudulent tax return,specifical in an attempt to steal unknown amount of money from the Internal Revenue Service and the United State Treasury. Without J. Simmons having any knowledge about REYNOLDS case nor the fact that he was the CEO and owner of 4 corporations prior to being confined within the BOP, nor the fact that his family and former board members had his Power of Attorney and they continued to pay REYNOLDS property fees each year, Simmons assumed that REYNOLDS must be like most prisoner's and did not own anything based on his ethnicity of African descent. J.Simmons,racist mentality and behavior has caused injury and lost of REYNOLDS right to freedom in connection to his Writ of Habeas Corpus being denied for continue interference.

July 23, 2019          (see continue page 2) By: [signature]                    Agent

DATE                   SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

DATE                                        REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: _____

**Part C—RECEIPT**

                                           CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

A T T A C H M E N T

---

Page 2 of DHO report IRN# 3237478

... has been continuously interfered with by BOP staff and now these PMB-Field staff ... working for a contractor within the Department of Justice. Due to the continuous ... ference with blocking Access to the Courts inviolation of the First Amendment; the Fourth ... ment seizure and search of evidence, which is not being allowed to be sent to different ... the court from REYNOLDS has caused on February 2018, for REYNOLDs's 2255 to be denied. REYNOLDS wasn't able to report his taxes, which is apart of his case. see EXHIBIT B-1 ; B-2 ... is being denied his right to continue his legal activities inviolation of Program ... Statement 1315.07.

... Jason Bradley (DHO) and Jason Simmons (PMB-Field Staff) and others has conspired with one ... another, in retaliation, inorder to impede of REYNOLDS filed civil action against Jason Simmons ... and others within the Eastern District of Tenn (Knoxville), for a declartory and injunction ... order for their interference with REYNOLDS right to Access the Courts without interference. The staff continue review and judgment of REYNOLDS documents, such as Form 56 and his ... request to family, via telephone and mail communications, is invalid based on the Supreme Court ... ruling in Ex parte Hull (1941) 312 US 546, recognition of the right to access:to:the:court ... In this case documents to initial approval by prison authorites before they could be directed ... to the court was invalid, in that it constituted an improper abridgment or impairment of an ... inmates right to apply to a federal court for a writ of habeas corpus. The court found that ... whether a petition for a writ of habeas corpus addressed to a federal court is properly drawn ... and allegations must be contained in it are questioned for the court alone to determine.

Jason Simmons, knowingly created a falsified record, outside his authority, inorder to impede on REYNOLDS Access to the Courts to bring action against him and others, who have conspired with each other to subject REYNOLDS to an illegal conviction and santance inviolation of Due Process of the Constitution for the United States. The communication between REYNOLDs and his mother does not state anything concerning a false and fraudulent tax return nor any Attempt to steal money from the IRS and the U.S. Treasury. Jason Simmons, conduct was inviolation of Program Statement 3420.11, Conflict of Interest, where his responsibilities as a public servant affect, or are affected by his private interests.  see February 2019 civil Action Eastern Dist. Tenn case 3:08-cr-143 Doc 463

REYNOLDS, chose S. Harvey, as his staff:representative for the incident report dated 3-24-2019. S. Harvey, reviewed the March 24, 2019, 2:30 p.m phone call and agreed with REYNOLDS that he did not state anything about filing a 1040 tax form nor trying to recieve money from a false tax return inorder to attempt to steal money from the IRS or the United State Treasury as alledged by J.Simmons.  REYNOLDS, had E. Keller to retrieve a copy of his mail sent out to his family to use for the DHO hearing as evidence, which this letter instructed REYNOLDS family what they must submit to his CPA inorder to comply with his back taxes need for court in his case and also to report for payment on his property.  However, Jason Bradley(DHO), refused to allow REYNOLDS nor his staff Representative to talk and he used REYNOLDS evidence as apart of his claim to support the falsified incident report not based on facts!  see EXHIBIT A-1 (S. Harvey Memorandum May 23, 2019)

The DHO report has numerous of error within.  Jason Bradley (DHO) stated that REYNOLDS did not present no documentary evidence on his behalf, which the evidence of his mail used by Bradley was retrieve by REYNOLDS from E. Keller and given to Bradley to support REYNOLDS position. REYNOLDS disciplinary history, as claimed by Jason Bradley (DHO) states that REYNOLDS have a history of engaging in this type of misconduct, which is not true.  "Unprofessional"and ignorant staff members who do not know about corporations nor tax forms created false incident against REYNOLDS who is a CEO and corporate owner.  REYNOLDS has a college background in business managment which includes taxes and forms. plus he has a CPA,'corporate:attorney and associates who are Internal revenue service agents.  The DHO claims that he reviewed REYNOLDS outgoing mail, which was retrieve by REYNOLDS as his evidence, to reaffirm that their was some kind of plan to have others to file a false and fraudulent tax return.  Jason Bradley (DHO) claimed that REYNOLDS was silent when the investigating Lieutenant gave him the incident report, which REYNOLDS's silence was used against him.  This too is not true as the Lt. Lots did not investigate nor asked any questions.  He simply delivered the incident report and left. Therefore, with the support of staff representative and other document evidence, this false incident alleged without supporting facts and inviolation of policy and U.S Const s hould be expunge immediately and all other request raised.

* DHO Report #3237478
  Phone Abuse-Illegal Propess
  DHO Hearing Date 5-03-2019 @ 11:00
  Jason Bradley DHO acting Officer,
* Incident Report copy

51

DISCIPLINE HEARING OFFICER REPORT

DEPARTMENT OF JUSTICE — FEDERAL BUREAU PRISONS

| | |
|---|---|
| Institution: FCC Terre Haute | Incident Report number: 3237478 |
| Name of INMATE: REYNOLDS, Donald | REG. NO.: 32349-074 — UNIT: CMU |
| Date of Incident Report: 03-24-2019 | Offense Code: 197 |
| Date of Incident: 03-24-2019 | |

Summary of Charges: Phone Abuse-Illegal Proposes

I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) 03-27-2019 at (time) 0941 (by staff member) Lotz.

B. The DHO Hearing was held on (date) 05-03-2019 at (time) 1100.

C. The inmate was advised of the rights before the DHO by (staff member): Thomas on (date) 04-02-2019 and copy of the advisement of rights form is attached.

II. STAFF REPRESENTATIVE

A. Inmate waived right to staff representative. Yes ____ No X.

B. Inmate requested staff representative and Harvey appeared.

C. Staff Representative statement:
**They let him send the paperwork out. On the phone call I can't tell if anything fraudulent is said.**

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name) ____________ was selected.

E. Staff representative ____________ was appointed.

III. PRESENTATION OF EVIDENCE

A. Inmate ____ (admits) X (denies) ____ (neither) the charge(s).

B. Summary of inmate statement:
**"They have to file tax returns for me."**

C. Witnesses:
1. Inmate waived right to witness. Yes ____ No X

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below): **Inmate requested the Internal Revenue Service as a witness. No individual witnesses were requested.**

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below).

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: **Recorded Phone Call, Inmate Mail.**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: ____________.

IV. FINDINGS OF THE DHO

X A. The act was committed as charged.

____ B. The following act was committed: ____________.

____ C. No prohibited act was committed: Expunge according to Inmate Discipline PS.

INMATE COPY

DISCIPLINE HEARING OFFICER REPORT

DEPARTMENT OF JUSTICE — FEDERAL BUREAU PRISONS

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| REYNOLDS, Donald | 32349-074 | 05-03-2019 |

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

You were advised of your rights before the Discipline Hearing Officer and stated that you understood those rights. You requested a staff representative and you were provided with one. You presented no documentary evidence on your behalf.

Administrative notice is given to there being a delay in the investigation and UDC of this incident Report. Specifically the incident report process was suspended pending referral of an inmate criminal matter for investigation on March 24, 2018, and released for administrative processing on March 27, 2019. The inmate did not provide any evidence that this delay hindered his ability to provide a defense.

The DHO finds that beginning on March 24, 2018, you committed the prohibited act of Code 197: Phone Abuse-Illegal Proposes.

The DHO considered the Incident Report which the reporting officer states, "On March 24, 2019 at approximately 2:30 p.m., inmate Reynolds, Donald, Reg. No. 32349-074, placed a telephone call to his family at 865-773-8127, and the call was live monitored. During the monitoring of the call, it was found inmate Reynolds was using the telephone for an illegal purpose, specifically by instructing his family members to file a false and fraudulent tax return in an attempt to steal money from the Internal Revenue Service and the United States Treasury. Inmate Reynolds instructed his mother and "Cisco" to file an IRS 1040 form as well as an IRS Form 56, Notice of Fiduciary form using his name and social security number."

The DHO considered your staff representatives statement, "They let him send the paperwork out. On the phone call I can't tell if anything fraudulent is said."

The DHO concedes that the IRS would state inmates can file tax returns.

The DHO conducted a review of your disciplinary history, which reveals you have history of engaging in this type of misconduct.

The DHO reviewed the recorded phone call, which reaffirms the reporting officer's statement that you were instructing others to file a false and fraudulent tax return.

The DHO reviewed your outgoing mail to reaffirm that you were following through with your plan to have others file a false and fraudulent tax return.

The DHO considered your silence to the investigating Lieutenant, your silence was used as an adverse inference against you.

The DHO considered your statement to the UDC stating, "Inmate states listen to the phone conversation."

The DHO considered your statement to the DHO stating, ""They have to file tax returns for me."

INMATE COPY

DISCIPLINE HEARING OFFICER REPORT

DEPARTMENT OF JUSTICE — FEDERAL BUREAU PRISONS

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| REYNOLDS, Donald | 32349-074 | 05-03-2019 |

The DHO considered your statement and denial to the charge against you, but was not convinced. You provide the defense that through your outside contacts you have the right to file taxes. The DHO agrees that inmates can file taxes. However, inmates are to follow the Blue Bag Program (BBP) procedures for filing legitimate tax returns. You were not attempting to file legitimate tax returns. You were trying to circumvent these program procedures to file false and fraudulent tax returns. You have been incarcerated since 2010. You have not worked to file a legitimate tax return. Therefore, you were using the telephone for fraudulent activity. Thus, meeting the elements of the prohibited act. In addition, you have an extensive misconduct history of engaging in fraudulent activity while incarcerated. The DHO based the decision on the greater weight of the evidence. Greater weight is given to the incident report, recorded phone call, outgoing mail, and to your disciplinary history.

Therefore, based on the greater weight of the evidence the DHO finds you committed the prohibited act of Code 197: Phone Abuse-Illegal Proposes.

VI. SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act):

Code 197:
180 Days Loss of Phone
$50.00 Fine
($200.96 balance as of 05-03-2019)

VII. REASON FOR EACH SANCTION OR ACTION TAKEN:

The action on the part of any inmate to use the telephone in an unauthorized manner poses a serious threat to the ability of staff to control the use of the telephone and monitor whether inmates are making calls for prohibited or illegal purposes.- It is indicative of the intent to participate in unauthorized activities that could lead to disruptive behavior. The use of telephones is a privilege for inmates to maintain contact with their family and to maintain ties with them and not for criminal use. The sanctions imposed by the DHO were taken to express the gravity of the infraction and let the inmate know that he, and he alone, will be held responsible for his actions at all times.

VIII. APPEAL RIGHTS: X The inmate has been advised of the findings, specific evidence relied on action and reasons for the action. The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| J. Bradley DHO | [signature] | 06-14-2019 |

DHO report delivered to Inmate by: DHO Sec

M. Prowse — Printed Name (Staff) — [signature] Signature: — 7/12/19 1000 Date and Time:

Prescribed by P5270 INMATE COPY Replaces BP-A0304 of AUG 11

DISCIPLINE HEARING OFFICER REPORT

DEPARTMENT OF JUSTICE — FEDERAL BUREAU PRISONS

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| REYNOLDS, Donald | 32349-074 | 05-03-2019 |

INMATE COPY

INCIDENT REPORT

DEPARTMENT OF JUSTICE

FEDERAL BUREAU OF PRISONS

**Part I – Incident Report**

| 1. Institution: FCI Terre Haute | | | Incident Report Number: | |
|---|---|---|---|---|
| 2. Inmate's Name: Reynolds, Donald | 3. Register Number: 32349-074. | 4. Date of Incident: 03-24-2019 | | 5. Time: 2:30 PM |
| 6. Place of Incident: FCI Terre Haute | 7. Assignment: CMU Barber | | | 8. Unit: D Unit |
| 9. Incident: Phone Abuse, Criminal | | 10. Prohibited Act Code (s): 197 | | |

11. Description of Incident (Date: 03-24-2019  Time: 2:30 p.m. Staff became aware of Incident):

On March 24, 2019 at approximately 2:30 p.m. Inmate Reynolds, Donald, Reg. No. 32349-074, placed a telephone call to his family at 865-773-8127, and the call was live monitored. During the monitoring of the call, it was found Inmate Reynolds was using the telephone for an illegal purpose, specifically by instructing his family members to file a false and fraudulent tax return in an attempt to steal money from the Internal Revenue Service and the United States Treasury. Inmate Reynolds instructed his mother and "Cisco" to file a IRS 1040 form as well as an IRS Form 56, Notice of Fiduciary form using his name and social security number.

| 12. Typed Name/Signature of Reporting Employee: J. Simmons | 13. Date And Time: 03-24-2019  3:35 p.m. | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): B. Gann / CTO/ILO | 15. Date Incident Report Delivered: 3-25-19 | 16. Time Incident Report Delivered: 8:00 am |

**Part II – Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident: 3/27/19  0941

18. A. It is the finding of the committee that you:
- [ ] Committed the Prohibited Act as charged.
- [ ] Did not Commit a Prohibited Act.
- [ ] Committed Prohibited Code (s) _____

B. [ ] The Committee is referring the Charge(s) to the DHO for further Hearing.
C. [ ] The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

21. Date and Time of Action: _____  (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

Chairman (Typed Name/Signature):

Member (Typed Name):

Member (Typed Name):

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the Number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO; COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

PDF

Prescribed by P5270

Replaces BP-A0288 of AUG 11

E X H I B I T S

A-1 Memorandum by S. Harvey acting as Staff Representative
A-2 Program Statement CPD/CPB 5265.14 (Correspondence)  Under General Correspondence d(4) 16
B-1 Letter to CTU about taxes for 2007-2008 and other supporting information
B-2 Court Document Evidence about REYNOLDS LACK OF Record for Taxes and corporation Timeless Entertainment Inc.  Case No. 3:08-cr-143 Doc 2009

---



UNITED STATES GOVERNMENT

**MEMORANDUM**

FCC TERRE HAUTE

Date: May 23, 2019

Attn Of: S. Harvey

Subject: Inmate Reynolds, Donald #32349-074

To: Regional DHO.

    I Officer S. Harvey was chosen by inmate Reynolds to be his staff Representative for the incident report dated 3-24-2019, after reviewing the phone call that inmate Reynolds was accused of telling his mother and Cisco to "Steal money from the Internal Revenue Service" I was unable to reach the same conclusion as the staff composing the Incident Report. I conducted an investigation and found Inmate Reynolds was allowed to previously send a form 56 out through the unit monitored mail, I was also able to acquire a photo copy of the outgoing monitored mail that was referenced in the Incident Report. Myself and inmate Reynolds attempted to show the material during the hearing and it was rejected by the DHO Officer.
    The DHO Officer then concluded the hearing finding inmate Reynolds guilty and promptly dismissed inmate Reynolds without directly letting him know that the sanctions of loss of phone privileges were immediate. Inmate Reynolds received another Incident report for phone abuse dated 5-5-2019, had inmate Reynolds been told of the immediate phone loss he would not have tried to use the phone to make a call. Please note the phones are electronically controlled through Truelinks and any sanction should have been loaded into the system and would have prevented inmate Reynolds from accessing the phone.

EXHIBIT A-1

---

    Direction of an inmate's business (See § 541.13, Prohibited Act No. 408).  An inmate, unless a pre-trial detainee, may not direct a business while confined.

    This does not, however, prohibit correspondence necessary to enable an inmate to protect property and funds that were legitimately the inmate's at the time of commitment.  Thus, for example, an inmate may correspond about refinancing an existing mortgage or sign insurance papers, but may not operate a mortgage or insurance business while in the institution.

EXHIBIT A-2

1

proj

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

53252037

CRI:
RE: Class for 2007-2008

To Whom It Concerns:

In 2008, I had my business CPA file for an extension for the 2007 tax year on my personal and 4 corporations.

Ready to close out the 2007 tax year, I was scheduled to fly to my corporate office in Las Vegas, Nevada, on June 19, 2008, to meet with MCH CPA.

Also June 19, 2008 date, was the date of the illegal Search and Seizure Warrant executed on my residence. During this Search and Seizure Warrant without probable cause, my financial records were removed.

This made it impossible for me to comply to my requested extension deadline due to lack of records.

I was later indicted when I was able to file all 4 corporations and personal taxes for the 2007 tax year. Because of this condition, I was charged in multiple counts and found guilty. However, the courts did not know the reason why I could not file taxes was because the agents had my files and records in their possession, along with all corporate books.

It is my responsibility as the former CEO to complete my obligations. As is the matter that I am addressing to the court, which is relevant to my case and conviction, prior to being found in this plea.

During this time in the plea, I have reviewed both A and C items from banks and credit card agencies against my account held by them. There were outstanding debts, which were caused by my placement in jail during pretrial, without having the chance and opportunity to settle and close all my accounts.

The tax debt is unfamiliar with the proper use of these tax filings. (FORM A, C, OI-D, INT, MISC, E, etc.) used by individuals and corporations.

I have continued to be mistreated and accused of illegal criminal activity based on what other non-credit card holders, bank account, or other primary who have never experience nor managed corporations and other financial concerns have done and deal with than they manage.

I have been receiving ISI + IPS incident reports by your staff on more than one occasion about this issue.

I am seeking to overturn the conviction, which the continue interference by staff has blocked access to court because of their misunderstanding.

I must complete my obligation concerning my taxes for 2007-2008 year.

I am seeking assistance from you to be able to proceed without any more violations.

I hope that this letter clears up any misunderstanding in my communication for you and your staff.

Pardon me, this is a lawsuit for me, too!

However, it is not met for the correct at time. I need to in the employ I am not be judged by the environment or constitution wrongly placed by incompetent individuals.

Please assist me with this matter and provide instructions on how I can accomplish my obligation.

Thank you.

by: Derek R., Pres.

EXHIBIT B-1



Photograph of Open compartments
W IRS G. GOVERNOR?
376 X X Photograph of currency
X X X Reynolds Lack of Record 2001-2003; 2007
485 X X Reynolds 2004 IRS Form 1040
486 X X Reynolds 2005 IRS Form 1040
489 X X Timeless Entertainment IRS Form 1120 for 2005
487 X X Reynolds 2006 IRS Form 1040
490 X X Timeless Entertainment IRS Form 1120 for 2008
488 X X Timeless Entertainments Lack of Record 2001-2004; 2007
W OFFICER MARK FROST, Kingsville, TX
562 X X Map of Kingsville, Tx
377 X X Photograph of white Range Rover
378 X X Photograph of wheel compartment
379 X X Photograph of density reader
380 X X Photograph of wheel well
381 X X Photograph of closed compartment

EXHIBIT B-2

**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

DONALD RAY REYNOLDS JR. 32349-074
TERRE HAUTE FCI   UNT: CMU   QTR: D04-051L
4200 BUREAU ROAD NORTH
TERRE HAUTE, IN 47808

☐ Institution  ☒ Region  ☐ Central

CMU _____   Unit _____

## Receipt of
## Administrative Remedy

| Inmate Name: | Reynolds Jr | Reg. No.: | 32349-074 |
|---|---|---|---|
| Administrative Remedy No.: | 986334-R1 | | |

Received on this ___6ᵗʰ___ day of ___Sep___, 2019.

___R. S___ csw
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2019.

Edits received by Unit Team on this _____ day of _____, 2019.

_____
Signature/Title of Staff

# Inmate Copy

---

Regional Administrative Remedy Appeal
Part B - Response

Administrative Remedy Number:  986334-R1

This is in response to your Regional Administrative Remedy Appeal received on July 30, 2019, regarding the decision of the Discipline Hearing Officer (DHO). You were found to have committed the prohibited act of Code #197, Use of the Phone for Illegal Purpose. You appeal this decision stating the incident report was falsified in order to impede your access to the courts. You state you and your staff representative presented documentary evidence at the DHO hearing, but the DHO refused to accept and consider it. You further state the DHO noted in the DHO report you have a history of engaging in this type of misconduct, which is not true. You request the incident report be expunged.

In accordance with Program Statement, 5270.09, Inmate Discipline Program, the discipline process starts when staff witness or reasonably believe that you committed a prohibited act. A staff member will issue you an incident report describing the incident and the prohibited act you are charged with committing. The incident report was written based upon a phone conversation you had with your mother, where staff documented you provided instructions to file a frivolous tax return. There is no evidence the report was falsified in an attempt to impede your access to the courts.

According to your DHO report, the DHO considered documents that you had mailed to your mother. It was confirmed by the DHO these were the documents you presented as documentary evidence at your DHO hearing. Your documentary evidence was refused as the discipline packet already contained these documents. As this information was addressed in your DHO report, the DHO report has been amended. A copy of the amended DHO report is attached for your records. If you disagree with the amendment, you may include this in your appeal at the next level.

On appeal your history of misconduct was reviewed. It was noted you do have a history of attempting to file fraudulent tax returns. The DHO appropriately weighed and considered your history.

The DHO considered the reporting officer's documented report, the recorded phone call, copy of documents mailed to your mother, your history of like misconduct, and your defense. Although, you continue to deny the charge, the DHO sufficiently explained why the greater weight of the evidence supports the charge. The discipline process was conducted in accordance with Program Statement 5270.09.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

___8-19-19___
Date

___J. E. Krueger, Regional Director___

---

## DISCIPLINE HEARING OFFICER REPORT

FEDERAL BUREAU PRISONS

AMENDED PURSUANT TO ADMINISTRATIVE REMEDY #986334-R1

| FCC Terre Haute | Incident Report number:3237478 | | |
|---|---|---|---|
| Name: REYNOLDS, Donald | REG. NO.: 32349-074 | UNIT: CMU | |
| Date of Incident Report: 03-24-2019 | Offense Code: 197 | | |

Date of Incident: 03-24-2019

**I.   NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date)
03-27-2019 at (time) 0941  (by staff member) Lutz.

B. The DHO Hearing was held on (date) 05-03-2019  at (time) 1100.

C. The inmate was advised of the rights before the DHO by (staff member):
Thomas on (date) 04-03-2019  and copy of the advisement of rights form is attached.

**II.   STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative. Yes _____ No X .

B. Inmate requested staff representative and ___Harvey___ appeared.

C. Staff Representative statement:
They let him and the paperwork out. On the phone call I can't tell if anything fraudulent is said.

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name) _____ was selected.

E. Staff representative _____ was appointed.

**III.   PRESENTATION OF EVIDENCE**

A. Inmate _____ (admits)  X  (denies) _____ (neither) the charge(s).

B. Summary of inmate statement:
"They have to file tax returns for me."

C. Witnesses:
1. Inmate waived right to witness. Yes _____ No X .

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below): Inmate requested the Internal Revenue Service as a witness. No individual witnesses were requested.

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below).

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: Recorded Phone Call, Inmate Mail.

E. Confidential information used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

**IV.   FINDINGS OF THE DHO**

X  A. The act was committed as charged.      C. No prohibited act was committed:
                                             Expunge according to Inmate Discipline PS.

_____ B. The following act was committed:

1

DISCIPLINE HEARING OFFICER REPORT
MENT OF JUSTICE                    FEDERAL BUREAU PRISONS
AMENDED PURSUANT TO ADMINISTRATIVE REMEDY #986334-R1

| Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| OLDS, Donald | 32349-074 | 05-03-2019 |

SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

You were advised of your rights before the Discipline Hearing Officer and stated that you understood those rights. You requested a staff representative and you were provided with one.

Administrative notice is given to your attempt to give the DHO copies of your correspondence as documentary evidence. However, the DHO did not accept the copies of the correspondence due to having copies in the incident report packet.

Administrative notice is given to there being a delay in the investigation and UDC of this incident Report. Specifically the incident report process was suspended pending referral of an inmate criminal matter for investigation on March 24, 2018, and released for administrative processing on March 27, 2019. The inmate did not provide any evidence that this delay hindered his ability to provide a defense.

The DHO finds that beginning on March 24, 2018, you committed the prohibited act of Code 197: Phone Abuse-Illegal Proposes.

The DHO considered the Incident Report which the reporting officer states, "On March 24, 2019 at approximately 2:30 p.m., inmate Reynolds, Donald, Reg. No. 32349-074, placed a telephone call to his family at 865-773-8127, and the call was live monitored. During the monitoring of the call, it was found inmate Reynolds was using the telephone for an illegal purpose, specifically by instructing his family members to file a false and fraudulent tax return in an attempt to steal money from the Internal Revenue Service and the United States Treasury. Inmate Reynolds instructed his mother and "Cisco" to file an IRS 1040 form as well as an IRS Form 56, Notice of Fiduciary form using his name and social security number."

The DHO considered your staff representatives statement, "They let him send the paperwork out. On the phone call I can't tell if anything fraudulent is said."

The DHO concedes that the IRS would state inmates can file tax returns.

The DHO conducted a review of your disciplinary history, which reveals you have history of engaging in this type of misconduct.

The DHO reviewed the recorded phone call, which reaffirms the reporting officer's statement that you were instructing others to file a false and fraudulent tax return.

The DHO reviewed your outgoing mail to reaffirm that you were following through with your plan to have others file a false and fraudulent tax return.

The DHO considered your silence to the investigating Lieutenant, your silence was used as an adverse inference against you.

The DHO considered your statement to the UDC stating, "Inmate states listen to the phone conversation."

The DHO considered your statement to the DHO stating, ""They have to file tax returns for me.""

2

---

DISCIPLINE HEARING OFFICER REPORT
MENT OF JUSTICE                    FEDERAL BUREAU PRISONS
AMENDED PURSUANT TO ADMINISTRATIVE REMEDY #986334-R1

| Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| OLDS, Donald | 32349-074 | 05-03-2019 |

the DHO considered your statement and denial to the charge against you, but was not convinced. You provide the defense that through your outside contacts you have the right to file taxes. The DHO agrees that inmates can file taxes. However, inmates are not to follow the Blue Bag Program (BBP) procedures for filing legitimate tax returns. You were not attempting to file legitimate tax returns. You were trying to circumvent these program procedures to file false and fraudulent tax returns. You have been incarcerated since 2010. You have not worked to file a legitimate tax return. Therefore, you were using the telephone for fraudulent activity. Thus, meeting the elements of the prohibited act. In addition, you have an extensive misconduct history of engaging in fraudulent activity while incarcerated. The DHO based the decision on the greater weight of the evidence. Greater weight is given to the incident report, recorded phone call, outgoing mail, and to your disciplinary history.

Therefore, based on the greater weight of the evidence the DHO finds you committed the prohibited act of Code 197: Phone Abuse-Illegal Proposes.

VI.   SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act):

Code 197:
180 Days Loss of Phone
$50.00 Fine
($200.96 balance as of 05-03-2019)

VII.   REASON FOR EACH SANCTION OR ACTION TAKEN:

The action on the part of any inmate to use the telephone in an unauthorized manner poses a serious threat to the ability of staff to control the use of the telephone and monitor whether inmates are making calls for prohibited or illegal purposes. It is indicative of the intent to participate in unauthorized activities that could lead to disruptive behavior. The use of telephones is a privilege for inmates to maintain contact with their family and to maintain ties with them and not for criminal use. The sanctions imposed by the DHO were taken to express the gravity of the infraction and let the inmate know that he, and his actions, will be held responsible for his actions at all times.

VIII.   APPEAL RIGHTS:  X   The inmate has been advised of the findings, specific evidence relied on action and reasons for the action. The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX.   Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| J. Bradley DHO | [signature] | Original 06-14-2019 Amended 08-06-2019 |

DHO The Original DHO Report was delivered on 07-12-2019. This DHO Report was amended pursuant to Administrative Remedy #986334-R1. This amendment does not restart the inmate's appeal timeframe. If the inmate disagrees with the amendment, he may include this in his appeal at the next level.

Prescribed by P5270                                Replaces BP-A0304 of AUG 11

3

---

9114  9U14 9645 1828 1184 42

Regional Administrative Remedy Appeal

[form text] ...pen. If attachments are needed, submit four copies.  One copy of the completed BP-DIR-9 including any attachments must be submitted

| REYNOLDS, DONALD  R | 32349-074 | D | THA-FCI  (CMU) |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A—REASON FOR APPEAL. The DHO hearing and report is based on Fraud, un-supporting facts, conflict of interest, retaliation for attempting to,bring legal action inviolation of the First Amendment to the Const of the U.S, and inviolation of Program Statement 7740.02. and 3420.11.   The Sanction of Code 197 (Phone Abuse-Illegal Purpose) was the loss of Phone for 180 days and a $50.00 fine, which should be suspended and the fine credited back to the trust account.  This incident should be expunged completely for the following reasons:
On March 24, 2019, Jason Simmons, (PMB- Field staff), located at 796 W. Foxcroft Ave, Suite 201, Martinsburg, W.V. 25401, knowingly and maliciously falsified a a (BP-A0288) incident report outside his given authority in accordance with Program Statement 7740.02.  He knowingly claimed that REYNOLDS instructed his family members to file a false and fraudulent tax return,specifically in an attempt to steal some unknown amount of money from the Internal Revenue Service and the United State Treasury.  Without J. Simmons having any knowledge about REYNOLDS case nor the fact that he was the CEO and owner of 4 corporations prior to being confined within the BOP, nor the fact that his family and former board members had his Power of Attorney and they continued to pay REYNOLDS property fees each year, Simmons assumed that REYNOLDS must be like most prisoner's and did not own anything based on his ethnicity of African descent. J.Simmons,racist mentality and behavior has caused injury and lost of REYNOLDS right to freedom in connection to his Writ of Habeas Corpus being denied for continue interference.

| July 23   2019 | (see continue page 2)  By:  [signature] Donald R. Reynolds Bey  Agent |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

Part B—RESPONSE

[stamp: JUL 30 2019]

---

| DATE | | REGIONAL DIRECTOR |
|---|---|---|

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.                    CASE NUMBER: _____ 986334-R1

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

Part C—RECEIPT

|  | | CASE NUMBER: _____ |
|---|---|---|

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

⊛                    BP-230(13)

Exhibit 8

BP-A0294    **Notice of Discipline Hearing Before the (DHO)** CDFRM
AUG 11
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| | FCI TERRE HAUTE |
| | Institution |
| | 12/17/2019 |
| | Date |

| | |
|---|---|
| TO: Gottesfeld | REG. NO.: 12982-104 |

ALLEGED VIOLATION(S): Extorting/Blackmail/Protecting

| | |
|---|---|
| DATE OF OFFENSE: 12/06/2019 | CODE NO.: 204A |

You are being referred to the DHO for the above charge(s).

The hearing will be held on: _____ at _____ (A.M./P.M.) at the following location:
Next Available Docket

You are entitled to have a full-time staff member represent you at the hearing.  Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do)  __X__  (do not) ____ wish to have a staff representative.

If so, the staff representative's name is:  Counselor B. Orr

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety.  Names of witnesses you wish to call should be listed below.  Briefly state to what each proposed witness would be able to testify.

I (do) ____ (do not) ____ wish to have witnesses.

| NAME: | CAN TESTIFY TO: |
|---|---|
| | |

| NAME: | CAN TESTIFY TO: |
|---|---|
| | |

| NAME: | CAN TESTIFY TO: |
|---|---|
| | |

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s).  Repetitive witnesses and repetitive character references need not be called.  Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form.  Date, sign, and return this form to the DHO.

| DATE: 12/17/2019 | SIGNATURE: X _____ |
|---|---|

Notice of hearing before DHO given inmate  12-17-2019  1245  by  S. Williams/
                                           Date/Time              Staff Printed Name/Signature

*(This form may be replicated via WP)*                     *Replaces BP-294(52) of JAN 88*

PDF                          Prescribed by P5270

SENSITIVE BP-9/STAFF MISCONDUCT     ~Exhibit 9~     REQUEST FOR ADMINISTRATIVE REMEDY

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Gottesfeld, Martin, S.__          __12982-104__          __THA-CMU__          __FCI-Terra Haute__
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

Part A– INMATE REQUEST   SENSITIVE BP-9/STAFF MISCONDUCT: FBOP FBOP staff are
retaliating against me for Constitutionally-protected and court-ordered help I am
providing to another inmate to fill out USM-285 legal forms in pursuit of his case
in The District of Colorado (18-cv-02328) despite 28 CFR §543.11(f)(1), FBOP polic
statement 1315.07(10), Johnson v. Avery, 393 U.S. 483; 21L.Ed.2d 718; 89 S.Ct. 747
(1969), Wolff v. McDonnell, 418 U.S. 539; 93 S.Ct. 2963; 41 L.Ed.2d (1974), Bounds
v. Smith, 430 U.S. 817; 52 L.Ed.2d 72; 97 S.Ct. 1491 (1977), and Williams v. Lane,
851 F.2d 867 (7th Cir. 1988). As such, I do not believe that these FBOP personnel
are entitled to qualified immunity in future litigation. Plesae see BP-A0288
Incident Report 3249328 attached hereto, as well as my draft statement for the DHO
This post-hoc-dated and originally-unnumbered Incident Report was also delivered t
me about 24 hours later than my BP-8 contesting my placement in a CMU, which
explicitly stated states my spotless inmate record (attached), and I believe that
this led to the decision of Mr. R. Blythe to retaliate specifically by making such
a frivilous allegation on a BP-A0288, a form which I do no t believe he is allowed
to use in the first first place as PMB-Field Staff. I also wish to add that this
Incident report followed my Thursday, April 18th, 2019 10:00 A.M. discussion with
Ms. Seireveld, during which time I asked for a written copy of the CMU rules for
communications. The UDC was also held in an intimidating manner. _____
                                                          SIGNATURE OF REQUESTER

2019-05-01 DATE

Part B– RESPONSE




_____                    _____
          DATE                                     WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _____

                                                    CASE NUMBER: _____

Part C– RECEIPT

Return to: _____     _____  _____  _____
           LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.    UNIT        INSTITUTION

SUBJECT: _____

_____                    _____
     DATE                                           RECIPIENT'S SIGNATURE (STAFF MEMBER)          BP-229(13)
                                                                                                   APRIL 1982
USP LVN

.0288
JAN 17

# INCIDENT REPORT

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

### Part I - Incident Report

| | | Incident Report Number: 5249529 |
|---|---|---|
| 1. Institution:  THA CMU | | |
| 2. Inmate's Name:  GOTTESFELD, Martin | 3. Register Number: 12982-104 | 4. Date of Incident:  ~~April 19, 2018~~ April 19, 2019 | 5. Time:  8:40 am est |
| 6. Place of Incident:  D Unit | 7. Assignment:  Unassigned/Institution A&O | | 8. Unit:  D Unit |
| 9. Incident: Use of mail for abuses other than criminal activity circumventing mail monitoring procedures… | 10. Prohibited Act Code(s)  296 | | |

**11. Description of Incident (Date: 04/19/2019   Time: 200 p.m. Staff became aware of incident):**

On April 19, 2019 at 2:00 pm est, a review was conducted of inmate Martin Gottesfeld's Reg. No. 12982-104 outgoing TRULINCS e-mails. The review revealed that inmate Gottesfeld authored an e-mail to Dana Gottesfeld, his wife at DanaBarach@gmail.com titled, "Service of Process?" In the e-mail to Dana Gottesfeld, inmate Gottesfeld attempted to employ her to conduct a surface check to see if she could track down the addresses of some individuals to be processed served (court summons from inmate Schaeffer Cox Reg. No. 16179-006) on the behalf of Angela Clemons. Specifically, the e-mail to Dana Gottesfeld stated, "I believe that Angela Clemens is having trouble tracking down a few people to be able to serve process on them. I know that you are obviously very busy and that this weekend is most certainly 'go time' for us. However, if you were to have an extra 15 or 20 minutes over the weekend just to have a surface check performed to see if you can track down the current addresses for some folks, I believe that Angela would really appreciate it. It might actually be a fun challenge for you and some of the researchers we know."

Inmate Gottesfeld's request to Dana Gottesfeld is an attempt to utilize her as a conduit to provide a service through Angela Clemons for inmate Cox. Inmate Gottesfeld's request to Dana Gottesfeld to conduct research to locate individuals on behalf of Angela Clemons and inmate Schaeffer Cox, does not represent a concrete object of value, but to provide a beneficial and favorable outcome for Clemons and Cox. Further, even though the requested services are not tangible, it still meets the standards outlined in BOP prohibited acts policies.

Worth noting, inmate Cox has implored Clemons to find a way to identify the addresses of three individuals in the community before the court imposed deadline of April 25, 2019. The court ordered that it was inmate Cox's responsibility to locate and serve the individuals he's attempting to sue in the state of CO, before the abovementioned date.

| 12. Typed Name/Signature of Reporting Employee:  ~~K Bennett~~ | 13.Date And Time:  April 22, 2019 2:00 pm est |
|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature):  SW Rish, CT | 15 .Date Incident Report Delivered:  4-25-19 | 16. Time Incident Report Delivered:  12:28 p.m. |

### Part II - Committee Action

**17. Comments of Inmate to Committee Regarding Above Incident:**

the report is still untimely - see written statement. And unconstitutional - See statement within

| 18. A. It is the finding of the committee that you: | B. | X  The Committee is referring the Charge(s) to the DHO for further Hearing. |
|---|---|---|
| ____ Committed the Prohibited Act as charged.  <br> ____ Did not Commit a Prohibited Act.  <br> ____ Committed Prohibited Act Code(s). ____ ____ | C. | The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |

**19. Committee Decision is Based on Specific Evidence as Follows:**

Ref to DHO

**20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):**

Ref to DHO

K Hart / KT Cox, A    4/29/19
1330
KW

Discipline Hearing Statement of Martin S. Gottesfeld (12982-104)
Incident Report Number: 3249328

On April 19th, 2019, I lawfully engaged in helping another
inmate, Mr. Francis Schaeffer Cox, Reg. No.: 16179-006, properly
fill out USM-285 legal forms in compliance with a valid court
order in the case of 18-cv-02328 (Cox v. Dodd, et al.) in The
District of Colorado. This order is mentioned explicitly in the
narrative of the incident report (number 3249328). However, what
isn't mentioned is that Mr. Cox and his associates--whom
implicitly include myself and my team--were all ordered to
complete the service of process in that case. Thus, I have been
charged by Mr. R. Blythe for complying with a legal and valid
court order, of which Mr. Blythe himself was clearly well aware
when he submitted this untimely report. I cannot help but feel,
therefore, that this report is retaliatory and designed to put me
at jeopardy of significant losses in my own ability to litigate
my placement in the CMU while also forcing me to expend non-
renewable resources defending myself from this frivilous ticket.

The conduct charged in this incident report is protected
under 28 CFR §543.11(f)(1) and explicitly mentioned and
authorized by the FBOP in its own policy statement 1315.07(10),
i.e. "Legal Activities, Inmate." It is further protected by
longstanding, clearly-well-established, and unambiguous law going
back roughly 50 years to the binding and enforceable U.S. Supreme
Court decisions of Johnson v. Avery, 393 U.S. 483; 21 L.Ed.2d 718;
89 S.Ct. 747 (1969), Wolff v. McDonnell, 418 U.S. 539; 93 S.Ct.
2963; 41 L.Ed.2d 935 (1974), and Bounds v. Smith, 430 U.S. 817;
52 L.Ed.2d 72; 97 S.Ct. 1491 (1977), as well as the decision of
The United States Court of Appeals for The Seventh Circuit in
Williams v. Lane, 851 F.2d 867 (7th Cir. 1988).

Indeed, an emergency ex-parte motion for a temporary
restraining order is currently filed (pursuant to the prison
mailbox rule of Houston v. Lack) and pending before the U.S.
District Court for The District of Colorado which issued the
aforementioned order to complete service of process. This motion
seeks to bar this incident report from being adjudicated by the
FBOP. Additionally, motions for declaratory judgements holding
that FBOP personnel, including the DHO and Mr. Blythe, are not
entitled to qualified immunity from civil liability arising from
the adjudication of this incident report are also pending before
The Honorable U.S. District Courts for The District of Colorado
and The Southern District of New York. Since The Honorable U.S.
District Court in Colorado retains original jurisdiction over the
interpretation and enforcement of its own order and since courts
in general retain oversight of prison disciplinary proceedings,
including, of course, this one, it would be prudent to suspend
this proceeding until the courts have ruled.

Further, it is my understanding that the FBOP has in the
past evaded civil liability for the actions of CTU on the basis
that CTU personnel are not FBOP employees. As such, under the
relevant FBOP Policy Statement (7740.02), CTU personnel are
instead "PMB-Field Staff," who are not authorized to submit
BP-A0288 Incident Reports like number 3249328. Rather they are
able to submit BP-A0583 forms. The incident report is thus
invalid on its face.

Moreover, the report was untimely. The original "Date of

-- DRAFT --

Incident" in field 4 was clearly specified as "April 19, 2018"
(emphasis added), more than a year ago. When this report was
amended post-hoc, it was not resubmitted by Mr. Blythe, but
rather changed by Counselour Hart. Additionally, the Incident
Report, as it was originally delivered to me, was unnumbered and
only later formally identified under number 3249328, but again,
not by Mr. Blythe, but instead by Counselour Hart. A neutral UDC
should not--and cannot--amend an incident report on behalf of the
reporting staff member. Perhaps this explains why Counselour Hart
chose to have the UDC meeting in the unit Barber Shop, which is
one of the very few areas in the unit where the microphones do
not record well, so there is no record. Perhaps it also explains
why Counselour Hart broke FBOP policy by failing to display a
name tag and failing to provide her first initial when I asked,
referring me to the partially-illegable handwriting she scrawled
on the report, and why she seems to have conducted the UDC
hearing in an intentionally coercive and intimidating manner,
also in clear violation of FBOP policy for staff-inmate
interactions, and not in any way as a neutral fact-finding body.

    Now, even when the report was amended to include a plausible
date and incident report number, Mr. Blythe had still not signed
his incident report until nearly 72 hours after his "April 19,
2019 at 2:00 pm est" review, and the report was not actually
delivered to me until about 72 hours later still. The report was
signed by Mr. Blythe on April 22nd, 2019 and delivered to me 6
days following the alleged incident, on April 25th, 2019.

    Thanks for your consideration,

Martin Gottesfeld, Reg. No.: 12982-104

Attachment 1

## FCC Terre Haute

### Administrative Remedy – Informal Resolution

| Inmate Name: Gottesfeld | Register #: 12982-104 |
|---|---|
| Unit: CMU | Date Submitted: April 24th, 2019 |

**Section 1: NOTICE TO INMATE** - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

**Section 1a:** Briefly state your specific single complaint: I was not given any hearing before I was placed in a CMU and my current offenses of conviction and offense conduct do not indicate a substantial likelihood that I will "encourage, coordinate, facilitate, or otherwise act in furtherance of illegal activity through communication with persons in the community," especially in light of the simple fact that in my 3 years in custody prior to arriving at the CMU I had never once been adjudicated guilty of a single inmate disciplinary charge and I was never placed on restricted correspondence or communications in any way prior.

**Section 1b:** Briefly state the resolution you request: I wish to be moved to a facility commensurate with my status as a non-violent first-time offender who is 35 years old with a high-school diploma, located within 500 miles of my wife and with contact visits.

Inmate Signature:

Counselor Printed Name/Signature:

**Section 2: Department Assigned**

| Date Assigned: | | Date Due: | |
|---|---|---|---|
| ☐ Food Service | ☒ Unit Mgmt | ☐ Unicor | ☐ Education |
| ☐ Psychology | ☐ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☐ SIS | |

**Section 3: Department Head Response**

| | Issue Resolved Comments: |
|---|---|
| | Issue Un-resolved Comments: You are currently in a general population unit with 100% Communication monitoring. Upon a multi-level review, it was determined that your designation to a Communication Management Unit was and still is appropriate. |
| | Unable to Address Issue Comments: |

| Inmate Signature if Resolved: | | Date: |
|---|---|---|
| Staff Signature: | | Date: 4/30/19 |

**Section 4: Tracking**

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 4-19-19 | 4/24/19 | 4/30/19 | | | |
| Time | 14/5 | 1:00 pm | 2:49 pm | | | |
| Staff | R. Eisele | (SH) | R. Eisele | | | |

THX-1330.18C

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 8, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      TERRE HAUTE FCI

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI    UNT: CMU    QTR: D04-041L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 977009-F1       ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : MAY 6, 2019
SUBJECT 1       : COMMUNICATION MANAGEMENT UNIT
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST PROVIDE MORE SPECIFIC INFORMATION (E.G. CASE NO.)
                 ABOUT YOUR REQUEST/APPEAL SO THAT IT MAY BE CONSIDERED.

REJECT REASON 2: YOU MAY ONLY SUBMIT ONE CONTINUATION PAGE, EQUIV. OF ONE
                 LETTER-SIZE (8.5 X 11) PAPER.  TEXT ON ONE SIDE.  THE
                 TEXT MUST BE LEGIBLE.

REJECT REASON 3: SEE REMARKS.

REMARKS         : DOES NOT STATE A SPECIFIC REQUEST OR RESOLUTION.

Monday, May 20th, 2019

Specific Incident Report # 3249328 appears explicitly in the text of the
SENSITIVE BP-9/STAFF MISCONDUCT. Specific District of Colorado Case No.:
18-cv-02328 also explicitly appears therein.
There are no continuation pages and all attachments are provided in quadruplicte, as
required.
A remedy request filed for staff misconduct requests the correction of the
underlying staff misconduct as necessary to comply with the law and the relevant
regulations.

Signed Monday, May 20th, 2019,

Martin S. Gottesfeld, Reg. No.: 12982-104

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 3, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      TERRE HAUTE FCI

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI    UNT: CMU     QTR: D04-041L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 977009-F2        ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : JUNE 3, 2019
SUBJECT 1      : COMMUNICATION MANAGEMENT UNIT
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST PROVIDE MORE SPECIFIC INFORMATION (E.G. CASE NO.)
                ABOUT YOUR REQUEST/APPEAL SO THAT IT MAY BE CONSIDERED.

REJECT REASON 2: YOU MAY ONLY SUBMIT.ONE CONTINUATION PAGE, EQUIV. OF ONE
                LETTER-SIZE (8.5 X 11) PAPER.  TEXT ON ONE SIDE.  THE
                TEXT MUST BE LEGIBLE.

REJECT REASON 3: SEE REMARKS.

REMARKS        : DOES NOT STATE A SPECIFIC REQUEST OR RESOLUTION.
                THERE ARE INCIDENT REPORTS AND 2 PAGES ATTACHED WITH
                NO SPECIFIC REQUEST.

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Gottesfeld, Martin, S.__ ____ __12982-104__ ____ __CMU__ ____ __FCI-THA__
LAST NAME, FIRST, MIDDLE INITIAL ____ REG. NO. ____ UNIT ____ INSTITUTION

**Part A—REASON FOR APPEAL**  I am appealing the rejection of the BP-9 which follows in accordance with 28 CFR §542.17(c). I was not provided with a date by which to ~~resum~~ resubmit the BP-9 at the institutional level as required by 28 CFR §542.17(b), so appeal of the rejection is appropriate. A specific request has been made at the SENSITIVE BP-9 level for the correction of the underlying staff misconduct as necessary to comply with the law and the relevant regulations. I do not believe that this BP-9 ~~weas re~~ was rejected in good-faith. All attachments are non-continuation pages and continue to be provided in quadriplicate, as required, with some miniaturization to save paper.

INMATE'S SPECIFIC REQUEST: I wish for my administrative remedy to be accepted for filing and for the correction of the underlying staff misconduct as necessary to comply with the law and the relevant regulations.

__June 10th, 2019__ _____
DATE _____ SIGNATURE OF REQUESTER

**Part B—RESPONSE**

JUL 0 2 2019

_____ _____
DATE _____ REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE _____ CASE NUMBER: __9835100-R1__

**Part C—RECEIPT**

_____ CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL ____ REG. NO. ____ UNIT ____ INSTITUTION

SUBJECT: _____

PRINTED ON RECYCLED PAPER

BP-230(13)
APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 8, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI     UNT: CMU     QTR: D04-041L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,   IN 47808

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID        : 983561-R1       REGIONAL APPEAL
DATE RECEIVED    : JULY 2, 2019
SUBJECT 1        : ADMINISTRATIVE REMEDY PROCEDURES
SUBJECT 2        : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Gottesfeld, Martin, S.__    __12982-104__    __CMU__    __FCI-THA__
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**   I am appealing the rejection of the BP-9 that follows in accordance with 28 CFR §542.17(c). I was not provided with a date by which to resubmit the BP-9 at the institutional level as required by 28 CFR §542.17(b), so appeal of the rejection was appropriate and timely filed in the BP-10 that follows. A specific request was made at the SENSITIVE BP-9 level for the correction of the underlying staff misconduct as necessary to comply with the law and the relevant regulations. Again—A BP-9 was timely filed and is included—and I do not believe that this BP-9 was rejected in good-faith. All attachments are non-continuation pages and are provided in quadruplicate—as they were at the institutional and regional levels—as required, with some miniaturization to save paper.

INMATE'S SPECIFIC REQUEST: I wish for my administrative remedy to be accepted for filing at the institutional level and for the correction of the underlying staff misconduct as necessary to comply with the law and the relevant regulations.

I asked for BP-11s on previous days since receiving my BP-10 back and today was the first day on which I was provided BP-11s.

_Sept 16th, 2019_                                                  
DATE                                                   SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____                _____
DATE                                        GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE               CASE NUMBER: _____

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

**Part C—RECEIPT**

                                                  CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____              _____
DATE                 ✺ Printed on Recycled Paper       SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                       BP-231(13)
                                                                  APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: OCTOBER 16, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI      UNT: CMU      QTR: D04-041L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 983561-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED   : OCTOBER 3, 2019
SUBJECT 1       : ADMINISTRATIVE REMEDY PROCEDURES
SUBJECT 2       : OTHER COMPLAINT AGAINST STAFF
INCIDENT RPT NO:

REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

REJECT REASON 2: SEE REMARKS.

REMARKS         : A REJECTION IS NOT A DENIAL. FOLLOW INSTRUCTIONS,
                  MAKE CORRECTIONS, AND RESUBMIT AT THE APPROPRIATE
                  LEVEL.

Exhibit 10

FCC Terre Haute

Administrative Remedy – Informal Resolution

| Inmate Name: | | Register #: 12982-104 |
|---|---|---|
| Unit: | | Date Submitted: October 25th, 2019 |

**Section 1: NOTICE TO INMATE** - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

Section 1a: Briefly state your specific single complaint: I am being singled out for non-random shakedowns as a direct result of my First-Amendment--protected activities and the media response thereto, to wit; the October 7th, 2019, interview of my wife on Real News with David Knight; the October 8th, 2019, article about the FCI-THA CMU published by The Daily Caller; my district-court filings in S.D.N.Y. case 18-cv-10836-PGG-GWG; and my attempted correspondence to Senate Minority Leader Charles Schumer (D-NY). At my recent team meeting, R. Eisele spontaneously and explicitly told me that my cell is clean and that I'm "not a dirty-birdy," and my cell was not an issue in the last unit-wide shakedown, after which little changed except my petititions.

Section 1b: Briefly state the resolution you request: Please stop BOP agents--specifically including but not limited to Travis Weber--from retaliating against me for me Constitutionally-protected petitions for the redress of grievances to relevant government officials and courts, and the resulting media response.

Inmate Signature:

Counselor Printed Name/Signature:

**Section 2: Department Assigned**

| Date Assigned: | | Date Due: | |
|---|---|---|---|
| ☐ Food Service | ☐ Unit Mgmt | ☐ Unicor | ☐ Education |
| ☐ Psychology | ☐ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☐ SIS | |

**Section 3: Department Head Response**

| | Issue Resolved Comments: |
|---|---|
| | Issue Un-resolved Comments: |
| | Unable to Address Issue Comments: |

| Inmate Signature if Resolved: | | Date: |
|---|---|---|
| Staff Signature: | | Date: |

**Section 4: Tracking**

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 10-25-19 | ✓ | | | | |
| Time | 1345 | | | | | |
| Staff | | | | | | |

BP-A0288     Exhibit 11          **INCIDENT REPORT**
JAN 17

**U.S. DEPARTMENT OF JUSTICE**          **FEDERAL BUREAU OF PRISONS**

---

**Part I - Incident Report**

| 1. Institution:  THA CMU | | Incident Report Number: | |
|---|---|---|---|
| 2. Inmate's Name: <br> GOTTESFELD, Martin | 3. Register Number: 12982-104 | 4. Date of Incident: <br> April 19, 2018 | 5. Time: <br> 8:40 am est |
| 6. Place of Incident: <br> D.Unit | 7. Assignment: <br> Unassigned/Institution A&O | | 8. Unit: <br> D Unit |
| 9. Incident: Use of mail for abuses other than criminal activity circumventing mail monitoring procedures… | | 10. Prohibited Act Code(s) <br> 296 | |

**11. Description of Incident (Date: 04/19/2019   Time: 200 p.m. Staff became aware of incident):**

On April 19, 2019 at 2:00 pm est, a review was conducted of inmate Martin Gottesfeld's Reg. No. 12982-104 outgoing TRULINCS e-mails. The review revealed that inmate Gottesfeld authored an e-mail to Dana Gottesfeld, his wife at DanaBarach@gmail.com titled, "Service of Process?" In the e-mail to Dana Gottesfeld, inmate Gottesfeld attempted to employ her to conduct a surface check to see if she could track down the addresses of some individuals to be processed served (court summons from inmate Schaeffer Cox Reg. No. 16179-006) on the behalf of Angela Clemons. Specifically, the e-mail to Dana Gottesfeld stated, "I believe that Angela Clemens is having trouble tracking down a few people to be able to serve process on them. I know that you are obviously very busy and that this weekend is most certainly 'go time' for us. However, if you were to have an extra 15 or 20 minutes over the weekend just to have a surface check performed to see if you can track down the current addresses for some folks, I believe that Angela would really appreciate it. It might actually be a fun challenge for you and some of the researchers we know."

Inmate Gottesfeld's request to Dana Gottesfeld is an attempt to utilize her as a conduit to provide a service through Angela Clemons for inmate Cox. Inmate Gottesfeld's request to Dana Gottesfeld to conduct research to locate individuals on behalf of Angela Clemons and inmate Schaeffer Cox, does not represent a concrete object of value, but to provide a beneficial and favorable outcome for Clemons and Cox. Further, even though the requested services are not tangible, it still meets the standards outlined in BOP prohibited acts policies.

Worth noting, inmate Cox has implored Clemons to find a way to identify the addresses of three individuals in the community before the court imposed deadline of April 25, 2019. The court ordered that it was inmate Cox's responsibility to locate and serve the individuals he's attempting to sue in the state of CO, before the abovementioned date.

| 12. Typed Name/Signature of Reporting Employee: | 13.Date And Time: <br> April 22, 2019 2:00 pm est |
|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature) | 15 .Date Incident Report Delivered: <br> 4-25-19 | 16. Time Incident Report Delivered: <br> 12:28 p.m. |

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident:

_____

_____

_____

| 18. A. It is the finding of the committee that you: | | B. | The Committee is referring the Charge(s) to the DHO for further Hearing. |
|---|---|---|---|
| ____ | Committed the Prohibited Act as charged. | | |
| ____ | Did not Commit a Prohibited Act. | C. | The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |
| ____ | Committed Prohibited Act Code(s). ____  ____ | | |

19. Committee Decision is Based on Specific Evidence as Follows:

_____

_____

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

_____

_____

Exhibit 12

Attachment 1

## FCC Terre Haute

## Administrative Remedy – Informal Resolution

| Inmate Name: Gottesfeld | Register #: ~~14892-104~~ 12982-104 |
|---|---|
| Unit: CMU | Date Submitted: May 10th, 2019 |

**Section 1: NOTICE TO INMATE** - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

Section 1a: Briefly state your specific single complaint: The CMU handbook says that I have the right to be informed of all of the rules of the institution, yet there are many communications rules regarding third-party communication, financial documents, media access, process service, mail to the OIG, etc. which do not appear to be written anywhere. This present serious issues, including for Constitutional Due Process and Protected Speech.

Section 1b: Briefly state the resolution you request: Please tell me where I can find each and every communications rule in a **written** form and how I can access this set of rules from inside the unit.

Inmate Signature:

Counselor Printed Name/Signature: R. E

**Section 2: Department Assigned**

| Date Assigned: | | Date Due: | |
|---|---|---|---|
| ☐ Food Service | ☑ Unit Mgmt | ☐ Unicor | ☐ Education |
| ☐ Psychology | ☐ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☐ SIS | |

**Section 3: Department Head Response**

| | Issue Resolved Comments: |
|---|---|
| | Issue Un-resolved Comments: National and local policy is available in the Law Library. This is updated regularly. |
| | Unable to Address Issue Comments: |

| Inmate Signature if Resolved: | | Date: |
|---|---|---|
| Staff Signature: R. Esele  R. E | | Date: 5/13/19 |

**Section 4: Tracking**

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 5-9-19 | 5-10-19 | 5-20-19 | | | |
| Time | 1329 | 1420 | 1305 | | | |
| Staff | R. Esele | R. Esele | R. Esele | | | |

**U.S. DEPARTMENT OF JUSTICE**      **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Gottesfeld, Martin, S.     12982-104     CMU     FCI-THA

    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.     UNIT     INSTITUTION

**Part A– INMATE REQUEST**

Please see attached BP-8. There are many policies enforced in the CMU which are not located in the law library. One prohibits me from including affidavits signed by other inmates in my mail to the OIG. There are many other such policies not written anywhere.

Remedy Requested: Please tell me where I can find each and every communications rule in a written form and how I can access this set of rules from inside the unit.

May 20th, 2019
_____      _____
     DATE                      SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____      _____
     DATE                      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**        CASE NUMBER: _____

                                      CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____      _____
DATE    SIGNATURE              RECIPIENT'S SIGNATURE (STAFF MEMBER)     BP–229(13)

Remedy No.:  979747-F1                                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted June 3, 2019, in which you allege that there are many policies enforced in the Communication Management Unit (CMU) which are not located in the law library. You allege that you are prohibited from including affidavits signed by other inmates to the Office of Inspector General (OIG).  As relief, you request access to every communication rule in its written form.

A review of your request reveals that national and local policies are available in the law library and are updated regularly. You are not allowed to send mail on behalf of another inmate. Please refer to Program Statement 5265.14, <u>Correspondence</u>.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101.  Your appeal must be received within 20 calendar days of the date of this response.

_____7/01/19_____                    _____
Date                                   B. Lammer, FCI Warden

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: <u>Gottesfeld, Martin, S.</u>     <u>12982-104</u>     <u>CMU</u>     <u>FCI-THA</u>
   LAST NAME. FIRST, MIDDLE INITIAL    REG. NO.    UNIT     INSTITUTION

**Part A—REASON FOR APPEAL** Please see attached BP-8/BP-9. Many policies enforced in the FCI-THA CMU continue to be absent from the law library. One prohibits me from including affidavits signed by other inmates in my correspondence up to the OIG, which <u>isn't sent on behalf of anybody else</u>, but rather as relevant evidence to support <u>my claims in my mail</u> to the OIG. Another forbids me from helping inmates locate defendants dodging service of process in some cases, but not others, based on the capricious discretion of the FCI legal department. Yet this unwritten rule is unlawful as per SCOTUS decisions like Johnson v. Avery. Yet another rule forbids me from identifying myself as press even though a U.S. District Court struck down this same restriction and it has since been nullified in its written form by the BOP (see McGowan v. U.S. in 2nd Cir.). Yet another unwritten rule forbids CMU inmates from receiving certain financial documents that inmates elsewhere are allowed to receive and this rule is not codified anywhere in the law library. Katherine Siereveld of the FCI Legal Dept. Dept. has further admitted on m ultiple occassions that there is no set of actual written rules.

INMATES SPECIFIC REQUEST: The FCI-THA CMU handbook says I have the right to know all of the rules for the unit, so please tell me where I can find each and every written rule, including the above, in <u>written form</u> and how I can access this set of rules from <u>inside</u> the unit given that we do <u>not</u> receive the federal register.

<u>Thu., July 25th, 2019</u>
  DATE               SIGNATURE OF REQUESTER

**Part B—RESPONSE**

   DATE              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

**Part C—RECEIPT**

                CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

PRINTED ON RECYCLED PAPER              BP–230(13)

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:**     979747-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on August 8, 2019, in which you contend several policies and procedures are unavailable for your review. For relief, you request access to the policies, procedures, and rules, of the Communications Management Unit.

We have reviewed your appeal and the Warden's response dated July 1, 2019.   As indicated in the Warden's response, all policies, procedures, rules, inmate bulletins, etc., are available for your review in the law library.   Additionally, all updates are available as they become implemented.

Based on the above, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

08/30/19
Date

J. E. Krueger, Regional Director

**U.S. Department of Justice**

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Gottesfeld, Martin, S.
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
| --- | --- | --- | --- |
| | 12982-104 | CMU/D | FCI-THA |

**Part A—REASON FOR APPEAL** INMATE'S SPECIFIC REQUEST: The FCI-THA CMU handbook says I have the right to know all of the rules for the unit, so please tell me where I can find each and every written rule, including the below, in written form and how I can access this set of rules from inside the unit given that we do not receive the federal register. Please see attached BP-8/BP-9 and BP-10. Many policies enforced in the FCI-THA CMU continue to be absent from the law library. One prohibits me from including affidavits signed by other inmates in my correspondence to the OIG, which isn't sent on behalf of anybody else, but rather as relevant evidence to support my claims in my mail to the OIG. Another forbids me from helping inmates locate defendants dodging service of process in some cases, but not others, based on Johnson v. Avery. Yet another rule forbids the arbitrary and capricious discretion of the FCI legal department. This unwritten rule is unlawful as per SCOTUS decisions like Johnson v. Avery. Yet another rule forbids me from identifying myself as press even though a U.S. district court struck down this same restriction and it has since been nullified in its written form by the BOP (see McGowan v. U.S. in 2nd Cir.). Yet another unwritten rule forbids CMU inmates from receiving certain financial documents that inmates elsewhere are allowed to receive and this rule is not codified anywhere in the law library. Katherine Siereveld of the FCI Legal Dept. has further admitted on multiple occasions that there is no set of actual written rules.

| | |
| --- | --- |
| Fri., Sept. 27th, 2019 | |
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

RECEIVED

OCT 09 2019

Administrative Remedy Section
Federal Bureau of Prisons

| | |
| --- | --- |
| DATE | GENERAL COUNSEL |
| | CASE NUMBER: 979747-A1 |

ORIGINAL: RETURN TO INMATE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
| --- | --- | --- | --- |

SUBJECT: _____

| | |
| --- | --- |
| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |

USP LVN

Printed on Recycled Paper

BP-231(13)
APRIL 1982

**Administrative Remedy No. 979747-A1**
**Part B - Response**


This is in response to your Central Office Administrative Remedy
Appeal where you claim there are several rules and polices of
the Communications Management Unit (CMU) that are not available
in the law Library.  You contend it is a violation of due
process to implement rules that are not codified and believe
there are "no set of actual rules," for the CMU.  You request to
know where you can find each and every written rule of the CMU
and how you can access the set of rules inside the unit.

The Warden and Regional Director adequately addressed your
complaint and we concur with the responses provided.  As noted,
National and local policies are located in the Law Library.  The
rules and regulations for the CMU are outlined in Program
Statement 5214.02, CMU, as promulgated in 28 CFR §540, as well
as Institution Supplement THX5214.02B, CMU.  Inmates are also
provided with a CMU handbook.  There is no indication you have
not been provided with access to the rules and regulations of
the CMU that apply to your designation.  Your claim of a due
process violation is not supported.

Accordingly, your appeal is denied.


_____11/21/19_____                    _____
Date                                 Ian Connors, Administrator
                                     National Inmate Appeals RMF

Exhibit 13

.0288
JAN 17

**INCIDENT REPORT**

**U.S. DEPARTMENT OF JUSTICE**          **FEDERAL BUREAU OF PRISONS**

### Part I - Incident Report

| | | Incident Report Number: 3249329 |
|---|---|---|
| 1. Institution: THA CMU | | |
| 2. Inmate's Name: GOTTESFELD, Martin | 3. Register Number: 12982-104 | 4. Date of Incident: ~~April 19, 2018~~ April 19, 2019 | 5. Time: 8:40 am est |
| 6. Place of Incident: D Unit | 7. Assignment: Unassigned/Institution A&O | 8. Unit: D Unit |
| 9. Incident: Use of mail for abuses other than criminal activity circumventing mail monitoring procedures... | 10. Prohibited Act Code(s) 296 | |

**11. Description of Incident (Date: 04/19/2019   Time: 200 p.m. Staff became aware of incident):**
On April 19, 2019 at 2:00 pm est, a review was conducted of inmate Martin Gottesfeld's Reg. No. 12982-104 outgoing TRULINCS e-mails. The review revealed that inmate Gottesfeld authored an e-mail to Dana Gottesfeld, his wife at DanaBarach@gmail.com titled, "Service of Process?" In the e-mail to Dana Gottesfeld, inmate Gottesfeld attempted to employ her to conduct a surface check to see if she could track down the addresses of some individuals to be processed served (court summons from inmate Schaeffer Cox Reg. No. 16179-006) on the behalf of Angela Clemons. Specifically, the e-mail to Dana Gottesfeld stated, "I believe that Angela Clemens is having trouble tracking down a few people to be able to serve process on them. I know that you are obviously very busy and that this weekend is most certainly 'go time' for us. However, if you were to have an extra 15 or 20 minutes over the weekend just to have a surface check performed to see if you can track down the current addresses for some folks, I believe that Angela would really appreciate it. It might actually be a fun challenge for you and some of the researchers we know."

Inmate Gottesfeld's request to Dana Gottesfeld is an attempt to utilize her as a conduit to provide a service through Angela Clemons for inmate Cox. Inmate Gottesfeld's request to Dana Gottesfeld to conduct research to locate individuals on behalf of Angela Clemons and inmate Schaeffer Cox, does not represent a concrete object of value, but to provide a beneficial and favorable outcome for Clemons and Cox. Further, even though the requested services are not tangible, it still meets the standards outlined in BOP prohibited acts policies.

Worth noting, inmate Cox has implored Clemons to find a way to identify the addresses of three individuals in the community before the court imposed deadline of April 25, 2019. The court ordered that it was inmate Cox's responsibility to locate and serve the individuals he's attempting to sue in the state of CO, before the abovementioned date.

| 12. Typed Name/Signature of Reporting Employee: | 13. Date And Time: April 22, 2019 2:00 pm est |
|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): SW R Rushr eT | 15. Date Incident Report Delivered: 4-25-19 | 16. Time Incident Report Delivered: 12:28 p.m. |

### Part II - Committee Action

**17. Comments of Inmate to Committee Regarding Above Incident:**
the report is still untimely - see written statement.
And unconstitutional - see statement
within

| 18. A. It is the finding of the committee that you: | B. X The Committee is referring the Charge(s) to the DHO for further Hearing. |
|---|---|
| ___ Committed the Prohibited Act as charged. ___ Did not Commit a Prohibited Act. ___ Committed Prohibited Act Code(s). ___ ___ | C. The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |

**19. Committee Decision is Based on Specific Evidence as Follows:**
Ref to DHO

**20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):**
Ref to DHO

KHart/RTCorA   4/29/19   1330

BP-S294.052  NOTICE OF DISCIPLINE HEARING BEFORE THE (DHO) CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

|  | FCI |
|---|---|
|  | USP TERRE HAUTE, IN |
|  | Institution |
|  | 4/29/2019 |
|  | Date |

TO: Guttesfeld, Martin                    Reg. No.: 12982-104

ALLEGED VIOLATION(S): Use of mail abuses other than criminal activity

DATE OF OFFENSE: 4/19/2019              Code No.: 296

You are being referred to the DHO for the above charge(s).

The hearing will be held on:  AT DHO'S DISCRETION  at _____ (A.M./P.M.) at the following location: _____

You are entitled to have a full-time staff member represent you at the hearing.  Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) ✓ (do not) _____ wish to have a staff representative.

If so, the staff representative's name is: Ofc Harvey

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety.  Names of witnesses you wish to call should be listed below.  Briefly state to what each proposed witness would be able to testify.

I (do) _____ (do not) ✓ wish to have witnesses.

NAME:                              Can Testify to:


NAME:                              Can Testify to:


NAME:                              Can Testify to:


The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s).  Repetitive witnesses and repetitive character references need not be called.  Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form.  Date, sign, and return this form to the DHO.

DATE: 4-29-19    SIGNATURE: X_____

Notice of hearing before DHO given inmate  4-29-19 1330 by: K Hart KK Hart
                                           Date/Time          Staff Printed Name/Signature

(This form may be replicated via WP)              Replaces BP-294(52) of JAN 88

BP-S293.052   INMATE RIGHTS AT DISCIPLINE HEARING   CDFRM
MAY 94
U.S. DEPARTMENT OF JUSTICE                                        FEDERAL BUREAU OF PRISONS

Institution: USP TERRE HAUTE

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the
Discipline Hearing Officer (DHO) for disposition, you have the following rights:

    1. The right to have a written copy of the charge(s) against you at least 24 hours prior to
    appearing before the Discipline Hearing Officer;

    2. The right to have a full-time member of the staff who is reasonably available to represent
    you before the Discipline Hearing Officer;

    3. The right to call witnesses (or present written statements of unavailable witnesses) and
    to present documentary evidence in your behalf, provided institutional safety would not be
    jeopardized;

    4. The right to present a statement or to remain silent. Your silence may be used to draw an
    adverse inference against you. However, your silence alone may not be used to support a
    finding that you committed a prohibited act;

    5. The right to be present throughout the discipline hearing except during a period of
    deliberation or when institutional safety would be jeopardized. If you elect not to appear
    before the DHO, you may still have witnesses and a staff representative appear on your behalf;

    6. The right to be advised of the DHO's decision, the facts supporting that decision, except
    where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

    7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure
    to the Regional Director within 20 calendar days of notice of the DHO's decision and
    disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before
the Discipline Hearing Officer. I have further been advised that if I have previously received either
a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I
committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission
of the presumptive or effective parole date.

Printed: Gottesfeld, Martin ___ Reg. No.: 12982-104 ___ Date: 4/19/2019

Inmate Signature: X _____

Notice of rights given to inmate(Date/time): 4/29/19 1330

by:_____
          Staff Printed Name/Signature

Inmate Rights At Discipline Hearing (continued)

Institution: THA

Where an inmate has been advised of the rights afforded at a hearing before the DHO, but refuses to
sign the acknowledgment, the following should be completed.

I have personally advised (Inmate's Name/Register No.):
of the above rights afforded at a discipline hearing before the DHO;
however the inmate has refused to sign the acknowledgment.

Signed: _____

Staff Typed or Printed Name:_____

Date: _____

---

WAIVER OF 24 HOUR NOTICE

I have been advised that I have the right to have a written copy of the charge(s) against me at least
24 hours prior to appearing before the DHO. I wish to waive this right and proceed with the DHO
hearing at this time.

Signed: _____

Typed or Printed Name: _____

Register Number: _____

Date: _____ Time: _____

Witnessed by: _____
                    (Staff Printed Name/Signature)

This form may be replicated via WP)                  Replaces BP-S293(52) of JAN 88.
(End of form)

1

TRULINCS  12982104 - GOTTESFELD, MARTIN - Unit: THA-D-A

------------------------------------------------------------------------------------------------

FROM: 12982104
TO: Gottesfeld, Dana
SUBJECT: Service of Process
DATE: 04/19/2019 08:40:25 AM

Exhibit 14

My Darling Dana,

I believe that Angela Clemens is having trouble tracking down a few people to be able to serve process on them.
I know that you are obviously very busy and that this weekend is most certainly "go time" for us. However, if you were to have
an extra 15 or 20 minutes over the weekend just to have a surface check performed to see if you can track down the current
addresses for some folks, I believe that Angela would really appreciate it. It might actually be a fun challenge for you and some
of the researchers we know.

My Love Always,
Marty
This message was sent at approximately 8:41 A.M. on Friday, April 19th, 2019.

Exhibit 15

To: Ms. Seireveld - Legal Dept.
CC: FCI Terre Haute CMU Unit Discipline Committee (UDC)
From: Martin S. Gottesfeld, Reg. No. 12982-104
Date: Friday, April 26th, 2019
Subject: In Re: Unnumbered Incident Report (Form BP-A0288)

Salutations Ms. Seireveld,

I hope you are well.

I am writing because I wish to elect you as my staff representative in the adjudication process of the attached, unnumbered, BP-A0288 (Incident Report).

I do not believe that either the FBOP nor the FBI are entitled to qualified immunity for their blatant reprisal against me for engaging in Constitutionally-protected conduct pursuant to valid and court-ordered legal pursuits while accepting nothing of value for myself in return. I wish to note Johnson v. Avery, 393 U.S. 483; 21 L. Ed. 2d 718; 89 S. Ct. 747 (1969), Wolff v. McDonell, 418 U.S. 539; 94 S. Ct. 2963; 41 L. Ed. 2d 935 (1974), Bounds v. Smith, 430 U.S. 817; 52 L. Ed. 2d 72; 97 S. Ct. 1491 (1977), and Williams v. Lane, 851 F.2d 867 (7th Cir. 1988). I hope that you will help me present the relevant case law to the discipline hearing officer (DHO) and/or the unit discipline committee (UDC).

I further wish to note that the incident report which I received was both unnumbered and untimely. The date of the incident itself was clearly alleged as "April 19, 2018"--more than a year ago and long before my arrival at Terre Haute. However, even making the charitable assumption that the report meant to allege--but did not actually do so--that the incident supposedly occured on April 19th of this year, then there was still a delay of more than 3 days before it was signed by the "Reporting Employee" on April 22nd. There was then another approximately 3-day delay before the report was delivered to me, without an "Incident Report Number." I believe that, in contrast, I was supposed to receive a copy of the incident report within 24 hours, rather than more than 147 (more than 6 times) later.

Additionally, I believe that the relevant FBOP program statement, number 7740.02, from November 21st, 2014, does not allow for "PMB-Field staff," such as the report's author, Mr. R. Blythe, to submit BP-A0288 forms. Rather, it appears that Mr. Blythe is supposed to use BP-A0583 forms.

If upon your review of the relevant documentation, you have other questions regarding these circumstances, please just let me know. Otherwise, I look forward to seeing you at my DHO hearing.

Regards,

Martin S. Gottesfeld, Reg. No.: 12982-104

P.S. The information which I sought from my wife was to help another inmate fill out USM-285 form

- Page 1 of 1 (Excl. attachments) -

**U.S. Department of Justice**

Federal Bureau of Prisons

Exhibit 16

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | g Gottesfeld, Martin, S. | 12982-104 | FCI-THA-CMU | FCI-TH |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL** SENSITIVE BP-10/STAFF MISCONDUCT: I had a DHO hearing in the FCI-THA-CMU with DHO Bradley on Friday, May 3rd, 2019 at approx. 10:30AM. DHO Bradley became agitated and belligerent briefly into my statement regarding Incident Report # 3249328 (attached hereetto). He would not let me finish my statement and he also interrupted my staff representative, not allowing him to finish either. Mr. Bradly irritably said, "I don't care about your case law." He chose to reach his decision and mete out sanctions before he had examined all of the applicable info and to preempt pending motions before The Honorable US District Court for The District of Colorado and The Southern District of New York. He also refused to accept a copy of the original, unmodiffed incident report from me for the record, though he did purport to accept my written statement and attachments. If Mr. Bradley cannot or will not maintain his composure, examine all of the facts and documents, and consider U.S. Supreme Court case law, then he is not qualified to be a DHO. He was unprofessional and did not conduct himself in such a manner as to preserve qualified immunity for the FBOP. I would like a new hearing before a qualified and competent DHO. Please see D. Col.,Case 18-cv-02328 for emergency ex-parte motion for a TRO and both D. Col. 18-cv-02328 and S. D. NY 18-cv-10836-PGG for motions for declaratory judgements. They are pre-existing open cases for similar violations.

_____     _____
May 3rd, 2019
DATE                                SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____          _____
DATE                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____          _____
USP LVN     DATE          Previous editions not usable          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

.0288
-N-17

**INCIDENT REPORT**

**U.S. DEPARTMENT OF JUSTICE**          **FEDERAL BUREAU OF PRISONS**

**Part I - Incident Report**

| 1. Institution: THA CMU | | Incident Report Number: 3249329 |
|---|---|---|
| 2. Inmate's Name:<br>GOTTESFELD, Martin | 3. Register Number: 12982-104 | 4. Date of Incident:<br>~~April 19, 2018~~ April 19, 2019 | 5. Time:<br>8:40 am est |
| 6. Place of Incident:<br>D Unit | 7. Assignment:<br>Unassigned/Institution A&O | | 8. Unit:<br>D Unit |
| 9. Incident: Use of mail for abuses other than criminal activity<br>circumventing mail monitoring procedures... | | 10. Prohibited Act Code(s)<br>296 | |

11. Description of Incident (Date: 04/19/2019   Time: 200 p.m. Staff became aware of incident):

On April 19, 2019 at 2:00 pm est, a review was conducted of Inmate Martin Gottesfeld's Reg. No. 12982-104 outgoing TRULINCS e-mails. The review revealed that Inmate Gottesfeld authored an e-mail to Dana Gottesfeld, his wife at DanaBarach@gmail.com titled, "Service of Process?" In the e-mail to Dana Gottesfeld, Inmate Gottesfeld attempted to employ her to conduct a surface check to see if she could track down the addresses of some individuals to be processed served (court summons from inmate Schaeffer Cox Reg. No. 16179-006) on the behalf of Angela Clemons. Specifically, the e-mail to Dana Gottesfeld stated, "I believe that Angela Clemens is having trouble tracking down a few people to be able to serve process on them. I know that you are obviously very busy and that this weekend is most certainly 'go time' for us. However, if you were to have an extra 15 or 20 minutes over the weekend just to have a surface check performed to see if you can track down the current addresses for some folks, I believe that Angela would really appreciate it. It might actually be a fun challenge for you and some of the researchers we know."

Inmate Gottesfeld's request to Dana Gottesfeld is an attempt to utilize her as a conduit to provide a service through Angela Clemons for inmate Cox. Inmate Gottesfeld's request to Dana Gottesfeld to conduct research to locate individuals on behalf of Angela Clemons and inmate Schaeffer Cox, does not represent a concrete object of value, but to provide a beneficial and favorable outcome for Clemons and Cox. Further, even though the requested services are not tangible, it still meets the standards outlined in BOP prohibited acts policies.

Worth noting, inmate Cox has implored Clemons to find a way to identify the addresses of three individuals in the community before the court imposed deadline of April 25, 2019. The court ordered that it was inmate Cox's responsibility to locate and serve the individuals he's attempting to sue in the state of CO, before the abovementioned date.

| 12. Typed Name/Signature of Reporting Employee:<br>*[signature]* | 13.Date And Time:<br>April 22, 2019 2:00 pm est |
|---|---|
| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature): *[signature]* | 15 .Date Incident Report Delivered:<br>4-25-19 | 16. Time Incident Report Delivered:<br>12:27 p.m. |

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident:

*the report is still untimely - see written statement.*
*And unconstitutional - See statement*
*written*

| 18. A. It is the finding of the committee that you:<br><br>_____ Committed the Prohibited Act as charged.<br>_____ Did not Commit a Prohibited Act.<br>_____ Committed Prohibited Act Code(s). _____ _____ | B. ☒ The Committee is referring the Charge(s) to the DHO for further Hearing.<br><br>C. _____ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |
|---|---|

19. Committee Decision is Based on Specific Evidence as Follows:

*Ref to DHO*

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

*Ref to DHO*

*KHart / [signature]    4/29/19*
*1330*
*[initials]*

Discipline Hearing Statement of Martin S. Gottesfeld (12982-104)
Incident Report Number: 3249328

On April 19th, 2019, I lawfully engaged in helping another inmate, Mr. Francis Schaeffer Cox, Reg. No.: 16179-006, properly fill out USM-285 Legal forms in compliance with a valid court order in the case of 18-cv-02328 (Cox v. Dodd, et al.) In The District of Colorado. This order is mentioned explicitly in the narrative text of the incident report (now numbered 3249328).

In order for Mr. Cox to complete service of process, as referenced, he must properly fill out and return the aforementioned USM-285 forms. These forms are provided by the court to indigent plaintiffs who open lawsuits. The plaintiff must then properly complete the forms so that the U.S. Marshals Service can complete service of process on the defendants. As such, they are a vital step in litigation. And in order to properly fill out a USM-285, the plaintiff, in this case Mr. Cox, needs to know the address of the corresponding defendant.

The Federal Bureau of Prisons (FBOP) does not provide inmate plaintiffs such as Mr. Cox any assistance whatsoever to properly and accurately track down defendants and complete USM-285s. This is important under relevant U.S. Supreme Court case law for reasons I will explain later.

For now, what isn't mentioned in the incident report itself is that the court explicitly ordered Mr. Cox and his associates to complete the service of process and that his associates implicitly include myself and my team. Thus, I have been charged by Mr. R. Blythe for complying with a valid and legal court order, one which Mr. Blythe himself knew to exist when he wrote and submitted this untimely report. I cannot help but feel, therefore, that this incident report is intentionally retaliatory and designed to place me in jeopardy of significant losses to my own ability to litigate my own issues, specifically including my designation to a CMU, while also designed to force me to expend non-renewable resources defending myself from this frivilous and blatantly unconstitutional ticket.

The conduct charged in this incident report is mentioned and explicitly protected under 28 CFR §543.11(f)(1) and by the FBOP in its own policy statement 1315.07 §10, i.e. "Legal Activities, Inmate." It is further protected by longstanding, clearly-well-established, well-known, and unambiguous U.S. Supreme Court case law going back roughly 50 years to the binding and enforceable decisions of Johnson v. Avery, 393 U.S. 483; 21 L.Ed.2d 718; 89 S.Ct. 747 (1969), Wolff McDonnell, 418 U.S. 539; 93 S.Ct. 2963; 41 L.Ed.2d 935 (1974), and Bounds v. Smith, 430 U.S. 817; 52 L.Ed.2d 72; 97 S.Ct. 1491 (1977), as well as the decision of The United States Court of Appeals for the Seventh Circuit in Williams v. Lane, 851 F.2d 867 (7th Cir. 1988).

Further, an emergency ex-parte motion for a temporary restraining order is currently filed (pursuant to the prison-mailbox rule of Houston v. Lack) and pending before the Honorable U.S. District Court for The District of Colorado, which issued the aforementioned order for Cox and his associates to complete the service of process--not before April 25th, 2019, as Mr. R. Blythe's reckless incident report inaccurately indicates--but before May 20th, 2019. This motion seeks to bar this incident

- Page 1 of 3 -

an incident report post-hoc on behalf of the reporting staff member.

Perhaps this explains why UDC Member Hart chose to have the UDC meeting in the unit barber shop, which is one of the very few areas of the unit here where microphones do not record nearly any and all conversations well, and, thus, why there is likely no good record of what was (and wasn't) said.

Perhaps this also explains why Counselour Hart broke FBOP policy by failing to display a nametag and failing to provide her first initial when I asked politely. Instead, she referred me to the partially-illegable handwriting she scrawled on the report which she modified. Finally, maybe this helps explain why Ms. Hart seems to have conducted the UDC hearing for this incident report in an intentionally coercive and intimidating manner, also in clear violation of FBOP policy for staff-inmate interactions, and not in any way consistent with the conduct of a neutral fact-finding body.

Now, even when the incident report was amended to include a plausible date and incident report number, this did not change the fact that Mr. Blythe had not signed it until "April 22, 2019 2:00 pm est," i.e. nearly 72 hours after his "April 19, 2019 at 2:00 pm est" review. Nor does the post-hoc amendment of the incident change the simple fact that it took a further 3 days still for a copy of the unnumbered and unmodified report to be delivered to me on April 25th, 2019--some 6 days after Mr. Blythe became aware of the charged conduct and far too late to begin the adjudication process according to policy and due process.

Finally, I wish to note that I neither sought, was offered, nor received anything of value in return for my help in filling out Mr. Cox's USM-285 forms, and that there is no such allegation in Mr. Blythe's report.

Since the FBOP does not provide legal assistance to inmates to help them fill out forms like USM-285s and since I received nothing of value in return for my efforts, the conduct with which I have been charged by Mr. Blythe is clearly and irrefutably authorized and protected by FBOP policy, federal regulations, U.S. Supreme Court case law, and The Constitution. The incident report should therefore be dismissed.

Thank you for your consideration,

*[signature]*   May 2nd, 2019

Martin S. Gottesfeld, Reg. No.: 12982-104

P.S. For convenience, I have included pages from 28 CFR §543 (please see (f)(1) on page 3); FBOP Program Statement 1315.07, "Legal Activities, Inmate" (please see f.(1) on page 4); and FBOP program statement 5214.02, "Communications Management Units" (please see (10) Legal Activities on page 7); as well as FBOP program statement 7740.02, "Oversight of Private Secure Correctional Facilities" (please see "REFERENCES(BOP-Forms)" on page 3.

- Page 3 of 3 -

report from being adjudicated by the FBOP and for The Honorable Court to order a stop to any further interference by Mr. Blythe and the FBOP in the lawful conduct of Mr. Cox and his associates in the litigation of case 18-cv-02328 pending before that same Honorable Court. The protection of The Honorable Court's own processes and the expeditious litigation of the cases before it are clearly matters of The Honorable Court's sole and exclusive jurisdiction. As noted U.S. Supreme Court Justice McReynolds wrote more than 75 years ago in his opinion in Sorrelle v. United States, 287 U.S. 435; 77 L.Ed. 413; 53 S.Ct. 210 (1932), "The protection of its own functions and the preservation of the purity of its own temple belongs only to the court. It is the province of the court and of the court alone to protect itself and the government from such prostitution of the criminal law." The same applies to Mr. R. Blythe's attempted prostitution of the FBOP discipline system in order to interfere with the U.S. District Court in Colorado and its own order for Mr. Cox and his associates to complete the service of process, and since, in general, courts retain oversight of prison disciplinary proceedings, including, of course, this one, it would be prudent to suspend this proceeding until the courts have ruled.

Additionally, motions for declaratory judgements holding that FBOP personnel, including the-ONO, and contractors, including Mr. Blythe, are not entitled to qualified immunity to shield them from any and all civil liability arising from the adjudication of this incident report's have also-been filed (pursuant to the prison-mailbox rule of Houston v. Lack) in both The District of Colorado and The Southern District of New York. Once again, it would be prudent to suspend this proceeding until the courts have had an opportunity to rule.

Further, it is my understanding that the FBOP has evaded civil liability in the past for similar unconstitutional actions by CTU on the basis that CTU personnel are not FBOP employees. As such, under the relevant FBOP Policy Statement (7740.02), CTU personnel are instead "PMB-Field Staff" who are not authorized to file BP-AO288 Incident Reports like number 3249328. Rather, it appears that they are supposed to submit BP-AO583 forms instead. The incident report is thus invalid on its face and must be dismissed.

Moreover still, the report was untimely. The "Date of Incident" in field 4 was clearly specified as "April, 19, 2018" originally (emphasis added), i.e. more than a year ago and long before my arrival here in Terre Haute. When this report was then amended post-hoc, it was not resubstituted by Mr. R. Blythe in accordance with policy, but rather it was changed by UDC member Hart during the UDC hearing itself. Once more, the Incident Report, as it was originally delivered to me, was unnumbered, likely because as "PMB-Field Staff," Mr. Blythe could not officially file it himself. This incident report was then only later formally identified under number 3249328, but again not by Mr. Blythe, the reporting staff member, but instead by UDC member Hart during the UDC hearing. A neutral UDC capable of recommending appropriate sanctions should not--and cannot--amend

- Page 2 of 3 -

<table>
<tr><td colspan="6">BP-A0288<br>JAN 17<br>U.S. DEPARTMENT OF JUSTICE</td></tr>
<tr><td colspan="6" style="text-align:center">INCIDENT REPORT</td></tr>
<tr><td colspan="6" style="text-align:right">FEDERAL BUREAU OF PRISONS</td></tr>
<tr><td colspan="6" style="text-align:center">Part I - Incident Report</td></tr>
</table>

| 1. Institution: THA CMU | | | | Incident Report Number: | |
|---|---|---|---|---|---|
| 2. Inmate's Name:<br>GOTTESFELD, Martin | | 3. Register Number: 12982-104 | | 4. Date of Incident:<br>April 19, 2018 | 5. Time:<br>8:40 am est |
| 6. Place of Incident:<br>D.Unit | | 7. Assignment:<br>Unassigned-Institution A&O | | | 8. Unit:<br>D Unit |
| 9. Incident: Use of mail for abuses other than criminal activity<br>circumventing mail monitoring procedures... | | | | 10. Prohibited Act Code(s):<br>296 | |

11. Description of Incident (Date: 04/19/2019   Time: 200 p.m. that became aware of incident):
On April 19, 2019 at 2:00 pm est, a review was conducted of inmate Martin Gottesfeld's Reg. No. 12982-104 outgoing TRULINCS e-mails. The review revealed that inmate Gottesfeld authored an e-mail to Dana Gottesfeld, his wife at DanaBarac6@comell.com Wed, "Service of Process?" In the e-mail to Dana Gottesfeld, inmate Gottesfeld attempted to employ her to conduct a surface check to see if she could track down the addresses of some individuals to be processed served (court summons from inmate Schaeffer Cox Reg. No. 16179-006) on the behalf of Angela Clemons. Specifically, the e-mail to Dana Gottesfeld stated, "I believe that Angela Clemons is having trouble tracking down a few people to be able to serve process on them. I know that you are obviously very busy and that this weekend is most certainly 'go time' for us. However, if you were to have an extra 15 or 20 minutes over the weekend just to have a surface check performed to see if you can track down the current addresses for some folks, I believe that Angela would really appreciate it. It might actually be a fun challenge for you and some of the researchers we know."

Inmate Gottesfeld's request to Dana Gottesfeld is an attempt to utilize her as a conduit to provide a service through Angela Clemons for inmate Cox. Inmate Gottesfeld's request to Dana Gottesfeld to conduct research to locate individuals on behalf of Angela Clemons and inmate Schaeffer Cox, does not represent a corporate object of value, but to provide a beneficial and favorable outcome for Clemons and Cox. Further, even though the requested services are not tangible, it still meets the standards outlined in BOP prohibited acts policies.

Worth noting, inmate Cox has implored Clemons to find a way to identify the addresses of three individuals in the community before the court imposed deadline of April 25, 2019. The court ordered that it was inmate Cox's responsibility to locate and serve the individuals he's attempting to sue in the state of CO, before the abovementioned date.

| 12. Typed Name/Signature of Reporting Employee:<br>*[signature]* | | | | 13.Date And Time:<br>April 22, 2019 2:00 pm est | |
|---|---|---|---|---|---|
| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature) *[signature]* R. Blythe, CI | | 15.Date Incident Report Delivered:<br>4-25-19. | | 16. Time Incident Report Delivered:<br>12:27 a.m. | |
| | | Part II - Committee Action | | | |
| 17. Comments of Inmate to Committee Regarding Above Incident: | | | | | |
| | | | | | |
| 18. A. It is the finding of the committee that you: | | | | B. | The Committee is referring the<br>Charge(s) to the DHO for further<br>Hearing. |
| | | Committed the Prohibited Act as charged. | | | |
| | | Did not Commit a Prohibited Act. | | C. | The Committee advised the inmate of<br>its finding and of the right to file<br>an appeal within 20 calendar days. |
| | | Committed Prohibited Act Code(s): | | | |
| 19. Committee Decision is Based on Specific Evidence as Follows: | | | | | |
| | | | | | |
| 20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act): | | | | | |

-- DRAFT --

PART 551 — LEGAL MATTERS

§ 551.01, 551.10-551.24, 5421, 5421.3424, 6061, 6062, 6401.2 [Repealed in part as to content inconsistent after that date], 5070.18 U.S.C. 306, 3118, 3344(3), 3417-20, 28 CFR 0.95-99, 0.172, 14.1-14.11.

SUBPART 8 — INMATE LEGAL ACTIVITIES

§ 543.10 Purpose and scope.

The Bureau of Prisons affords an inmate reasonable access to legal materials and counsel, and reasonable opportunity to prepare legal documents.

[48 FR 29009, Dec. 4, 1981]

§ 543.11 Legal research and preparation of legal documents.

(a) The Warden shall make legal materials available to the inmate law library reasonably available to inmates, including evenings and weekend hours. The Warden shall allow an inmate a reasonable amount of time, ordinarily during the inmate's leisure time (that is, when the inmate is not scheduled for work assignment), to do legal research and prepare legal documents.

(b) An inmate's legal materials include books, documents, and other materials related to the inmate's pleadings and other legal activities.

U.S. Department of Justice

Federal Bureau of Prisons

# Program Statement

OPI: OGC

NUMBER: 1315.07

DATE: 11/5/99

SUBJECT: **Legal Activities, Inmate**

**1. [PURPOSE AND SCOPE §543.10. The** Bureau of Prisons affords an inmate reasonable access to legal materials and counsel, and establishes reasonable guidelines for the use of such materials. To help ensure this access, the Bureau shall establish an inmate law library, and procedures for access to legal materials and counsel, and for preparation of legal documents.]

Staff shall develop procedures for access to legal materials, counsel, and preparation of legal documents.

The rules in this part provide the constitutional right of access to the courts, and the Administrative Remedy Program, ... describes ... to resolve ... by ... way of informal ... or ... that Operations Memorandum, ...

CFR

1

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions ...

---

as in para 9 to, prohibits, security, or housekeeping based.

[44 FR 15424, June 29, 1979, as amended at 55 FR 20901, July 23, 1990; 62 FR 4500, 4851, Jan. 31, 1997]

5 U.S.C. 301; 18 U.S.C. 3621, 3622, 3624, 4001, 4042, 4081, 4082 [Repealed in part as to conduct occurring on or after November 1, 1987], 4161-4166 [Repealed October 12, 1984 as to an offense occurring after that date], 5006-5024 [Repealed 1986], 5039; 28 U.S.C. 509, 510, 11440b, 2011-60, 28 CFR 0.95-0.99.

[EFFECTIVE DATE NOTE: 62 FR 4500, 4851, Jan. 31, 1997, revised paragraph (a), (d), and (f) and the last sentence of paragraph (h), effective Mar. 3, 1997.]

f. (1) Except as provided for in paragraph f.(4) of this section, legal mail, and inmate's legal assistants shall be provided ...

2

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions ...

---

direct the ordering of law library materials.

The procedures for posting and maintaining Bureau and U.S. Parole Commission Federal Register documents at institutions are provided in this handbook. These changes do not affect the way in which staff are responsible for the institution law libraries instead of being replaced by Open Records Act.

All references to the "Central Office Librarian" have been changed to "Regional Librarian" to reflect the Librarian's responsibility for providing services Bureau-wide.

The Standards Referenced have been updated to reflect the revised American Correctional Association standards.

Finally, the required publications in Attachments A, B, and C are updated to reflect a variety of changes including changes in name and title, volume numbers, publishers and publishing companies, etc. Specific changes to publications in Attachments A, B, and C:

C. requirements for the main, satellite camp and basic inmate law libraries; include:

Military Law Reporter (Public Law Education Institute). This publication will no longer be available to law institutions which currently have this volume should continue to keep these volumes on the shelves.

a. Numerals and Supplements

The full-text of the Federal Sentencing Guidelines is included in the United States Code Annotated (USCA) volumes. Therefore, to prevent duplication and for cost containment, the other edition of the Sentencing Guidelines published by West Group has been removed.

3

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions ...

Standard's Federal IX Citations and Federal Supplement Citations has been combined into one publication, the Shepard's Federal Citations (Lexis Law Publishing).

You and the Law has been replaced with ABA's family Legal Guide (Publications International Ltd).

Ballentine's Law Dictionary has been replaced with Black's Law Dictionary.

---

U.S. Department of Justice

Federal Bureau of Prisons

# PROGRAM STATEMENT

OPI: CPD/CT

NUMBER: 5214.02

DATE: April 3, 2015

Approved: Charles E. Samuels, Jr.
Director, Federal Bureau of Prisons

## Communications Management Units

**§ 540.200 Purpose and scope.**

(a) **Purpose of this subpart.** This subpart defines the Federal Bureau of Prisons' (Bureau) authority to operate, and designate inmates to, Communications Management Housing Units (CMUs) within Bureau facilities.

(b) **A CMU is a general population housing unit** where inmates ordinarily reside, eat, and participate in all educational, recreational, religious, unit management, and work programming, within the confines of the CMU. Additionally, CMUs may contain a range of cells dedicated to segregated housing of inmates in administrative detention or disciplinary segregation status.

(c) **Purpose of CMUs.** The purpose of CMUs is to provide an inmate housing unit environment that enables staff to more effectively monitor communication between inmates in CMUs and persons in the community. The ability to monitor such communication is necessary to ensure the safety, security, and orderly operation of correctional facilities, and protection of the public. The volume, frequency, and methods of CMU inmate contact with persons in the community may be limited as necessary to achieve the goal of total monitoring, consistent with available resources.

1

Federal Regulations from 28 CFR into Lexis. Implementing Instruction this type.

---

(d) The inmate may challenge the CMU designation decision, and any aspect of confinement in the CMU, through the Bureau's administrative remedy program.

## 4. CENTRAL INMATE MONITORING (CIM) ASSIGNMENTS

CIM assignments regarding CMU conditions are finalized before assignment to a specific CMU. This ensures the most appropriate placement of each CMU inmate. Inmates who are CIM "separatees" for any reason may not be housed in the same CMU housing unit.

## 5. CONDITIONS OF CONFINEMENT

(a) **Housing.** Inmates in CMUs live in a confined area but are not isolated. Additionally, all Bureau of Prisons policies and legal requirements that apply to inmates in CMUs unless specifically provided differently in this policy. Waivers from any Bureau policy or national directive must be approved in writing by the Assistant Director for the appropriate division.

(b) **Miscellaneous Conditions.** Except as provided above, all conditions of confinement for CMU inmates are to follow and in accordance with the Program Statement Occupational Safety, Environmental Compliance, and Fire Protection, and other policies as referenced in this Program Statement.

(c) **Environment.** Living quarters are well ventilated, adequately lighted, appropriately heated, and maintained in a sanitary condition.

(d) **Cell Assignments.** Living spaces ordinarily house only the number of occupants for which they are designed. The Warden, however, may assign additional occupants to keep an adequate number of beds available. The unit contains cells indicated in segregated housing as required by policy.

(e) **Bedding.** Inmates receive a mattress, blanket, a pillow, and linens for sleeping. They have opportunities to exchange linens.

(f) **Clothing.** Inmates receive institution clothing, including footwear. They have opportunities to exchange clothing or have it washed.

(g) **Personal Hygiene.** Inmates have access to wash basin and toilet. They receive personal hygiene items necessary to maintain a clean and healthy condition.

(h) **Meals.** Inmates receive nutritionally adequate meals provided by the institution.

2

Federal Regulations from 28 CFR into Lexis. Implementing Instruction this type.

(i) **Education/Recreation.** National education policies are implemented. Inmates have access to library services per 28 CFR part 544, and the Program Statement Education, Training, and Leisure Time Program Standards, and Recreation Programs.

Inmates are ordinarily permitted to leave their cells and move freely during scheduled hours of operation as directed by the Warden, except during counts.

Ordinarily, outdoor exercise areas are available for inmate use, weather and resources permitting, as required under applicable policy. Those who are otherwise entitled to such recreation. Therefore, inmates are provided various passive and active recreational activities in accordance with institution procedures, as well as indoor/out sedentary activities. Televisions are available in unit common areas. Movies or other entertainment may be shown occasionally.

(j) **Personal Property.** Inmates may have reasonable amounts of personal property. Personal property may be limited for reasons of fire safety, sanitation, or available space.

(k) **Commissary.** Inmates have access to the commissary similar to the institution general population, as determined by the Warden.

(l) **Legal Activities.** Inmates may perform legal activities per 28 CFR part 543, and the Program Statement Legal Activities, Inmate. The use of inmates by attorneys to perform legal assistance is allowed. The Program Statement Legal Activities, Inmate, applies to inmates in the CMU.

(m) **Religion.** Inmates may pursue religious beliefs and practices per 28 CFR part 548, and the Program Statement Religious Beliefs and Practices.

(n) **Medical Care.** Health Services staff provide sick call in the unit. Medications will also be delivered and administered in the unit. Specialized services by a physician are available through the main health services unit, under conditions that ensure inmates' level of contact with non-CMU inmates is appropriately controlled.

(o) **Mental Health Care.** Psychology staff provide individual counseling. For inmates manifesting symptoms of mental illness, an evaluation is completed within 14 calendar days of the inmate's arrival at the institution. For inmates transferred from another Bureau institution, the evaluation is completed only if referral is made by the transferring institution. Mental health care is provided according to the Program Statement Psychology Services initial intake evaluation is completed within 14 calendar days of the inmate's arrival at the institution ... within the institution or facility, and in accordance with the institution's psychology services staffing and the treatment of inmate in the community, consistent with the goal of ... monitoring, ... in this type.

3

Federal Regulations from 28 CFR into Lexis. Implementing Instruction this type.

## PART 543 — LEGAL MATTERS

## SUBPART B — INMATE LEGAL ACTIVITIES

### § 543.10 Purpose and scope.

The Bureau of Prisons affords an inmate reasonable access to legal materials and counsel, and reasonable opportunity to prepare legal documents. The Bureau shall establish an inmate law library, and procedures for access to legal reference materials and for legal counsel, and for preparation of legal documents.

[44 FR 38250, Dec. 4, 1981]

### § 543.11 Legal research and preparation of legal documents.

(a) The Warden shall make materials in the inmate law library available to the inmate for library use during periods provided, including evening and weekend hours. The Warden shall allow an inmate a reasonable amount of time, ordinarily during the inmate's leisure time (that is, when the inmate is not participating in a scheduled program or work assignment), to do legal research and to prepare legal documents. Where practical, the Warden shall allow preparation of documents to living quarters during an inmate's leisure time.

(b) The Warden shall periodically ensure that materials in each inmate law library are kept intact and that lost or damaged materials are replaced.

(c) Staff shall advise an inmate of rules and local procedures governing use of the inmate law library, disseminated pursuant to library materials by an inmate constitutes a prohibited act, generally warranting disciplinary action (see part 541 of this chapter).

(d) An inmate's legal materials include but are not limited to the inmate's pleadings and documents (such as a presentence report) that have been filed in court or with judicial or administrative body, drafts of pleadings to be submitted by the inmate to a court or with other judicial or administrative body which contain the inmate's name and/or case caption prominently

OPI:        **CPD/PMB**
NUMBER:     **7740.02**
DATE:       **11/21/14**
SUBJECT:    **Oversight of Private Secure Correctional Facilities**



**U.S. Department of Justice**

Federal Bureau of Prisons

# Program Statement

OPI: CPD/PMB NUMBER: _7740.02_

DATE: November 21,2014

## Oversight of Private Secure Correctional Facilities

/s/

_Approved:_ Charles E. Samuels, Jr. Director, Federal Bureau of Prisons

### 1. PURPOSE AND SCOPE

To establish the authority and responsibilities involved in the oversight of privately operated secure adult correctional facilities under contract to the Bureau of Prisons (Bureau).

This Program Statement outlines the major responsibilities of components with a primary interest in contract oversight of these facilities.

For further direction on procedures for contract oversight, staff should refer to the contract,

which outlines monitoring requirements and steps to address non-compliance with contract requirements.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

1

proj

12982104

2

proj

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12982104

---

## REFERENCES

_Program Statements_

P1221.66   Directives Management Manual (9/15/1997) P1210.24   Office of Internal Affairs (5/20/03)

P1240.05   Records and Information Management Programs (9/21/00) P3420.11   Standards of Employee Conduct (12/6/13)

P3906.21   Bureau Mandatory Training Standards (1/24/07) P4100.04   Bureau of Prisons Acquisition Policy (5/19/04)

P5250.02   Public Works and Community Service Projects (10/2/00) P1351.05   Release of Information (09/19/02)

_Other References_

Federal Acquisition Regulation (FAR) Justice Acquisition Regulations (JAR) Freedom of Information Act (5 USC 552) Privacy Act (5 USC 552a)

_BOP Forms_

BP-A0583   Report of Incident

BP-A0586   After-Action Review Report – Use of Force/Restraints/Chemical Agents/ Non-Lethal Weapons

_Records Retention Requirements_

Requirements and retention guidance for records and information applicable to this program are available in the Records and Information Disposition Schedule (RIDS) on Sallyport.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

1

proj

12982104

---

SENSITIVE BP-10/STAFF MISCONDUCT

U.S. Department of Justice                    **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: g. Gottesfeld, Martin S.         12982-104    FCI-THA-CMU   FCI-TH
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

Part A—REASON FOR APPEAL SENSITIVE BP-10/STAFF MISCONDUCT: I had a DHO hearing in the FCI-THA-CMU with DHO Bradley on Friday, May 3rd, 2019 at approx. 10:30AM. DHO Bradley became agitated and belligerent briefly into my statement regarding Incident Report # 3249328 (attached hereto). He would not let me finish my statement and he also interrupted my staff representative, not allowing him to finish either. Mr. Bradley irritably said, "I don't care about your case law." He chose to reach his decision and mete out sanctions before he had examined all of the applicable info and to preempt pending motions before The Honorable US District Court for The District of Colorado and The Southern District of New York. He also refused to accept a copy of the original, unmodified incident report from me for the record, though he did purport to accept my written statement and attachments. If Mr. Bradley cannot or will not maintain his composure, examine all of the facts and documents, and consider U.S. Supreme Court case law, then he is not qualified to be a DHO. He was unprofessional and did not conduct himself in such a manner as to preserve qualified immunity for the FBOP. I would like a new hearing before a qualified and competent DHO. Please see D. Col.,Case 18-cv-02328 for emergency ex-parte motion for a TRO and both D. Col. 18-cv-02328 and S. D. NY 18-cv-10836-PGG for motions for declaratory judgements. They are pre-existing open cases for similar violations.

_____ May 3rd, 1919           _____
DATE                              SIGNATURE OF REQUESTER

Part B—RESPONSE

_____              _____
DATE                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: _____

                                             CASE NUMBER: _____

Part C—RECEIPT

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____



Exhibit 17

**Attachment 1**

### FCC Terre Haute

### Administrative Remedy – Informal Resolution

| Inmate Name: Gottesfeld | Register #: 12982-104 |
|---|---|
| Unit: CMU | Date Submitted: June 25th, 2019 |

**Section 1:** NOTICE TO INMATE – Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

**Section 1a:** Briefly state your specific single complaint:   I have not received DHO Jason Bradley's written report of Incident number 3249328, which was heard by him on May 3rd, 2019. This is making the administrative remedy process unavailable to me as I cannot appeal his finding without his written report. According to BOP Program Statement 5270.09 Ch. 5 §(h) (page 34), "The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision." DHO Bradley's decision was made on May 3rd and the sanctions were enforced immediately. That was 36 "work days" ago. Please give me a copy of DHO Bradley's report so that I can file an appeal with regional.

**Section 1b:** Briefly state the resolution you request:   Please give me a copy of DHO Jason Bradley's May 3rd, 2019, decision regarding incident report number 3249328 so that I can file an administrative remedy with regional and so that administrative remedy is available to me.

Inmate Signature:

Counselor Printed Name/Signature:

**Section 2: Department Assigned:**

| Date Assigned: | | Date Due: | |
|---|---|---|---|
| ☐ Food Service | ☐ Unit Mgmt | ☐ Unicor | ☐ Education |
| ☐ Psychology | ☐ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☐ SIS | |

**Section 3: Department Head Response**

Issue Resolved Comments:

Issue Un-resolved Comments:

Unable to Address Issue Comments:

| Inmate Signature if Resolved: | | Date: |
|---|---|---|
| Staff Signature: | | Date: |

**Section 4: Tracking**

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 6-24-19 | | | | | |
| Time | 1:50 pm | | | | | |
| Staff | R. Eisele | | | | | |

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Gottesfeld, Martin, S.     12982-104     CMU     FCI-THA
_____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

    **Part A– INMATE REQUEST**    Please provide me a copy of BHP DHO Jason Bradley's May 3rd, 2019, decision regarding incident report number 3249328 so that I can file an administrative remedy with regional and so that the admi administrative remedy system is available to me.

I filed the BP-8 corresponding to this request on June 25th, 2019, but never heard back despite multiple follow-up attempts. I would attach those follow-up requests here, but then the administrative-remedy clerk here would use their presence here as an illegitimate excuse to reject this BP-9 to cover for Bradley's illegal acts taken under the color of federal authority. My written follow-up requests are available should the warden wish to see them.

NO RETALIATION PLEASE

2019-09-12
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   **Part C– RECEIPT**                  CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                         BP–229(13)
                                                    APRIL 1982

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Gottesfeld, Martin, S.     12982-104     CMU/D     FCI-THA
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

Part A—REASON FOR APPEAL Please provide me a copy of DHO Jason Bradley's May 3rd, 2019, decision regarding incident report number 3249328 so that I can file an administrative remedy with regional and so that the administrative-remedy system is available to me.

I filed the BP-8 corresponding to this request on June 25th, 2019, but never heard back despite multiple follow-up attempts. I did not attach those follow-up requests to the corresponding BP-9, which I filed on September 12th, 2019, because the administrative-remedy clerk at FCI-THA would have used their presence as an illegitimate excuse to reject that BP-9 to cover for Bradley's illegal acts taken under the color of federal authority. My written follow-up requests to the BP-8 remain available upon request. I never heard back on the BP-9, and pursuant to 28 C.F.R. § 542.18, I take the omission of a response thereto as a denial of that BP-9 and file this appeal pursuant to 28 C.F.R. §§ 542.15(a) and 542.15(b)(1). I note 18 U.S.C. § 241, 28 C.F.R. 543.11(f)(1), and BOP Program Statements 1315.07 § 10 and 5214.02 § 5(10), as they apply both to the original incident report and its adjudication by DHO Bradley, and to the denial through deliberate omission of Bradley's written report, which are denying me access to the courts unlawfully.

I CONTINUE TO INSIST: NO RETALIATION AGAINST ME PLEASE.

October 25th, 2019
      DATE                                   SIGNATURE OF REQUESTER

Part B—RESPONSE

      DATE                                   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                           CASE NUMBER: 996452-R1

Part C—RECEIPT

                                                  CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

PRINTED ON RECYCLED PAPER

BP-230(13)
APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 7, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI     UNT: CMU     QTR: D04-041L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 996452-R1        REGIONAL APPEAL
DATE RECEIVED  : NOVEMBER 6, 2019
SUBJECT 1      : ADMINISTRATIVE REMEDY PROCEDURES
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REJECT REASON 2: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM AND A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 3: SEE REMARKS.

REMARKS        : YOU FAILED TO INCLUDE A COPY OF THE WARDEN'S
                 RESPONSE.

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

| From: | Gottesfeld, Martin, S. | 12982-104 | D/CMU | FCI-THA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**  Please provide me a copy of DHO Jason Bradley's May 3rd, 2019, decision regarding incident report number 3249328 so that I can file an administrative remedy with regional and so that the administrative-remedy system is available to me.

I filed the BP-8 corresponding to this request on June 25th, 2019, but never heard back despite multiple follow-up attempts. I did not attach those follow-up requests to the corresponding BP-9, which I filed on September 12th, 2019, because the administrative-remedy clerk at FCI-THA would have used their presence as an illegitimate excuse to reject that BP-9 to cover for Bradley's illegal acts taken under the color of federal authority. My written follow-up requests to the BP-8 remain available upon request. I never heard back on the BP-9, and pursuant to 28 C.F.R. § 542.18, I took the omission of a response thereto as a denial of that BP-9 and timely filed an appeal (BP-10) pursuant to 28 C.F.R. §§ 542.15(a) and 542.15(b)(1). I continue to note 18 U.S.C. § 241, 28 C.F.R. § 543.11(f)(1), and BOP Program Statements 1315.07 § 10 and 5214.02 § 5(10), as they apply to the original incident report and its adjudication by DHO Bradley, and to the denial through deliberate omission of Bradley's written report, which are in turn denying me access to the courts unlawfully.

Pursuant to 28 C.F.R. §§ 542.15(a), 542.17(b), 542.17(c), and 542.18, I appeal the response of the regional director. I did not fail "to include a copy of the warden's response," because as noted supra and inter alia in my BP-10, Warden Lanmer responded via omission pursuant to 28 C.F.R. § 542.18 and I noted explicitly this response-by-omission in my BP-10. The rejection by the regional director is missing the required signature "by the Administrative Remedy Coordinator" mandated by 28 C.F.R. § 542.17(b). Appeal is thus also appropriate under 28 C.F.R. § 542.17(c). I note also Ross v. Blake, that I am being "thwarted" from using the admin-remedy system.

| Tue Nov. 26th, 2019 | | |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

DIR

RECEIVED

DEC 0 9 2019

Administrative Remedy Section
Federal Bureau of Prisons

---

| | | GENERAL COUNSEL |
|---|---|---|
| DATE | | |
| ORIGINAL: RETURN TO INMATE | | CASE NUMBER: 991652-A1 |

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| | | |
|---|---|---|
| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL | |

BP-231(13)

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 13, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI    UNT: CMU    QTR: D02-010LDS
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 996452-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED  : DECEMBER 9, 2019
SUBJECT 1      : ADMINISTRATIVE REMEDY PROCEDURES
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: CONCUR WITH RATIONALE OF REGIONAL OFFICE AND/OR INSTITUTION
                 FOR REJECTION. FOLLOW DIRECTIONS PROVIDED ON PRIOR REJECTION
                 NOTICES.

Exhibit 18

Affidavit of Donald Reynolds:

I, __Donald Reynolds_____, do hereby affirm that the following is true and accurate to the best of my knowledge, information, and belief on this __5th__ day of __May_____, 2019:

1. My name is __Donald Reynolds_____.

2. My federal registration number is __32349-074__.

3. I am an inmate in the communications management unit (CMU) at the Federal Correctional Institution (FCI) Terre Haute, Indiana.

4. I have had at least the following number of disciplinary hearings before Discipline Hearing Officer Bradley: __4__.

5. My most recent discipline hearing before Discipline Hearing Officer (DHO) Bradley occured on or about: __05/03/2019__.

6. I have recently reviewed page 12 of the "FCC-Terre Haute, Indiana Communications Management Unit HANDBOOK[sic]," i.e. the section dealing with inmate rights and responsibilities.

7. DHO Bradley did not treat me "respectfully, impartially, and fairly," as required by the inmate handbook.

8. Neither DHO Bradley nor any other member of the FCI Terre Haute CMU administration have ever informed me "of the rules, [and] procedures" of the CMU as required by the inmate handbook.

9. DHO Bradley was irrational instead and would not hear me out.

10. DHO Bradley became agitated when I questioned the factual accuracy of the incident report which had been filed against me and did not consider my version of events.

11. DHO Bradley violated my rights as an inmate and my Due Process right under the U.S. Constitution.

12. DHO Bradley has never disclosed any potential conflicts of interest which he may harbor to me regarding his possible relationship(s) to reporting staff members.


Signed under penalty of perjury,

by: Donald R. Reynolds By
Donald Reynolds

Affidavit of Christopher G. White

   I, __Christopher G. White_____, do hereby affirm that the following is true and accurate to the best of my knowledge, information, and belief on this __5th__ day of __May____, 2019:

   1. My name is __Christopher G. White_____.

   2. My federal registration number is __43152-013__.

   3. I am an inmate in the communications management unit (CMU) at the Federal Correctional Institution (FCI) Terre Haute, Indiana.

   4. I have had at least the following number of disciplinary hearings before Discipline Hearing Officer Bradley: __3__.

   5. My most recent discipline hearing before Discipline Hearing Officer (DHO) Bradley occured on or about: __01/15/19__.

   6. I have recently reviewed page 12 of the "FCC-Terre Haute, Indiana Communications Management Unit HANDBOOK[sic]," i.e. the section dealing with inmate rights and responsibilities.

   7. DHO Bradley did not treat me "respectfully, impartially, and fairly," as required by the inmate handbook.

   8. Neither DHO Bradley nor any other member of the FCI Terre Haute CMU administration have ever informed me "of the rules, [and] procedures" of the CMU as required by the inmate handbook.

   9. DHO Bradley was irrational instead and would not hear me out.

   10. DHO Bradley became agitated when I questioned the factual accuracy of the incident report which had been filed against me and did not consider my version of events.

   11. DHO Bradley violated my rights as an inmate and my Due Process right under the U.S. Constitution.

   12. DHO Bradley has never disclosed any potential conflicts of interest which he may harbor to me regarding his possible relationship(s) to reporting staff members.

   13. DHO Bradley knowingly incorporated false information into his report of my discipline hearing on 08/24/18, after which I filed remedies and he continued hearing other incidents of mine despite this conflict of interest.
   Signed under penalty of perjury,

*Christopher G. White*

Christopher G. White

- Page 1 of 1 -

Affidavit of

    I, Gabriel Rodriguez _____, do hereby affirm that the following is true and accurate to the best of my knowledge, information, and belief on this __6th__ day of __May__, 2019:

    1. My name is _____ Gabriel Rodriguez _____.

    2. My federal registration number is __71587-051__.

    3. I am an inmate in the communications management unit (CMU) at the Federal Correctional Institution (FCI) Terre Haute, Indiana.

    4. I have had at least the following number of disciplinary hearings before Discipline Hearing Officer Bradley: __1__.

    5. My most recent discipline hearing before Discipline Hearing Officer (DHO) Bradley occured on or about: __05/03/2019__.

    6. I have recently reviewed page 12 of the "FCC-Terre Haute, Indiana Communications Management Unit HANDBOOK[sic]," i.e. the section dealing with inmate rights and responsibilities.

    7. DHO Bradley did not treat me "respectfully, impartially, and fairly," as required by the inmate handbook.

    8. Neither DHO Bradley nor any other member of the FCI Terre Haute CMU administration have ever informed me "of the rules, [and] procedures" of the CMU as required by the inmate handbook.

    9. DHO Bradley was irrational instead and would not hear me out.

    10. DHO Bradley became agitated when I questioned the factual accuracy of the incident report which had been filed against me and did not consider my version of events.

    11. DHO Bradley violated my rights as an inmate and my Due Process right under the U.S. Constitution.

    12. DHO Bradley has never disclosed any potential conflicts of interest which he may harbor to me regarding his possible relationship(s) to reporting staff members.

    Signed under penalty of perjury,

Gabriel Rodriguez

- Page 1 of 1 -

Exhibit 1

BP-A0304
JAN 17

## DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU PRISONS**

| | |
|---|---|
| Institution:  FCC Terre Haute | Incident Report number: 3338082 |
| NAME OF INMATE:  Gottesfeld, Martin | REG. NO.:  12982-104   UNIT:  CMU |
| Date of Incident Report:  12-09-2019 | Offense Code: 204A |

Date of Incident:  12-06-2019

Summary of Charges:  Extortion (Attempted)

**I.    NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **12-09-2019** at (time) **1739**  (by staff member) **B. Devlin**.

B. The DHO Hearing was held on (date) **12-20-2019** at (time) **1120**.

C. The inmate was advised of the rights before the DHO by (staff member): **S. Williams, Counselor** on (date) **12-12-2019** and copy of the advisement of rights form is attached.

**II.   STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative.  Yes _____  No **X** .

B. Inmate requested staff representative and appeared.

C. Staff Representative statement: **No procedural errors noted.  Inmate states he was quoting statute and not attempting to extort anyone.**

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name) **Warden Appointed** was selected.

E. Staff representative **T. Feuquay, Case Manager** was appointed.

**III.  PRESENTATION OF EVIDENCE**

A. Inmate _____  (admits)  **X**  (denies) _____  (neither) the charge(s).

B. Summary of inmate statement:
**"That is the document I handed to Ms. Eisele, but I was not extorting anyone, I was quoting DC statute. This incident happened on the 6th not the 9th so the report is late. Video and audio will show this."**

C. Witnesses:
1. Inmate waived right to witness.  Yes _____  No **X**

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below). Inmate Gottesfeld waived in person witness and the following witness provided a written statement. **William Harris #40743-050. "Marty did not intend to extort anything from R. Eisele. He simply was requesting the copy of his order of commitment which is consistent with the statutes regarding the same. Eisele read Marty's document before leaving the library."**

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: **Written correspondence from inmate Gottesfeld addressed to Ms. Eisele and other individuals, US and DC statutes, video and audio recordings of the of the incident.**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate.  The confidential information was documented in a separate report.  The confidential information has been (confidential informants have been) determined to be reliable because: **N/A**.

**IV.   FINDINGS OF THE DHO**

___**X**___  A. The act was committed as charged.

_____  B. The following act was committed:

_____  C. No prohibited act was committed: Expunge according to Inmate Discipline PS.

**INMATE COPY**

1

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

## U.S. DEPARTMENT OF JUSTICE

## FEDERAL BUREAU PRISONS

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| Gottesfeld, Martin | 12982-104 | 12-20-2019 |

V.  SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

You were advised of your rights before the Discipline Hearing Officer and stated that you understood those rights.  You requested staff members SOS S. Harvey, SOS B. Eddy and Counselor R. Orr to be your staff representative all of which declined. You were then appointed Case Manager T. Feuquay.  Additionally, you requested the inmate William Harris as a witness and authorized use of a written statement.  You presented the following as documentary evidence on your behalf: Inmate Request to Staff Member, dated 12/06/2019, Title 18 USC §3621(c), D.C Code §16-1905, D.C Code §13-421, D.C Code §13-422, D.C Code §13-423(a).

The DHO finds that on December 6, 2019, you committed the prohibited act of Code 204A, Attempted Extortion or Blackmail.

The DHO considered the Incident Report which the reporting officer states, "On the evening of December 6, 2019, at approximately 1920 hrs, inmate Gottesfeld, Martin, Reg. No. 12982-104, handed me two inmate Requests for processing. I briefly glanced at them, noticed he requested a copy of what I thought was his Judgement and Commitment, on one of them and I verbally explained to him he would have to ask the Records Department to view his Judgement to see if it is any different from the copy I had already given him. I brought the requests to my office, scanned them and left them for further processing on the next business day. On December 9, 2019, I began processing the requests I had collected and noticed inmate Gottesfeld's request includes a demand for a "statutorily-mandated sum" which I interpreted as money. The demand is to myself and approximately 72 other individuals, agencies, and entities demanding a true copy of his Order of Commitment. Specifically he states" I have searched my records for an order of commitment (sic) allowing each of you, jointly and severely (sic), to hold me against my will and found no such order… I hereby demand a true copy of the order of commitment (sic) under which each of you, jointly and severely(sic) is detaining me against my will. This demand is self-executing every twenty-four (24) hours; and each of you whom neglects to deliver to me a true copy of the required order of commitment (sic) shall forfeit to me the statutorily-mandated sum."

I feel threatened by inmate Gottesfeld's demands and I believe he is trying to extort me (and others), both personally and professionally. Inmate Gottesfeld is attempting to intimidate and compel me (and other staff, agencies, entities) by threat of financial demise into providing him a document (to which I have no access) and potentially assisting him in securing a fraudulent release from custody."

The DHO considered your statement to the investigating Lieutenant, where you stated, "This is unconstitutional and retaliatory to my pending litigation. I request for the record that you save the video and audio files of this encounter."

The DHO considered your statement to the UDC stating, "I did not extort anyone. I quoted relevant law nearly verbatim. See attached. This incident report is unconstitutional and those involved with its preparation and any sanctions will likely be held not to have qualified immunity."

The DHO considered the statement by your staff representative stating "No procedural errors noted. Inmate states he was quoting statute and not attempting to extort anyone."

The DHO considered your statement to the DHO stating, "I did give Ms. Eisele those papers but I was not extorting anyone. This incident report is late. It happened on the 6th and I wasn't given a copy until the 9th. I used language right from the DC statue."

The DHO considered your statement and denial to the charge against you, but was not convinced. The DHO believes you would deny the charge to avoid possible disciplinary sanctions, if found guilty. Staff clearly report that you attempted to extort or blackmail them. You admitted to giving Ms. Eisele the written correspondence that contained threatening language. The DHO can find no evidence that the date of incident should have been December 6, 2019, instead of December 9, 2019. The video of the incident was reviewed by the DHO and your interaction with Ms. Eisele was not captured inside the Law Library. The audio was reviewed by the DHO and was only able to make out muffled voices. Ms. Eisele clearly states in the incident report she did not become aware of the incident until December 9, 2019. You received a copy of the incident on December 9, 2019, at 5:39 p.m. Therefore, the DHO finds the incident report is within the timeline outlined in policy. The DHO

INMATE COPY

2

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

## U.S. DEPARTMENT OF JUSTICE

### FEDERAL BUREAU PRISONS

| Name of Inmate:<br>Gottesfeld, Martin | Reg. No.:<br>12982-104 | Hearing Date:<br>12-20-2019 |
|---|---|---|

considered your statement that you were quoting statute and not attempting to extort anyone but was not convinced. Upon reviewing the statutes you requested the DHO finds while you have the right to litigation, however; you do not have the right to attempt to extort or blackmail staff into complying with your demands.

Therefore, based on the greater weight of evidence the DHO finds you committed the prohibited act of Code 204A: Attempting to Extort or Blackmail.

VI.   SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act):

Code 204A:
27 Days Disallow Good Conduct Time
90 Days Loss of Phone
90 Days Loss of Commissary
$50.00 Fine
(balance $401.55 as of 12-20-2019)

VII.   REASON FOR EACH SANCTION OR ACTION TAKEN:

The action/behavior on the part of any inmate to carry out an act of extortion/blackmail on another inmate or staff member, poses a very serious threat to the health, safety and welfare of not only the inmate involved, but that of all inmates and staff. Past acts of this nature have resulted in drugs, guns and other weapons entering the institution, as well as escape attempts being carried out. This type of action/behavior cannot be tolerated at any time. The sanction(s) imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior.at all times. Although not directly related to the infraction, loss of privileges was invoked to deter the inmate from this behavior in the future.

VIII. APPEAL RIGHTS:   __X__   The inmate has been advised of the findings, specific evidence relied on action and reasons for the action.  The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure.  A copy of this report has been given to the inmate.

| IX.   Discipline Hearing Officer | | |
|---|---|---|
| Printed Name<br><br>D. Matthews, Alternate DHO | Signature<br>*D. Matthews* | Date<br>01-22-2020 |

DHO report delivered to Inmate by: *R.S.*

| R. Eisele<br>Printed Name (Staff) | *R.S.*<br>Signature: | 01/24/2020  1504hrs.<br>Date and Time: |
|---|---|---|

Prescribed by P5270                    Replaces BP-A0304 of AUG 11

# INMATE COPY

3

**U.S. DEPARTMENT OF JUSTICE**        **FEDERAL BUREAU OF PRISONS**

## Part I - Incident Report

| | |
|---|---|
| 1. Institution: FCC Terre Haute | Incident Report Number: |

| 2. Inmate's Name:<br>Gottesfeld, Martin | 3. Register Number:<br>12982-104 | 4. Date of Incident:<br>January 5, 2020 | 5. Time:<br>7:45 AM |
|---|---|---|---|
| 6. Place of Incident:<br>CMU SHU (D02-103LDS) | 7. Assignment:<br>CMU UNASSIGNED | | 8. Unit:<br>D (CMU) |
| 9. Incident:<br>Refusing an order | 10. Prohibited Act Code(s)<br>307 | | |

**11. Description of Incident (Date: January 5, 2020  Time:  7:45 AM  Staff became aware of incident):**

At approximately 07:30 AM CMU staff contacted the lieutenant's office and stated that inmate Gottesfeld, Martin Reg. No. 12982-104 declined to exit his cell for a required medical assessment. The medical assessment was required, due to the inmate missing 79 consecutive meals; since Dec 10, 2019. I arrived to CMU and spoke with inmate Gottesfeld at approximately 7:45 AM and informed him as to why the medical assessment was required and as to what was needed of him. At that point I asked him if he would allow medical staff to conduct the medical assessment. He replied that he was willing to be restrained and removed from the cell, but he would not cooperate with medical staff and that he was refusing any and all medical assessments and/or medical treatment unless his legal counsel was present.

Proper notifications were made to the appropriate staff and a use of force team was authorized by the Warden, so a medical assessment could be conducted. At 9:12 AM the use of force team assembled and arrived at CMU SHU cell D02-013, where inmate Gottesfeld was ordered to submit to hand restraints. Inmate Gottesfeld obeyed all staffs orders and was removed from the cell where a medical assessment was conducted on him without incident. Afterwards, inmate Gottesfeld was be placed back in his assigned cell. No staff or inmate received any injuries.

| 12. Typed Name/Signature of Reporting Employee:<br>R. Cruz / Lieutenant | | 13. Date And Time:<br>January 5, 2020 / 10:30 AM |
|---|---|---|
| 14. Incident Report Delivered to Above<br>Inmate By (Type Name/Signature): | 15 .Date Incident Report<br>Delivered: 1/5/20 | 16. Time Incident Report<br>Delivered: 5:10 |

## Part II - Committee Action

**17. Comments of Inmate to Committee Regarding Above Incident:**

_____
_____
_____
_____

| 18. A. It is the finding of the committee that you:<br><br>____ Committed the Prohibited Act as charged.<br>____ Did not Commit a Prohibited Act.<br>Committed Prohibited Act<br>Code(s) . | B. ____ The Committee is referring the<br>Charge(s) to the DHO for further<br>Hearing.<br><br>C. ____ The Committee advised the inmate of<br>it's finding and of the right to file<br>an appeal within 20 calendar days. |
|---|---|

**19. Committee Decision is Based on Specific Evidence as Follows:**

_____
_____
_____

**20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):**

_____
_____
_____

**21. Date and Time of Action:**_____(The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

_____ _____ _____
Chairman (Typed Name/Signature)  Member (Typed Name)  Member (Typed Name)

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.
Distribute: Original-Central File Record; COPY-1-DHO: COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation