Attachment 2

**OPI:** **HSD/HSS**
**NUMBER:** **P5562.05**
**DATE:** **7/29/2005**
**SUBJECT:** **Hunger Strikes**



U.S. Department of Justice

Federal Bureau of Prisons

# Program Statement

**OPI:** HSD/HSS

**NUMBER:** P5562.05

**DATE:** 7/29/2005

**SUBJECT:** Hunger Strikes

1. [**PURPOSE AND SCOPE** §549.60. The Bureau of Prisons provides guidelines for the medical and administrative management of inmates who engage in hunger strikes. It is the responsibility of the Bureau of Prisons to monitor the health and welfare of individual inmates, and to ensure that procedures are pursued to preserve life.]

2. **SUMMARY OF CHANGES.** Section 6 has been expanded to include

proj

1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12982104

pretrial and holdover inmates and ICE detainees.

Section 9 identifies Health Services staff and Food Service staff as those who may offer alternative beverages and nutritional supplements, if authorized by the physician. This section also indicates food and toothpaste may be left in the inmate's cell.

Section 10 describes procedures for notifying the Regional Counsel when an inmate refuses treatment and the initiation of involuntary treatment.

3.  **PROGRAM OBJECTIVES.** The expected results of this program are:

   a. The health and welfare of any inmate on a hunger strike will be monitored.

   b. Food and beverages will be offered to inmates regularly.

   c. When an inmate's life or health is threatened, involuntary medical treatment will be administered.

[**Bracketed Bold - Rules**]

Regular Type - Implementing Information

   d. Every incident of an inmate on a hunger strike will be properly reviewed, documented, and reported.

4.  **DIRECTIVES AFFECTED**

a.  **Directive Rescinded**

P5562.04   Hunger Strikes, Inmate (6/20/94)

b.  **Directives Referenced**

P5566.05   Use of Force and Application of Restraints on Inmates (7/25/96)

P6031.01   Patient Care (1/15/05)

P6090.01   Health Information Management (1/15/05)

c.  Rules cited in this Program Statement are contained in

pro;

2

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12982104

28 CFR § 549.60-66.

5. **STANDARDS REFERENCED**

a.   American Correctional Association 4th

Edition Standards for

Adult Correctional Institutions: 4-4257 and 4-4397 **(M)**

b.   American Correctional Association 4th

Edition Standards for

Adult Local Detention Facilities: 4-ALDF-4D-15 **(M)** and

4-ALDF-2A-52

6. **[DEFINITION §549.61.   As defined in this rule, an inmate is on a hunger strike:**

**a.   When he or she communicates that fact to staff and is observed by staff to be refraining from eating for a period of time, ordinarily in excess of 72 hours; or**

**b.   When staff observe the inmate to be refraining from eating for a period in excess of 72 hours.   When staff consider it prudent to do so, a referral for medical evaluation may be made without waiting 72 hours.]**

A hunger strike may be announced by the inmate, or observed by staff, even though the inmate may be taking liquids.

\#   At times, an inmate may not actually engage in a hunger strike, but merely make a bid to gain attention.

Other types of inmates (not on inpatient status in a Bureau of Prisons Medical Referral Center or hospitalized in the community) who should be monitored according to this policy include:

\#   Inmates who are observed to be unable to eat or drink by virtue of mental illness or acute medical conditions.   Although not intentionally on a hunger

strike, these inmates are either unwilling or unable to eat or drink sufficiently to prevent complications.

pro;

3

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12982104

\#   Inmates with metabolic disorders or certain other illnesses, who deviate from normal eating habits or intake of fluid, could experience an immediate, significant hazard to their health and well-being.

In any case, it is also recognized that after long-term deprivation of food and shorter term deprivation of fluid, serious irreversible changes can occur, and sudden death can occur.

Procedures required in this Program Statement apply to pretrial and holdover inmates and ICE detainees.

7. [**INITIAL REFERRAL   §549.62**

   a.   **Staff shall refer an inmate who is observed to be on a hunger strike to medical or mental health staff for evaluation and, when appropriate, for treatment.**]

Each Warden shall establish referral arrangements for the institution.  In addition, staff may consult Health Services anytime they observe an inmate refraining from consuming food and/or liquids prior to 72 hours.

[b.   **Medical staff ordinarily shall place the inmate in a medically appropriate locked room for close monitoring.**]

Ordinarily, placement in the medically appropriate room is a determination the institution physician makes.  This room will be a single cell observation room (i.e., dry cell or cell with water shut-off capabilities), where no other inmate contact is possible (i.e., other inmates can't pass food or liquid items to the

inmate on hunger strike status).

Inmates in Administrative Detention or Disciplinary Segregation may be retained in this status and remain in the SHU unless the physician determines movement to other quarters is medically necessary.

The Warden is to determine the type of observation for hunger strike inmates (e.g. continuous, 15 minute checks, routine).

\#   Under no circumstances will inmate companions be used to

proj

**4**

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

monitor hunger strike inmates.

8. [**INITIAL MEDICAL EVALUATION AND MANAGEMENT** §549.63

   a.   **Medical staff shall ordinarily perform the following procedures upon initial referral of an inmate on a hunger strike:**

(1)   **Measure and record height and weight;** (2)   **Take and record vital signs;**

(3)   **Urinalysis;**

(4)   **Psychological and/or psychiatric evaluation;** (5)   **General medical evaluation;**

(6)   **Radiographs as clinically indicated;**

(7)   **Laboratory studies as clinically indicated.**]

If an inmate refuses the initial medical evaluation, a signed Refusal of Treatment form (BP-A358) must be obtained and also documented in the Progress Notes (SF-600) of the Inmate's Health Record. (Refer to the Program Statement on Patient Care)

[b.   **Medical staff shall take and record weight and vital signs at least once every 24 hours while the inmate is on a hunger strike. Other procedures identified in paragraph (a) of this section shall be repeated as medically indicated.**

c.   **When valid medical reasons exist, the physician may modify, discontinue, or expand any of the medical procedures described in paragraphs (a) and (b) of this section.**

d.   **When medical staff consider it medically mandatory, an inmate on a hunger strike will be transferred to a Medical Referral Center or to another Bureau institution considered medically appropriate, or to a community hospital.**]

The decision to transfer an inmate on a hunger strike for medical reasons should only be made after consultation with a physician.

\# The inmate should be admitted to a community hospital if his medical condition warrants continuous enteral (oral) or intravenous support.

pro¡

5

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12982104

\#   Local institutions need not transfer an inmate on a hunger strike to a Medical Referral Center (MRC) unless an MRC's specific services are required.

\#   Mentally ill inmates who do not eat or drink for more than 30 days, regardless of the apparent reason, should be referred to an MRC for evaluation and treatment of the underlying mental illness.

   e.   Medical staff shall record in the appropriate section of the inmate's Health Record, entries for all the medical procedures described in this section.   (Refer to the Program Statement on Health Information Management.)

9.   [**FOOD/LIQUID INTAKE/OUTPUT** §549.64

   **a.   Staff shall prepare and deliver to the inmate's room three meals per day or as otherwise authorized by the physician.**]

A verbal offer of a meal will not suffice.  Food from the food tray may be left in the inmate's cell.  Ordinarily, when the food tray is left in the inmate's cell, perishable food items will not be left for more than two hours.

   [**b.   Staff shall provide the inmate an adequate supply of drinking water.  Other beverages shall also be offered.**

   **c.   Staff shall remove any commissary food items and private food supplies of the inmate while the inmate is on a hunger strike.  An inmate may not make commissary food purchases while under hunger strike management.**]

An inmate under hunger strike management may still purchase

non-food items, such as stamps, from the commissary.  The inmate

is allowed to have toothpaste in the dry cell.

   d.   All food and water intake and output will be monitored and recorded as needed or to the extent possible.  The Warden shall make this determination after consultation with the physician.  This procedure is to continue until ended by a physician.

\#   This means a dry cell must be available for housing hunger strike inmates.

pro;

6

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12982104

Health Services and Food Service staff may offer alternative beverages, including liquid nutritional supplements, if authorized by the physicians. Any beverages other than drinking water must be documented (e.g. BP-S292) and that information relayed to Health Services staff. Acceptance of liquids alone should not be documented as accepting a meal.

10. [**REFUSAL TO ACCEPT TREATMENT** §549.65

   a. **When, as a result of inadequate intake or abnormal output, a physician determines that the inmate's life or health will be threatened if treatment is not initiated immediately, the physician shall give consideration to involuntary medical treatment of the inmate.**]

   The decision to force treatment upon the inmate is a medical decision, preferably by a written physician's order, with potential legal implications.

   When it appears to medical staff that the inmate's condition is deteriorating to the extent that intervention may soon be required, the Regional Counsel must be notified so any legal issues may be addressed. Although legal counsel has been notified, medical staff should not suspend or delay involuntary treatment if the physician is convinced to a reasonable medical certainty that there is an immediate threat to the inmate's life, or permanent damage to the inmate's health.

   Regional Counsel will determine whether it is appropriate to contact the local U.S. Attorney's Office.

   \# In the case of potential involuntary treatment of a pretrial inmate, institution legal staff or the

   Regional Counsel must be notified that intervention may be required, in order to determine whether the court should be notified.

   \# In all such situations, the Regional Counsel will inform the Regional Director.

   [b. **Prior to medical treatment being administered against the inmate's will, staff shall make reasonable efforts to convince the inmate to voluntarily accept treatment. Medical risks faced by the inmate if treatment is not accepted shall also be**

pro;

7

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12982104

explained to the inmate.  Staff shall document their treatment efforts in the medical record of the inmate.

c.   When, after reasonable efforts, or in an emergency preventing such efforts, a medical necessity for immediate treatment of a life or health threatening situation exists, the physician may order that treatment be administered without the consent of the inmate.  Staff shall document their treatment efforts in the medical record of the inmates.]

Written reports of such treatment shall be submitted to the Medical Director and Regional Director.  The Warden shall provide prompt notification and any involuntary treatment under this Program Statement to the sentencing judge, with an explanation of the background of and the reasons for the treatment.  The outcome of the hunger strike and the treatment administered shall also be reported.

When a physician orders involuntary medical treatment, to include placing a nasogastric tube for feeding, and the inmate refuses to comply, as with any other use-of-force, these events should be videotaped.

All staff involved in the use of force shall wear appropriate protective clothing as outlined in the Use of Force Program Statement.

Only the physician may order involuntary medical treatment.

\#   Normally, this is to consist of a nasogastric tube for feeding.

\#   If unsuccessful or medically inappropriate, then intravenous fluids and hyperalimentations intravenously may be necessary.

\#   As a last report, gastrostomy and tube feeding through the stomach may be required, however, review by the appropriate court should first be sought before attempting this treatment.

\#  Simple IVs may be performed in the institution,

however, hyperalimentations or gastrostomy tube feeding

must be performed in a hospital or an MRC (see Clinical

proj

8

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12982104

Treatment Guidelines or Medical Management of Inmates).

**[d.   Staff shall continue clinical and laboratory monitoring as necessary until the inmate's life or permanent health is no longer threatened.]**

Normally, treatment must continue until adequate oral intake of food and liquid is achieved. Medical monitoring for severe or life-threatening complications of malnutrition may continue, at the physician's discretion, beyond the point at which the inmate resumes adequate oral intake.

**[e.   Staff shall continue medical, psychiatric and/or psychological follow-up as long as necessary.]**

11. **[RELEASE FROM TREATMENT §549.66.   Only the physician may order that an inmate be released from hunger strike evaluation and treatment.   This order shall be documented in the medical record of the inmate.]**

Documentation is to be made in the Progress Notes section of the

Inmate's Health Record.

12.   **MEDICAL JUDGMENT.** None of the procedures or guidelines in this Program Statement are meant to limit or override the exercise of sound medical judgment by the physician responsible for medical care.

\#   Each case must be evaluated on its own merits and individual circumstances.

\#   Treatment is to be given and documented in accordance with accepted medical practice.

/s/

Harley G. Lappin

Director


Director

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

12982104