UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

**FILED**

FEB 2 4 2020

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Martin S. Gottesfeld, <u>pro se</u>,
            Petitioner,
                v.
B. Lammer, Warden of
The FCI Terre Haute, Indiana,
            Respondent.

No.: <u>2:20-cv-00012-JRS-MJD</u>

## <u>CLAIM FOR MANDATORY JUDICIAL NOTICE (FED. R. EVID. 201(c)(2))</u>

Petitioner and Claimant Martin S. Gottesfeld (herein the "petitioner"),
acting <u>pro se</u>, hereby moves The Honorable Court pursuant to <u>Fed. R. Evid.
201(c)(2)</u>, <u>Fed. R. Evid. 901(b)(1)</u>, and <u>Fed. R. Evid. 902(5)</u> to take mandatory
judicial notice of the herewith-provided <u>Exhibit 1</u> hereto, Declaration of
Martin S. Gottesfeld (Thursday, February 13th, 2020); and <u>Exhibit 2</u> hereto,
marked excerpt of Federal Bureau of Prisons Program Statement 5800.12:
Receiving and Discharge Manual (August 17th, 1998), specifically § 203
thereof, "COMMITMENT DOCUMENTATION" (<u>emphasis</u> in original).

While legislative facts are not subject to judicial notice pursuant to
<u>Fed. R. Evid. 201</u>, please cf. <u>Fed. R. Evid. 201(a)</u>, the petitioner also moves
The Court to take judicial notice of the following legislative facts pursuant
to <u>United States v. Arroyo</u>, 310 Fed. Appx. 928, 929 (7th Cir. February 26,
2009); citing <u>United States v. Williams</u>, 442 F.3d 1259, 1261 (10th Cir. 2006)
("Statutes are considered legislative facts... and courts may take notice of
legislative facts"); and collecting other cases. <u>Please see also Frank v.
Walker</u>, 773 F.3d 783, 795 (7th Cir. 2014) ("The concept of a legislative fact
comes into its own when there is no reason to believe that certain facts
pertinent to a case vary from locality to locality, or from person to person;
a typical definition of legislative facts is broad, general facts that are not
unique to a particular case and provide therefore an appropriate basis for
legislation of general application. For example, black lung disease

(pneumoconiosis) is either a progressive disease, like asbestosis, or it is not. Nothing supports the idea that it is progressoive for Miner A and halts for Miner B"); and see as well DeMallory v. Cullen, 855 F.2d 442, 453 (7th Cir. 1988) (Easterbrook, J, dissenting) ("'Adjudicatory' facts may be freely reviewed; 'legislative' facts--those on which the validity of classification rules depend--are for law-givers, and courts may ask only whether the rulemaker rationally could have entertained the beliefs that support the rule").

First among the relevant legislative facts, the petitioner moves This Court to take judicial notice of 18 U.S.C. § 3621(c) (emphasis in original):

**Delivery of order of commitment.** When a prisoner, pursuant to a court order, is placed in the custody of a person in charge of a penal or correctional facility, a copy of the order shall be delivered to such person as evidence of this authority to hold the prisoner, and the original order, with the return endorsed thereon, shall be returned to the court that issued it.

The plaintiff notes that this statute is explicitly cited in Exhibit 2 hereto and that he understands that the "copy of the order" contemplated by the statute "shall be delivered to such person" who is "in charge of a penal or correctional facility," and not to the prisoner.

Second, the petitioner moves This Court to take judicial notice of 28 U.S.C. § 1738 and that pursuant thereto, "The Acts of legislature of any State, Territory, or Possession of the United States, or copies thereof shall be authenticated by affixing the seal of such State, Territory or Possession thereto... Such Acts... or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Posessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

Third, the petitioner moves This Court to take judicial notice of D.C. Code § 16-1905 (emphasis in original):

**Right to copy of commitment; forfeiture.**

A person commited or detained, or a person in his behalf, may demand a true copy of hte warrant of commitment or detainer. An officer or other person detaining a person, who refuses or neglects to deliver to him or to a person in his behalf a true copy of the warrant of commitment or detainer, if one exists, within six hours after the demand, shall forfeit to the party so detained the sume of $500.

Fourth, the petitioner moves This Court to take judicial notice of the Washington, D.C., long-arm statutes, i.e. D.C. Code §§ 13-421 et seq. (emphasis in original):

### § 13-421. Definition of person.

As used in this subchapter, the term "person" includes an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, whether or not a citizen or domiciliary of the District of Columbia, and whether or not organized under the laws of the District of Columbia.

### § 13-422. Personal jurisdiction based upon enduring relationship.

A District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief.

...

Fifth, the petitioner moves This Court to take judicial notice of 28 C.F.R. § 503.1 Structure of the Bureau of Prisons.:

The Bureau of Prisons consists of a Central Office, located at 320 First Street, NW., Washington, DC 20534, a Staff Training Center, and six Regional Offices (Northeast, Mid-Atlantic, Southeast, North Central, South Central, and Western). For further information, please contact the Central Office at the address referenced, or visit www.bop.gov for a complete list of contact information for Bureau Regional Offices and facilities.

Sixth, the petitioner moves This Court to take judicial notice of the legislative fact that the Federal Bureau of Prisons holds within The Southern District of Indiana prisoners committed by the territorial courts of Washington, D.C. Please see 28 C.F.R. § 500.1(c):

Inmate means all persons in the custody of the Federal Bureau of Prisons or Bureau contract facilities, including persons charged with or convicted of offenses against... D.C. Code felony offenders...

Please see also 28 C.F.R. Part 523 Subpart D--District of Columbia Educational Good Time Credit; 28 C.F.R. Part 527 Subpart F--Designations and

Transfers of D.C. Women Offenders; 28 C.F.R. § 550.55(a)(1)(ii), citing D.C.
Code §§ 24-403.01 and 23-133(4); and 28 C.F.R. § 571.64, contemplating "D.C.
Code offenders confined in federal institutions." Then please see Wilson v.
Lockett, 2013 U.S. Dist. LEXIS 84576, Case No. 2:12-cv-0065-JMS-MJD (S.D. Ind.
June 17, 2013), for an example of a prisoner held in this district on an order
from the Superior Court of the District of Columbia.

Seventh, the petitioner moves The Court to take judicial notice of 28
U.S.C. § 1691:

Seal and teste of process
All writs and process issuing from a court of the United States shall be
under the seal of the court and signed by the clerk thereof.

Please cf. the marked section of Exhibit 2 hereto.

Eighth, the petitioner moves The Court to take judicial notice of the
definition of "judicial writ" from Black's Law Dictionary 1748 (9th ed. 2009)
(emphasis in original, other emphasis also in original, alteration[] added):

judicial writ. (16[th century]) 1. A writ issuing from the court to which
the original writ was returnable; a writ issued under the private seal of
the court and not under the great seal of England. Cf. original writ. 2. Any
writ issued by a court.

Please see also Black's Law Dictionary 1364 (Abridged 10th ed. 2010),
same. Then, please cf. the marked section of Exhibit 2 hereto, mandating
execution of "The Return" and noting,      "This document must bear... the
court seal."

Further consistent definition available in The Law Dictionary, Anderson
Publishing Co. (2002) (emphasis in original):

writ
a written order or a judicial process. It is issued by authority of a
court, and directed to the sheriff or other officer authorized by law to
execute it. He must return it with a brief statement of what he has done
in pursuance of it, to the court or officer who issued it...

Ninth, the petitioner moves The Court to take judicial notice that for
nearly a century This Circuit has held it as axiomatic that orders of

commitment are writs. Please see Hoffman v. United States, 13 F.2d 278, 279

(7th Cir. 1926):

> It is unthinkable that a sheriff, to whom a court has delivered a prisoner
> under order of commitment, when called upon to answer as to the manner in
> which he has performed the commands of the writ, may say, "I will not
> answer," or "You, the court, must prove beyond a reasonable doubt that I
> have not obeyed the writ." He is an officer of the court, and subject at any
> time to answer the court as to how he has performed the affirmative duties
> imposed upon him by a writ...
> Here the sheriff, under a writ delivered into his hands, requiring
> affirmative action regarding the prisoners delivered into his possession
> under that writ, is seeking to excuse himself by simply saying that he did
> no thave personal knowledge as to whether he did his duty or not.

Please see also id. at 279, where "writ of commitment" is used by The

Court interchangeably with "order of commitment."

Indeed, more than a century ago, The Supreme Court held, and then fifty

(50) years later it reaffirmed, "It cannot be that the safeguards of the

person, so often and so rightly mentioned with solemn reverence, are less than

those that protect from a liability in debt." Ashe v. Swenson, 397 U.S. 436,

443 (1970) (quoting United States v. Oppenheimer, 242 U.S. 85, 87 (1916)) and

id. at 443 n. 7 (collecting cases).

Therefore, since property cannot be seized to satisfy a judgment of debt

absent a writ of execution, 28 U.S.C. § 3203, a person cannot be seized to

satisfy a judgment absent a writ.

Tenth, the petitioner moves The Court to take judicial notice of the

legislative fact that The District of Columbia holds, "The United States is

located in the District of Columbia." D.C. Code § 28:9-307(h).

Eleventh and finally, the petitioner moves The Court to take judicial

notice of the legislative fact that 28 U.S.C. § 3003(15) defines "United

States," for purposes of debt collection, as, "(A) a Federal corporation; (B)

an agency, department, commission, board, or other entity of the United

States; or (C) an instrumentality of the United States." Id.

The petitioner notes that the above adjudicate and legislative facts irrefutably demonstrate that, inter alia, his good-faith effort to enforce his statutory rights pursuant to D.C. Code § 16-1905, D.C. Code §§ 13-421 et seq., 18 U.S.C. § 3621(c), 28 U.S.C. § 1691, and United States v. Oppenheimer are Constitutionally protected and must not be used to seize in a deliberately retaliatory manner his liberty and property, as the respondent has indeed done nonetheless.

Respectfully filed in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), by mailing to The Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage and U.S.P.S. tracking number 9114 9023 0722 4072 3905 44, handed to Ms. Rebekka Eisele, acting in her official capacity as an agent of the instant respondent and a member of the FCI Terre Haute CMU unit team, on Friday, February 14th, 2020, or the first opportunity thereafter,

by:

Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808