## Declaration of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, declare that the following is true and correct under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. §§ 1746(1) and 2243, Fed. R. Evid. 201(c)(2), Fed. R. Evid. 801(d)(2)(A-E), Fed. R. Civ. P. 5(a)(1)(B), Fed. R. Civ. P. 5(b)(1), Fed. R. Civ. P. 5(b)(2)(B)(i), and S.D. Ind. L.R. 5.2(b) on this twenty-third (23rd) day of February, 2020:

1. I am Martin S. Gottesfeld and I am the petitioner in the case of Gottesfeld v. Lammer, 2:20-cv-00012-JRS-MJD (herein "the case"), currently pending before The Honorable U.S. District Court for The Southern District of Indiana (herein "The Court").

2. I am yet to receive any responsive pleading whatsoever from the respondent in the case or from his attorney(s).

3. In addition to the unconstitutionally-seized earned good-conduct time (herein the "GCT") that is in controversy in the case, the respondent is depriving me of my property in violation of The Constitution, to wit: the sum of one hundred dollars ($100), comprised of the fifty dollars ($50) mentioned in the instant petition as well as an additional fifty dollars ($50) that the respondent is holding without further explanation as a so-called "encumbrance."

4. After leaving the SHU, I confirmed that the respondent indeed destroyed or is otherwise rendering unavailable to me significant and substantial personal property of mine that I had prior to his acts and omissions that are in controversy in the case.

5. The respondent regularly interferes with mail to and from myself and other CMU prisoners and the courts.

6. Such interference often includes unduly delaying delivery of time-sensitive and potentially-dispositive court filings until it is too late, and occasional includes the total seizure/destruction of such time-sensitive and potentially-dispositive court filings.

7. Indeed, The Court has already seen ominous indications of such interference in the case, to wit: docket entry 10 at 1.

8. I remain unable to mail copies of my filings in the case pursuant to Fed. R. Civ. P. 5(b)(2)(C) because the only photocopier to which the respondent allows me access broke down due to the failure of the respondent perform proper maintenance thereon and the respondent has failed to fulfill his affirmative duty to fix it arising under 28 C.F.R. § 543.11(b).

9. On Tuesday, February 18th, 2020, approximately twenty-four (24) hours after the aforementioned photocopier broke down, agent of the respondent in the case Ms. J. Wheeler of the FCI Terre Haute CMU unit team announced that the respondent would not in any way make photocopies of court filings for service unless an immediate court deadline is demonstrated to her.

10. I nonetheless complete service of this and my other filings in the case pursuant to Fed. R. Civ. P. 5(b)(2)(B)(i) when I hand over those filings to the respondent for mailing to The Court because the respondent thereafter digitally copies my filings for himself and exercises unlawful content-based Executive preemptive review of my filings prior to mailing them to The Court.

11. If in the future I receive a responsive pleading or a motion for an extension of time and/or continuance, I will notify The Court of my receipt of such as quickly as I practically can.

12. In the absence of such a notification from me, therefore, The Court can safely assume that I have either not received any such pleading from the respondent or that my further filing(s) in reaction thereto have been blocked from reaching The Court.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed on Sunday, February 23rd, 2020.

by: _____
Martin S. Gottesfeld