UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| |
|---|
| Martin S. Gottesfeld, pro se, Petitioner, v. B. Lammer, Warden of The FCI Terre Haute, Indiana, Respondent. |

No.: 2:20-cv-00012-JRS-MJD

FILED
MAR - 9 2020
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

## NOTICE

### FILING ALERT

Petitioner Martin S. Gottesfeld (herein the "petitioner"), acting pro se, hereby notifies The Honorable Court of his receipt on Tuesday, February 25th, 2020, of instant docket entries (D.E.) 20 and 21--which he received not from the respondent or the respondent's counsel, but from Mrs. Dana E. Gottesfeld via U.S.P.S. Priority Mail® 2-Day®.

The petitioner further alerts The Court of his intention to file his reply to the respondent's answer in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), on Friday, March 20th, 2020. Please see Exhibit 1 hereto, Declaration of Martin S. Gottesfeld (Tuesday, February 25th, 2020).

The petitioner finally notes that should his reply fail to appear on the docket thereafter in a timely fashion, then the petitioner would move for a hearing as he would suspect foul play preventing either the timely composition or the timely entry of his reply or both. Id.

The petitioner is also unable to serve a copy of this filing upon the respondent due to the deliberate failure of the respondent to fulfill his affirmative duties under 28 C.F.R. § 543.11(b). Please see Exhibit 1 hereto. The petitioner therefore requests The Court to alert the respondent to this filing.

Respectfully filed in accordance with the prison-mailbox rule of Houston v. Lack by mailing to The Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage and U.S.P.S. tracking number 9114 9023 0722 4792 9868 98, handed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team while acting in her official capacity as an agent of the respondent, on Tuesday, February 25th, 2020, or the first opportunity thereafter,

by: _____
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

**Declaration of Martin S. Gottesfeld:**

I, Martin S. Gottesfeld, declare that the following is true and correct under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. § 1746(1) and Fed. R. Evid. 201(c)(2) on this twenty-fifth (25) day of February, 2020:

1. I am Martin S. Gottesfeld and I am the petitioner in the case of Gottesfeld v. Lammer, 2:20-cv-00012-JRS-MJD (S.D. Ind.) (herein "the case"), currently pending before The Honorable U.S. District Court for The Southern District of Indiana (herein "The Court").

2. Today, Tuesday, February 25th, 2020, I received for the first time a copy of the answer filed by the respondent in the case as docket entry (D.E. 21).

3. The copy of D.E. 21 that I received was not sent by the respondent or his counsel, but by my wife, Mrs. Dana E. Gottesfeld, using U.S.P.S. Priority Mail® 2-Day®.

4. For, inter alia, the reasons set forth infra, I certify that I will file my reply to the respondent's answer in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), on Friday, March 20th, 2020.

5. Based upon my knowledge and experience as a FCI Terre Haute CMU prisoner, I am gravely concerned that The Court may be mislead to believe that I have not filed my reply after I have in fact done so because my mail to U.S. courts more often than not is severely delayed by the respondent and his agents--especially when such delays are potentially dispositive of my claims.

6. For instance, please see Gottesfeld v. Hurwitz, et al.; 18-cv-10836-PGG-GWG; D.E. 59 (S.D.N.Y. July 2, 2019), which was mailed and filed on June 10th, 2019, some ten (10) days before a potentially-dispositive filing deadline, but then not entered until July 2nd, 2019--some twenty-one (21) days after mailing and eleven (11) days after the filing deadline.

7. For another example, please see id. D.E. 116, which is an emergency motion mailed and filed on Thursday, December 12th, 2019, but not postmarked until a week later on Thursday, December 19th, 2019.

8. For yet another egregious example, please see id. D.E. 136, 137, and 138, mailed and filed December 22nd, 2019, but not entered until a full month later on January 22nd, 2020.

9. I am a diligent pro se litigant and if I were unable for any reason to file my reply in the case on or before the deadline of Friday, March 20th, 2020, then I would notify The Court to seek an extension.

10. Therefore, if my reply fails to appear on the docket of the case as expected without further explanation, I would suspect foul play and request a hearing.

11. I remain unable to serve true copies of my court filings upon counsel for the respondent in the case because the only photocopy machine to which I have direct access broke down due to the deliberate neglect of the respondent to perform proper maintenance and for more than ten (10) days now the respondent has failed to perform his required affirmative duty to fix it pursuant to 28 C.F.R. § 543.11(b).

12. On or about Tuesday, February 18th, 2020, agent of the respondent Ms.

J. Wheeler of the FCI Terre Haute CMU unit team announced to me and other FCI Terre Haute CMU prisoners that she and the other unit-team members will not make photocopies of our court filings unless and until a relevant and immediate court-imposed filing deadline is demonstrated to her.

13. I am unable to demonstrate such an immediate court-imposed filing deadline for this notice filing.

14. Additionally, two (2) of the three (3) FCI Terre Haute CMU law-library typewriters have broken down due to failure of the respondent to perform required maintenance thereon.

15. The two (2) broken-down typewriters are no longer in the FCI Terre Haute CMU law library.

16. The FCI Terre Haute CMU is one of, if not the busiest, unit in the entire FBOP for pro se prisoner litigation and typewriter time is now much harder to come by in the unit.

17. The respondent in the case is deliberately failing to perform his affirmative duties to provide CMU prisoners including myself typewriters to compose our legal documents and to fix the broken typewriters, as required of him, respectively, by 28 C.F.R. §§ 543.11(h) and 543.11(b).

18. For the above-stated reasons and other reasons, I am unable to file my reply to the respondent's answer any sooner than Friday, March 20th, 2020.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed on Tuesday, February 25th, 2020.

by: _____
Martin S. Gottesfeld