UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

**FILED**

```
┌─────────────────────────────────┐
│ Martin S. Gottesfeld, pro se,   │
│          Petitioner,            │
│              v.                 │
│ B. Lammer, Warden of            │
│ The FCI Terre Haute, Indiana,   │
│          Respondent.            │
└─────────────────────────────────┘
```

No.: 2:20-cv-00012-JRS-MJD

MAR 2 7 2020

U.S. CLERK'S OFFICE
TERRE HAUTE, INDIANA

## MOTION FOR SANCTIONS (FED. R. CIV. P. 11, S.D. IND. L.R. 83.5(e))

Petitioner Martin S. Gottesfeld (herein the "petitioner"), acting pro se, hereby moves The Honorable Court pursuant to Fed. R. Civ. P. 11 and S.D. Ind. L.R. 83.5(e) to enter an order of sanctions against counsel for the respondent Assistant United States Attorney Lara Langeneckert reprimanding her for the misconduct detailed infra and requiring her to file a copy of such reprimand with all future notices of appearance she enters in The Honorable U.S. District Court for The Southern District of Indiana, thereby putting future litigants, counsel, and judicial officers on notice of said misconduct so they can watch for future incidents and not be caught off guard.

As The Court is no doubt aware, S.D. Ind. L.R. 83.5(e) requires counsel who appear in this district to obey The Rules of Professional Conduct as set out by the Indiana Supreme Court, as well as The Standards For Professional Conduct Within The Seventh Federal Judicial Circuit. S.D. Ind. L.R. 83.5(e).

Yet, counsel for the respondent misrepresented the demand that is central to the instant petition as one that, "was actually a demand for money," when it was in reality a demand for a true copy of the petitioner's warrant of commitment. Please cf. instant docket entry (D.E.) 21 at 2 and D.E. 21-1 at 23, "I hereby demand a true copy of the order of commit[ ]ment under which each of you, jointly and severly, is detaining me against my will."

That the respondent's failure to provide the petitioner with this true copy as demanded in turn subjects him to continued statutory liability does

not and cannot transform the instant demand into one that, "was actually a demand for money," as counsel for the respondent averred. Moreover, this difference is material in the instant matter because the primary controversy is the respondent's allegation that the demand was an act of "extortion." It is frivolous to misconstrue a demand for the performance of an affirmative duty as one, "actually... for money," in order to maintain, dishonestly, that such a demand was an act of "extortion."

This misconstrual runs afoul of Fed. R. Civ. P. 11(b)(2), which requires, "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

This misconstrual also runs afoul of Fed. R. Civ. P. 11(b)(3), which requires, "factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." The evidence clearly shows that the demand was literally for "a true copy of the order of commit[ ]ment," and not, "actually a demand for money." Counsel's misconstrual thus could never have evidentiary support.

Further, "[a] lawyer shall not knowingly... (1) make a false statement of fact... to a tribunal or fail to correct a false statement of material fact... previously made to the tribunal by the lawyer." Littler v. Martinez, 2019 U.S. Dist. LEXIS 34735, No. 2:16-cv-00472-JMS-DLP (S.D. Ind.) at *13, quoting Indiana Rule of Professional Conduct 3.3(a). Counsel's misconstrual of the demand central to the instant petition is just such "a false statement of material fact." Id.

Similar but separate from Fed. R. Civ. P. 11(b)(3), "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which

includes a good faith argument for an extension, modification or reversal of existing law." Straw v. Ind. Supreme Court, 2017 U.S. Dist. LEXIS 8539, No. 1:16-cv-03483-JMS-TAB (S.D. Ind. January 23, 2017) at *3 n. 2, quoting Indiana Rule of Professional Conduct 3.1. Counsel has provided no basis in law or fact--and there is no such basis in either--for misconstruing the instant petitioner's December 6th, 2020, demand as one that is, "actually a demand for money."

Counsel thus also violated The Standards For Professional Conduct Within The Seventh Federal Judicial Circuit, Lawyers' Duties to the Court, No. 5, which states, "We will not knowingly misrepresent, mischaracterize, misquote, or miscite facts or authorities in any oral or written communication to the court."

Nor was counsel's misrepresentation of the relevant demand an isolated incident.

Counsel claimed falsely that the petitioner's staff representative made a statement at the DHO hearing on the petitioner's behalf, but in reality, this is false. D.E. 21 at 3.

Counsel claimed falsely that the DHO reviewed the audio and video surveillance footage of the petitioner handing Ms. Rebekka Eisele the demand, but in reality this too is false. D.E. 21 at 4.

Counsel claimed that the petitioner was removed from the SHU when it was determined that he was "medically stable," but this was either false or deliberately misleading because there was no material change in his medical status before he was removed from the SHU. D.E. 21 at 4.

Counsel also falsely claims--in the apparent hope that This Court will not even read the instant petition--that the petitioner does not "dispute his failure to exhaust his administrative remedies; indeed, he observes that 'adjudication of the merits likely will save the petitioner postage on BP-10s

and BP-11s.' Given that, by his own admission, Gottesfeld has not even begun, let alone completed, the administrative appeal process with respect to the challenged disciplinary action, his Petition should be dismissed." D.E. 21 at 7 (internal citation omitted). In reality though, as is clear to see, the previous statement about saving postage was made in reference to future violations of the petitioner's rights by the respondent and in the context of arguing that the instant violation is capable of repetition yet evading review (in fact the instant violation is already such a repetition).

Further, please cf. D.E. 1 at 3 ¶6, "The petitioner, as detailed infra, exhausted the relevant procedures available to him through the respondent's administrative-remedy program (herein the 'ARP'), as required by 42 U.S.C. § 1997e(a) of The Prison Litigation Reform Act" (emphasis in original). Please see also D.E. 1 at 23, § IV, "The Petitioner Exhausted the Available Administrative-Remedy Procedures."

While it might be permissible--even if nonetheless futile--for counsel to argue the law and facts around the petitioner's claim to proper exhaustion, it is impermissible for her to claim that the petitioner did not even assert that he exhausted. Fed. R. Civ. P. 11(b)(1-3), Indiana Rules of Professional Conduct 3.3(a)(1) and 3.1, The Standards For Professional Conduct Within The Seventh Federal Judicial Circuit, Lawyers' Duties to the Court No. 5, and id., Lawyers' Duties to Other Counsel No. 29, "We will not ascribe a position to another counsel that counsel has not taken or otherwise seek to create an unjustified inference based on counsel's statements or conduct."

Counsel similarly claimed falsely that the petitioner, "has not alleged that additional notice would have enabled him to present more evidence," D.E. 21 at 9, but, in reality, the petitioner made exactly such a claim, D.E. 1 at 13 ¶54, at 14 ¶57, at 19 ¶92, at 19 ¶¶ 99-100 and 102-103, at 21 ¶¶ 105-106, and at 22 ¶122.

Finally, counsel claimed falsely that the petitioner ended his hunger strike, D.E. 21 at 12, just before counsel then used this material misrepresentation to argue that part of the instant petition is moot.

The above misconduct is worthy of reprimand both to avoid future such misconduct and to send a clear message to counsel for the respondent and to other attorneys in the district as to the high standards of conduct required by This Honorable Court. Anything less would simply invite more false and material misrepresentations in cases against poorly-educated incarcerated unrepresented litigants and thereby cause and perpetuate palpable injustices.

Respectfully filed in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), by mailing to The Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage and U.S.P.S. tracking number 9114 9023 0722 4792 9869 73, handed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team while acting in her official capacity as an agent of the respondent, on Friday, March 20th, 2020, or the first opportunity thereafter,

by: _____
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, certify that I mailed a copy of the foregoing document to counsel for the respondent in the above-captioned case and thereby also served counsel for the respondent in-hand by delivery to her agent, by handing said copy in an envelope to Ms. J. Wheeler of the FCI Terre Haute CMU unit team while acting in her official capacity as an agent of the respondent's counsel on Tuesday, February 25th, 2020, or the first opportunity thereafter,

by: _____
Martin S. Gottesfeld

- Page 5 of 5 -