UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARTIN S. GOTTESFELD,<br>  Petitioner,<br><br>   v.<br><br>B. LAMMER,<br>  Respondent. | Case No.: **2:20-cv-00012-JRS-MJD**<br><br>**CLAIM FOR MANDATORY JUDICIAL NOTICE**, BY AFFIDAVIT, FED. R. EVID. 201(c)(2)<br><br>AFFIRMATION AND VERIFICATION, 28 U.S.C.S. § 1746(1) |

STATE OF INDIANA      :
            : Affirmed and signed.
VIGO COUNTY        :

  COMES NOW, the petitioner herein, being of majority age, good moral character, and competent to testify, with yes as yes and no as no, and in filing this Claim with this Honorable Court, does state the following, to wit:

### RELIEF SOUGHT

  1. The petitioner herein, pursuant to the mandatory provisions embodied in Federal Rule of Evidence ("Fed. R. Evid.") 201(c)(2), hereby moves this Court to take mandatory judicial notice of the following facts:

  a) the individual respondent provided conclusive judicial admissions pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 36(a)(3) and Fed. R. Civ. P. 36(b), which are true, correct, certain, and complete, and speak to the facts of the instant controversy; and

  b) this witness-provided evidence, forthcoming from the instant respondent, is both relevant and pertinent to the instant proceedings, in accordance with Fed. R. Evid. 401, Fed. R. Evid. 801(d), and Fed. R. Evid. 901 et seq., and serves to validate, authenticate, and confirm the actions and omissions of the respondent and his parties in privity that are the subject of the instant case, and support the instant **VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS (28 U.S.C. § 2241)** found at instant docket entry number 1, the petitioner's **REPLY TO RESPONDENT'S ANSWER (D.E. 21)**, filed simul et semel with

this instant claim, the petitioner's <u>MOTION FOR SANCTIONS (FED. R. CIV. P. 11, S.D. IND. L.R. 83.5(e))</u>, also filed <u>simul et semel</u> with this instant claim, and the petitioner's soon-to-be-forthcoming <u>SECOND MOTION FOR SUMMARY JUDGMENT (FED. R. CIV. P. 56 AND S.D. IND. L.R. 56.1)</u>.

<u>JUDICIAL NOTICE MUST BE TAKEN BECAUSE:</u>

2. <u>Fed. R. Evid. 201(c)(2)</u> requires that this Court <u>MUST</u> take mandatory judicial notice of the facts that are not reasonably subject to dispute when requested to do so by a party who supplies this Court with the necessary information.

3. The facts that are the subject of this Claim, namely, the instant respondent's responses to requests for admissions, are being offered for the truth of the matter.

4. The following herewith-provided sources establish the truth of the facts, as delineated in the relief sought in ¶ 1 <u>supra</u>, of which judicial notice MUST be taken at:

a) <u>Exhibit 1</u> hereto, i.e. U.S. District Court for The Southern District of Indiana, <u>case no.: 2:20-cv-00012-JRS-MJD</u>, requests for admissions, BP-8 form (the "Eisele BP-8"), and certificate of service, comprising eight (8) pages plus one (1) cover page;

b) <u>Exhibit 2</u> hereto, i.e. copy of the envelope bearing an additional copy of the Wednesday, February 5th, 2020, requests for admissions to counsel for the respondent, comprising one (1) page plus one (1) cover page;

c) <u>Exhibit 3</u> hereto, i.e. U.S. District Court for The Southern District of Indiana, <u>case no.: 2:20-cv-00012-JRS-MJD</u>, requests for admissions, certificate of service, and three (3) attached inmate requests to staff, comprising nine (9) pages plus one (1) cover page;

d) <u>Exhibit 4</u> hereto, i.e. copy of the envelope bearing an additional copy of the Thursday, February 6th, 2020, requests for admissions to counsel for

the respondent, comprising one (1) page plus one (1) cover page;

e) Exhibit 5 hereto, i.e. acknowledgement of respondent's receipt of the requests for admissions dated Wednesday, February 5th, 2020, and Thursday, February 6th, 2020, sent by counsel for the respondent on Thursday, February 20th, 2020--and therefore prior to the filing of instant docket entry 21--and marked received by the petitioner on Thursday, February 27th, 2020, comprising two (2) pages plus one (1) cover page; and

f) Exhibit 6 hereto, i.e. Notice of Acceptance of the instant respondent's admissions, sent by the petitioner on Wednesday, March 11th, 2020, comprising two (2) pages plus one (1) cover page.

5. The instant case is exempt from initial disclosure as per Fed. R. Civ. P. 26(a)(1)(B)(iii and vi) and exempt from an initial discovery conference as per Fed. R. Civ. P. 26(d)(1).

6. The respondent did not move for an extension under Fed. R. Civ. P. 36(a)(3) or for a protective order under Fed. R. Civ. P. 26(c)(1) and S.D. Ind. L.R. 37.1(c).

7. The respondent did not move for an order to apply The Rules Governing Section 2254 Cases to this non-Section-2254 and non-Section-2255 case under Rule 1(b) of The Rules Governing Section 2254 Cases.

8. The order issued in Higgason v. Lemmon, 6 Fed. Appx. 433, 436 (7th Cir. April 26, 2001) is inapplicable to the instant case because Higgason was, unlike the instant case, brought pursuant to 28 U.S.C. § 2254, and, further, Higgason is unciteable in the instant case as per Circuit Rule 32.1(d).

9. The respondent did not object to any of the relevant requests for admissions as specifically required by S.D. Ind. L.R. 26.1(b) and this failure is inexusable. Indiana Rule of Professional Conduct 1.1 and 1.5. Please cf. White v. Tanula, 2018 U.S. Dist. LEXIS 70997, 14-cv-759-wmc (W.D. Wis. April 27, 2018) at *4-6.

## CONCLUSION

10. With respect for the foregoing, the petitioner hereby invokes this Court's mandatory non-discretionary duty to take judicial notice of these herewith-provided documents for the purposes of validation, authentication, and confirmation of the express claims brought by the petitioner in this instant case, as referenced supra in ¶1.

## AFFIRMATION AND VERIFICATION

In accordance with 28 U.S.C.S. § 1746(1), under the pains and penalties of perjury under the laws of The United States, the petitioner does hereby affirm and verify that the foregoing is all true, correct, certain, complete, and not misleading, i.e. the facts of the matter, as done, signed, and presented this twentieth (20th) day of March, 2020, and filed in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), by mailing to The Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage and handed to Ms. Jamie Wheeler of the FCI Terre Haute CMU unit team while acting in her official capacity as an agent of the respondent in the above-captioned case on this same day or the first opportunity thereafter, bearing U.S.P.S. tracking number 9114 9023 0722 4792 9869 73,

by: _____
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, pro se, certify that I ~~mailed~~ served a copy of the foregoing document to counsel for the respondent in the above-captioned case ~~and thereby also served counsel for the respondent~~ in-hand by delivery to her agent, by handing said copy in an envelope to Ms. Jamie Wheeler of the FCI Terre Haute CMU unit team while acting in her official capacity as an agent of the respondent's counsel on Friday, March 20th, 2020, or the first opportunity thereafter,

by: /s/ _____
Martin S. Gottesfeld, pro se