# Exhibit 1

To: Warden B. Lammer

From: Martin S. Gottesfeld (Reg. No.: 12982-104)

Subject: <u>Gottesfeld v. Lammer</u>, 2:20-cv-00012-JRS-MJD

Date: Wednesday, February 5th, 2020

Salutations Respondent Lammer:

    I hope you are well.

    Please find herewith a set of <u>Fed. R. Evid. 36</u> requests for admissions for the above-captioned case.

    Best Regards,

    MG

Martin S. Gottesfeld, <u>pro se</u>, petitioner

<u>NO FURTHER RETALIATION PLEASE.</u>

— Page 1 of 1 —

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| |
|---|
| Martin S. Gottesfeld, pro se, Petitioner, v. B. Lammer, Warden of The FCI Terre Haute, Indiana, Respondent. |

No.: 2:20-cv-00012-JRS-MJD

### REQUESTS FOR ADMISSIONS (FED. R. CIV. P. 36)

To: B. Lammer
    Warden of The FCI Terre Haute, Indiana
    4200 Bureau Road North
    Terre Haute, IN 47802

The petitioner in the above-captioned case hereby requests that you admit, under oath and under the penalty of perjury, to ALL of the following matters within thirty (30) days of this request for the purposes of the above-captioned proceeding as required by Fed. R. Civ. P. 36(a)(3) and Fed. R. Civ. P. 36(b). Please see also Houston v. Lack, 487 U.S. 266 (1988). This request is made pursuant to Fed. R. Civ. P. 3, Fed. R. Civ. P. 5(b)(2)(A), Fed. R. Civ. P. 5(b)(2)(B)(ii), Fed. R. Civ. P. 26(a)(1)(B)(iv), Fed. R. Civ. P. 26(a)(3), Fed. R. Civ. P. 26(d)(1), Fed. R. Civ. P. 26(f)(1), and Fed. R. Civ. P. 36, which establishes the exempt status of this proceeding.

Your responses hereto, if any, shall and will be signed by you personally as so required by Fed. R. Civ. P. 26(g). Your responses shall and will be used as the petitioner in the above-captioned case deems in his sole discretion necessary and proper in both the above-captioned case and any other legal proceeding, whether judicial or extrajudicial. If you choose to add to these affirmative admissions, or to supplement or to deny these affirmative admissions, you must do so within the thirty (30) days allocated by Fed. R. Civ. P. 36(a)(3). Otherwise, each and every matter set forth herein shall be automatically deemed to be admitted and stipulated-to by you and firmly established against you. Be so advised. You should attach additional pages hereto if more space is required for your response.

Request Number 1: Admit that you and each of the other entities to whom the demand cited in the instant petition at page 6 paragraph 21 (herein "the demand") is addressed are each separately and severly persons, as defined by D.C. Code § 13-421:
    Response:

Request Number 2: Admit that you and each of the other entities to whom the demand is addressed are each separately and severly domiciled in, organized under the laws of, or maintain your principal place of business in, the District of Columbia, as defined in D.C. Code § 13-422:
    Response:

Request Number 3: Admit that you and each of the other entities to whom the demand is addressed are each separately and severly administrators and/or

- Page 1 of 7 -

personal representatives of both the Federal Bureau of Prisons and its acting director, as defined by D.C. Code § 13-421:
Response:

Request Number 4: Admit that you and each of the other entities to whom the demand is addressed transact business in The District of Columbia through the Federal Bureau of Prison's DC-based Trust Fund system, as defined by D.C. Code § 13-423(a)(1), and each separately and severly possess real property in The District of Columbia through their pensions and other DC-based employee benefits, as defined by D.C. Code § 13-423(a)(5):
Response:

Request Number 5: Admit that you and each of the other entities to whom the demand is addressed were at all times relevant to the above-captioned case each separately and severly detaining the petitioner, as defined by D.C. Code § 16-1905:
Response:

Request Number 6: Admit that the petitioner has a statutory right under D.C. Code § 16-1905 to demand separately and severly from you and each of the other entities to whom the demand is addressed a fully-executed true copy of his order/warrant of commitment:
Response:

Request Number 7: Admit that the petitioner has a Constitutional right under The First Amendment to petition The District of Columbia courts pursuant to D.C. Code § 16-1905 and as part of that right to demand a fully-executed true copy of his order/warrant of commitment:
Response:

Request Number 8: Admit that as a matter of both law and fact, the orders contemplated by 18 U.S.C. § 3621(c) are writs, as contemplated by 28 U.S.C. § 1691, and thus require as a matter of law the signature of the Clerk of The Court in order to be valid:
Response:

Request Number 9: Admit that the demand also served as the petitioner's attempt at informal resolution pursuant to both 28 C.F.R. § 542.13(a) and 42 U.S.C. § 1997e(a):
Response:

Request Number 10: Admit that as a matter of both law and fact, the demand cannot serve as a valid basis for an accusation of extortion against the petitioner because he had a Constitutional right to make the demand and because delivery of the demand was a good-faith step towards litigation and in this circuit threats of litigation cannot be construed as extortion:
Response:

Request Number 11: Admit that discoverable audio and video recordings in your care, custody, and control prove beyond a reasonable doubt that as part of your ongoing RICO scheme you personally conspired with alternate Discipline Hearing Officer D. Matthews prior to the hearing of incident report 3338082 and that you and he determined in advance the outcome of the hearing before it started, as detailed in the instant petition, particularly to prevent the

petitioner from contacting the courts:
Response:

Request Number 12: Admit that as part of your ongoing RICO scheme, you conspired with Ms. T. Feuquay, who served as the petitioner's supposed staff representative, to violate the petitioner's Constitutional right to present evidence and call witnesses at the hearing of incident report 3338082, as detailed in the instant petition:
Response:

Request Number 13: Admit that you and Regional Director Krueger as part of your ongoing RICO scheme with Discipline Hearing Officer Jason Bradley conspired and conspire to violate the rights of the petitioner and other similarly-situated prisoners, as detailed in the instant petitioner, while evading judicial review:
Response:

Request Number 14: Admit that your goals in bringing incident report 3338082 and in your RICO scheme included and include sabotaging the petitioner's direct appeal of United States v. Gottesfeld, 16-cr-10305-NMG (D. Mass.), unlawfully obstructing his litigation of Gottesfeld v. Hurwitz, et al., 18-cv-10836-PGG (S.D.N.Y.), and transferring the petitioner prior to the return of his then-pending BP-11s so as to avoid the litigation of the merits of those grievances:
Response:

Request Number 15: Admit that your goals in bringing incident report 3338082 and in your RICO scheme included retaliating against the petitioner so as to deter him from exercising his civil rights, including by filing grievances and accessing the courts, talking to journalists, and publishing news articles:
Response:

Request Number 16: Admit pursuant to Fed. R. Civ. P. 36(a)(1)(B), 36(a)(2), 36(a)(3), and 36(b) that Attachment 1 hereto is an authentic and confirmed copy of The Eisele BP-8, as defined in the instant petition, and that the petitioner received no response to his timely filing of it:
Response:

Request Number 17: Admit that as both a matter of law and fact, the petitioner exhausted The Federal Bureau of Prison's Administrative-Remedy Program and that you and your agents then rendered the program unavailable to the petitioner via machination, misrepresentation, and intimidation/ retaliation:
Response:

Request Number 18: Admit that as part of your RICO scheme with alternate Discipline Hearing Officer D. Matthews and others, you collectively conspired to change the sanctions ordered against the petitioner at the hearing of incident report 3338082 so as to avoid suspending his electronic messaging privileges as originally ordered and thereby avoid notifying the petitioner's attorneys and the press as to what happened and was happening:
Response:

Request Number 19: Admit that the first incident report received by the

petitioner was also an unconstitutional act of retaliation and intimidation against lawful litigation and part of your RICO scheme:
Response:

Request Number 20: Admit that the petitioner had a Constitutional right to decline each and every one of the medical evaluations that you forced upon him and tried to force upon him between Monday, December 9th, 2019, and Wednesday, January 29th, 2020, and that he never physically resisted these overt unconstitutional examinations even though they violated his civil rights:
Response:

Request Number 21: Admit that as a matter of law and fact the conditions of confinement in the FCI Terre Haute CMU special-housing unit (SHU) are unconstitutional as detailed in the instant petition, that these conditions are an atypical and significant hardship, and that you and your conspirators use these conditions in your ongoing RICO scheme for retaliatory purposes:
Response:

Request Number 22: Admit that your original intentions towards the petitioner changed on or about Thursday, December 19th, 2019, when you were made aware of his federal-court filings before they were mailed from the FCI and that you then tried to rush the discipline hearing for incident report 3338082 in hopes of avoiding judicial review:
Response:

Request Number 23: Admit that a thorough review of the discoverable records in your care, custody, and control reveals that the true author of incident report 3338082 is not Ms. Rebekka Eisele, i.e. the petitioner's case manager, but Ms. Katherine Siereveld, i.e. a member and/or advisor of your legal department:
Response:

Request Number 24: Admit that you plan to continue all of the above-enumerated unlawful activities using further unconstitutional incident reports, unwritten and arbitrarily- and capriciously-enforced rules, and unfair discipline hearings to violate the civil rights of the petitioner and other prisoners under the color of law, in violation of 18 U.S.C. § 241, and that you plan to evade judicial review for these actions, all through and including the scheme outlined in the instant petition:
Response:

Request Number 25: Admit that as part of your ongoing RICO scheme, you place mannequins in the guard towers around FCI Terre Haute and its communications-management unit (CMU) while misleading taxpayers, auditors, and other visitors into the mistaken belief that public money is used to staff the guard towers twenty-four hours per day with trained professionals:
Response:

Attachment 1

*[handwritten: Attachment 1]*

## FCC Terre Haute

### Administrative Remedy – Informal Resolution

| Inmate Name: | Register #: 12982-104 |
|---|---|
| Unit: | Date Submitted: October 25th, 2019 |

**Section 1: NOTICE TO INMATE** - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

**Section 1a: Briefly state your specific single complaint:** I am being singled out for non-random shakedowns as a direct result of my First-Amendment--protected activities and the media response thereto, to wit; the October 7th, 2019, interview of my wife on Real News with David Knight; the October 8th, 2019, article about the FCI-THA CMU published by The Daily Caller; my district-court filings in S.D.N.Y. case 18-cv-10836-PGG-GWG; and my attempted correspondence to Senate Minority Leader Charles Schumer (D-NY). At my recent team meeting, R. Eisele spontaneously and explicitly told me that my cell is clean and that I'm "not a dirty-birdy," and my cell was not an issue in the last unit-wide shakedown, after which little changed except my petititions.

**Section 1b: Briefly state the resolution you request:** Please stop BOP agents--specifically including but not limited to Travis Weber--from retaliating against me for me Constitutionally-protected petitions for the redress of grievances to relevant government officials and courts, and the resulting media response.

Inmate Signature: *[signature]*

Counselor Printed Name/Signature:

**Section 2: Department Assigned**

Date Assigned: | Date Due:

| ☐ Food Service | ☐ Unit Mgmt | ☐ Unicor | ☐ Education |
|---|---|---|---|
| ☐ Psychology | ☐ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☐ SIS | |

**Section 3: Department Head Response:**

Issue Resolved Comments:

Issue Un-resolved Comments:

Unable to Address Issue Comments:

| Inmate Signature if Resolved: | Date: |
|---|---|
| Staff Signature: | Date: |

**Section 4: Tracking**

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 10-25-19 | | | | | |
| Time | 1305 | | | | | |
| Staff | *[initials]* | | | | | |

THX-1330.18C

- Page 5 of 7 -
- Page 12 of 34 -

Page 7

Signed under oath and penalty of perjury,

_____          _____
Signature                                Date


_____
Printed name of signatory

## CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, certify that on Wednesday, February 5th, 2020, I delivered a copy of the foregoing document to Respondent B. Lammer by:

(1) in-hand delivery to his agent Ms. ~~J. Wheeler~~ Rebekka Eisele of the FCI Terre Haute communications-management unit (CMU) unit team, acting in her official capacity as an agent of the respondent; and

(2) first-class U.S. mail, postage pre-paid, to The United States Attorney for The Southern District of Indiana on the aforementioned date or the first opportunity thereafter pursuant to Houston v. Lack, 487 U.S. 266 (1988).

by: _____
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808