Exhibit 3

To: Warden B. Lammer

From: Martin S. Gottesfeld (Reg. No.: 12982-104)

Subject: Gottesfeld v. Lammer, 2:20-cv-00012-JRS-MJD

Date: Thursday, February 6th, 2020

Salutations Respondent Lammer:

    Please find enclosed a <u>second</u> set of Fed. R. Evid. 36 requests for admissions for the above-captioned case.

Best Regards,

*[signature]*

Martin S. Gottesfeld, *pro se*, petitioner

<u>NO FURTHER RETALIATION PLEASE.</u>

– Page 1 of 1 –

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| Martin S. Gottesfeld, pro se,<br>Petitioner,<br>v.<br>B. Lammer, Warden of<br>The FCI Terre Haute, Indiana,<br>Respondent. | No.: 2:20-cv-00012-JRS-MJD |
|---|---|

### REQUESTS FOR ADMISSIONS (FED. R. CIV. P. 36) SET 2

To: B. Lammer
    Warden of The FCI Terre Haute, Indiana
    4200 Bureau Road North
    Terre Haute, IN 47802

 The petitioner in the above-captioned case hereby requests that you admit, under oath and under the penalty of perjury, to ALL of the following matters within thirty (30) days of this request for the purposes of the above-captioned proceeding as required by Fed. R. Civ. P. 36(a)(3) and Fed. R. Civ. P. 36(b). Please see also Houston v. Lack, 487 U.S. 266 (1988). This request is made pursuant to Fed. R. Civ. P. 3, Fed. R. Civ. P. 5(b)(2)(A), Fed. R. Civ. P. 5(b)(2)(B)(ii), Fed. R. Civ. P. 26(a)(1)(B)(iv), Fed. R. Civ. P. 26(a)(3), Fed. R. Civ. P. 26(d)(1), Fed. R. Civ. P. 26(f)(1), and Fed. R. Civ. P. 36, which establishes the exempt status of this proceeding.

 Your responses hereto, if any, shall and will be signed by you personally as so required by Fed. R. Civ. P. 26(g). Your responses shall and will be used as the petitioner in the above-captioned case deems in his sole discretion necessary and proper in both the above-captioned case and any other legal proceeding, whether judicial or extrajudicial. If you choose to add to these affirmative admissions, or to supplement or to deny these affirmative admissions, you must do so within the thirty (30) days allocated by Fed. R. Civ. P. 36(a)(3). Otherwise, each and every matter set forth herein shall be automatically deemed to be admitted and stipulated-to by you and firmly established against you. Be so advised. You should attach additional pages hereto if more space is required for your response.

 Request Number 1: Admit pursuant to Fed. R. Civ. P. 36(a)(1)(B), Fed. R. Civ. P. 36(a)(2), Fed. R. Civ. P. 36(a)(3), and Fed. R. Civ. P. 36(b) that Attachment 1 hereto is an authentic and genuine true copy of an inmate request to staff submitted by the petitioner pursuant to 28 C.F.R. § 542.13(a) and 42 U.S.C. § 1997e(a) on Wednesday, November 27th, 2019, mentioning explicitly his pending direct appeals.
 Response:

 Request Number 2: Admit that after you and your agents received Attachment 1 hereto, you, collectively, gave cell 49 described therein to another prisoner who asked for it after the petitioner so as to deny the petitioner's more-timely request for retaliatory reasons.
 Response:

 Request Number 3: Admit pursuant to Fed. R. Civ. P. 36(a)(1)(B), Fed. R.

Civ. P. 36(a)(2), Fed. R. Civ. P. 36(a)(3), and Fed. R. Civ. P. 36(b) that Attachment 2 hereto is an authentic and genuine true copy of an inmate request to staff submitted by the petitioner pursuant to 28 C.F.R. § 542.13(a) and 42 U.S.C. § 1997e(a) on Friday, December 6th, 2019, mentioning explicitly his pending direct appeals.
    Response:

    Request Number 4: Admit that after you and your agents received Attachment 2 hereto, you, collectively, moved the petitioner not to cell 49, but to the FCI Terre Haute CMU special-housing unit (SHU) on the next business day, as outlined in the instant petition, for the explicit purposes of retaliating against his litigation and sabotaging his pending direct appeals.
    Response:

    Request Number 5: Admit that once you and your agents collectively moved the petitioner to the FCI Terre Haute CMU SHU, you collectively and contrary to your standard practices, packed out his cell the next business day and then gave away that cell to another prisoner so as to prevent the petitioner from moving back to his original cell when he left the SHU.
    Response:

    Request Number 6: Admit that after the first prisoner that you and your agents placed in the petitioner's original cell moved out, while the petitioner was still in the FCI Terre Haute CMU SHU, you then moved another prisoner into the petitioner's original cell so as to preserve your original retaliatory plan to deny the petitioner both the cell he had requested and the cell in which he was originally.
    Response:

    Request Number 7: Admit that when you and your agents collectively removed the petitioner from the FCI Terre Haute CMU SHU, you placed him in a significantly-less-desireable cell than he originally inhabited and from which another inmate was removed after complaining to you about asbestos therein.
    Response:

    Request Number 8: Admit pursuant to Fed. R. Civ. P. 36(a)(1)(B), Fed. R. Civ. P. 36(a)(2), Fed. R. Civ. P. 36(a)(3), and Fed. R. Civ. P. 36(b) that Attachment 3 hereto is an authentic and genuine true copy of an inmate request to staff submitted by the petitioner--but not submitted by him pursuant to 28 C.F.R. § 542.13(a)--on Monday February 3rd, 2020.
    Response:

    Request Number 9: Admit that when you and your agents collectively read Attachment 3 hereto, you, collectively, gave cell 54 away to a brand new CMU prisoner with nearly a year less of seniority in the unit than the petitioner, again so as to deprive the petitioner of what you commonly and customarily would provide to another prisoner but won't provide to him in order to retaliate against him and deter his ongoing litigation, and that you in fact gave away cell 54 the very next day after receiving the petitioner's request, i.e. on Wednesday, February 5th, 2020.
    Response:

    Request Number 10: Admit that you and your agents collectively made a material misrepresentation to The Honorable U.S. District Court for The Southern District of Indiana when you led The Court to believe falsely that

the FCI Terre Haute legal department was too busy to provide a declarant in the case of Hill v. Lamer[sic], 19-cv-00508-JRS-DLP (S.D. Ind.).
Response:

Request Number 11: Admit that in reality, you and your agents collectively were biding for time when you made the above misrepresentation to The Court so that you could transfer the petitioner in that other case to a special-management unit (SMU) in another district and thereby defeat The Court's jurisdiction and dodge adjudication of the merits of that other petition, as detailed in the instant petition.
Response:

Request Number 12: Admit that you and your agents conspire to place the instant petitioner in unconstitutional solitary confinement again in the future as part of your ongoing RICO scheme and in retaliation for his continued exercises of his Constitutional rights.
Response:

Request Number 13: Admit that "Prisoners have a constitutional right of access to the courts that, by necessity, includes the right to pursue the administrative remedies that must be exhausted before a prisoner can seek relief in court," DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000).
Response:

Request Number 14: Admit that, "a prisoner cannot be disciplined in any manner for making a reasonable attempt to exercise" the right of access to the courts, Sellers v. Beto, 345 F. Supp. 499, 501 (S.D. Tex. 1972), adopted by Morales v. Schmidt, 489 F.2d 1335, 1339 n. 6 (7th Cir. 1973).
Response:

Request Number 15: Admit that the demand to which the instant petition refers at page six paragraph 21 (herein "the demand") constitutes a reasonable attempt by the petitioner to exercise his Constitutional right of access to the courts.
Response:

Request Number 16: Admit that you punished the petitioner for his above-stated reasonable attempt to exercise his Constitutional right of access to the courts via the demand.
Response:

Request Number 17: Admit that the petitioner had "a liberty interest in [his] good-time credits and credit-earning class," specifically the drug-education class from which you removed him when you placed him in the SHU on Monday, December 9th, 2019, Scruggs v. Jordan, 485 F.3d 934, 937 (7th Cir. 2007).
Response:

Request Number 18: Admit that after years of offering no such drug-education classes in the FCI Terre Haute CMU, you only offered the aforementioned drug-education class there after the petitioner wrote to Senate Minority Leader Charles Schumer (D-NY) and reported the lack of such programming in his unit.
Response:

Request Number 19: Admit that Discipline Hearing Officer (DHO) Jason Bradley, as part of your ongoing RICO scheme, falsified and continues to

falsify federal records in Federal Bureau of Prisons discipline cases, including those of the petitioner.
Response:

Request Number 20: Admit that you and each of the entities to whom the demand is addressed separately and severly through your intentional and individual failures to perform your statutorily-mandated duties required by D.C. Code § 16-1905 have created a debt obligation to the petitioner that began accruing on Friday, December 6th, 2019, and continues to increase at the statutorily-mandated rate while the demand remains unsatisfied.

Response:

Request Number 21: Admit that you along with your parties in privity to whom the demand is addressed stipulate to compulsory and binding arbitration pursuant to the Federal Arbitration Act as evidenced by 9 U.S.C. § 1 et seq., and the laws of the states of California, Indiana, New Jersey, Pennsylvania, and Nevada, as well as the laws of The District of Columbia of all past, present, and future controversies, claims, disputes, and other issues arising from the demand with the sole exception of the instant habeas petition.
Response:

Request Number 22: Admit that you along with your parties in privity to whom the demand is addressed stipulate that any and all arbitration arising from the demand will be conducted under the rules of JAMS, an arbitration agency.
Response:

Request Number 23: Admit that you along with your parties in privity to whom the demand is addressed stipulate that any and all arbitration arising from the demand shall be subject to the parties giving three (3) days notice.
Response:

Request Number 24: Admit that you along with your parties in privity to whom the demand is addressed stipulate that any judgment(s) or award(s) rendered by the arbitrator(s) and arising from the demand may be entered into any court having jurisdiction thereof for execution and enforcement.
Response:

Request Number 25: Admit that you along with your parties in privity to whom the demand is addressed stipulate that any and all costs and fees, including any pre-award expenses and fees of any kind whatsoever that are associated with any arbitration arising from the demand, whether for monetary or non-monetary claims, shall be borne solely by the party or parties who refused, neglected, or failed to comply with the demand, thus compelling an arbitration resolution.
Response:

Signed under oath and penalty of perjury,

_____                        _____
Signature                                         Date


_____
Printed name of signatory

## CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, pro se, certify that on Thursday, February 6th, 2020, I delivered a copy of the foregoing document to Respondent B. Lammer by:

(1) in-hand delivery to his agent Ms. J. Wheeler of the FCI Terre Haute communications-management unit (CMU) unit team, acting in her official capacity as an agent of the respondent; and

(2) first-class U.S. mail, postage pre-paid, to The United States Attorney for The Southern District of Indiana on the aforementioned date or the first opportunity thereafter pursuant to Houston v. Lack, 487 U.S. 266 (1988).

by: _____
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

Attachment 1

To: CMU Unit Team
From: Martin S. Gottesfeld (Reg. No.: 12982-104)
Date: 10:43 A.M., Wednesday, November 27th, 2019
Subject: Cell 49?

Salutations Unit Team:

I hope that you are well.
I understand that cell 49 is once again habitable. May I please move there?
The ceiling paint in my current cell is chipping apart. I also feel that the location of cell 49 is far more conducive to my preparation of my pending direct appeals (First Circuit docket numbers 19-1107, et al.) and my civil suits because of privacy concerns arising in my current neighborhood, where an interloper, with whom I believe the DOJB already very well-acquainted, is now known to snoop around.
Thanks for your consideration and I hope that you have a good holiday.

Martin S. Gottesfeld
Reg. No.: 12982-104

> We cannot facilitate that move right now but will keep your request for a move in mind in the future.

- Page 1 of 1 -
- Page 6 of 8 -
- Page 24 of 34 -

2019-12-06 (Fri.): 2nd Request, I understand that cell 49 is once again available. May I please move there?

To: CMU Unit Team
From: Martin S. Gottesfeld (Reg. No.: 12982-104)
Date: 10:43 A.M., Wednesday, November 27th, 2019
Subject: Cell 49?

Salutations Unit Team:

I hope that you are well.

I understand that cell 49 is once again habitable. May I please move there?

The ceiling paint in my current cell is chipping apart. I also feel that the location of cell 49 is far more conducive to my preparation of my pending direct appeals (First Circuit docket numbers 19-1107, et al.) and my civil suits because of privacy concerns arising in my current neighborhood, where an intrloper, with whom I believe the DOJ is already very well-acquainted, is now known to snoop around.

Thanks for your consideration and I hope that you have a good holiday.

Martin S. Gottesfeld
Reg. No.: 12982-104

> We cannot facilitate that move right now but will keep your request for a move in mind in the future.

- Page 1 of 1 -

Attachment 3

From: Martin S. Gottesfeld (Reg. No.: 12982-104)
To: CMU Unit Team
Date: Monday, February 3rd, 2020
Subject: Move to cell 54?

Salutations Unit Team,

I hope you're well.

If cell 54 is habitable, may I please move there? If it is not, then may I please move to the closest habitable and vacant cell to 54? or to 48?

Thanks for your consideration,

Martin S. Gottesfeld

- Page 1 of 1 -
- Page 8 of 8 -
- Page 26 of 34 -