UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| Martin S. Gottesfeld, pro se,<br>Petitioner,<br>v.<br>B. Lammer, Warden of<br>The FCI Terre Haute, Indiana,<br>Respondent. | No.: **2:20-cv-00012-JRS-MJD** |

## SECOND MOTION FOR SUMMARY JUDGMENT (FED. R. CIV. P. 56 AND S.D. IND. L.R. 56.1)

Petitioner Martin S. Gottesfeld (herein the "petitioner"), acting pro se, hereby moves The Honorable Court pursuant to Fed. R. Civ. P. 56 and S.D. Ind. L.R. 56.1 for the entry of summary judgment in his favor.

This is the petitioner's second motion for summary judgment. The petitioner first moved for summary judgment simul et semel with his filing of the instant petition. Docket entry (D.E.) 5.

The Court denied sua sponte the petitioner's first motion for summary judgment without reaching its merits and without any answer by the respondent. D.E. 9 § III ("The Court will review the petition after the respondent has had an opportunity to answer the order to show cause and the petitioner has had an opportunity to reply.")

The time for which The Court was waiting has arrived. D.E. 21 and the petitioner's **REPLY TO RESPONSIVE PLEADING (D.E. 21)**, filed simul et semel with the instant motion.

Summary judgment is available in § 2241 cases. Romano v. Baer, 805 F.2d 268, 269 (7th Cir. 1986) ("We agree, however, that summary judgment was appropriate.")

In support of this motion, and in accordance with S.D. Ind. L.R. 56.1(a), the petitioner herewith provides Exhibit 1 hereto, Petitioner's Rule 56.1(a) Statement of Material Facts Not in Dispute.

Respectfully filed in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), by mailing to The Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage and U.S.P.S. tracking number 9114 9023 0722 4792 9869 73, handed to Ms. Jamie Wheeler of the FCI Terre Haute CMU unit team while acting in her official capacity as an agent of the respondent in the above-captioned case, on Friday, March 20th, 2020, or the first opportunity thereafter,

by: _____
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, pro se, hereby certify that I served a copy of the foregoing document on counsel for the respondent in the above-captioned case via in-hand delivery to her agent Ms. Jamie Wheeler of the FCI Terre Haute CMU unit team while acting in her official capacity as an agent of the respondent's counsel on Friday, March 20th, 2020, or the first opportunity thereafter, and that I was willing but unable to mail an additional copy to counsel for the respondent because the respondent will not allow me to make more than one (1) copy of my court filings in violation of 28 C.F.R. § 543.11(g),

by: _____
Martin S. Gottesfeld, pro se

## Petitioner's Rule 56.1(a) Statement of Material Facts Not in Dispute:

1. This Court has personal jurisdiction over the parties and subject-matter jurisdiction over the controversy in the case. Docket entry (D.E.) 1 at 1-3.

2. A copy of the demand in controversy, as highlighted (D.E. 1 at 15 ¶ 68), appears in the instant-case record. D.E. 21-1 at 23.

3. The petitioner has a First Amendment right to petition the Washington, DC, courts for relief pursuant to D.C. Code §§ 16-1905 and 13-421 et seq. U.S. Const. amend. I.

4. It is not for This Court to pass judgment upon the D.C. Code. 28 U.S.C. § 1738.

5. It is not for the respondent to to pass judgment upon the petitioner's court filings. Ex Parte Hull, 312 U.S. 546, 549 (1941).

6. The demand in controversy is a necessary prerequisite to the petitioner's exercise of his First Amendment right to petition the Washington, D.C., courts for relief pursuant to D.C. Code §§ 16-1905 and 13-421 et seq. The petitioner's March 20th, 2020, **CLAIM FOR MANDATORY JUDICIAL NOTICE, BY AFFIDAVIT, FED. R. EVID. 201(c)(2)** (herein RFA), Exhibit 1 Request Number 7; D.C. Code § 16-1905.

7. The respondent violated the petitioner's Constitutional rights when he punished him for taking necessary steps, including serving the demand in controversy, that are prerequisites to the exercise of his First Amendment right to petition the courts, including the Washington, D.C., courts. D.E. 1; RFA Exhibit 1 Request Numbers 7, 10, 12-13, 15, and 21; id. Exhibit 3 Request Numbers 12-17.

8. The petitioner stated a claim for which relief must be granted pursuant to 28 U.S.C. § 2241, i.e. the respondent must return the earned good-conduct time taken rom the petitioner as a sanction for incident report number 3338082 and make a quantum change in his custody by returning him to his previous custody level from Friday, December 6th, 2019. D.E. 1; RFA.

9. The petitioner exhausted the available administrative remedies relevant to the instant case when he filed The Eisele BP-8 and received no written response but was instead placed in solitary confinement. RFA Exhibit 1 Request Numbers 9 and 16-17 and Attachment 1; D.E. 1 at 24 ¶¶ 124-127;

10. The respondent then rendered unavailable to the petitioner further administrative-remedy procedures. RFA Exhibit 1 Request Number 17; D.E. 1 at 23 § IV The Petitioner Exhausted the Available Administrative-Remedy Procedures.

11. The respondent plans to retaliate again against the petitioner's litigation. RFA Exhibit 3 Request Number 12; id. Exhibit 1 Request Number 24.

12. The instant controversy has repeated and evaded review. D.E. 1 at 27 § V The Instant Petition Cannot Be Rendered Moot; RFA Exhibit 1 Request Number 19.

13. The petitioner would benefit tangibly from a conclusive finding in the case via res judicata. D.E. 1 at 37 ¶ 183.

14. Summary Judgment is appropriate. Ramano v. Baer 805 F.2d 268, 269

(7th Cir. 1986) ("We agree, however, that summary judgment was appropriate."); <u>RFA</u>; <u>D.E. 1</u>; <u>Fed. R. Civ. P. 8(b)(6)</u>; <u>Fed. R. Civ. P. 56</u>.