UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
APR - 9 2020
U.S. CLERK'S OFFICE
TERRE HAUTE, INDIANA

Martin S. Gottesfeld, pro se,
Petitioner,

v.

B. Lammer, Warden of
The FCI Terre Haute, Indiana,
Respondent.

No.: 2:20-cv-00012-JRS-MJD

## MOTION FOR DISCOVERY CONFERENCE AND INITIAL DISCLOSURE

Petitioner Martin S. Gottesfeld (herein "the petitioner"), acting pro se, hereby moves The Honorable Court to schedule in the instant case a discovery conference and to order an initial disclosure.

In support of this motion, the petitioner herewith provides Exhibit 1 hereto, Declaration of Martin S. Gottesfeld (Friday, April 3rd, 2020) and respectfully directs The Court's attention thereto.

As The Court is aware, the petitioner clearly pleaded the respondent's numerous failures to provide him minimum adequate procedural due process protections. Docket entry 1. The respondent falsely and frivolously denied these well-pleaded allegations without the required specificity as contemplated by Fed. R. Civ. P. 8(b)(6) and, indeed, introduced further evidence of unconstitutional procedural due process violations. D. E. 27. The petitioner noted

1 of 4
1 of 8

these omissions and shortcomings. REPLY TO RESPONSIVE PLEADING (D.E. 21) at 10 § C The Petitioner Was Not Afforded Due Process.

In so doing, the petitioner twice requested a discovery conference and initial disclosure. Id. at 11, citing Brady; and id. at 14, citing D.E. 9 at 1 § 1.

The petitioner also clearly pleaded that the respondent regularly deceives the Court with claims of mootness. REPLY TO RESPONSIVE PLEADING at 16 § V AS STATED, THE CLAIMS ARE NOT MOOT.

Now caught again the respondent is surreptitiously doubling-down on his previous futile and frivolous denials and once more attempting to deny the petitioner due process, but this time without leaving behind as much evidence.

Yet, still in the respondent's care, custody, and control, are the records of the rigging of the first hearing of incident report 3338082. The respondent first sought to spoliate these records despite the petitioner's timely and sufficient notice to preserve them for this litigation. D.E. 3. The Court ordered the preservation of these records, D.E. 9 at 1 § 1. But they have not been turned over.

The petitioner previously noted Festinatio justitiae est noverca infortunii. REPLY TO RESPONSIVE PLEADING at 13.

It is telling that in the midst of a national crisis, while the respondent should be securing personal protective gear for his staff (this unit staff currently have none), restoring food service to the national menu, overseeing sanitation, the scheduling of legal phone calls, the staffing of guard towers with live staff instead of — as is currently the case — mannequins, and the replacement of

law-library copy machines, cfr Exhibit 1 hereto at ¶ 18, the respondent is again rushing the adjudication of this same incident report while the petitioner is locked down 22 hours per day with limited access to legal resources and pending deadlines in other cases, including his direct appeals of his criminal conviction in the First Circuit.

The respondent's latest move reeks of desperation. He is trying desperately to avoid discovery in the instant case because the evidence he will have to turn over is fatal to the first botched adjudication of the incident report — which the respondent now further admits through his actions was irredeemably flawed — but also to any adjudication of the incident report.

These records will show that the respondent rigged the first hearing, i.e. that he ordered DHO Matthews before the hearing to find the petitioner guilty. And now, the respondent and the same agents of his are at it again, just outside of sight and sound of cameras and microphones and without a discoverable written evidence trail. The evidence from the first time around, however, will show that the respondent cannot ever be trusted to adjudicate the incident report and that the incident report is retaliatory in violation of U.S. Const. amend. I.

In the interests of justice and judicial economy and pursuant to Fed. R. Civ. P. 11, so as not to allow the respondent needlessly to delay and add expense to the instant litigation, the petitioner moves the Court to order initial disclosure, schedule a discovery conference, and order the respondent to produce the petitioner for the conference lest he be barred from attending.

Respectfully Filed, prison-mailbox rule, Friday, April 3rd, 2020,

by: /s/ MSG

Martin S. Gottesfeld, pro se

U.S.P.S. Priority Mail

Tracking # 9114 9023 0722 4792 9863 62