Exhibit 1

## Declaration of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, declare that the following is true and correct under the penalty of perjury under the laws of the United States pursuant to 28 U.S.C. § 1746(1) on this 3rd day of April, 2020:

1. I am Martin S. Gottesfeld and I am the petitioner in the case of Gottesfeld v. Lammer 2:20-cv-00012-JRS-MJD (herein "the case"), currently pending before The Honorable U.S. District Court for the Southern District of Indiana (herein "The Court").

2. Yesterday afternoon, Thursday, April 2nd, 2020, agent of the respondent in the case Mr. Williams — who conducted the UDC hearing of incident report 3338082 — came to my cell door during the nationwide Federal Bureau of Prisons Covid-19 lockdown without a facemask and without any other kind of personal-protection gear and said to me, "Gottesfeld, you need a staff representative."

3. Aware of another pending retaliatory incident report, but unaware of any pending DHO hearing, I inquired upon Mr. Williams as to the incident report relevant to his statement.

4. Mr. Williams flashed a piece of paper with C.O. S. Harvey's name on it but did not yet provide me with a copy.

5. Mr. Williams informally identified the incident report as number 3338082, i.e. the same incident report that proximately resulted in my filing of the case.

6. I was confused because the DHO hearing for incident report number 3338082 already occurred and alternate DHO D. Matthews

1 of 4
5 of 8

already produced a written ~~statement~~ report of his so-called "findings."

7. I have already completed sanctions — ~~Ex~~ exceeding those recommended by Mr. Williams — as a result of the fraudulent adjudication of incident report 3338082, brought the case, secured FRCP 36 admissions from Respondent Brian Lammer, and replied to the respondent's meritless response to my verified petition in the case, in which he frivolously argued, inter alia, that I had been provided with Due Process throughout the pendency of incident report 3338082.

8. I had not been asked to select a staff representative for any rehearing of incident report 3338082, and I had not in fact again chosen C.O. S. Harvey, though I would do so given the opportunity.

9. In this case, however, I was preemptively ~~being~~ told that I cannot choose C.O. S. Harvey and told to pick someone else... again.

10. Unsure of the status of incident report 3338082 after my recent filings in the case, and having been provided with no notice whatsoever as to any rescindance of Alternate DHO D. Matthews' false, malicious, contrived, misleading, retaliatory, unconstitutional, and bogus-like-a-$3-bill adjudication of the incident report, I inquired upon Mr. Matthews as to what had happened.

11. Mr. Matthews said to me that he didn't know.

12. I told Mr. Matthews that I cannot make a knowing selection of a staff representative while I do not know the status of the incident report.

13. Mr. Matthews understood and accepted my position.

14. Mr. Matthews indicated to me that he would inquire and said to me, "I'll see you tomorrow."

15. None of the exculpatory information that was withheld from

me prior to the respondent's prior placement of me in solitary confinement and the first "hearing" of the incident report and the imposition of sanctions has yet been turned over to me.

16. I am still blocked from my staff representative of choice, i.e., C.O. S. Harvey, because Respondent Brian Lammer and his agents, including DHO Jason Bradley and alternate DHO D. Matthews, continue to falsify federal records after C.O. S. Harvey blew the whistle on them and there is still a seperation order preventing C.O. S. Harvey from having anything to do with DHO Bradley and DHO Jason Bradley still controls the adjudication of all incident reports at FCI Terre Haute, including incident report 3338082, for any rehearing of the incident report.

17. My access to the electronic law library (ELL), which I need in order to produce a written statement, is practically non-existant during the nationwide lockdown because I must attend to personal hygiene, cell sanitation, food preparation, legal research and correspondence for my pending direct appeals in The First Circuit, retention of counsel to handle an appeal in The Second Circuit, and other personal matters during the only two (2) hours per day that I am allowed outside my cell.

18. Respondent Brian Lammer and his agents also have other more immediate concerns during the national lockdown — or at least one would think — such as securing personal-protective gear for staff and prisoners, restoring food service to compliance with the national menus, overseeing sanitation, legal phone calls which must replace in-person attorney visits, and staffing the guard towers with actual people instead of, as is currently the case, mannequins, inter alia.

I do declare that the foregoing is true and correct under the penalty of perjury under the laws of The United States.
Executed on Friday, April 3rd, 2020.
by: [signature]
Martin S. Gottesfeld