SENSITIVE: BP-10/PREA
U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Gottesfeld, Martin, S.__  __12982-104__  __D/CMU__  __FCI-THA__
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A - REASON FOR APPEAL  The procedure proffered by Warden Brian Lammer violates the anonymity requirement of 28 28 C.F.R. § 115.51(b) by requiring me to identify myself as the originator of my PREA complaints to the small number of static CMU unit staff who accept care, custody, and control of my outbound physical correspondence. The FCI-THA CMU prisoner population, unit team, and (hopefully) frequency of external PREA complaints made and handled thereby are all sufficiently small that, in all cases using the procedure proffered by Warden Brian Lammer, unit staff would know exactly who filed _each_ and _every specific_ complaint. Moreover, the procedure Warden Brian Lammer proffers does _not_ exist and he lacks the _authority to create it ad hoc._ Program Statement 5214.02 Communications Management Unit[sic] specifically forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superceding regulation in _The Federal Register_ nor implemented the required public-comment period in regards thereto.

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.
NO RETALIATION PLEASE.

July 7th, 2020 (Tue.)                                         [signature]
DATE                                                            SIGNATURE OF REQUESTER

**Part B - RESPONSE**




DATE                                                            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                      CASE NUMBER: _____

**Part C - RECEIPT**                                            CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____                3 of 10        _____
DATE                                       SIGNATURE, RECIPIENT OF REGIONAL APPEAL
                                                                          BP-230(13)



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☒ Institution   ☐ Region   ☐ Central

_CMU_ Unit

# Receipt of Administrative Remedy

Inmate Name: _Gottesfeld Martin_ Reg. No.: _12982-104_

Administrative Remedy No.: _1000236-F1_

Received on this _7th_ day of _July_, 2020.

_PL   csw_
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _7/17_, 2020.

Edits received by Unit Team on this _____ day of _____, 2020.

_____
Signature/Title of Staff

**Inmate Copy**

4 of 10

Remedy No.: 1000236-F1                                               FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted December 10, 2019, in which you allege that you do not have a confidential way to make a PREA complaint. For relief, you request to be able to make a PREA report confidentially.

A review of your request reveals the CMU is established to house inmates who require increased monitoring of communications with persons in the community to protect the safety, security and orderly operation of Bureau facilities, and to protect the public. You and the other CMU inmates are permitted to submit a PREA complaint to OIG without review by staff in a manner consistent with Program Statement 5214.02, <u>Communications Management Units</u>. You may draft a PREA complaint and provide it to staff in an unopened envelope so they may scan the document for contraband prior to it being sealed for mailing, similar to the processing of mail to or from an attorney. The complaint will then be mailed to the outside entity for processing as they deem appropriate, which may include an independent or local investigation.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

_5/25/20_
Date

_____
B. Lammer, Warden

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Gottesfeld, Martin, S. | 12982-104 | D/CMU | FCI-THA
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A- INMATE REQUEST** Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the "Request to Staff" button is no longer disabled in the CMU.

I filed the BP-8 that corresponds to this BP-9 more than eleven (11) days ago and never heard back. I thus take the lack of response to my attempt at informal resolution as a denial thereof and file this BP-9.

There is no way for FCI-THA CMU inmates to anonymously report PREA violations "to a public or private entity or office that is not part of the agency, and that is able to receive and immediately forward reports of sexual abuse... to agency officials, allowing the inmate to remain anonymous upon request." There is no access to PREA hotlines in the FCI-THA CMU and no way for PREA reports to be submitted anonymously. My prior attempt to report anonymously a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. Baker trying to interview me in the CMU and this was wholly inappropriate. We are unable to contact the OIG through TRULINCS because the button is disabled.

NO RETALIATION PLEASE.

Sun., Dec. 8th, 2019
DATE | SIGNATURE OF REQUESTER

**Part B- RESPONSE**

DATE | WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____
CASE NUMBER: 1000236-F1

**Part C- RECEIPT**
Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

6 of 10

DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

Attachment 1

# FCC Terre Haute

## Administrative Remedy – Informal Resolution

| Inmate Name: Gottesfeld | Register #: 12982-104 |
|---|---|
| Unit: CMU | Date Submitted: Tue., Nov. 26th, 2019 |

**Section 1: NOTICE TO INMATE** - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

**Section 1a:** Briefly state your specific single complaint: There is no way for FCI-THA CMU inmates to anonymously report PREA violations "to a public or private entity or office that is not part of the agency, and that is able to receive and immediately forward reports of sexual abuse... to agency officials, allowing the inmate to remain anonymous upon request." There is no access to PREA hotlines in the FCI-THA CMU and no way for PREA reports to be submitted anonymously. My prior attempt to anonymously report a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. Baker trying to interview me in the CMU and this was wholly inappropriate. We are unable to contact the OIG through TRULINCS because the button is disabled.

**Section 1b:** Briefly state the resolution you request: Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the "Request to Staff" button is no longer disabled in the CMU.

Inmate Signature: /s/

Counselor Printed Name/Signature:

**Section 2: Department Assigned**

Date Assigned: | Date Due:

| ☐ Food Service | ☐ Unit Mgmt | ☐ Unicor | ☐ Education |
| ☐ Psychology | ☐ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☐ SIS | |

**Section 3: Department Head Response**

Issue Resolved Comments:

Issue Un-resolved Comments:

Unable to Address Issue Comments:

| Inmate Signature if Resolved: | Date: |
| Staff Signature: | Date: |

**Section 4: Tracking**

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 10-9-19 | | | | | |
| Time | 1300 | | | | | |
| Staff | R. Eisele | | | | | |

6 of 6

Martin S. Gottesfeld
Reg. No. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808





⇔12982-104⇔
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

ARP No. 1000236-F1

Tuesday, July 7th, 2020; <u>Houston v. Lack</u>, 487 U.S. 266 (1988)

2020-07-07 (Tue.)
BP-10 - PREA Hotline
ARP No. 1000236-F1

8 of 10

Exhibit 2

## Declaration of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, declare that the following is true and correct under the penalty of perjury under the laws of The United States pursuant to 28 USC § 1746(1) on this seventh (7th) day of July, 2020:

1. I am Martin S. Gottesfeld and I am the petitioner in the case of Gottesfeld v. Lammer, 2:20-cv-00012-JRS-MJD (herein "the case") pending before the Honorable U.S. District Court for The Southern District of Indiana (herein "The Court").

2. Exhibit 1 to this filing is an administrative-remedy appeal that I turned over to prison authorities for mailing at the same time as this filing.

3. I note that Exhibit 1 is an external grievance, as contemplated by Seventh Circuit case law, in that it is directed outside the FCI Terre Haute, Indiana.

4. I further note that I only feel comfortable mailing Exhibit 1 because right now the watchful eye of The Court is on Respondent Lammer; otherwise, given the events outlined in the instant verified petition, I would not compose or mail Exhibit 1.

5. Indeed, if not for the instant case, Respondent Lammer would've continued his well-established course of conduct of ignoring such BP-8s and BP-9s and I never would've received a response at all. Please cf. Docket entry (D.E.) 33-1

1 of 2
9 of 10

at 7 ¶ 63; D.E. 32-1 at 5 Request Number 16; D.E. 32-1 at 7; D.E. 33 at 5-6, citing D.E. 1 at 24 ¶¶ 124-125, Ross v. Blake, Turley v. Rednour, D.E. 1 at 25 ¶ 131 quoting Lewis v. Washington, RFA Exhibit 1 Request Numbers 16-17 and Attachment 1. Please cf. also D.E. 33 at 16, quoting D.E. 1 at 27 ¶¶ 137-138; and D.E. 33-1 at 4 ¶¶ 31 and 33. Then please cf. D.E. 33-5 (showing Houston v. Lack date just before the date of Respondent Lemmer's belated response to the BP-9 in Exhibit 1 hereto).

6. Moreover, I turned in BP-9 Number 1000236-F1 mere hours before Respondent Lemmer threw me into solitary and tried to transfer me in retaliation, despite my explicit request, "NO RETALIATION PLEASE."

7. Thereafter Respondent Lemmer made Mr. Todd Royer, who is mentioned as the subject of my PREA complaint, my new unit manager.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed on Tuesday, July 7th, 2020.

by: /s/ Martin S. Gottesfeld

2 of 2
10 of 10