Exhibit 1

Declaration of Martin S. Gottesfeld:

I declare as follows pursuant to 28 U.S.C. § 1746(1):

1. I am Martin S. Gottesfeld, the petitioner in the case Gottesfeld v. Lammer, 2:20-cv-00012-JRS-MJD ~~et al.~~ (herein "the case"), pending before The Honorable U.S. District Court for The Southern District of Indiana (herein "The Court").

2. Attachment A hereto is a copy of a regional remedy appeal and Attachment B hereto is a copy of the front of the envelope in which I am handing Attachment A to prison authorities for mailing to the respondents' North Central regional office concurrently with the filing of this notice in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988).

3. I filed an earlier version of this regional remedy appeal as part of a notice filing in the case.

4. Today, Monday, August 3rd, 2020, I received the BOP's response to this earlier version, which is ~~incorporated~~ incorporated into Attachment A.

5. The "Receipt of Administrative Remedy" corresponding to the BOP's response was dated August 3rd, 2020, and signed by agent of the respondent Ms. Rebekka Eisele in a light-pink pen that is hard

to photocopy. Attachment A at 2.

6. When I received the BOP's response, the "Central" checkbox was already whited out, presumably by Ms. Ezdele.

7. The BOP responded under Administrative Remedy (AR) No. 1035041-R1 but the original appeal was submitted under AR No. 1000236-F1. Id. at 2 and id. at 4-6.

8. The BOP's response consisted of only two (2) pages, shown id. at 2-3, and I provided the remaining pages from my records for the second appeal.

9. Contrary to the BOP's assertion id. at 3, I included in my original regional appeal, "A COPY OF [my] INSTITUTION ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM" and "A COPY OF THE (BP-09) RESPONSE FROM THE WARDEN."

10. If these documents do not appear in SENTRY, then they were removed by the respondent or his agents once in their custody and control.

11. Normally, when I have multiple ARs pending at each level of the BOP, I would not even know from the BOP's terse response of just id. at 2-3 which AR request the BOP was sabotaging and rejecting, because the BOP changed the AR no. in its response; I am only able to deduce the correct AR this time because I have no others pending.

12. To avoid the remote possibility of this very

predictable misclassification occurring in good faith—
which it did not — I also wrote the AR No.
on the envelope in which I mailed it to the
BOP and I am doing so again. Attachment B.

I declare ~~that~~ that the foregoing is true and
correct under the penalty of perjury under the laws
of The United States. Executed on Monday,
August 3rd, 2020,

by: Martin S. Gottesfeld

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Gottesfeld, Martin S.     12982-****104     D/CMU     ~~BT-GMB~~ FCI-THA
      LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** This is an appeal of AR No. 1000236-F1 resubmitted after regional misclassified it under 1035041-R1. The procedure proffered by Warden Brian Lammer violates the anonymity requirement of 28 C.F.R. § 115.51(b) by requiring me to identify myself as the originator of my PREA complaints to the small number of static CMU unit staff who accept care, custody, and control of my outbound physical correspondence. The FCI-THA CMU prisoner population, unit team, and (hopefully) frequency of external PREA complaints made and handled thereby are all sufficiently small that, in all cases using the procedure proffered by Warden Brian Lammer, unit staff would know exactly who filed <u>each</u> and every specific complaint. Moreover, the procedure Warden Brian Lammer proffers does <u>not</u> exist for mail to the OIG and he lacks the authority to create it ad hoc. Program Statement 5214.02 Communications Management Unit[sic] forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superseding regulation in The Federal Register nor implemented the required public-comment period in regards thereto.

My previous attempt to alert the OIG anonymously to a PREA violation by Todd Royer led directly to S.I.S. Lt. Baker trying to interview me in the CMU before the report could possibly have reached the OIG by mail (within 24 hours).

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO FURTHER RETALIATION PLEASE.

Aug. 3rd, 2020 (Mon.)
_____     _____
DATE                        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____                    _____
DATE                                        REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE     CASE NUMBER: _____

**Part C - RECEIPT**     CASE NUMBER: _____

- 6 of 14 -

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                        SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☐ Institution  ☒ Region    Central

___CMU___ Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | **GOTTESFELD, Martin** | Reg. No.: | 12982-104 |
|---|---|---|---|
| Administrative Remedy No.: | **1035041-R1** | | |

Received on this _____3rd_____ day of _____Aug._____ , 2019.

_____ csw
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____8/13_____ , 2019.

Edits received by Unit Team on this _____ day of _____ , 2019.

_____
Signature/Title of Staff

## Inmate Copy

- 7 of 14 -

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 23, 2020


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI    UNT: CMU    QTR: D03-038L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1035041-R1      REGIONAL APPEAL
DATE RECEIVED  : JULY 13, 2020
SUBJECT 1      : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REJECT REASON 3: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 4: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

SENTRY

**U.S. Department of Justice** | **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: <u>Gottesfeld, Martin, S.</u>    <u>12982-104</u>    <u>D/CMU</u>    <u>FCI-THA</u>
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** The procedure proffered by Warden Brian Lammer violates the anonymity requirement of 28 28 C.F.R. § 115.51(b) by requiring me to identify myself as the originator of my PREA complaints to the small number of static CMU unit staff who accept care, custody, and control of my outbound physical correspondence. The FCI-THA CMU prisoner population, unit team, and (hopefully) frequency of external PREA complaints made and handled thereby are all sufficiently small that, in all cases using the procedure proffered by Warden Brian Lammer, unit staff would know exactly who filed each and every specific complaint. Moreover, the procedure Warden Brian Lammer proffers does not exist and he lacks the authority to create it ad hoc. Program Statement 5214.02 Communications Management Unit[sic] specifically forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superceding regulation in The Federal Register nor implemented the required public-comment period in regards thereto.

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO RETALIATION PLEASE.

July 7th, 2020 (Tue.)
_____           _____
       DATE                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____           _____
       DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

**Part C - RECEIPT**              CASE NUMBER: _____

– 9 of 14 –

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____           _____
       DATE                  SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☑ Institution   ☐ Region   ☐ Central

_C M U_ Unit

# Receipt of
# Administrative Remedy

Inmate Name: _Gottesfeld Martin_ Reg. No.: _12982-104_

Administrative Remedy No.: _1000236-F1_

Received on this ___7th___ day of ___July___, 2020.

_Re   csw_
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff
member by _7/17_, 2020.

Edits received by Unit Team on this _____ day of _____, 2020.

_____
Signature/Title of Staff

Inmate Copy

- 10 of 14 -

Remedy No.:  1000236-F1

FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted December 10, 2019, in which you allege that you do not have a confidential way to make a PREA complaint. For relief, you request to be able to make a PREA report confidentially.

A review of your request reveals the CMU is established to house inmates who require increased monitoring of communications with persons in the community to protect the safety, security and orderly operation of Bureau facilities, and to protect the public.   You and the other CMU inmates are permitted to submit a PREA complaint to OIG without review by staff in a manner consistent with Program Statement 5214.02, Communications Management Units.  You may draft a PREA complaint and provide it to staff in an unopened envelope so they may scan the document for contraband prior to it being sealed for mailing, similar to the processing of mail to or from an attorney.  The complaint will then be mailed to the outside entity for processing as they deem appropriate, which may include an independent or local investigation.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

3/23/20
Date

B. Lammer, Warden

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Gottesfeld, Martin, S. | 12982-104 | D/CMU | FCI-THA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**   Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the "Request to Staff" button is no longer disabled in the CMU.

I filed the BP-8 that corresponds to this BP-9 more than eleven (11) days ago and never heard back. I thus take the lack of response to my attempt at informal resolution as a denial thereof and file this BP-9.

There is no way for FCI-THA CMU inmates to anonymously report PREA violations "to a public or private entity or office that is not part of the agency, and that is able to receive and immediately forward reports of sexual abuse... to agency officials, allowing the inmate to remain anonymous upon request." There is no access to PREA hotlines in the FCI-THA CMU and no way for PREA reports to be submitted anonymously. My prior attempt to report anonymously a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. Baker trying to interview me in the CMU and this was wholly inappropriate. We are unable to contact the OIG through TRULINCS because the button is disabled.

NO RETALIATION PLEASE.

| Sun., Dec. 8th, 2019 | | |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                                        CASE NUMBER: _____

                                                                 CASE NUMBER: 1000236-F1

**Part C– RECEIPT**
– 12 of 14 –

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |



USP LVN

BP-229(13)
APRIL 1982

Attachment 1

FCC Terre Haute

Administrative Remedy – Informal Resolution

| Inmate Name: Gottesfeld | Register #: 12982-104 |
|---|---|
| Unit: CMU | Date Submitted: Tue., Nov. 26th, 2019 |

Section 1: NOTICE TO INMATE - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

Section 1a: Briefly state your specific single complaint: There is no way for FCI-THA CMU inmates to anonymously report PREA violations "to a public or private entity or office that is not part of the agency, and that is able to receive and immediately forward reports of sexual abuse... to agency officials, allowing the inmate to remain anonymous upon request." There is no access to PREA hotlines in the FCI-THA CMU and no way for PREA reports to be submitted anonymously. My prior attempt to anonymously report a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. Baker trying to interview me in the CMU and this was wholly inappropriate. We are unable to contact the OIG through TRULINCS because the button is disabled.

Section 1b: Briefly state the resolution you request: Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the "Request to Staff" button is no longer disabled in the CMU.

Inmate Signature:

Counselor Printed Name/Signature:

Section 2: Department Assigned

| Date Assigned: | | Date Due: | |
|---|---|---|---|
| ☐ Food Service | ☐ Unit Mgmt | ☐ Unicor | ☐ Education |
| ☐ Psychology | ☐ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☐ SIS | |

Section 3: Department Head Response

Issue Resolved Comments:

Issue Un-resolved Comments:

Unable to Address Issue Comments:

| Inmate Signature if Resolved: | | Date: |
|---|---|---|
| Staff Signature: | | Date: |

Section 4: Tracking

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 10-9-19 | | | | | |
| Time | 1300 | | | | | |
| Staff | R. Eisele | | | | | |

THX-1330.18C

− 13 of 14 −

<u>Attachment B</u>    — 1 of 1 —

Martin S. Gottesfeld
Reg. No. 12982~104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808



UNITED STATES
POSTAL SERVICE®

**USPS TRACKING #**



9114 9023 0722 4290 6094 59

℅ 12982-104 ℅
North Central Region
400 State AVE
Kansas CiTY, KS 66101-2492
United States

ARP No. 1000236-F1
Monday, August 3rd, 2020

2020-08-03
2nd BP-10 in re PREA
reporting from CMU

— 14 of 14 —