Exhibit 1

Declaration of Martin S. Gottesfeld:

I declare as follows pursuant to 28 U.S.C. § 1746(1):

1. I am Martin S. Gottesfeld, the petitioner in the case Gottesfeld v. Lammer, 2:20-cv-00012-JRS-MJD (herein "the case"), pending before The Honorable U.S. District Court for the Southern District of Indiana (herein "The Court").

2. Attachment A hereto is what it purports itself to be, a regional administrative-remedy appeal (BP-10).

3. Attachment B hereto is a copy of the envelope bearing the regional administrative-remedy appeal depicted by Attachment A hereto to the BOP's North Central regional office.

4. Attachment C hereto is what it purports itself to be, an inmate request to staff (cop-out) requesting a timeliness memorandum to accompany the aforementioned BP-10.

5. Attachment D hereto is what it purports itself to be, a letter from me to the office of the BOP's North Central regional director in re administrative remedy (AR) nos. 1000236-R1 and 1035041-R1.

6. Attachment E hereto is a copy of the envelope bearing the letter depicted by Attachment D hereto to the office of the BOP's North Central regional director.

7. At my earliest subsequent opportunity, I

MSG-2020-08-07

nearly — simultaneously relinquished care, custody, and control of this filing and of the original materials depicted by attachments A-E hereto to the FCI Terre Haute CMU unit team for appropriate handling.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of the United States. Executed Thursday, August 6th, 2020

by: MSG
Martin S. Gottesfeld

**U.S. Department of Justice**     ATTACHMENT A     **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From:     Gottesfeld, Martin, S.     12982-104     D/CMU     FCI-THA

      LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

**Part A - REASON FOR APPEAL** This is a resubmission of admin. rem. (AR) no. 1000236-R1. Please see enclosed timeliness memo. My original BP-10 was timely received at North Central Region July 17, 2020, in an envelope bearing U.S.P.S. tracking no. 9114 9023 0722 4792 9874 44, but misclassified under AR no. 1035041-R1. For unspecified reason(s), despite the presence in the same envelope of the relevant BP-8, BP-9, warden's response, and signed receipt of the warden's response on July 7, 2020, the BP-10 was separated by regional into a new AR all by itself under no. 1035041-R1 while the BP-8, BP-9, warden's response, and the signed receipt of the warden's response were filed by regional under AR no. 1000236-R1. Both AR nos. 1000236-R1 and 1035041-R1 were then rejected as incomplete. I received 1035041-R1 first, two (2) days ago, and timely appealed in an envelope bearing tracking no. 9114 9023 0722 4290 6094 59. AR Nos. 1000236-R1 and 1035041-R1 should be merged into 1000236-R1 and reconsidered together as timely. For convenience I reiterate my original BP-10 below.

The procedure proffered by Warden Brian Lammer violates the anonymity requirement of 28 C.F.R. § 115.51(b) by requiring me to identify myself as the originator of my PREA complaints to the small number of static CMU unit staff who accept care, custody, and control of my outbound physical correspondence. The FCI-THA CMU prisoner population, unit team, and (hopefully) frequency of external PREA complaints made and handled thereby are all sufficiently small that, in all cases using the procedure proffered by Warden Brian Lammer, unit staff would know exactly who filed <u>each</u> and <u>every</u> <u>specific</u> complaint. <u>Please see enclosed continuation page.</u>

Aug. 6th, 2020 (Thu.)

_____            _____

      DATE                                           SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____            _____

      DATE                                           REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

**Part C - RECEIPT**                                    CASE NUMBER: _____

                           - 6 of 27 -

Return to: _____

      LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

_____            _____

      DATE                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

REGIONAL ADMINISTRATIVE REMEDY APPEAL OF 1000236-R1 CONTINUATION PAGE

Moreover, the procedure Warden Brian Lammer proffers does not ~exist for mail to the OIG and he lacks the authority to create it ad hoc. Program Statement 5214.02 Communications Management Unit[sic] forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superseding regulation in The Federal Register nor implemented the required public-comment period in regards thereto.

My previous attempt to alert the OIG anonymously to a PREA violation by Todd Royer led directly to S.I.S. Lt. Baker trying to interview me in the CMU before the report could possibly have reached the OIG by mail (i.e. within 24 hours of me handing it to staff for mailing).

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO FURTHER RETALIATION PLEASE.

Aug. 6th, 2020
[Date]

[Signature of requester]

- Continuation Page 1 of 1 -

REGIONAL ADMINISTRATIVE REMEDY APPEAL OF 1000236-R1 CONTINUATION PAGE

Moreover, the procedure Warden Brian Lammer proffers does not exist for mail to the OIG and he lacks the authority to create it ad hoc. Program Statement 5214.02 Communications Management Unit[sic] forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superseding regulation in The Federal Register nor implemented the required public-comment period in regards thereto.

My previous attempt to alert the OIG anonymously to a PREA violation by Todd Royer led directly to S.I.S. Lt. Baker trying to interview me in the CMU before the report could possibly have reached the OIG by mail (i.e. within 24 hours of me handing it to staff for mailing).

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO FURTHER RETALIATION PLEASE.

Aug. 6th, 2020
[Date]

[Signature of requester]

- Continuation Page 1 of 1 -

REGIONAL ADMINISTRATIVE REMEDY APPEAL OF 1000236-R1 CONTINUATION PAGE

Moreover, the procedure Warden Brian Lammer proffers does not^exist for mail to the OIG and he lacks the authority to create it ad hoc. Program Statement 5214.02 Communications Management Unit[sic] forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superseding regulation in The Federal Register nor implemented the required public-comment period in regards thereto.

My previous attempt to alert the OIG anonymously to a PREA violation by Todd Royer led directly to S.I.S. Lt. Baker trying to interview me in the CMU before the report could possibly have reached the OIG by mail (i.e. within 24 hours of me handing it to staff for mailing).

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO FURTHER RETALIATION PLEASE.

Aug. 6th, 2020
[Date]

[Signature of requester]

- Continuation Page 1 of 1 -

- 9 of 27 -

REGIONAL ADMINISTRATIVE REMEDY APPEAL OF 1000236-R1 CONTINUATION PAGE

Moreover, the procedure Warden Brian Lammer proffers does not for mail to the OIG and he lacks the authority to create it ad hoc. Program Statement 5214.02 Communications Management Unit[sic] forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superseding regulation in The Federal Register nor implemented the required public-comment period in regards thereto.

My previous attempt to alert the OIG anonymously to a PREA violation by Todd Royer led directly to S.I.S. Lt. Baker trying to interview me in the CMU before the report could possibly have reached the OIG by mail (i.e. within 24 hours of me handing it to staff for mailing).

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO FURTHER RETALIATION PLEASE.

Aug. 6th, 2020
[Date]

[Signature of requester]

- Continuation Page 1 of 1 -



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☐ Institution   ☒ Region   ☐ Central

CMU Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | GOTTESFELD, M. | Reg. No.: | 16449-053 |
|---|---|---|---|
| Administrative Remedy No.: | 1000236-R1 | | |

Received on this _____ day of _____, 2020.

_____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2020.

Edits received by Unit Team on this _____ day of _____, 2020.

_____
Signature/Title of Staff



- 11 of 27 -

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 20, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI     UNT: CMU     QTR: D03-038L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1000236-R1     REGIONAL APPEAL
DATE RECEIVED  : JULY 17, 2020
SUBJECT 1      : OTHER NON-MAIL COMMUNICATION
SUBJECT 2      : COMMUNICATION MANAGEMENT UNIT
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REJECT REASON 2: YOU DID NOT SUBMIT YOUR REQUEST OR APPEAL ON THE PROPER
                 FORM (BP-9, BP-10, BP-11) (CIRCLE ONE)

- 12 of 27 -



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☑ Institution ☐ Region ☐ Central

_CMU_____ Unit

# Receipt of
# Administrative Remedy

Inmate Name: _Gottesfeld Martin_ Reg. No.: _12982-104_

Administrative Remedy No.: _1000236-F1_

Received on this ___7th___ day of ___July___, 2020.

_Pr   cso_

Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff
member by _7/17_____, 2020.

Edits received by Unit Team on this _____ day of _____, 2020.

_____

Signature/Title of Staff

Inmate Copy

— 13 of 27 —

MARTIN GOTTESFELD, 12982-104
TERRE HAUTE FCI     UNT: CMU     QTR: D03-038L
4200 BUREAU ROAD NORTH
TERRE HAUTE,  IN 47808

Remedy No.:  1000236-F1                                        FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted December 10, 2019, in which you allege that you do not have a confidential way to make a PREA complaint. For relief, you request to be able to make a PREA report confidentially.

A review of your request reveals the CMU is established to house inmates who require increased monitoring of communications with persons in the community to protect the safety, security and orderly operation of Bureau facilities, and to protect the public.   You and the other CMU inmates are permitted to submit a PREA complaint to OIG without review by staff in a manner consistent with Program Statement 5214.02, <u>Communications Management Units</u>.  You may draft a PREA complaint and provide it to staff in an unopened envelope so they may scan the document for contraband prior to it being sealed for mailing, similar to the processing of mail to or from an attorney.  The complaint will then be mailed to the outside entity for processing as they deem appropriate, which may include an independent or local investigation.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

_5/25/20_____                         _____
Date                                           B. Lammer, Warden

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Gottesfeld, Martin, S. | 12982-104 | D/CMU | FCI-THA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the 'Request to Staff' button is no longer disabled in the CMU.

I filed the BP-8 that corresponds to this BP-9 more than eleven (11) days ago and never heard back. I thus take the lack of response to my attempt at informal resolution as a denial thereof and file this BP-9.

There is no way for FCI-THA CMU inmates to anonymously report PREA violations "to a public or private entity or office that is not part of the agency, and that is able to receive and immediately forward reports of sexual abuse... to agency officials, allowing the inmate to remain anonymous upon request." There is no access to PREA hotlines in the FCI-THA CMU and no way for PREA reports to be submitted anonymously. My prior attempt to report anonymously a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. Baker trying to interview me in the CMU and this was wholly inappropriate. We are unable to contact the OIG through TRULINCS because the button is disabled.

NO RETALIATION PLEASE.

| Sun., Dec. 8th, 2019 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B- RESPONSE**

RECEIVED JUL 17 2020

Rec'd 12-10-19

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

CASE NUMBER: 1060236-F1

**Part C- RECEIPT**

— 16 of 27 —

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

| | | |
|---|---|---|
| DATE | | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP-229(13)
APRIL 1982

Attachment 1

FCC Terre Haute

Administrative Remedy – Informal Resolution

| Inmate Name: Guttesfeld | Register #: 12982-104 |
|---|---|
| Unit: CMU | Date Submitted: Tue., Nov. 26th, 2019 |

**Section 1:** NOTICE TO INMATE - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

**Section 1a:** Briefly state your specific single complaint: There is no way for FCI-THA CMU inmates to anonymously report PREA violations "to a public or private entity or office that is not part of the agency, and that is able to receive and immediately forward reports of sexual abuse... to agency officials, allowing the inmate to remain anonymous upon request." There is no access to PREA hotlines in the FCI-THA CMU and no way for PREA reports to be submitted anonymously. My prior attempt to anonymously report a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. Baker trying to interview me in the CMU and this was wholly inappropriate. We are unable to contact the OIG through TRULINCS because the button is disabled.

**Section 1b:** Briefly state the resolution you request: Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the "Request to Staff" button is no longer disabled in the CMU.

Inmate Signature: _[signature]_

Counselor Printed Name/Signature:

**Section 2:** Department Assigned

| Date Assigned: | | Date Due: | |
|---|---|---|---|
| ☐ Food Service | ☐ Unit Mgmt | ☐ Unicor | ☐ Education |
| ☐ Psychology | ☐ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☐ SIS | |

**Section 3:** Department Head Response

| | Issue Resolved Comments: |
|---|---|
| | Issue Un-resolved Comments: |
| | Unable to Address Issue Comments: |

| Inmate Signature if Resolved: | | Date: |
|---|---|---|
| Staff Signature: | | Date: |

**Section 4:** Tracking

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 10-9-19 | | | | | |
| Time | 1300 | | | | | |
| Staff | R. Eistle | | | | | |

Attachment B - 1 of 1 -

Martin S. Gottesfeld
Reg. No. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808



UNITED STATES
POSTAL SERVICE ®

USPS TRACKING #

9114 9023 0722 4792 9877 27



⇔12982-104⇔
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

AR No. 1000236-R1
Thursday, August 6th, 2020; Houston v. Lack, 487 U.S. 266 (1988)

Attachment C

To: CMU Unit Team
From: Martin S. Gottesfeld (Reg. No. 12982-104)
Date: Thursday, August 6th, 2020
Subject: Timeliness Memo for AR No. 1000236-R1?

Salutations Unit Team:

I hope you are well.

In accordance with standard procedure and CMU custom, as best as I understand such as a reasonable prisoner of average intellect, I write to request a timeliness memo in re administrative remedy (AR) no. 1000236-R1.

Respondent Lammer received the relevant BP-9 Tuesday, December 10th, 2019. Please see AR no. 1000236-F1 and my mailing to regional, dated today, Thursday, August 6th, 2020, bearing U.S.P.S. tracking no. 9114 9023 0722 4792 9877 27.

For unspecified reason(s), Respondent Lammer untimely answered the BP-9 Monday, March 23rd, 2020. Id.

Then, also for unspecified reason(s), Case Manager Ms. Rebekka Eisele untimely delivered to me the warden's response Tuesday, July 7th, 2020 — nearly seven (7) months after my timely BP-9. Id.

I forthwith composed a BP-10 and the very next day — Wednesday, July 8th, 2020 — I turned over this BP-10 to the unit team for mailing to regional in an envelope bearing U.S.P.S. tracking no. 9114 9023 0722 4792 9874 44. Please see your records of my correspondence,

1 of 2
19 of 27

maintained pursuant to 28 C.F.R. §§ 540.200 et seq.; and AR no. 1035041-R1 (for further unspecified reasons, this BP-10 was misclassified under a new AR no.)

I also filed copies of my full July 8th, 2020, mailing to regional, with the benefit of the prison-mailbox rule, in the cases Gottesfeld v. Lammer, 2:20-cv-00012-JRS-MJD (S.D. Ind.), and Brown v. Federal Bureau of Prisons, 19-cv-02795-RBW (D.D.C.)

My BP-10 was timely received by regional Friday, July 17th, 2020. AR. nos. 1000236-R1 and 1035041-R1.

Nonetheless, for further unspecified reason(s), ~~my~~ ~~regional~~ regional rejected my BP-10 as "UNTIMELY." AR N. 1000236-R1.

Please prepare an official memorandum certifying the timeliness of my original BP-10 and include it in my mailing to regional dated today and bearing U.S.P.S. tracking no. 9114 9023 0722 4792 9877 27. If you require any further information, ~~let~~ or if there is anything else I must do in this regard, please let me know.

I declare the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed Thursday, August 6th, 2020.

by: _[signature]_

Martin S. Gottesfeld, pro se

Attachment D

Martin S. Gottesfeld
Reg. No. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

Federal Bureau of Prisons
North Central Regional Office
Attn: Office of the Regional Director
400 State Ave.
Kansas City, KS 66101-2492
By: First Class mail, postage pre-paid

Thursday, August 6th, 2020

In re Administrative Remedy (AR) Nos. 1000236-R1
and 1035041-R1

To Whom It May Concern:

I hope this letter finds you well.
I write to request the assistance of The Office of
The Regional Director in correcting the North Central
Regional Office's mishandling of administrative remedy
(AR) nos. 1000236-R1 and 1035041-R1. These
AR requests and their handling/mishandling are relevant
to the cases Gottesfeld v. Lammer, 2:20-cv-00012-
JRS-MJD (S.D. Ind.) and Brown v. Federal Bureau
of Prisons, 19-cv-02795-RBW (D.D.C.) I assert

1 of 6
21 of 27

Thursday, August 6th, 2020

in good Faith based upon my not-inconsiderable experience with the AR program that inclusion of all the details enumerated herein as part of a BP-10 regional appeal (instead of out-of-band with this letter) would only increase the likelihood of further mishandling.

Please bear with me through the following summary of relevant events because it is both necessary and illuminating.

On or about Tuesday, November 26th, 2019, I filed the relevant BP-8. I never received any reply thereto.

I took the lack of response to my attempt at informal resolution as a denial thereof and filed the relevant BP-9 on or about Sunday, December 8th, 2019. Therein I specifically requested "NO RETALIATION PLEASE [sic]." Although Warden Brian Lammer waited two (2) days to mark this BP-9 received (please cf. AR no. 1000236-F1), within hours he began arrangements to transfer me illegitimately and threw me in the SHU based upon a contrived, ludicrous, retaliatory and otherwise unconstitutional incident report that is now the subject of Gottesfeld v. Lammer, supra.

Warden Lammer was confident he'd never have to answer the BP-9 and happily forgot about it. Ultimately, however, his plan failed, due in no small part to litigation and adverse publicity, and he was unable to

Thursday, August 6th, 2020

crush me in the SHU then transfer me. Almost immediately upon my release from the SHU though, Warden Lammer made the subject of the PREA complaint named in my BP-8, Mr. Todd Royer, my new unit manager. I understand Mr. Royer has been transferred many times and is the subject of quite a lengthy personnel file.

Warden Lammer was eventually compelled to enter an untimely response to the BP-9 March 23rd, 2020—more than three (3) months after his receipt thereof. Please cf. AR no. 1000236-F1. This was due to some combination of media outreach regarding my initial PREA complaint against Todd Royer, FOIA requests, and the ongoing litigation of Gottesfeld v. Lammer, supra, and Brown # v. Federal Bureau of Prisons, supra.

Mr. Royer remains my unit manager and for unspecified reason(s) Warden Lammer waited to deliver his response to the BP-9 to me even more untimely on Tuesday, July 7th, 2020—nearly seven (7) months to the day after his receipt of the BP-9. Please cf. AR no. 1000236-F1.

I was unsatisfied with Warden Lammer's response and I remain so because (1) Warden Lammer lacks the authority to create ad hoc the non-anonymous resolution he proffers (please cf. AR no. 1035047-R1); (2) it leaves me unable to file an anonymous report outside the agency detailing that Warden Lammer named Mr. Royer my

Thursday, August 6th, 2020

new unit manager-after I and at least one (1) other-individual in my unit filed PREA complaints against him (id.); (3) ultimately such an outside report seems necessary to resolve the matter with the appropriate promptness; and (4) Warden Lammer's tardiness leaves me unable to appeal his decision to regional (please cf. AR No. 1000236-R1 REJECT REASON 1).

Thus, I forthwith prepared an appeal to regional marked SENSITIVE BP-10/PREA and provided it to my unit team at my next opportunity (which was the day after I received Warden Lammer's response, i.e. July 8th, 2020). The envelope bore U.S.P.S. tracking no. 9114 9023 0722 4792 9874 44. Inside were all the documents necessary for the appeal: the BP-8; the BP-9 marked received December 10th, 2019; Warden Lammer's untimely response dated March 23rd, 2020; the signed receipt showing the warden's response was untimely delivered to me July 7th, 2020; and the BP-10 marked SENSITIVE BP-10/PREA.

I also filed copies of the full mailing and of the envelope in Gottesfeld v. Lammer, supra, and Brown v. Federal Bureau of Prisons, supra.

The appeal was timely received by regional Friday, July 17th, 2020. Please cf. AR no. 1000236-R1.

For unspecified reasons, however, the documents in the single envelope bearing tracking no. 9114 9023 0722

Thursday, August 6th, 2020

4792 9874 44 were split by regional into two (2) separate appeals, each therefore doomed as incomplete. Please cf. AR no. 1035041-R1, id. REJECT REASON 2 and REJECT REASON 3, AR no. 1000236-R1 and id. REJECT REASON 2.

The first returned to me was AR no. 1035041-R1, on Monday, August 3rd, 2020, however the rejection notice included none of the documents I submitted. Unaware of all that happened, I immediately resubmitted all the necessary documents to regional along with a new BP-10, all in a single envelope bearing tracking no. 9114 9023 0722 4290 6094 59. I also filed a copy of this mailing and of the envelope in Gottesfeld v. Lammer, supra.

Two (2) days later, on Wednesday, August 5th, 2020, I received the rejection notice for AR no. 1000236-R1. It included the BP-8, the BP-9, and the notice of Warden Lammer's untimely delivery of his response to me, but did not include the BP-10. At my next opportunity I composed a detailed BP-10 for resubmission, which I am providing simultaneously with this letter to my unit team, although in a separate envelope bearing tracking no. 9114 9023 0722 4792 9877 27.

I ask The Office of the Regional Director, going forward, please supervise the proper handling of AR nos. 1000236-R1 and 1035041-R1. Pursuant to

Thursday, August 6th, 2020

Ross v. Blake, I have done everything available to me at the regional level of the AR program, and the lengthy delays and mishandling thus far are suspicious given the matter grieved. In the roughly one (1) year since my initial complaint to the OIG, I have heard nothing back directly from the OIG, not even an acknowledgement that it received my initial letter, and I am unable to follow-up except through my unit team which is now headed by Mr. Royer, the subject of my complaint.

I declare the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed Thursday, August 6th, 2020.

by: _____
Martin S. Gottesfeld, pro se

P.S. The Receipt of Administrative Remedy I received back for AR no. 1000236-R1 incorrectly specifies my registration no. as 16449-058 and I'm unsure why.

Attachment E

1

1 of 11

-27 of 27-

**NAME:** Martin S. Gottesfeld

**NUMBER:** 12982-104

Federal Correctional Institution

P.O. Box 33

Terre Haute, IN 47808

Thursday August 6th, 2020; Hrosba v. Leds 487 U.S. 266 (1988)

c/o 12982-104
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

