Exhibit 1

# Declaration of Martin S. Gottesfeld

I declare as follows pursuant to 28 U.S.C. § 1746(1):

1. I am Martin S. Gottesfeld, the petitioner in Gottesfeld v. Lammer, 2:20-cv-00012-JRS-MJD (herein "the case") pending before The Honorable U.S. District Court for The Southern District of Indiana (herein "The Court").

2. During July's lethal injections in this correctional complex, Warden Brian Lammer served prisoners here 10 bags each of Bold Party Blend Savory Chex Mix™.

3. Friday, August 14, 2020, I mailed photocopies of one such 1.75-oz bag of Bold Party Blend Savory Chex Mix™ to Mr. Walter Pavlo, a reporter for Forbes who frequently covers the Federal Bureau of Prisons (herein the "BOP").

4. Respondent Lammer and his agents who monitor my correspondence know that Mr. Pavlo is a Forbes reporter, because they read his articles on the BOP, which he sends to me. 28 C.F.R. § 540.203.

5. Tuesday morning, August 25, 2020, I provided Respondent Lammer correspondence I wrote to Mr. Pavlo, to wit (a) a signed cover sheet granting Mr. Pavlo permission in *perpetuity* to publish my correspondence (emphasis in original) "gratis and pro bono publico"; (b) a three-page letter for publication; (c) a one-page attached list of food-tray items Respondent Lammer served during July's lethal injections, including Bold Party Blend Savory Chex Mix™; (d) a one-page attached list of food-tray items Respondent Lammer served

during this week's lethal injections; and (e) Respondent Lammer's one-page inmate bulletin, misdated Sunday, August 23, 2020, acknowledging a single new confirmed Covid-19 case in another unit and announcing the current total lockdown, then under way about four days.

6. In my three-page letter to Mrs. Paulo I honestly wrote, roughly, "I'm no financial columnist, but if I worked public relations for Sam's Club, Chex, Pennystix, Lucky Fruit, Four In One, Potato Chip Company LLC., or Global Brands, I'd worry about boycotts, divestment and strikes."

7. I never mentioned "group demonstrations," never showed my letter to another prisoner, and federal prisoners are unable to boycott or strike these brands because they are neither sold nor produced inside the institution.

8. The respondent has not charged me with encouraging, organizing, or participating in a group demonstration behind bars, which has its own prohibited-act code.

9. Instead, Attachment A is the best depiction I can produce without a photocopier of yet another unnumbered incident report delivered to me roughly noon today, Wednesday, August 26, 2020.

10. I would file the actual incident report, but I cannot risk the spoliation or other loss of my only copy.

11. I provided a statement to the delivering officer that the report is unconstitutional and retaliatory; I explicitly raised Jordan v. Pugh (D. Colo.) and McGowen v. United States (2d Cir. 2016), and that qualified immunity is thus inapplicable.

12. I once again elected CO S. Harvey to be my staff representative.

I declare the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed Wednesday, August 26, 2020.

by: _____
Martin S. Gottesfeld

Attachment A 1 of 2 (15 of 24)

BP-A0288          INCIDENT REPORT
JAN 17
U.S. DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS
Part I - Incident Report

| 1. Institution: FCI Terre Haute / CMU | | Incident Report Number: [blank] | |
|---|---|---|---|
| 2. Inmate's Name: Martin Gottesfeld | 3. Register Number: 12982-104 | 4. Date of Incident: 8/25/2020 | 5. Time: 10:59 AM (Approx) |
| 6. Place of Incident: FCI Terre Haute / CMU | 7. Assignment: CMU Unassigned | | 8. Unit: D-Unit |
| 9. Incident: Use of the Mail For Abuses Other Than Criminal Activity | | 10. Prohibited Act Code(s): 296 A | |

11. Description of Incident (Date: 8/25/2020 Time: 1:52 PM Staff became aware of incident):

On August 25, 2020, inmate Gottesfeld authored correspondence to Walter Pavlo, whose address is [redacted for filing], Manchester-By-The-Sea, MA 01944. A review of the correspondence revealed inmate Gottesfeld enclosed 2 letters, both addressed to Pavlo. In the first letter, inmate Gottesfeld stated the attached 6 page [sic] letter was being provided to Pavlo to be used for publishing purposes, as "gratis and pro bono publico." A review of the 6 page [sic] letter revealed the inmate wrote an article, in the form of a letter to Pavlo, to be used for publishing purposes. Inmate Gottesfeld wrote about his alleged perceptions of staff, the institution and the executions, to include preparations. Inmate Gottesfeld stated the warden gave "party" type foods during the July executions, which is expected again during the executions to be taking place in August and provided a detailed list of each item he allegedly received on his food trays, to include brand names and suppliers of the items. Furthermore, inmate Gottesfeld included remarks that encourage the reader to

[Incident Report § 11 continued:]
engage in group demonstrations, to include boycotts and strikes, against the manufacturer's [sic] who make and supply their items to the BOP.

Inmate Gottesfeld is continuing his attempt to circumvent monitoring procedures via writing messages to persons on his approved contact list, in hopes the messages would be conveyed to un-named [sic] third parties. Legal staff have been consulted throughout the review process.

The correspondence represents a violation of Program Statement 5265.14, and is an attempt to circumvent established mail monitoring procedures and insight [sic] violence in the community.

| 12. Typed Name/Signature of Reporting Employee: J. Wampler [signed illegibly signed] | 13. Date And Time: 8/25/2020  3:03 PM |
|---|---|