United States District Court
Southern District of Indiana
Terre Haute Division

MARTIN GOTTESFELD,
pro se, Petitioner

v.

B. LAMMER, Warden of
The FCI Terre Haute, Indiana,
Respondent.

No. 2:20-cv-12-JRS-MJD

FILED

**5:15 pm, Sep 11, 2020**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

NOTICE

Petitioner Martin S. Gottesfeld (herein the "petitioner"), acting pro se, hereby notifies the Honorable Court and the respondent of his filing of Exhibit 1 hereto, Declaration of Martin S. Gottesfeld (Saturday, September 5, 2020). The petitioner herein makes no motion. He will site to Exhibit 1 in his forthcoming amended reply in support of the instant petition.

Page 1 of 2

1 of 48

Respectfully filed under the prison-mailbox rule; Houston v. Lack, 487 U.S. 266 (1988); by mailing to the Court in an envelope bearing sufficient affixed pre-paid First Class U.S. postage and tracking no. 9114 9023 0722 4290 6099 47, handed to Ms. Jamie Wheeler of the FCI Terre Haute CMU unit team in her official capacities as an agent of the respondent and of the respondent's counsel Saturday, September 5, 2020, or the first opportunity thereafter,

by: _____

Martin S. Gottesfeld, pro se
Reg. no. 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808


CERTIFICATE OF SERVICE


I hereby certify I mailed a copy of the foregoing document to counsel for the respondent in the above-captioned case by handing said copy in an envelope, postage pre-paid, to Ms. Jamie Wheeler of the FCI Terre Haute CMU unit team in her official capacity Saturday, September 5, 2020, or the first opportunity thereafter.

by: _____

Martin S. Gottesfeld, pro se

*Exhibit 1*

## Declaration of Martin S. Gottesfeld

I, **Martin S. Gottesfeld**, declare as follows pursuant to 28 U.S.C. § 1746(1):

1. I am Martin S. Gottesfeld, petitioner in *Gottesfeld v. Lammer*, 2:20-cv-00012-JRS-MJD (herein "the case"), pending before The Honorable U.S. District Court for The Southern District of Indiana (herein "The Court").

2. Attachment 1 is an accurate depiction of one of the 10 bags of BOLD party blend SAVORY Chex mix SNACK MIX that Respondent Lammer served me during the week of the three federal lethal injections inside his complex in July.

3. Prior to the aforementioned July week of executions here, I had never been served BOLD party blend SAVORY Chex mix SNACK MIX by Respondent Lammer and I've been at this institution since his very first day; further, no earlier warden ever served me BOLD party blend SAVORY Chex mix SNACK MIX here and I've been at this complex since April 1, 2019.

4. Attachment 2 is an accurate depiction of the BOLD party blend SAVORY Chex mix SNACK MIX that Respondent Lammer served me just as Keith Dwayne Nelson was put to death inside this complex in August 2020. *← MSG 2020-09-05*

5. Attachment 3 is a true copy of the latest unnumbered incident report Respondent Lammer served me at approximately noon, Wednesday, August 26, 2020.

6. Attachment 4 is a marked excerpt of BOP Program Statement 5270.09 *Inmate Discipline Program* I printed yesterday, Friday, September 4, 2020, from the FCI Terre Haute CMU law library.

7. Attachment 5 is a true copy of the untimely ADVISEMENT OF INCIDENT REPORT DELAY(S) Ms. Rebekka Eisele handed to me yesterday, Friday, September 4, 2020, at the equally untimely unit disciplinary committee (UDC) hearing of the aforementioned unnumbered incident report (Attachment 3).

8. Attachment 6 is a true copy of the latest incident report, post hoc numbered 3427792, as filled out at the UDC hearing by Ms. Rebekka Eisele and Ms. Jamie Wheeler, and returned (partially) to me.

9. I have never been provided a full copy of the aforementioned incident report with the results of Lt. C. Wiley's "investigation."

10. Attachment 7 is a true copy of the BP-A0293 Inmate Rights at Discipline Hearing form executed by myself and Ms. Rebekka Eisele at the UDC hearing, noting that I have the right "to present a statement" at the disciplinary hearing.

11. Attachment 8 is a true copy of the BP-A0294 Notice of Discipline Hearing Before the (DHO) form executed by myself and Ms. Rebekka Eisele at the UDC hearing.

12. Attachment 9 is a true copy of my now-rejected BP-10, dated August 3, 2020, and returned to me August 31, 2020. Cf. dkt. 50-1 at 1 ¶ 2, id. at 4-12, dkt. 47-1 at 7-8, and id. at 1-6.

13. Attachment 10 is a true copy of my fourth attempted regional administrative remedy for admin. rem. no. 1000236-F1. Cf. dkt. 51-1 at 1-2, id. at 3-15 (the reason Ms. Rebekka Eisele deliberately uses a light-pink pen to sign and date the receipts for this admin. rem. is now clearly visible, contrast id. 8, dated and signed by Ms. Eisele August 5, 2020, with id. at 10), id. at 16-17, and id. at 18-24.

14. *Despite my earlier written request cited, supra, and Ms. Rebekka Eisele's spoken assurances that she would include a timeliness memorandum with my now-rejected BP-10, she did no such thing.*

15. *She now requests that I fill out and mail yet another BP-10 on this same issue and once again assures me she will include the timeliness memo. Cf. dkt. 1 at 36 ¶ 177 and dkt. 1-1 at 5.*

16. *No timeliness memo should even be necessary, however, due to the dated and signed administrative-remedy receipts proving the only reason my first BP-10 was late was because Respondent Lammer did not provide me his response to my December 2019 BP-9 until July 2020.*

I declare the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed Saturday, September 5, 2020.

Martin S. Gottesfeld





**60% LESS FAT**

*Just the* **RIGHT MIX!**

MIX IT UP!

**BETTER IF USED BY**

**25 AUG 2020**
**RKRK 04:56 I**

Partially Produced with Genetic
Engineering
*Learn more at Ask.GeneralMills.com*

PLASTIC
BAG
how2recycle.info

0  16000 13870  4

1-800-231-0308 Mon. – Fri. 7:30 am – 5:30 pm CT
WWW.GENERALMILLS.COM
General Mills, Box 200 Minneapolis, MN 55440

## Nutrition Facts

Serving Size 1 pouch (49g)

**Amount Per Serving**

| Calories 210 | Calories from Fat |
| --- | --- |

% Daily

| | |
| --- | --- |
| **Total Fat** 6g | |
| Saturated Fat 1g | |
| Trans Fat 0g | |
| **Cholesterol** 0mg | |
| **Sodium** 370mg | |
| **Total Carbohydrate** 36g | |
| Dietary Fiber 2g | |
| Sugars 3g | |
| **Protein** 4g | |

Iron

Not a significant source of vitamin A, vitamin C and

*Percent Daily Values are based on a 2,000 calorie
Your daily values may be higher or lower depend
your calorie needs:

| | Calories | 2,000 | 2,5 |
| --- | --- | --- | --- |
| Total Fat | Less than | 65g | 80 |
| Sat Fat | Less than | 20g | 25 |
| Cholesterol | Less than | 300mg | 300 |
| Sodium | Less than | 2,400mg | 2,4 |
| Total Carbohydrate | | 300g | 30 |
| Dietary Fiber | | 25g | 30 |

**Ingredients:** Enriched Flour (wheat flour, niacin, iron, thiamin
mononitrate, riboflavin, folic acid), Whole Wheat, Degermed
Meal, Vegetable Oil (soybean, canola, and/or rice bran), Suga
2% or less of: Monosodium Glutamate, Salt, Rye Flour, Malto
Yeast, Garlic Powder, Corn Syrup Solids, Whey Powder, Spices
Monoglycerides, Sodium Diacetate, Baking Soda, Onion Powd
Romano Cheese (made from cow's milk, cheese cultures, salt
Dried Parmesan Cheese (milk, cheese cultures, salt, enzyme
Powder, Disodium Inosinate, Disodium Guanylate, Trisodium P
Disodium Phosphate, Yellow Corn Flour, Calcium Carbonate, N
Flavor, Caramel Color, Barley Malt Syrup, Freshness Preserved
**CONTAINS WHEAT, MILK AND SOY INGREDIENTS.**

DISTRIBUTED BY GENERAL MILLS SALES, INC., MINNEAPOLIS, MN
Carbohydrate Choices: 2 1/2          © General Mills

Attachment 2



1 of 2

7 of 48



**60% LESS FAT** THAN REGULAR POTATO CHIPS

*Just the* **RIGHT MIX!**

MIX IT UP! MAY HAVE SETTLED SOME ON ITS WAY TO YOU.

BETTER IF USED BY

**25AUG2020**

**RKRK 06:49 H**

Partially Produced with Genetic Engineering
Learn more at Ask.GeneralMills.com

0  16000  13870  4

1-800-231-0308 Mon. - Fri. 7:30 am – 5:30 pm CT
WWW.GENERALMILLS.COM
General Mills, Box 200, Minneapolis, MN 55440

**Nutrition Facts**
Serving Size 1 Pouch (49g)

Amount Per Serving

| Calories 210 | Calories from |
| --- | --- |

% Daily

| **Total Fat** 6g | |
| Saturated Fat 1g | |
| Trans Fat 0g | |
| **Cholesterol** 0mg | |
| **Sodium** 370mg | |
| **Total Carbohydrate** 36g | |
| Dietary Fiber 2g | |
| Sugars 3g | |
| **Protein** 4g | |

Iron

Not a significant source of vitamin A, vitamin C

* Percent Daily Values are based on a 2,000 calorie diet.
Your daily values may be higher or lower depending on your calorie needs:

| | Calories | 2,000 | 2,5 |
| --- | --- | --- | --- |
| Total Fat | Less than | 65g | 80g |
| Sat Fat | Less than | 20g | 25g |
| Cholesterol | Less than | 300mg | 300 |
| Sodium | Less than | 2,400mg | 2,40 |
| Total Carbohydrate | | 300g | 375 |
| Dietary Fiber | | 25g | 30 |

**Ingredients:** Enriched Flour (wheat flour, niacin, iron, thiamin mononitrate, riboflavin, folic acid), Whole Wheat, Degermed Yellow Meal, Vegetable Oil (soybean, canola, and/or rice bran), Sugar, 2% or less of: Monosodium Glutamate, Salt, Rye Flour, Maltodextrin, Yeast, Garlic Powder, Corn Syrup Solids, Whey Powder, Mono and Monoglycerides, Sodium Diacetate, Baking Soda, Onion Powder, Romano Cheese (made from cow's milk, cheese culture, salt, enzymes), Dried Parmesan Cheese (milk, cheese cultures, salt, enzymes), Onion Powder, Disodium Inosinate, Disodium Guanylate, Trisodium Phosphate, Disodium Phosphate, Yellow Corn Flour, Calcium Carbonate, Natural Flavor, Caramel Color, Barley Malt Syrup. Freshness Preserved by BHT. **CONTAINS WHEAT, MILK AND SOY INGREDIENTS.**

DISTRIBUTED BY GENERAL MILLS SALES, INC., MINNEAPOLIS, MN 55440
Carbohydrate Choices: 2 1/2    © General Mills    361136

2 of 2

8 of 48

*Attachment 3*

BP-A0288
JAN 17

# INCIDENT REPORT

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

---

### Part I - Incident Report

| 1. Institution:  FCI Terre Haute  /  CMU | | Incident Report Number: | |
|---|---|---|---|
| 2. Inmate's Name:<br>   Martin Gottesfeld | 3. Register Number:<br>   12982-104 | 4. Date of Incident:<br>8/25/2020 | 5. Time:<br>10:59 AM (Approx) |
| 6. Place of Incident:<br>FCI Terre Haute / CMU | 7. Assignment:<br>   CMU Unassigned | | 8. Unit:<br>D - Unit |
| 9. Incident: Use of the Mail for Abuses Other Than Criminal Activity | | 10. Prohibited Act Code(s)<br>   296 A | |

**11. Description of Incident (Date: 8/25/2020   Time: 1:52 PM , Staff became aware of incident):**

On August 25, 2020, inmate Gottesfeld authored correspondence to Walter Pavlo, whose address is 50 Union Street, Unit 7, Manchester By The Sea, MA 01944.  A review of the correspondence revealed inmate Gottesfeld enclosed 2 letters, both addressed to Pavlo.  In the first letter, inmate Gottesfeld stated the attached 6 page letter was being provided to Pavlo to be used for publishing purposes, as "gratis and pro bono publico."  A review of the 6 page letter revealed the inmate wrote an article, in the form of a letter to Pavlo, to be used for publishing purposes.  Inmate Gottesfeld wrote about his alleged perceptions of staff, the institution and the executions, to include preparations.  Inmate Gottesfeld stated the warden gave "party" type foods during the July executions, which is expected again during the executions to be taking place in August and provided a detailed list of each item he allegedly received on his food trays, to include brand names and suppliers of the items.  Furthermore, inmate Gottesfeld included remarks that encourage the reader to engage in group demonstrations, to include boycotts and strikes, against the manufacturer's who make and supply their items to the BOP.

Inmate Gottesfeld is continuing his attempt to circumvent monitoring procedures via writing messages to persons on his approved contact list, in hopes the messages would be conveyed to un-named third parties.  Legal staff have been consulted throughout the review process.

The correspondence represents a violation of Program Statement 5265.14, and is an attempt to circumvent established mail monitoring procedures and insight potential violence in the community.

| 12. Typed Name/Signature of Reporting Employee:<br><br>   T. Wampler | 13.Date And Time:<br>8/25/2019  3:03 PM |
|---|---|
| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature): | 15 .Date Incident Report Delivered: | 16. Time Incident Report Delivered: |

---

### Part II - Committee Action

**17. Comments of Inmate to Committee Regarding Above Incident:**

_____

_____

_____

_____

| 18. A. It is the finding of the committee that you:<br><br>_____ Committed the Prohibited Act as charged.<br>_____ Did not Commit a Prohibited Act.<br>_____ Committed Prohibited Act Code(s). _____  _____ | B. _____ The Committee is referring the<br>Charge(s) to the DHO for further<br>Hearing.<br>C. _____ The Committee advised the inmate of<br>its finding and of the right to file<br>an appeal within 20 calendar days. |
|---|---|

**19. Committee Decision is Based on Specific Evidence as Follows:**

_____

_____

_____

**20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):**

_____

_____

_____

**21. Date and Time of Action:** _____ (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

_____     _____     _____
Chairman (Typed Name/Signature)          Member (Typed Name)                   Member (Typed Name)

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

9 of 48

*Attachment 4*

**OPI:** CPD/CSB
**NUMBER:** 5270.09
**DATE:** July 8, 2011
**SUBJECT:** Inmate Discipline Program



**U.S. Department of Justice**

Federal Bureau of Prisons

Program Statement

# Program Statement

OPI:      CPD/CSB

NUMBER:      5270.09

DATE:      July 8, 2011

EFFECTIVE DATE:      August 1, 2011

## Inmate Discipline Program

/s/

*Approved*:  Thomas R. Kane

Acting Director, Federal Bureau of Prisons

pro

**1**

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

1 of 5

100 of 48

**CHAPTER 4.**

**541.7 Unit Discipline Committee (UDC) review of the incident report.**

**A Unit Discipline Committee (UDC) will review the incident report once the staff investigation is complete.  The UDC's review involves the following:**

**(a)  *Available dispositions.*  The UDC will make one of the following decisions after reviewing the incident report:**

**(1)   You committed the prohibited act(s) charged, and/or a similar prohibited act(s) as described in the incident report;**

**(2)  You did not commit the prohibited act(s) charged; or**

**(3)  The incident report will be referred to the Discipline Hearing Officer (DHO) for further review, based on the seriousness of the prohibited act(s) charged.**

**(4)  If you are charged with a Greatest or High severity prohibited act, or are an inmate covered by  541.4, the UDC will automatically refer the incident report to the DHO for further review.**

**(b)  *UDC members.*  The UDC ordinarily consists of two or more staff.  UDC members will not be victims, witnesses, investigators, or otherwise significantly involved in the incident.**

The Warden designates ordinarily two or more unit staff members to hold an initial review and impose available sanctions upon completion of the investigation of alleged misconduct for moderate category and low category offenses.  One staff member UDCs are permitted when other members are not reasonably available.

Only one unit staff member is required to hold an initial review when the incident report is required by policy to be referred to the DHO.

A staff member witnessing an incident may serve on the UDC in cases where virtually every staff member in the institution witnessed the incident in whole or in part.

A staff member may not sit on the UDC without successfully completing the self-study program for UDC certification.

Each Warden must select at least one UDC Trainer to monitor the progress of staff participating in the self-study program.

pro

**1**

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

2 oF S
11 oF 48

**(c)** *Timing.* **The UDC will ordinarily review the incident report within five work days after it is issued, not counting the day it was issued, weekends, and holidays.  UDC review of the incident report may also be suspended if it is being investigated for possible criminal prosecution.**

The Wardens approval is required for any extension beyond five work days.  The UDC will ensure the approval is documented and included in the discipline packet.  The time that an incident report is suspended for referral to another agency for possible prosecution is not included in this five work day time frame.  The time line commences when the incident report is released from the outside agency for administrative processing.  However, the inmate should be advised of the delay, and if appropriate, the reason for the delay.

**(d)** *Inmate appearance.* **You are permitted to appear before the UDC during its review of the incident report, except during UDC deliberations or when your presence would jeopardize institution security, at the UDCs discretion.  Also:**

**(1)  You may appear either in person or electronically (for example, by video or telephone conferencing) at the UDC's discretion.**

**(2)   You may waive your appearance before the UDC.   If you waive your appearance, the UDC will review the incident report in your absence.**

**(3)  If you escape or are otherwise absent from custody, the UDC will conduct a review in your absence at the institution where you were last confined.**

The UDC must document its reasons for excluding an inmate from the hearing.

A waiver may be in writing, signed by the inmate, or if the inmate refuses to sign, by a memo indicating the inmate's refusal to appear (Waiver of Appearance (BP-A0307)).

**(e)** *Evidence.* **You are entitled to make a statement and present documentary evidence to the UDC on your own behalf.   The UDC will consider all evidence presented during its review.  The UDCs decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence.**

The phrase "some facts" refers to facts indicating the inmate committed the prohibited act.  The phrase "greater weight of the evidence" refers to the strength of the evidence.

**(f)** *Sanctions.* **If you committed a prohibited act(s), the UDC can impose any of the available sanctions listed in Tables 1 and 2, except loss of good conduct sentence credit, disciplinary segregation, or monetary fines.**

pro

2

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

3 of 5
12 of 48

**(g)  *Referral to the DHO.*  If the UDC refers the incident report to the DHO for further review, the UDC will advise you of your rights at the upcoming DHO hearing, as detailed in  541.8.**

The UDC is prohibited from imposing the sanctions of make monetary restitution or monetary fines.

The UDC forwards copies of relevant documents to the DHO with a statement of reasons for the referral, along with recommendations for sanctions if the DHO finds the inmate has committed the act or another prohibited act.   The UDC Chair records reasons for the referral and recommendations for disposition in the "Committee Action" section of the incident report. Recommendations are contingent upon a DHO finding that the inmate committed the act.

When charges are referred to the DHO, the UDC advises the inmate of the rights afforded at a hearing.   The UDC asks the inmate to choose a staff representative, if any, and the names of witnesses the inmate wishes to be called to testify and what testimony they are expected to provide.   The UDC advises the inmate that he/she may waive the right to be present at the hearing, but still have witnesses or a staff representative appear on his/her behalf.

If an inmate waives the right to appear at the UDC review, the UDC ensures the inmate is advised of the rights afforded at a hearing before the DHO (see forms for Inmate Rights at Discipline Hearing and Notice of Discipline Hearing Before the Discipline Hearing Officer (DHO)).

**(h)  *Written report.*   You will receive a written copy of the UDC's decision following its review of the incident report.**

The UDC prepares a record of its proceedings, which need not be verbatim.   A record of the hearing and supporting documents is kept in the inmate's central file.

The UDC gives the inmate a written copy of the decision and disposition by the close of business the next work day.   Action taken as a minor disposition may be reviewed under the Administrative Remedy Program (see 28 CFR Part 542, Subpart B.).

All UDC member(s) must print their name and sign Part II of the incident report to certify they served on the UDC and that the completed Part II accurately reflects their review.

When the UDC finds the inmate committed the prohibited act charged or a similar prohibited act reflected in the incident report, the chair ensures the information is entered into SENTRY in the Chronological Disciplinary Record.

**(i)  *Appeals.*   You may appeal the UDC's action(s) through the Administrative Remedy Program, 28 CFR Part 542, Subpart B.**

proj

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

4 of 5
13 of 48

The Program Statement **Administrative Remedy Program** covers the regulations in 28 CFR Part 542, Subpart B.  In addition to a review under the Administrative Remedy procedure, the Warden or designee audits and reviews discipline hearings and dispositions to ensure conformity with this policy.

When the UDC holds a full review and determines that the inmate did not commit a prohibited act of Moderate or Low severity, the UDC expunges the inmate's file of the incident report and related documents.

pro

4

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

S of S
14 of 48

Attachment 5

# ADVISEMENT OF INCIDENT REPORT DELAY(S)

Inmate Name: Gottesfeld, Martin                    Register Number: 12982-104

In accordance with Program Statement 5270.09, <u>Inmate Discipline Program</u>, any reason for an incident report delay which would result in the occurring of the Unit Discipline Committee Hearing (UDC) beyond the five working days following the time staff became aware of the inmate's involvement in the incident, should be documented in the discipline record and the inmate should be advised.

You are hereby notified that your UDC Hearing on the charge(s) of:

| Report Number | Code/Summary of Charges |
|---|---|
| 3427792 | Mail Abuse, Disrupt Monitoring; 296A |

Has been delayed for the following reason(s):

| The report has been delayed due to staff scheduling conflicts. |
|---|

Unit Manger: _____           Date: 9/3/2020

In accordance with Program Statement 5270.09, <u>Inmate Discipline Program</u>, you are hereby notified of the delay of your hearing beyond *five* working days.  The delay has occurred for the reason(s) stated above.  After considering the above rationale provided for the delay, as Warden or Warden's designee, I have determined there is good cause for this delay, and I am granting approval for the discipline process to continue.

[✓] Approved                    [ ] Denied

Warden: _____           Date: 9/04/20
          B. Lammer, Warden

Inmate was provided a copy of this advisement of delay(s) form on:

Date: 9-4-2020          Staff Signature and Title: R. S_____, CSW

15 of 48

Attachment 6

.0288
AN 17

INCIDENT REPORT

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

---

### Part I - Incident Report

| 1. Institution:  FCI Terre Haute  /  CMU | | Incident Report Number: | |
|---|---|---|---|

| 2. Inmate's Name:  Martin Gottesfeld | 3. Register Number: 12982-104 | 4. Date of Incident: 8/25/2020 | 5. Time: 10:59 AM (Approx) |
|---|---|---|---|

| 6. Place of Incident: FCI Terre Haute / CMU | 7. Assignment: CMU Unassigned | | 8. Unit: D - Unit |
|---|---|---|---|

| 9. Incident: Use of the Mail for Abuses Other Than Criminal Activity | 10. Prohibited Act Code(s) 296 A |
|---|---|

---

11. Description of Incident (Date: 8/25/2020    Time: 1:52 PM . Staff became aware of incident):

On August 25, 2020, inmate Gottesfeld authored correspondence to Walter Pavlo, whose address is 50 Union Street, Unit 7, Manchester By The Sea, MA 01944. A review of the correspondence revealed inmate Gottesfeld enclosed 2 letters, both addressed to Pavlo.  In the first letter, inmate Gottesfeld stated the attached 6 page letter was being provided to Pavlo to be used for publishing purposes, as "gratis and pro bono publico."  A review of the 6 page letter revealed the inmate wrote an article, in the form of a letter to Pavlo, to be used for publishing purposes.  Inmate Gottesfeld wrote about his alleged perceptions of staff, the institution and the executions, to include preparations. Inmate Gottesfeld stated the warden gave "party" type foods during the July executions, which is expected again during the executions to be taking place in August and provided a detailed list of each item he allegedly received on his food trays, to include brand names and suppliers of the items. Furthermore, inmate Gottesfeld included remarks that encourage the reader to engage in group demonstrations, to include boycotts and strikes, against the manufacturer's who make and supply their items to the BOP.

Inmate Gottesfeld is continuing his attempt to circumvent monitoring procedures via writing messages to persons on his approved contact list, in hopes the messages would be conveyed to un-named third parties.  Legal staff have been consulted throughout the review process.

The correspondence represents a violation of Program Statement 5265.14, and is an attempt to circumvent established mail monitoring procedures and insight potential violence in the community.

| 12. Typed Name/Signature of Reporting Employee: S. Wampler | 13. Date And Time: 8/25/2019  3:03 PM |
|---|---|

| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): C. Wiley / C.W.L | 15 . Date Incident Report Delivered: 08/26/2020 | 16. Time Incident Report Delivered: 11:48 |
|---|---|---|

---

### Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident:

"Walter Pavlo is a Forbes reporter. I am allowed to write letters and articles to him for publication. McEwin vs. US. (2d Cir. 2016). Qualified immunity is inapplicable. Id. I circumvented nothing. The IR is retaliatory. See also Procunier v. Martinez and the RFRA."

| 18. A. It is the finding of the committee that you: | B. ✓ | The Committee is referring the Charge(s) to the DHO for further Hearing. |
|---|---|---|
| _____ Committed the Prohibited Act as charged. _____ Did not Commit a Prohibited Act. _____ Committed Prohibited Act Code(s). _____ _____ | C. | The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days. |

19. Committee Decision is Based on Specific Evidence as Follows:

Refer to DHO. Documentation and IR support referral for greater sanctions than available at the UDC level.

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

If found guilty, recommend loss GCT, LP 30 days Commissary.

---

21. Date and Time of Action: 09-04-20 /1530  (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

| R. Eisele  R.E. | J. Wheeler / J. Wheat | |
|---|---|---|
| Chairman (Typed Name/Signature) | Member (Typed Name) | Member (Typed Name) |

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

16 of 48

*Attachment 7*

BP-A0293                    **Inmate Rights at Discipline Hearing**    CDFRM
AUG 11
**U.S. DEPARTMENT OF JUSTICE**                        **FEDERAL BUREAU OF PRISONS**

Institution: FCI Terre Haute

As an inmate charged with a violation of Bureau of Prisons rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

    1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

    2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

    3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

    4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

    5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

    6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and,

    7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Inmate's Name: Gottesfeld, Martin                    Reg. No.: 12982-104

Inmate Signature: *[signature]*                       Date: 2020-09-04

Notice of rights given to inmate(Date/time): 9-4-2020 / 1533 hrs.

by: R. Eisele   R.E.
                    Staff Printed Name/Signature

(This form may be replicated via WP)                Replaces BP-S293(52) of JAN 88.

PDF                         Prescribed by P5270                          1

17 of 48

*Attachment 8*

BP-A0294
AUG 11

## Notice of Discipline Hearing Before the (DHO) CDFRM

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

FCI Terre Haute
_____
Institution

9/4/2020
_____
Date

TO: Gottesfeld, Martin                    | REG. NO.: 12982-104

ALLEGED VIOLATION(S): Mail Abuse, Disrupt Monitoring (Attempted)

DATE OF OFFENSE: 08/25/2020               | CODE NO.: 296A

You are being referred to the DHO for the above charge(s).

The hearing will be held on: _____ at _____ (A.M./P.M.) at the following location:

DHO Schedule
_____

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) ✓ (do not) ___ wish to have a staff representative.

If so, the staff representative's name is: S. Harvey, C.O.

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) ✓ (do not) ___ wish to have witnesses.

| NAME: K. Siereveld | CAN TESTIFY TO: evidence of legal review evidence she received case of McGowan v. U.S. |

| NAME: | CAN TESTIFY TO: |

| NAME: | CAN TESTIFY TO: |

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

DATE: 9/4/2020        | SIGNATURE: _____

Notice of hearing before DHO given inmate 9/4/2020 1530HS by R. Eisele R.E.
                                         Date/Time              Staff Printed Name/Signature

*(This form may be replicated via WP)*                    *Replaces BP-294(52) of JAN 88*

PDF                              Prescribed by P5270

18 of 48

Attachment 9



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

---

| ☐ Institution | ☐ Region | ⊗ Central |
|---|---|---|
| CMU Unit | | |

# Receipt of
# Administrative Remedy

| Inmate Name: | GOTTESFELD, MARTIN | Reg. No.: | 12982-104 |
|---|---|---|---|
| Administrative Remedy No.: | 1000236-R2 | | |

Received on this __31st__ day of __Aug__, 2020.

_Recsw_
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by __9/10__, 2020.

Edits received by Unit Team on this _____ day of _____, 2020.

Signature/Title of Staff

Inmate Copy

1 of 10
19 of 48

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 12, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI    UNT: CMU    QTR: D03-038L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID     : 1000236-R2     REGIONAL APPEAL
DATE RECEIVED : AUGUST 10, 2020
SUBJECT 1     : OTHER NON-MAIL COMMUNICATION
SUBJECT 2     : COMMUNICATION MANAGEMENT UNIT
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                INCLUDES MAIL TIME.

2 of 10
20 of 48

**Regional Administrative Remedy Appeal**

U.S. Department of Justice

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Gottesfeld, Martin S.**          12982-****104    D/CMU    ~~BJ GTS~~ FCI-THA
        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL** This is an appeal of AR No. 1000236-F1 resubmitted after regional misclassified it under 1035041-R1. The procedure proffered by Warden Brian Lammer violates the anonymity requirement of 28 C.F.R. § 115.51(b) by requiring me to identify myself as the originator of my PREA complaints to the small number of static CMU unit staff who accept care, custody, and control of my outbound physical correspondence. The FCI-THA CMU prisoner population, unit team, and (hopefully) frequency of external PREA complaints made and handled thereby are all sufficiently small that, in all cases using the procedure proffered by Warden Brian Lammer, unit staff would know exactly who filed each and every specific complaint. Moreover, the procedure Warden Brian Lammer proffers does not exist for mail to the OIG and he lacks the authority to create it ad hoc. Program Statement 5214.02 Communications Management Unit[sic] forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superseding regulation in The Federal Register nor implemented the required public-comment period in regards thereto.

My previous attempt to alert the OIG anonymously to a PREA violation by Todd Royer led directly to S.I.S. Lt. Baker trying to interview me in the CMU before the report could possibly have reached the OIG by mail (within 24 hours).

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO FURTHER RETALIATION PLEASE.

Aug. 3rd, 2020 (Mon.)                              _[signature]_
DATE                                                  SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_[stamp, illegible]_

_____                          _____
DATE                                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: 1000236-R2

**Part C - RECEIPT**                              CASE NUMBER: _____

                                    3 of 10

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL   21 of 48   REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

_____                          _____
DATE                                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

                                                                    BP-230(13)



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☐ Institution   ☒ Region   ˙ Central

__CMU__ Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | **GOTTESFELD, Martin** | Reg. No.: | **12982-104** |
|---|---|---|---|
| Administrative Remedy No.: | **1035041-R1** | | |

Received on this ____3rd____ day of ____Aug____, 2019.

_____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by ____8/13____, 2019.

Edits received by Unit Team on this _____ day of _____, 2019.

_____
Signature/Title of Staff

## Inmate Copy

4 of 10
22 of 48

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 23, 2020

FROM: ADMINISTRATIVE REMEDY COORDINATOR $\sim\!\!\sigma$
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI     UNT: CMU     QTR: D03-038L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1035041-R1      REGIONAL APPEAL
DATE RECEIVED  : JULY 13, 2020
SUBJECT 1      : UNPROFESSIONAL, INAPPROPRIATE CONDUCT OR MISCONDUCT BY STAFF
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: THE ISSUE YOU RAISED IS NOT SENSITIVE. HOWEVER,
                 WE RETAINED YOUR REQUEST/APPEAL ACCORDING TO
                 POLICY.  YOU SHOULD FILE A REQUEST OR APPEAL AT
                 THE APPROPRIATE LEVEL VIA REGULAR PROCEDURES.

REJECT REASON 2: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REJECT REASON 3: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                 ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                 OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 4: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

S of 10
23 of 48

SENSITIVE BP-10/PREA

**Regional Administrative Remedy Appeal**

U.S. Department of Justice

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Gottesfeld, Martin, S. | 12982-104 | D/CMU | FCI-THA |
|-------|------------------------|-----------|-------|---------|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL**  The procedure proffered by Warden Brian Lammer violates the anonymity requirement of 28 28 C.F.R. § 115.51(b) by requiring me to identify myself as the originator of my PREA complaints to the small number of static CMU unit staff who accept care, custody, and control of my outbound physical correspondence. The FCI-THA CMU prisoner population, unit team, and (hopefully) frequency of external PREA complaints made and handled thereby are all sufficiently small that, in all cases using the procedure proffered by Warden Brian Lammer, unit staff would know exactly who filed <u>each</u> and <u>every</u> <u>specific</u> complaint. Moreover, the procedure Warden Brian Lammer proffers does <u>not</u> exist and he lacks the authority to create it ad hoc.  Program Statement 5214.02 Communications Management Unit[sic] specifically forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superceding regulation in <u>The Federal</u> <u>Register</u> nor implemented the required public-comment period in regards thereto.

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO RETALIATION PLEASE.

| July 7th, 2020 (Tue.) | | |
|------------------------|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

6 of 10
24 of 48

| Return to: | | | | |
|-----------|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |

BP-230(13)



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☑ Institution   ☐ Region   ☐ Central

_C M U_ Unit

# Receipt of
# Administrative Remedy

Inmate Name: _Gottesfeld  Martin_ Reg. No.: _12982-104_

Administrative Remedy No.: _1000236-F1_

Received on this ___7th___ day of ___July___, 2020.

_R   CSW_
_____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _7/17_____, 2020.

Edits received by Unit Team on this _____ day of _____, 2020.

_____
Signature/Title of Staff

Inmate Copy

7 of 10
25 of 48

Remedy No.:  1000236-F1                                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted December 10, 2019, in which you allege that you do not have a confidential way to make a PREA complaint. For relief, you request to be able to make a PREA report confidentially.

A review of your request reveals the CMU is established to house inmates who require increased monitoring of communications with persons in the community to protect the safety, security and orderly operation of Bureau facilities, and to protect the public.   You and the other CMU inmates are permitted to submit a PREA complaint to OIG without review by staff in a manner consistent with Program Statement 5214.02, Communications Management Units.  You may draft a PREA complaint and provide it to staff in an unopened envelope so they may scan the document for contraband prior to it being sealed for mailing, similar to the processing of mail to or from an attorney.  The complaint will then be mailed to the outside entity for processing as they deem appropriate, which may include an independent or local investigation.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.


5/23/20
_____
Date

                                    B. Lammer, Warden



8 of 10
26 of 48

U.S. DEPARTMENT OF JUSTICE                                    REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

_Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse._

From: Gottesfeld, Martin, S.          12982-104          D/CMU          FCI-THA
         **LAST NAME, FIRST, MIDDLE INITIAL**    **REG. NO.**    **UNIT**    **INSTITUTION**

**Part A– INMATE REQUEST**  Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the "Request to Staff" button is no longer disabled in the CMU.

I filed the BP-8 that corresponds to this BP-9 more than eleven (11) days ago and never heard back. I thus take the lack of response to my attempt at informal resolution as a denial thereof and file this BP-9.

There is no way for FCI-THA CMU inmates to anonymously report PREA violations "to a public or private entity or office that is not part of the agency, and that is able to receive and immediately forward reports of sexual abuse... to agency officials, allowing the inmate to remain anonymous upon request." There is no access to PREA hotlines in the FCI-THA CMU and no way for PREA reports to be submitted anonymously. My prior attempt to report anonymously a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. Baker trying to interview me in the CMU and this was wholly inappropriate. We are unable to contact the OIG through TRULINCS because the button is disabled.

NO RETALIATION PLEASE.

Sun., Dec. 8th, 2019                                          _____
         **DATE**                                                         **SIGNATURE OF REQUESTER**

**Part B– RESPONSE**

_____                    _____
         **DATE**                                         **WARDEN OR REGIONAL DIRECTOR**

_If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response._

ORIGINAL: RETURN TO INMATE                                    CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -    CASE NUMBER: _1000236-F1_

                                          9 of 10
                                          27 of 48
**Part C– RECEIPT**
Return to: _____
         **LAST NAME, FIRST, MIDDLE INITIAL**    **REG. NO.**    **UNIT**    **INSTITUTION**

SUBJECT: _____

_____                    _____
         **DATE**                                         **RECIPIENT'S SIGNATURE (STAFF MEMBER)**

                                                                     BP-229(13)
                                                                     APRIL 1982

Attachment 1

FCC Terre Haute

Administrative Remedy -- Informal Resolution

| Inmate Name: Gottesfeld | Register #: 12982-104 |
|---|---|
| Unit: CMU | Date Submitted: Tues., Nov. 26th, 2019 |

**Section 1: NOTICE TO INMATE** - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

**Section 1a: Briefly state your specific single complaint:** There is no way for FCI-THA CMU inmates to anonymously report PREA violations "to a public or private entity or office that is not part of the agency, and that is able to receive and immediately forward reports of sexual abuse... to agency officials, allowing the inmate to remain anonymous upon request." There is no access to PREA hotlines in the FCI-THA CMU and no way for PREA reports to be submitted anonymously. My prior attempt to anonymously report a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. Baker trying to interview me in the CMU and this was wholly inappropriate. We are unable to contact the OIG through TRULINCS because the button is disabled.

**Section 1b: Briefly state the resolution you request:** Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the "Request to Staff" button is no longer disabled in the CMU.

Inmate Signature: _[signature]_

Counselor Printed Name/Signature:

**Section 2: Department Assigned**

| Date Assigned: | | Date Due: | |
|---|---|---|---|
| ☐ Food Service | ☐ Unit Mgmt | ☐ Unicor | ☐ Education |
| ☐ Psychology | ☐ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☐ SIS | |

**Section 3: Department Head Response**

Issue Resolved Comments:

Issue Un-resolved Comments:

Unable to Address Issue Comments:

| Inmate Signature if Resolved: | Date: |
|---|---|
| Staff Signature: | Date: |

**Section 4: Tracking**

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 10-9-19 | | | | | |
| Time | 1300 | | | | | |
| Staff | R. Eisele | | | | | |

10 of 10
28 of 48

THX-1330.18C

Attachment 10

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Gottesfeld, Martin, S.     12982-104     D/CMU     FCI-THA
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** This is a resubmission of admin. rem. (AR) no. 1000236-R1. Please see enclosed timeliness memo. My original BP-10 was timely received at North Central Region July 17, 2020, in an envelope bearing U.S.P.S. tracking no. 9114 9023 0722 4792 9874 44, but misclassified under AR no. 1035041-R1. For unspecified reason(s), despite the presence in the same envelope of the relevant BP-8, BP-9, warden's response, and signed receipt of the warden's response on July 7, 2020, the BP-10 was separated by regional into a new AR all by itself under no. 1035041-R1 while the BP-8, BP-9, warden's response, and the signed receipt of the warden's response were filed by regional under AR no. 1000236-R1. Both AR nos. 1000236-R1 and 1035041-R1 were then rejected as incomplete. I received 1035041-R1 first Aug. 4, 2020 and timely appealed in an envelope bearing tracking no. 9114 9023 0722 4290 6094 59. AR nos. 1000236-R1 and 1035041-R1 should be merged into 1000236-R1 and reconsidered together as timely. For convenience I reiterate my original BP-10 below.

The procedure proffered by Warden Brian Lammer violates the anonymity requirement of 28 C.F.R. § 115.51(b) by requiring me to identify myself as the originator of my PREA complaints to the small number of static CMU unit staff who accept care, custody, and control of my outbound physical correspondence. The FCI-IHA CMU prisoner population, unit team, and (hopefully) frequency of external PREA complaints made and handled thereby are all sufficiently small that, in all cases using the procedure proffered by Warden Brian Lammer, unit staff would know exactly who filed each and every specific complaint. Please see enclosed continuation page.

Sept. 5, 2020 (Sat.)           _[signature]_
_____         _____
DATE                             SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____                   _____
DATE                               REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE            CASE NUMBER: _____

**Part C - RECEIPT**          1 of 20       CASE NUMBER: _____
                          29 of 48

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____                   _____
DATE                       SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

REGIONAL ADMINISTRATIVE REMEDY APPEAL OF 1000236-R1 CONTINUATION PAGE

Moreover, the procedure Warden Brian Lammer proffers does not exist for mail to the OIG and he lacks the authority to create it ad hoc. Program Statement 5214.02 Communications Management Unit[sic] forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superseding regulation in The Federal Register nor implemented the required public-comment period in regards thereto.

My previous attempt to alert the OIG anonymously to a PREA violation by Todd Royer led directly to S.I.S. Lt. Baker trying to interview me in the CMU before the report could possibly have reached the OIG by mail (i.e. within 24 hours of me handing it to staff for mailing).

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO FURTHER RETALIATION PLEASE.

Sept. 5, 2020
[Date]

[Signature of requester]

- Continuation Page 1 of 1 -

2 of 20
30 of 48

REGIONAL ADMINISTRATIVE REMEDY APPEAL OF 1000236-R1 CONTINUATION PAGE

Moreover, the procedure Warden Brian Lammer proffers does not exist for mail to the OIG and he lacks the authority to create it ad hoc. Program Statement 5214.02 Communications Management Unit[sic] forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superseding regulation in The Federal Register nor implemented the required public-comment period in regards thereto.

My previous attempt to alert the OIG anonymously to a PREA violation by Todd Royer led directly to S.I.S. Lt. Baker trying to interview me in the CMU before the report could possibly have reached the OIG by mail (i.e. within 24 hours of me handing it to staff for mailing).

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO FURTHER RETALIATION PLEASE.

Sept. 5, 2020
[Date]

[Signature of requester]

- Continuation Page 1 of 1 -

3 of 20
31 of 48

REGIONAL ADMINISTRATIVE REMEDY APPEAL OF 1000236-R1 CONTINUATION PAGE

Moreover, the procedure Warden Brian Lammer proffers does not exist for mail to the OIG and he lacks the authority to create it ad hoc. Program Statement 5214.02 Communications Management Unit[sic] forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superseding regulation in The Federal Register nor implemented the required public-comment period in regards thereto.

My previous attempt to alert the OIG anonymously to a PREA violation by Todd Royer led directly to S.I.S. Lt. Baker trying to interview me in the CMU before the report could possibly have reached the OIG by mail (i.e. within 24 hours of me handing it to staff for mailing).

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO FURTHER RETALIATION PLEASE.

Sept. 5, 2020
[Date]

[Signature of requester]

- Continuation Page 1 of 1 -

4 of 20
32 of 48

REGIONAL ADMINISTRATIVE REMEDY APPEAL OF 1000236-R1 CONTINUATION PAGE

Moreover, the procedure Warden Brian Lammer proffers does not exist for mail to the OIG and he lacks the authority to create it ad hoc. Program Statement 5214.02 Communications Management Unit[sic] forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superseding regulation in The Federal Register nor implemented the required public-comment period in regards thereto.

My previous attempt to alert the OIG anonymously to a PREA violation by Todd Royer led directly to S.I.S. Lt. Baker trying to interview me in the CMU before the report could possibly have reached the OIG by mail (i.e. within 24 hours of me handing it to staff for mailing).

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO FURTHER RETALIATION PLEASE.

Sept. 5, 2020
[Date]

[Signature of requester]

- Continuation Page 1 of 1 -

5 of 20
33 of 48



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

---

| ☐ Institution | ⊗ Region | ☐ Central |
|---|---|---|
| CMU Unit | | |

# Receipt of
# Administrative Remedy

| Inmate Name: | GOTTESFELD, MARTIN | Reg. No.: | 12982-104 |
|---|---|---|---|
| Administrative Remedy No.: | 1000236-R3 | | |

Received on this __4th__ day of __Sp__, 2020.

___Re CSW___
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by __9/14__, 2020.

Edits received by Unit Team on this _____ day of _____, 2020.

_____
Signature/Title of Staff

## Inmate Copy

6 of 20
34 of 48

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: AUGUST 14, 2020


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI      UNT: CMU      QTR: D03-038L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1000236-R3       REGIONAL APPEAL
DATE RECEIVED   : AUGUST 14, 2020
SUBJECT 1       : OTHER NON-MAIL COMMUNICATION
SUBJECT 2       : COMMUNICATION MANAGEMENT UNIT
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

**U.S. Department of Justice**

**Federal Bureau of Prisons**

**·Regional Administrative Remedy Appeal**

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Gottesfeld, Martin, S. | 12982-104 | D/CMU | FCI-THA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** This is a resubmission of admin. rem. (AR) no. 1000236-R1. Please see enclosed timeliness memo. My original BP-10 was timely received at North Central Region July 17, 2020, in an envelope bearing U.S.P.S. tracking no. 9114 9023 0722 4792 9874 44, but misclassified under AR no. 1035041-R1. For unspecified reason(s), despite the presence in the same envelope of the relevant BP-8, BP-9, warden's response, and signed receipt of the warden's response on July 7, 2020, the BP-10 was separated by regional into a new AR all by itself under no. 1035041-R1 while the BP-8, BP-9, warden's response, and the signed receipt of the warden's response were filed by regional under AR no. 1000236-R1. Both AR nos. 1000236-R1 and 1035041-R1 were then rejected as incomplete. I received 1035041-R1 first, two (2) days ago, and timely appealed in an envelope bearing tracking no. 9114 9023 0722 4290 6094 59. AR Nos. 1000236-R1 and 1035041-R1 should be merged into 1000236-R1 and reconsidered together as timely. For convenience I reiterate my original BP-10 below.

The procedure proffered by Warden Brian Lammer violates the anonymity requirement of 28 C.F.R. § 115.51(b) by requiring me to identify myself as the originator of my PREA complaints to the small number of static CMU unit staff who accept care, custody, and control of my outbound physical correspondence. The FCI-THA CMU prisoner population, unit team, and (hopefully) frequency of external PREA complaints made and handled thereby are all sufficiently small that, in all cases using the procedure proffered by Warden Brian Lammer, unit staff would know exactly who filed each and every specific complaint. Please see enclosed continuation page.

| Aug. 6th, 2020 (Thu.) | | |
|---|---|---|
| DATE | | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

| | REGIONAL DIRECTOR |
|---|---|
| DATE | |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                     CASE NUMBER: 1000236-R3

**Part C - RECEIPT**                     CASE NUMBER: _____

8 of 20
36 of 48

| Return to: | | | | |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |
|---|---|

BP-230(13)

REGIONAL ADMINISTRATIVE REMEDY APPEAL OF 1000236-R1 CONTINUATION PAGE

Moreover, the procedure Warden Brian Lammer proffers does not for mail to the OIG ⌐exist and he lacks the authority to create it ad hoc. Program Statement 5214.02 Communications Management Unit[sic] forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superseding regulation in The Federal Register nor implemented the required public-comment period in regards thereto.

My previous attempt to alert the OIG anonymously to a PREA violation by Todd Royer led directly to S.I.S. Lt. Baker trying to interview me in the CMU before the report could possibly have reached the OIG by mail (i.e. within 24 hours of me handing it to staff for mailing).

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO FURTHER RETALIATION PLEASE.

Aug. 6th, 2020
[Date]

[Signature of requester]

- Continuation Page 1 of 1 -

REGIONAL ADMINISTRATIVE REMEDY APPEAL OF 1000236-R1 CONTINUATION PAGE

Moreover, the procedure Warden Brian Lammer proffers does not exist for mail to the OIG and he lacks the authority to create it ad hoc. Program Statement 5214.02 Communications Management Unit[sic] forbids the proffered procedure for prisoner correspondence to and from the OIG and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superseding regulation in The Federal Register nor implemented the required public-comment period in regards thereto.

My previous attempt to alert the OIG anonymously to a PREA violation by Todd Royer led directly to S.I.S. Lt. Baker trying to interview me in the CMU before the report could possibly have reached the OIG by mail (i.e. within 24 hours of me handing it to staff for mailing).

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO FURTHER RETALIATION PLEASE.


Aug. 6th, 2020
[Date]

[Signature of requester]


- Continuation Page 1 of 1 -

REGIONAL ADMINISTRATIVE REMEDY APPEAL OF 1000236-R1 CONTINUATION PAGE

Moreover, the procedure Warden Brian Lammer proffers does <u>not</u> exist for mail to the OIG and he lacks the authority to create it <u>ad hoc</u>. Program Statement 5214.02 Communications Management Unit[<u>sic</u>] forbids the proffered procedure for prisoner correspondence to and from the <u>OIG</u> and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superseding regulation in <u>The Federal Register</u> nor implemented the required public-comment period in regards thereto.

My previous attempt to alert the OIG anonymously to a PREA violation by Todd Royer led directly to S.I.S. Lt. Baker trying to interview me in the CMU before the report could possibly have reached the OIG by mail (i.e. within 24 hours of me handing it to staff for mailing).

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO FURTHER RETALIATION PLEASE.

Aug. 6th, 2020
[Date]

[Signature of requester]

- Continuation Page 1 of 1 -

11 of 20
39 of 48

REGIONAL ADMINISTRATIVE REMEDY APPEAL OF 1000236-R1 CONTINUATION PAGE

Moreover, the procedure Warden Brian Lammer proffers does <u>not</u> ⌐exist for mail to the OIG and he lacks the authority to create it <u>ad hoc</u>. Program Statement 5214.02 Communications Management Unit[<u>sic</u>] forbids the proffered procedure for prisoner correspondence to and from the <u>OIG</u> and such use of the procedure manifestly violates 28 C.F.R. §§ 540.200 et seq. Further, the BOP neither published a relevant superseding regulation in <u>The Federal Register</u> nor implemented the required public-comment period in regards thereto.

My previous attempt to alert the OIG anonymously to a PREA violation by Todd Royer led directly to S.I.S. Lt. Baker trying to interview me in the CMU before the report could possibly have reached the OIG by mail (i.e. within 24 hours of me handing it to staff for mailing).

Please fulfill my original request in a legitimate manner consistent with all relevant laws and regulations.

NO FURTHER RETALIATION PLEASE.

Aug. 6th, 2020
[Date]

[Signature of requester]

- Continuation Page 1 of 1 -



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☐ Institution   ☒ Region   ☐ Central

CMU Unit

## Receipt of
## Administrative Remedy

| Inmate Name: | GOTTESFELD, M. | Reg. No.: | 16449-058 |
|---|---|---|---|
| Administrative Remedy No.: | 1000236-R1 | | |

Received on this ___5th___ day of ___Aug___, 2020.

_____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by ___8/15___, 2020.

Edits received by Unit Team on this _____ day of _____, 2020.

_____
Signature/Title of Staff

## Inmate Copy

13 of 20
41 of 48

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 20, 2020


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      TERRE HAUTE FCI      UNT: CMU     QTR: D03-038L
      4200 BUREAU ROAD NORTH
      TERRE HAUTE,  IN 47808


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1000236-R1      REGIONAL APPEAL
DATE RECEIVED   : JULY 17, 2020
SUBJECT 1       : OTHER NON-MAIL COMMUNICATION
SUBJECT 2       : COMMUNICATION MANAGEMENT UNIT
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REJECT REASON 2: YOU DID NOT SUBMIT YOUR REQUEST OR APPEAL ON THE PROPER
                 FORM (BP-9, BP-10, BP-11) (CIRCLE ONE)


14 of 20
42 of 48



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*

☑ Institution ☐ Region ☐ Central

_CMU_ Unit

# Receipt of
# Administrative Remedy

Inmate Name: _Gottesfeld Martin_ Reg. No.: _12982-104_

Administrative Remedy No.: _1000236-F1_

Received on this ___7th___ day of ___July___, 2020.

_Pe    CSW_
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _7/17_____, 2020.

Edits received by Unit Team on this _____ day of _____, 2020.

_____
Signature/Title of Staff

*Inmate Copy*

1S of 20
43 of 48

MARTIN GOTTESFELD, 12982-104
TERRE HAUTE FCI     UNT: CMU     QTR: D03-038L
4200 BUREAU ROAD NORTH
TERRE HAUTE,  IN 47808

16 of 20
44 of 48

Remedy No.:  1000236-F1                                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted December 10, 2019, in which you allege that you do not have a confidential way to make a PREA complaint. For relief, you request to be able to make a PREA report confidentially.

A review of your request reveals the CMU is established to house inmates who require increased monitoring of communications with persons in the community to protect the safety, security and orderly operation of Bureau facilities, and to protect the public.   You and the other CMU inmates are permitted to submit a PREA complaint to OIG without review by staff in a manner consistent with Program Statement 5214.02, Communications Management Units.  You may draft a PREA complaint and provide it to staff in an unopened envelope so they may scan the document for contraband prior to it being sealed for mailing, similar to the processing of mail to or from an attorney.  The complaint will then be mailed to the outside entity for processing as they deem appropriate, which may include an independent or local investigation.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.


5/25/20
_____                         _____
Date                                                            B. Lammer, Warden


17 oF 20
4S oF 48

U.S. DEPARTMENT OF JUSTICE

**REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: | Gottesfeld, Martin, S. | 12982-104 | D/CMU | FCI-THA
---|---|---|---|---
 | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A- INMATE REQUEST**  Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the "Request to Staff" button is no longer disabled in the CMU.

I filed the BP-8 that corresponds to this BP-9 more than eleven (11) days ago and never heard back. I thus take the lack of response to my attempt at informal resolution as a denial thereof and file this BP-9.

There is no way for FCI-THA CMU inmates to anonymously report PREA violations "to a public or private entity or office that is not part of the agency, and that is able to receive and immediately forward reports of sexual abuse... to agency officials, allowing the inmate to remain anonymous upon request." There is no access to PREA hotlines in the FCI-THA CMU and no way for PREA reports to be submitted anonymously. My prior attempt to report anonymously a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. Baker trying to interview me in the CMU and this was wholly inappropriate. We are unable to contact the OIG through TRULINCS because the button is disabled.

NO RETALIATION PLEASE.

Sun., Dec. 8th, 2019
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
JUL 17 2020

_____           _____
DATE                                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NUMBER: 1000236-F1

**Part C- RECEIPT**           18 of 20
                              46 of 48

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

_____           _____
DATE                                RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

Attachment 1

## FCC Terre Haute

### Administrative Remedy – Informal Resolution

| Inmate Name: *Gottesfeld* | Register #: *12982-104* |
|---|---|
| Unit: *Cmu* | Date Submitted: Tue., Nov. 26th, 2019 |

**Section 1:** NOTICE TO INMATE - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

**Section 1a:** Briefly state your specific single complaint: There is no way for FCI-THA CMU inmates to anonymously report PREA violations "to a public or private entity or office that is not part of the agency, and that is able to receive and immediately forward reports of sexual abuse... to agency officials, allowing the inmate to remain anonymous upon request." There is no access to PREA hotlines in the FCI-THA CMU and no way for PREA reports to be submitted anonymously. My prior attempt to anonymously report a PREA violation by Todd Royer to the OIG led directly to internal S.I.S. Lt. Baker trying to interview me in the CMU and this was wholly inappropriate. We are unable to contact the OIG through TRULINCS because the button is disabled.

**Section 1b:** Briefly state the resolution you request: Please fix the current noncompliance with 28 C.F.R. § 115.51(b) in the FCI-THA CMU by providing anonymous access to an external PREA hotline or other entity outside the DOJ, and please fix TRULINCS so that the "Request to Staff" button is no longer disabled in the CMU.

| Inmate Signature: *[signature]* | |
|---|---|
| Counselor Printed Name/Signature: | |

**Section 2: Department Assigned**

| Date Assigned: | | Date Due: | |
|---|---|---|---|
| ☐ Food Service | ☐ Unit Mgmt | ☐ Unicor | ☐ Education |
| ☐ Psychology | ☐ Medical | ☐ Chaplain | ☐ Recreation |
| ☐ Trust Fund | ☐ Custody | ☐ Facilities | ☐ Safety |
| ☐ ISM/Mailroom | ☐ Admin. | ☐ SIS | |

**Section 3: Department Head Response**

Issue Resolved Comments:

Issue Un-resolved Comments:

Unable to Address Issue Comments:

| Inmate Signature if Resolved: | Date: |
|---|---|
| Staff Signature: | Date: |

**Section 4: Tracking**

| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
|---|---|---|---|---|---|---|
| Date | 10-9-19 | | | | | |
| Time | 1300 | | | | | |
| Staff | R. Eisele | | | | | |

THX-1330.18C

19 of 20
47 of 48