**FILED**

**06/21/2022**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

TRULINCS  12982104 - GOTTESFELD, MARTIN - Unit: MAR-I-A

--------------------------------------------------------------------------------

FROM: 12982104
TO: CMU
SUBJECT: ***Request to Staff*** GOTTESFELD, MARTIN, Reg# 12982104, MAR-I-A
DATE: 05/01/2022 08:25:15 PM

To: National PREA Coordinator
Inmate Work Assignment: N/A

[CONTINUED FROM SECOND COP-OUT]

49. Nobody from OIA has ever contacted me, nor, to my knowledge, any of Mr. Royer's other victims.

50. "The agency shall require all staff to report immediately and according to agency policy any knowledge, suspicion, or information regarding an incident of sexual abuse or sexual harassment that occurred in a facility, whether or not it is part of the agency; retaliation against inmates or staff who reported such an incident; and any staff neglect or violation of responsibilities that may have contributed to an incident or retaliation." 28 C.F.R. Sec. 115.61(a).  I have no idea what OIA knows and what it does not, because of the mishandling of my and others' prior complaints against Mr. Royer and his accomplices in retaliation.

51. I find applicable, inter alia, 28 C.F.R. sec. 115.63 Reporting to other confinement facilities.  See also Program Statement 5324.12, supra ("In the event that a staff member is alleged to have perpetrated sexually abusive behavior against an inmate, the Warden is notified immediately.  The Warden notifies the Regional Director and Office of Internal Affairs (OIA), who in turn notify the Office of the Inspector General (OIG), and, when appropriate the Federal Bureau of Investigation (FBI)").

52. "The Special Investigative Lieutenant provides all notifications to inmates required under [28 C.F.R. sec. 115.73(a)]."  Id.  I kindly request USP Marion SIS to notify me of the status of my report.

53. I also wish to speak to the relevant investigators at OIA.

54. "If evidence supports that a staff member engaged in sexual abuse, as defined in [28 C.F.R.] section 115.6, the matter will first be referred for criminal prosecution."  Id.  This is what must happen, otherwise BOP's "zero tolerance" policy is not, in actuality, zero tolerance at all.

55. At this time I have relevant outbound 1) legal mail to Attorney Shawn Shaffie, Esq., Parker Mills LLP, 800 West Sixth St. Suite 500, Los Angeles, CA 90017-2702; 2) court mail to send to the U.S. District Court for the Southern District of Indiana, Terre Haute Division; and 3) a quantify of four (4) BP-10s for regional.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of The United States of America.  See 28 U.S.C. sec. 1746.  Executed Sunday, May 1, 2022.
by: /s/ Martin Gottesfeld

Attchm. 66

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 9, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      MARION USP   UNT: I   QTR: I01-007L
      P.O. BOX 2000
      MARION, IL 62959

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1119733-R1      REGIONAL APPEAL
DATE RECEIVED  : MAY 6, 2022
SUBJECT 1      : DHO APPEAL - PROCEDURES
SUBJECT 2      :
INCIDENT RPT NO: 3427792

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF THE  DHO REPORT YOU
                 WISH TO APPEAL OR   IDENTIFY THE CHARGES AND DATE
                 OF THE DHO ACTION.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

I/M
Received
6-1-22
NS

RECEIVED
MAY 24 2022
BY

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN | 12982-104 | I | USP MARION |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** DHO D. Matthews never wrote the report of his findings re incident report (IR) 3427792 and it was never delivered to me. Please either produce the written DHO report or expunge the IR. *See Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (quoting *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992)) (prisoners entitled to advance (at least 24 hours before hearing) written notice," "the opportunity to call witnesses and present documentary evidence," "the opportunity to be heard before an impartial decision maker," disclosure of exculpatory evidence, and "a written statement by the fact finder"). *See also Wolff v. McDonnell*, 418 U.S. 539 (1974) (same). I was denied witnesses, e.g., Katherine Siereveld, and exculpatory evidence, e.g., the letter in question to Walter Pavlo, for no legitimate reason. Matthews was biased and never produced a written report despite his entering sanctions into SENTRY immediately. *See, e.g.,* Program Statement 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5U ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision.") His bias was obvious because, e.g., IR 3427792 violates BOP policy. "An inmate may prepare a manuscript for private use or for publication while in custody without staff approval." Program Statement 5350.27 Inmate Manuscripts (July 27, 1999) at § 7 (quoting 28 C.F.R. § 551.81). "An inmate may mail a manuscript as general correspondence." *Id.* at § 8 (quoting 28 C.F.R. § 551.82). "As used in this rule, manuscript means fiction, nonfiction, [...] and other writings of a similar nature." *Id.* at § 6 (quoting 28 C.F.R. § 551.80). The UDC was convened too late and the warden's memo was untimely issued after the UDC deadline passed. Matthews acknowledged openly he was punishing me for the contents of the letter—not the manner in which it was transmitted. This pattern of bogus IRs and withheld DHO reports is harassment in retaliation against my protected speech by Terre Haute and W. Virginia staffers.

| Apr. 29, 2022 (Fri.) | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

RECEIVED
MAY 0 6 2022
REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGION

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**                                CASE NUMBER: 1197331-R1

Return to: _____

| | | | |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |

BP-230(13)
JUNE 2002

UPN LVN

*Attachmnt 6 /*

```
MARHT    *                    INMATE DISCIPLINE DATA            *    04-28-2022
PAGE 001 *            CHRONOLOGICAL DISCIPLINARY RECORD          *    13:31:16

REGISTER NO: 12982-104 NAME..: GOTTESFELD, MARTIN
FUNCTION...: PRT    FORMAT: CHRONO   LIMIT TO ___ MOS PRIOR TO 04-28-2022

REPORT NUMBER/STATUS.: 3552752 - SANCTIONED INCIDENT DATE/TIME: 09-30-2021 1722
DHO HEARING DATE/TIME: 12-01-2021 1305
FACL/CHAIRPERSON.....: THA/J BRADLEY
REPORT REMARKS.......: CONTEXT OF PHONE CONVERSATION POSED A THREAT TO
                       THEM SAFE ORDERLY OPERATION OF THE INSTITUTION.
  397 PHONE ABUSE - NO CIRCUMVENTION - FREQ: 1
      DIS GCT      / 90 DAYS / CS
      LP PHONE     / 90 DAYS / CS
      COMP:     FROM: 05-30-2022  THRU: 08-27-2022
      LAW:

REPORT NUMBER/STATUS.: 3549119 - SANCTIONED INCIDENT DATE/TIME: 09-16-2021 1720
DHO HEARING DATE/TIME: 12-01-2021 1300
FACL/CHAIRPERSON.....: THA/J BRADLEY
REPORT REMARKS.......: I/M OVER PHONE GAVE INTERVIEW TO WIFE WHICH WAS RELAYED
                       TO MEDIA AND PUBLISHED IN ARTICLE. I/M DENIES
  297 PHONE ABUSE-DISRUPT MONITORING - FREQ: 1
      DIS GCT      / 27 DAYS / CS
      COMP:010 LAW:P
      LP EMAIL     / 180 DAYS / CS
      COMP:     FROM: 12-01-2021  THRU: 05-29-2022
      LAW:
      LP PHONE     / 180 DAYS / CS
      COMP:     FROM: 12-01-2021  THRU: 05-29-2022
      LAW:

REPORT NUMBER/STATUS.: 3427792 - SANCTIONED INCIDENT DATE/TIME: 08-25-2020 1059
DHO HEARING DATE/TIME: 03-03-2021 1300
FACL/CHAIRPERSON.....: THA/J MATTHEWS
REPORT REMARKS.......: I/M WAS ATT TO SEND MAIL OUT TO HAVE INFOMATION
                       PUBLISHED BY A THIRD PARTY. I/M DENIES
  296A MAIL ABUSE, DISRUPT MONITORING - FREQ: 1
       DIS GCT      / 27 DAYS / CS
       COMP:010 LAW:P
       LP PHONE     / 90 DAYS / CS
       COMP:     FROM: 03-03-2021  THRU: 05-31-2021
       LAW:
       MON FINE     / 38.00 DOLLARS / CS
       COMP:    LAW: BAL $77.90

REPORT NUMBER/STATUS.: 3338082 - SANCTIONED INCIDENT DATE/TIME: 12-06-2019 1920
DHO HEARING DATE/TIME: 12-20-2019 1120    DHO REPT DEL: 01-24-2020 1504
FACL/CHAIRPERSON.....: THA/H.MATTHEWS
REPORT REMARKS.......: I/M STATED HE WAS EXTORTING ANYONE

G0002    MORE PAGES TO FOLLOW . . .
```

```
MARHT          *                    INMATE DISCIPLINE DATA            *    04-28-2022
PAGE 002 OF 002 *           CHRONOLOGICAL DISCIPLINARY RECORD          *    13:31:16

REGISTER NO: 12982-104 NAME..: GOTTESFELD, MARTIN
FUNCTION...: PRT    FORMAT: CHRONO   LIMIT TO ___ MOS PRIOR TO 04-28-2022

DHO HEARING DATE/TIME: 12-20-2019 1120 REPORT 3338082 CONTINUED
  204A EXTORTING/BLACKMAIL/PROTECTING - FREQ: 1
       DIS GCT      / 27 DAYS / CS
       COMP:010 LAW:P   TO PROMOTE CLEAR CONDUCT
       LP COMM      / 90 DAYS / CS
       COMP:     FROM: 12-20-2019  THRU: 03-18-2020
       LAW:    TO PROMOTE CLEAR CONDUCT
       LP PHONE     / 90 DAYS / CS
       COMP:     FROM: 12-20-2019  THRU: 03-18-2020
       LAW:    TO PROMOTE CLEAR CONDUCT
       COMP:    TO PROMOTE CLEAR CONDUCT
       MON FINE     / 50.00 DOLLARS / CS
       COMP:    LAW:    TO PROMOTE CLEAR CONDUCT

G0005    TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: | GOTTESFELD, MARTIN | 12982-104 | I | USP MARION
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL** This is a resubmission of rem. no. 1119733-R1. *See* enclosed. DHO D. Matthews never wrote the report of his findings re incident report (IR) 3427792 charging code 296A and adjudicated Mar. 3, 2021. Please produce the report or expunge the IR. *See Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007) (quoting *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992)) (prisoners entitled to "24 hours [...] written notice," "the opportunity to call witnesses and present documentary evidence," "the opportunity to be heard before an impartial decision maker," exculpatory evidence, and "a written statement by the fact finder"). *See also Wolff v. McDonnell,* 418 U.S. 539 (1974) (same). I was denied witnesses, *e.g.,* Katherine Siereveld, and exculpatory evidence, *e.g.,* the letter in question to Mr. Pavlo, for no legitimate reason. Matthews was biased and never produced a written report despite enforcing sanctions immediately. *See, e.g.* Prog. Stat. 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5 ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision"). His bias was obvious because, *e.g.,* IR 3427792 violates BOP policy. "An inmate may prepare a manuscript for private use *or for publication while in custody without staff approval.*" Prog. Stat. 5350.27 Inmate Manuscripts (July 27, 1999) § 7 (quoting 28 C.F.R. § 551.81) (emphasis added). "An inmate may mail a manuscript as general correspondence." *Id.* at § 8 (quoting 28 C.F.R. § 551.82). "As used in this rule, manuscript means fiction, nonfiction[...] and other writings of a similar nature." *Id.* at § 6 (quoting 28 C.F.R. § 551.80). The UDC was convened too late and the warden's memo was untimely issued after the UDC deadline passed. Matthews acknowledged openly he was punishing me for the contents of the letter—not the manner I transmitted it. This pattern of bogus IRs and withheld DHO reports is harassment in retaliation against my protected speech by Terre Haute and W. Virginia staffers.

June 1, 2022 (Wed.) (the same day I rec'ved the rejection)
_____
DATE                                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE                                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                     CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
                 LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

SUBJECT: _____

_____
DATE                                                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

```
MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959
```

  

```
12982-104
North Central Region
400 State AVE
Kansas CiTY, KS 66101-2492
United States
```

Resubmission of Rem. No. 1119733-R1

Wed., June 1, 2022

Attachm. 69

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 16, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      MARION USP    UNT: I   QTR: I01-007L
      P.O. BOX 2000
      MARION,  IL 62959

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 1120386-R1    REGIONAL APPEAL
DATE RECEIVED  : MAY 9, 2022
SUBJECT 1      : DHO APPEAL - PROCEDURES
SUBJECT 2      :
INCIDENT RPT NO: 3552752

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF THE   DHO REPORT YOU
                 WISH TO APPEAL OR    IDENTIFY THE CHARGES AND DATE
                 OF THE DHO ACTION.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.





June 3, 22 from Unit Team
L Wallace

PREA·····

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __Gottesfeld, Martin__  __12982-104__  __I__  __USP Marion__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　　UNIT　　　　INSTITUTION

**Part A - REASON FOR APPEAL** DHO Jason Bradley is withholding his DHO report re incident report (IR) 3552752 in violatic of BOP policy and PREA. Please either produce the written report or expunge the IR. He entered sanctions five months ago (Dec. 1, 2021) but wrote and delivered no report to me. *See, e.g.,* Program Statement 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5 ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision") and *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (due process requires, *inte alia*, ability to call witnesses, 24-hour notice of charge(s), disclosure of exculpatory evidence, an impartial decision maker and written findings. The sole UDC member was Todd Royer, against whom I had and still have filed PREA complaints and who was subject of the relevant phone call. *See, e.g.,* 28 C.F.R. §§ 541.7(b) ("UDC members will not be [...] significantly involved in the incident"), 115.64(a)(1) (staff must "Separate the alleged victim," me, and "abuser," Royer) and 115.67(c) (BOP must monitor alleged abusers and abused for "changes that may suggest possible retaliation" and "act promptly to remedy any such retaliation," including "inmate disciplinary reports"); and U.S. Const. amend I. Bradley retaliates against my PREA reporting of his fellow DHO Mr. Royer. I was denied witnesses, *e.g.,* Jodi Wampler, evidence, *e.g.,* audio surveillence of staffer Ms. Jamie Wheeler's saying I may read the same statement for which I was sanctioned, a impartial decision maker not friends with Royer, separation from Royer under PREA, and, now, Bradley's written report, without which I am denied access to court. The call posed no articulable threat to safety or orderly operations; none was ever presented. Instead Bradley openly took exception to negative reports to journalists re Royer. I was denied advance notice of the charge, code 397, which Bradley adopted *sua sponte* at the hearing minutes before his decision. My staff rep neglected her duties re my rights.

__Apr. 29, 2022 (Fri.)__　　　　　　　　　　　　　　　_/s/ MG_
　　　　　　DATE　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**

MAY 09 2022

REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGION

_____　　　_____
　　　　　　DATE　　　　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE　　　　　　　CASE NUMBER: _____

**Part C - RECEIPT**　　　　　　　　　　　　　　CASE NUMBER: **1120386-R1**

Return to: _____
　　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

SUBJECT: _____

_____　　　_____
　　　　　　DATE　　　　　　　　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

PREA—See, e.g., 28 C.F.R. §§ 115.67(c) and 115.54

U.S. Department of Justice

Federal Bureau of Prisons

Attachm. 70

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN          12982-104          I          USP MARION

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL** Please either produce the written DHO report re incident report (IR) 3552752, action taken Dec. 1, 2021, prohibited-act code 397, or expunge the IR. Jason Bradley entered sanctions six months ago but wrote and gave me no report, in violation of U.S. Const. amend. I, PREA and BOP policy. See, e.g., Program Statement 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5 ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision"); *Dougherty v. Clark*, 1993 U.S. App. LEXIS 12444, No. 91-3344 at *4 (DHO "proceedings 'may be invalidated by evidence that they were retaliatory in nature'" (quoting *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988)). The sole UDC member was Todd Royer, against whom I and others had and have filed PREA complaints and who was subject of the relevant phone call. See, e.g., 28 C.F.R. §§ 541.7(b) ("UDC members will not be [...] significantly involved in the incident"), 115.64(a)(1) (staff must "Separate the alleged victim," i.e. me, and "abuser," Royer), and 115.67(c) (BOP must monitor alleged abusers and abused for "changes that may suggest possible retaliation" and "act promptly to remedy any such retaliation," including "inmate disciplinary reports"); U.S. Const. amend. I. Bradley retaliates against my PREA reporting of his fellow DHO Mr. Royer. I was denied witnesses, e.g., Jodi Wampler, evidence, e.g., the call audio to challenge the transcription and surveillance audio of S.I.S. Ms. Jamie Wheeler's saying I may read the same statement for which I was sanctioned, an impartial decision maker not friends with Royer, separation from Royer under PREA, and, now, the DHO report, without which I am denied access to court. The call posed no articulable threat to safety or orderly operations; none was ever presented. Instead Bradley openly took exception to negative but true reports to journalists re Royer and FCI Terre Haute's failures to follow PREA. I was denied advance notice of the charge, code 397, which Bradley adopted *sua sponte* at the hearing minutes before his decision. My staff rep. neglected her duties and my rights. This is a resubmission of

June 3, 2022 (Fri.)          rem. no. 1120386-R1, signed the day

DATE          I was given the rejection.          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

---

DATE          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

– Page A150 of A151 –

DATE          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN          ✪ PRINTED ON RECYCLED PAPER          BP-230(13)
JUNE 2002

Attachm. 61

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN    12982-104    I    USP MARION
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** DHO D. Matthews never wrote the report of his findings re incident report (IR) 3427792 and it was never delivered to me. Please either produce the written DHO report or expunge the IR. See Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007) (quoting Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992)) (prisoners entitled to "advance (at least 24 hours before hearing) written notice," "the opportunity to call witnesses and present documentary evidence," "the opportunity to be heard before an impartial decision maker," disclosure of exculpatory evidence, and "a written statement by the fact finder"). See also Wolff v. McDonnell, 418 U.S. 539 (1974) (same). I was denied witnesses, e.g., Katherine Siereveld, and exculpatory evidence, e.g., the letter in question to Walter Pavlo, for no legitimate reason. Matthews was biased and never produced a written report despite his entering sanctions into SENTRY immediately. See, e.g., Program Statement 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5¶J ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision.") His bias was obvious because, e.g., IR 3427792 violates BOP policy. "An inmate may prepare a manuscript for private use or for publication while in custody without staff approval." Program Statement 5350.27 Inmate Manuscripts (July 27, 1999) at § 7 (quoting 28 C.F.R. § 551.81). "An inmate may mail a manuscript as general correspondence." Id. at § 8 (quoting 28 C.F.R. § 551.82). "As used in this rule, manuscript means fiction, nonfiction, [...] and other writings of a similar nature." Id. at § 6 (quoting 28 C.F.R. § 551.80). The UDC was convened too late and the warden's memo was untimely issued after the UDC deadline passed. Matthews acknowledged openly he was punishing me for the contents of the letter—not the manner in which it was transmitted. This pattern of bogus IRs and withheld DHO reports is harassment in retaliation against my protected speech by Terre Haute and W. Virginia staffers.

Apr. 29, 2022 (Fri.)    _____
DATE                     SIGNATURE OF REQUESTER

**Part B - RESPONSE**




_____          _____
DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**                          CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____          _____
DATE                              SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959

  

◇12982-104◇
   North Central Region
   400 State AVE
   Kansas CITY, KS 66101-2492
   United States

RESUBMISSION OF ADMIN. REM. NO. 1120386-R1
FRIDAY, JUNE 3, 2022

- Page A151 of A151 -

MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959

  

⇔12982-104⇔
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

Appeal of IR 3338082

Friday, April 29, 2022; *Houston v. Lack*, 487 U.S. 266 (1988)

- Page A130 of A151 -

Attchm: 55

To: CMU Unit Team
From: Martin S. Gottesfeld (Reg. No.: 12982-104)
Date: Thursday, August 15th, 2019
Subject: Unanswered requests

Salutations Unit Team,

    I'm following up on the attached requests and BP-8. I have not yet heard back on the BP-8 nor the July 26th/July 29th request for a notary, although I did submit a copy of the document I would like to have sworn. The last I heard back on the PACER request from the 26th of July was that someone other than Ms. Griffin was looking into it. I haven't, however, heard anything since.

    Can someone please let me know where each of these requests stands, and if I need to do anything further in regards to any of them?

With gratitude,

Martin S. Gottesfeld

- Page 1 of 1 -

Martin S. Gottesfeld
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808


**UNITED STATES**
**POSTAL SERVICE®**

**USPS TRACKING #**

9114 9023 0722 4293 0821 29




⟨⟩12982-104⟨⟩
Office Of General Counsel
Bureau of Prisons
320 1ST ST NW
Washington, DC 20534
United States

Tuesday, November 26th, 2019, <u>Houston v. Lack</u>, 487 U.S. 266 (1988)

Admin.-Remedy Req.: <u>996452</u>

Tue, Nov. 26th, 2019
Admin. Rem. # 996452
DHO Report Being Withheld
For Incident Rep. # 3249328

- Page A110 of A151 -

MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959



⟺12982-104⟺
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

Appeal of IR 3427792

Friday, April 29, 2022; Houston v. Lack, 487 U.S. 266 (1988)

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Attchm. 62

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: | GOTTESFELD, MARTIN S. | 12982-104 | I | USP MARION
--- | --- | --- | --- | ---
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL** DHO Jason Bradley is withholding his DHO report re incident report (IR) 3549119 in violation of BOP policy, PREA and U.S. Const. amend. I. Please either produce the written report or expunge the IR. He entered sanctions five months ago (Dec. 1, 2022) but wrote and delivered no report to me. *See, e.g.,* Program Statement 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5 ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision") and *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (due process requires, *inter alia*, ability to call witnesses, disclosure of exculpatory evidence, an impartial decision maker and written findings). Unit Manager Todd Royer was subject of the call in question and I had and have PREA complaints filed against him. Bradley retaliates against my PREA reporting of his friend and fellow DHO Mr. Royer rather than follow BOP policy and PREA, *e.g.*, 28 C.F.R. §§ 115.54 ("The agency shall establish a method to receive third-party reports of sexual abuse and sexual harassment [...]"), 115.64(a)(1) ("Separate the alleged victim and abuser") and 115.67(a) (monitor for "possible retaliation," *e.g.*, "any inmate disciplinary reports," and "act promptly to remedy any such retaliation"), Program Statement 5264.08 Inmate Telephone Regulations (Jan. 24, 2008) ("Inmates may submit telephone numbers for any person they choose, including numbers for [...] news media") and PS 5270.09, *supra*. I was denied the staff rep. of my choice; my warden-appointed rep. violated my rights. I was denied witnesses, *e.g.*, Jodi Wampler, exculpatory evidence, *e.g.*, a copy of all audio to challenge the transcription, and an impartial decision maker, *i.e.* not Royer's fellow THA-DHO buddy. PREA was never followed, *e.g.*, 28 C.F.R. §§ 115.54, 115.64(a)(1), 115.73(a) and 115.67(c). The IR and withholding of Bradley's report are parts of a retaliation campaign by FCI-THA staffers Bradley, Royer, Eisele, Wheeler, Sherman, Lanner, Baker, Edwards *et al.* and W. Virginia staffers, *e.g.* Wampler, in violation of PREA and U.S. Const. amend. I. My calls are not subject to my securing assurances not to be quoted to the press.

Apr. 29, 2022 (Fri.)
DATE

SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE | REGIONAL DIRECTOR
--- | ---

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE | CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959

  

⇔12982-104⇔
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

Appeal of IR 3549119

Friday, April 29, 2022; *Houston v. Lack,* 487 U.S. 266 (1988)

- Page A134 of A1...

U.S. Department of Justice                                    **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Gottesfeld, Martin | 12982-104 | I | USP Marion |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** DHO Jason Bradley is withholding his DHO report re incident report (IR) 3552752 in violation of BOP policy and PREA. Please either produce the written report or expunge the IR. He entered sanctions five months ago (Dec. 1, 2020) but wrote and delivered no report to me. *See*, *e.g.*, Program Statement 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5 ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision") and *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (due process requires, *inter alia*, ability to call witnesses, 24-hour notice of charge(s), disclosure of exculpatory evidence, an impartial decision maker and written findings). The sole UDC member was Todd Royer, against whom I had and still have filed PREA complaints and who was subject of the relevant phone call. *See*, *e.g.*, 28 C.F.R. §§ 541.7(b) ("UDC members will not be [...] significantly involved in the incident"), 115.64(a)(1) (staff must "Separate the alleged victim," me, and "abuser," Royer), and 115.67(c) (BOP must monitor alleged abusers and abused for "changes that may suggest possible retaliation" and "act promptly to remedy any such retaliation," including "inmate disciplinary reports"); and U.S. Const. amend I. Bradley retaliates against my PREA reporting of his fellow DHO Mr. Royer. I was denied witnesses, *e.g.*, Jodi Wampler, evidence, *e.g.*, audio surveillance of staffer Ms. Jamie Wheeler's saying I may read the same statement for which I was sanctioned, an impartial decision maker not friends with Royer, separation from Royer under PREA, and, now, Bradley's written report, without which I am denied access to court. The call posed no articulable threat to safety or orderly operations; none was ever presented. Instead Bradley openly took exception to negative reports to journalists re Royer. I was denied advance notice of the charge, code 397, which Bradley adopted *sua sponte* at the hearing minutes before his decision. My staff rep. neglected her duties re my rights.

| April 29, 2022 (Fri.) | [signature] |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B - RESPONSE**

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                           CASE NUMBER: _____

---

**Part C - RECEIPT**                                 CASE NUMBER: _____

Return to: _____
| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL |

MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959



⇔12982-104⇔
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

Appeal of IR 3552752
Friday, April 29, 2022; Houston v. Lack, 487 U.S. 266 (1988)

Attachment A

## Administrative Remedy - Informal Resolution
## Marion, Illinois

Inmate's Name **Bottesford** Reg No. 12982-104 Unit **I** Date **4-28-22**

NOTICE You are advised that prior to filing a Request for Administrative Remedy (BP-9), you MUST attempt to informally resolve your complaint through your counselor. Please follow the three (3) steps listed below.

1. State your specific complaint I am denied RDAP without due process. See, e.g., Calligan v. Wilson, 362 F. Appx. 543, 545 (7th Cir. Dec. 23, 2009) (citing Piggie v. McBride, 277 F.3d 922, 924 (7th Cir. 2002)) (Prisoner "has a protected liberty interest in his his good-time credits and credit-earning class, and he may not be deprived of either without the minimum requirements of due process"); Aref v. Lynch, 833 F.3d 242, 257 (D.C. Cir. 2016) (citing Sandin v. Conner, 515 U.S. 472 (1995)) ("[W]e find the designation [to a CMU] meet's Sandin's [atypicality and significance] requirements" such that prisoners are entitled to pre-deprivation due process); and 18 U.S.C. §§ 3621(b) and (e)(1)(C) (BOP must make RDAP available to all prisoners) and 4042(a)(2,3)

2. State what efforts you have made to informally resolve your complaint I submitted a handwritten request (cop-out), an electronic request, spoke to every member of my unit team, spoke to Dr. Fields, and filed a notice of tort claim (SF-95).

3. State what resolution you request Please provide me RDAP at a facility commensurate with my custody level (minimum), release address in Somerville, MA (see 18 U.S.C. § 3621(b) (500-driving-mile rule)), and status as a non-"drop-out", non-sex-offender, non-cooperator, e.g., not medium-security "drop-out yard" USP Marion, Illinois.

Inmate's Signature _____ Date April 28, 2022 (Thu.)

4. Correctional Counselor's Comments (Steps to Resolve) _____

Counselor's Signature: _____ Date: _____

Unit Manager's Review: _____ Date: _____

|  | Received by Counselor from inmate | Attempted informal with inmate by Counselor | BP-9 given to inmate | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|
| Date |  |  |  |  |
| Time |  |  |  |  |
| Counselor |  |  |  |  |

MAR-1010.03J

03-27-10

Page 4

Attchm. 65

TRULINCS  12982104 - GOTTESFELD, MARTIN - Unit: MAR-I-A

-----------------------------------------------------------------------------------------------

FROM: 12982104
TO: CMU
SUBJECT: ***Request to Staff*** GOTTESFELD, MARTIN, Reg# 12982104, MAR-I-A
DATE: 05/01/2022 07:23:50 PM

To: National PREA Coordinator
Inmate Work Assignment: N/A

Dear National PREA Coordinator:

1.  I hereby lodge this formal complain under the Prison Rape Elimination Act (PREA) against
1) FCI-THA D-Unit Manager Mr. Todd Royer;
2) FCI-THA D-Unit Case Manager Ms. Rebekka Eisele;
3) FCI-THA D-Unit Interim Intelligence Resource Officer Ms. Jamie Wheeler;
4) BOP CTU analyst Ms. Jodi Wampler (or Whampler);
5) North Central Regional Disciplinary-Hearing Officer (DHO) Mr. Jason Bradley;
6) FCI-THA Warden Mr. Brian Lammer;
7) FCI-THA Institutional PREA Compliance Manager(s) (from Summer 2019 through January 21, 2022);
8) FCI-THA Special Investigative Services (SIS) Lieutenant (Lt.) Mr. Jamie Baker;
9) FCI-THA SIS Lt. Mr. J. Sherman;
10) FCI-THA SIS Lt. Mr. J. Edwards;
11) FCI-THA Drug Education (Drug ed.) Counselor, name unknown, who was my staff representative for incident reports 3549119 and 3552752; and
12) FCI-THA Associate Warden Mr. Dixon.

2.  During early Summer 2019 Mr. Todd Royer became the FCI-THA duty officer.

3.  During Mr. Royer's rounds he sexually abused multiple inmates, including me.  See 28 C.F.R. sec. 115.6 "Sexual abuse of an inmate [...] by a staff member[...] includes [...] (8) Voyeurism by a staff member. [...] Voyeurism by a staff member [...] means an invasion of privacy of an inmate[...] by staff for reasons unrelated to official duties, such as peering at an inmate who is using a toilet in his or her cell to perform bodily functions."

4.  The first prisoner to confront Mr. Royer for voyeurism---and tell him that he was going to report him---was Mr. Fahrooq Ahmed, at which point Mr. Royer went around D-Unit ripping off the wall the name and address of Ms. Diane Lee, the institution's last PREA auditor.

5.  Ms. Diane Lee's name and address remained posted elsewhere throughout the institution months after Mr. Royer removed the postings from D-Unit.

6.  Following Mr. Ahmed's report Warden Brian Lammer and the Institutional PREA Compliance Manager(s) failed to separate Mr. Royer from Mr. Ahmed.  See 28 C.F.R. sec. 115.64(a)(1) (responding security staff to "Separate alleged victim and abuser").  See also Program Statement 5324.12 Sexually Abusive Behavior Prevention and Intervention Program (June 4, 2015) ("In the Bureau[sic], all institution staff are considered to be 'security staff'").

7.  Mr. Royer was allowed to continue his rounds through D-Unit.

8.  Mr. Royer then opened my cell door while I was defecating, broke the plain of entry to my cell, and conspicuously stared at my exposed genitalia.  See, again, 28 C.F.R. sec. 115.6 (defining voyeurism as sexual abuse).

9.  I promptly notified the Court in Gottesfeld v. Hurwitz, 18-cv-108366-PGG-GWG (S.D.N.Y.).

10. BOP read my court notification; see 28 C.F.R. sec. 540.203 (mail to U.S. courts and judges is read for contents).

11. BOP took absolutely no action in regards to my PREA report.

12. I filed an Administrative Remedy--Informal Resolution (BP-8) because, in violation of PREA, BOP provided me absolutely no anonymous way to report Mr. Royer.  See, e.g., BP-8 and BP-9 (admin. rem. no. 1000236-F1), Gottesfeld v. Lammer, 2:20-cv-12-JRS-MJD (S.D. Ind.), dkt. 47-1.

TRULINCS  12982104 - GOTTESFELD, MARTIN - Unit: MAR-I-A
--------------------------------------------------------------------------------------------------------

13. Hearing nothing back on my BP-8, I handed D-Unit Case Manager Ms. Rebekka Eisele BP-9 no. 1000236-F1 on Sunday, December 8, 2019.

14. Ms. Eisele delayed handing my BP-9 to the institution remedy clerk until two days later, December 10, 2019.  See id.

15. In the interim Ms. Eisele and Ms. Katherine Siereveld wrote retaliatory incident report (IR) 3338082 against me as a guise to transfer me out of the institution and save Mr. Royer.

16. Due to other pending litigation, Ms. Siereveld and Ms. Eisele failed in their retaliatory transfer.

17. Shortly after IR 3338082 Warden Brian Lammer made Mr. Royer the new unit manager for Mr. Ahmed and me.

18. I composed a TRULINCS message to journalists detailing Mr. Royer's serial sexual abuse and his placement as my new unit manager.

19. SIS Lt. J. Sherman came to interview me regarding the matter, at which time I provided him a copy of my under-penalty-of-perjury filing in Gottesfeld v. Hurwitz, supra.

20. Mr. Sherman did nothing to stop Mr. Royer or separate him from me.  See, again, 28 C.F.R. sec. 115.64(a)(1)

21. Mr. Royer thereafter sexually harassed and abused others, to wit, he went off camera, into an occupied shower area and reached his arm into a shower occupied by D-Unit lifer "Ali."

22. D-Unit lifer Ali reported Mr. Royer to, inter alia, SIS Lt. J. Sherman, who did nothing.

23. As unit manager, Royer also retaliated against me and others who complained against him by, inter alia, demanding monthly Inmate Financial Responsibility Program (IFRP) payments in excess of $300.

24. Mr. Royer entered my cell, unescorted, and off-camera, for no valid reason, merely to try to groom me and demonstrate that he is above the law.

25. I again complained under PREA.

26. SIS Lt. J. Edwards came to interview me but also did nothing.

27. No unit-wide interviews were ever completed re Mr. Royer in D-Unit---the plan was to avoid any investigative steps that would corroborate his abuse.

28. I complained in writing to the complex warden, who did nothing.

[TO BE CONTINUED IN A SECOND COP-OUT]

TRULINCS  12982104 - GOTTESFELD, MARTIN - Unit: MAR-I-A

---------------------------------------------------------------------------------------

FROM: 12982104
TO: CMU
SUBJECT: ***Request to Staff*** GOTTESFELD, MARTIN, Reg# 12982104, MAR-I-A
DATE: 05/01/2022 07:54:48 PM

To: National PREA Coordinator
Inmate Work Assignment: N/A

[CONTINUED FROM FIRST COP-OUT]

29. Interim Intelligence Resource Officer Ms. Jamie Wheeler was at all relevant times well aware of Mr. Royer's sexual abuse and failed in her duties to separate him from us, his victims.  See, again, 28 C.F.R. sec. 115.64(a)(1) and Program Statement 5324.12, supra (all BOP staffers are "security" for purposes of 28 C.F.R. sec. 115.64(a)(1)).

30. SIS Lt. Mr. Jamie Baker knew of my initial PREA report to OIG but did not separate Mr. Royer from us, his victims.

31. At one point approximately a half dozen D-unit prisoners attempted to mail sensitive BP-10s to regional re Mr. Royer and PREA.

32. Most of those prisoners never heard back from North Central Region.

33. The others received rejection notices.

34. Associate Warden J. Dixon came to speak to the unit in groups after the attempted mailing of the aforesaid BP-10s but took no action to separate Mr. Royer from us, his victims.

35. At least three (3) retaliatory IRs were filed against me for reporting Mr. Royer: nos. 3338082, 3549119 & 3552752.  (IR 3427792 may refer to a letter mentioning Mr. Royer as well, I no longer remember).  Cf. 28 C.F.R. sec. 115.67(c) ("For at least 90 days following a report of sexual abuse, the agency shall monitor the conduct and treatment of inmates or staff who reported the sexual abuse of inmates or who were reported to have suffered sexual abuse to see if there are changes that may suggest possible retaliation by inmates or staff, and shall act promptly to remedy any such retaliation.  Items the agency shall monitor include any inmate disciplinary reports, housing, or program changes, or negative performance reviews or reassignments by staff").

36. Also, Mr. Royer indeed ordered me into a less desirable housing situation.

37. Mr. Royer was allowed to serve as the sole unit disciplinary committee (UDC) member for IR 3552752 despite the fact that the call in question mentioned him and his serial sexual abuse.  Cf. 28 C.F.R. sec. 541.7(b) ("UDC members will not be [...] significantly involved in the incident").

38. Disciplinary-Hearing Officer (DHO) Mr. Jason Bradley was at all relevant times aware of Mr. Royer's sexual abuse; Royer and Bradley are both DHOs at FCI-THA.

39. I told Mr. Bradley that Mr. Royer was the sole UDC member for IR 3552752 but Mr. Bradley neither expunged the IR nor sent it back for a fresh UDC.

40. During the DHO hearings Mr. Bradley took specific exception to my naming of "staff"---implicitly including Mr. Royer---to the press.

41. Mr. Bradley's real goal was to place Mr. Royer above the law and above public scrutiny, in violation of PREA and U.S. Const. amend. I.

42. My "staff representative" for IRs 3549119 and 3552752 knew of my PREA complaints but also took no action to separate Mr. Royer from us, his victims.  See, again, 28 C.F.R. sec. 115.65(a)(1) and Program Statement 5324.12, supra (all BOP staffers are "security" for purposes of 28 C.F.R. sec. 115.65(a)(1)).

43. BOP Analyst Ms. Jodi Wampler (or Whampler), the author of IRs 3549119 and 3552752, and Ms. Siereveld and Ms. Eisele, authors of IR 3338082, knew of Mr. Royer's serial sexual abuse but took no action to separate him from us, his victims.  See, again, id.

TRULINCS  12982104 - GOTTESFELD, MARTIN - Unit: MAR-I-A

--------------------------------------------------------------------------------------------

44. "The DHO gives the inmate a written copy of the decisions and disposition [of the incident report(s)], ordinarily within 15 work days of the decision." Program Statement 5270.09, CN-1 (Nov. 8, 2020) at ch. 5.  Mr. Bradley has never given me his written reports re IRs 3549119 and 3552752 and the hearings took place five months ago (Dec. 1, 2022).  Respectfully, it is now too late for him to do so credibly.

45. "Administrative investigations should also consider information on whether other factors such as physical layouts, staffing patterns, institution operations, etc., contributed to the abuse." Program Statement 5324.12, supra.  In this case the insular nature of the communications-management units (CMUs), the inability of prisoners to contact higher authorities without lower staff interference, the violation of standards allowing anonymous and third-party PREA reports, and the institutions incapability to follow PREA standards, all enable Mr. Royer's continued sexual abuse.

46. "Bureau inmates are encouraged to report allegations to staff at all levels, including local, regional and Central Office." Program Statement 5324.12, supra.  See also id. ("For the purposes of this section, staff may contact any supervisory staff at the local, institution, Regional[sic] staff, or Central Office[sic] staff, including the Regional PREA Coordinators and the National PREA Coordinator").  Respectfully, all lower levels have failed to handle this issue properly and I expressly request notification of the National PREA Coordinator.

47. At no point has any agency staffer notified me of the status of any of my PREA complaints against Mr. Royer.  Contrast, e.g., 28 C.F.R. sec. 115.73(a) ("[T]he agency shall inform the inmate as to whether the allegation has been determined to be substantiated, unsubstantiated, or unfounded").

48. I found out only from the press that my PREA complaint had been referred to OIA.  See, e.g., Michelle Malkin, FreeMartyG: Exposing America's Secret Prisons, The New American & Syndicated (January 26, 2022).