Exhibit 1

Declaration in Support of Extension

1. I am Martin Gottesfeld, Petitioner, *pro se*, in *Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.).

2. On Monday, June 13, 2022, I had ready for mailing to this Court, in an envelope bearing sufficient affixed, pre-paid U.S. Priority Mail® postage, accurately dated and annotated pursuant to the prison-mailbox rule, *Houston v. Lack*, 487 U.S. 266 (1988), 1) my June 7, 2022, Declaration of Martin Gottesfeld re *Exhaustion, Retaliation & Justiciability*, comprised of a) 13 Roman-numeraled pages consisting of cover, table of contents, table of important nouns and tables of citations; b) 54 pages of body text containing ¶¶ numbered 1-412 and c) a 151-numbered-page appendix containing 70 numbered attachments and 2) my nine-page June 13, 2022, Motion for an Extension with a one-page declaration in support thereof.

3. At my next opportunity, which was Tuesday, June 14, 2022, I turned over care, custody and control of said mailing to Mr. Nate Simpkins of the CMU Marion unit team, in his official capacity as an agent of Respondent and of Respondent's counsel.

4. Unlike most federal prisoners, I do not seal my mail to the courts; I must rely on Bureau of Prisons ("BOP") staff to do so. *See* 28 C.F.R. § 540.203 (special mail limited to attorneys; mail to U.S. courts and judges is pre-screened for contents).

5. On Friday, June 17, 2022, I inquired at mail call with CMU Marion Intelligence Resource Officer Ms. Kathy Hill about the filing. I asked her specifically about the sealing of the flap of the envelope, because, due to the size of the filing, I had to use an older manila envelope I purchased at FCI Terre Haute that was larger than the manila envelopes sold here at USP Marion and I was concerned it might not seal well.

6. Hill assured me the envelope was "good."

7. I learned yesterday that much was missing from PACER when the filing was entered, but I knew not what exactly had happened or if there was hope it would be resolved absent further action of mine.

8. I learned this morning that the filing arrived to the Clerk of the Court with documentation from the United States Postal Service (USPS) that it had been damaged in shipment. *See* non-public docket text of dkt. 91.

9. At USP Marion I can order at most two copy cards per week, each good for 50 pages, for a total of 100 photocopies. Due to equipment problems approx. half of all copy cards ordered are useless and replacements have been unforthcoming. I must reproduce 218 pages (13 + 54 + 151); I have two working copy cards and I ordered two more for next week, but to have enough to reproduce the declaration and my upcoming amended reply I will have to wait for the week of July 3rd-9th, 2022.

10. Additionally, some weeks copy cards are unavailable from the commissary entirely.

11. I am leery of mailing my filings to the Court in multiple envelopes because each additional envelope geometrically increases the probability of an issue.

12. Though I did retain a copy of my aforesaid decl. app'x it is a black-and-white copy and the image quality would further degrade if I copied the copy. Thus I will recompile all of the originals, copy them, re-mark them in color, and re-number the new appendix pages A1–A151. This will take at least a full day.

13. I shall also investigate my options to reduce the probability of similar troubles with the next mailing; this will likely require multiple back-and-forths in writing with BOP and also take time.

14. BOP, for example, does not provide me shipping tape to reenforce my envelopes. Any such shipping tape is applied by BOP before it turns over care, custody and control to the USPS.

I declare under penalty of perjury under the laws of The United States of America that the foregoing is true and correct. 28 U.S.C. § 1746. Executed Thursday, June 23, 2022.

by: *[signature]*
Martin Gottesfeld