UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MARTIN S. GOTTESFELD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00012-JRS-MJD |
| | ) | |
| B. LAMMER, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Martin S. Gottesfeld, a federal inmate, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary proceeding identified as Incident Report No. 3338082. For the reasons explained in this Order, Mr. Gottesfeld's habeas petition is **dismissed**, and the **clerk is directed** to enter final judgment.

**I.   Overview**

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974); *Jones*, 637 F.3d at 845 (same for federal inmates).

A petitioner must exhaust his administrative remedies prior to bringing a § 2241 petition. *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986) ("We reaffirm that a federal prisoner challenging a disciplinary decision within the federal institution must exhaust his administrative remedies before seeking federal habeas relief."). While Congress has not created a statutory requirement that inmates exhaust administrative remedies prior to filing a § 2241 petition, the Seventh Circuit Court of Appeals has held that "[a] common-law exhaustion rule applies to § 2241 actions." *Richmond v. Scibana,* 387 F.3d 602, 604 (7th Cir. 2004); *Gonzalez v. O'Connor,* 355 F.3d 1010, 1016 (7th Cir. 2004). See also *Jackson v. Carlson,* 707 F.2d 943, 949 (7th Cir. 1983) (holding that federal prisoners seeking habeas corpus are required to exhaust remedies, though courts may exercise discretion to deny a petition on the merits without first resolving the issue of exhaustion); *Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019) (denying petition on the merits even though exhaustion was in dispute); *Perotti v. Holt*, 483 F. App'x 272, 274 (7th Cir. 2012) (denying petition on the merits and stating that the exhaustion requirement is not jurisdictional).

The Seventh Circuit has held that if a prisoner has failed to exhaust his administrative remedies, review of his habeas claim is barred unless he can demonstrate cause for his failure to comply with procedural requirements and actual prejudice resulting from the alleged constitutional violation at the administrative hearing. *Sanchez*, 792 F.2d at 699. To establish cause in this context, the prisoner must be able to show an external factor which prevented him from raising the issue challenged in the § 2241 petition during his administrative appeal. See *Schmanke v. Irvins*, 207 F. App'x 655, 657 (7th Cir. 2006); *Murray v. Carrier*, 477 U.S. 478, 488, (1986). "The courts enforce the cause and prejudice rule in part to conserve judicial resources by requiring state or federal prisoners who seek habeas relief to present their claims to the venue initially available. For federal

prisoners challenging disciplinary proceedings, the initial venue is the administrative process. By applying the cause and prejudice rule to habeas review of administrative proceedings, we ensure that prisoners do not circumvent the appropriate agencies and needlessly swamp the courts with petitions for relief." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996) (internal citations omitted).

### II. Disciplinary Proceeding

On December 9, 2019, Officer R. Eisele issued an Incident Report charging Mr. Gottesfeld with a violation of Prohibited Act Code 204(A), for attempted extortion. Dkt. 21-1 at 11. The Incident Report states that on December 6, 2019, Mr. Gottesfeld delivered two inmate request forms to Officer Eisele. *Id*. When the officer reviewed the requests, he noticed that the first request focused on a document he believed he had already provided Mr. Gottesfeld and directed Mr. Gottesfeld to the records department for verification. *Id*. On December 9, 2019, Officer Eisele reviewed the second request which was addressed to more than seventy individuals and entities. *Id*. The body of Mr. Gottesfeld's letter noted:

> I have searched my records for an order of commitment allowing each of you, jointly and severally, to hold me against my will and found no such order. Pursuant to 18 U.S.C.S. §3621(c), D.C. Code § 16-1905, and other relevant statutes, I hereby demand a true copy of the order of commitment under which each of you, jointly and severally, is detaining me against my will. This demand is self-executing every twenty-four (24) hours; and each of you whom neglects to deliver to me a true copy of the required order of commitment shall forfeit to me the statutorily mandated sum.[1]

Dkt. 21-3 at 25. Officer Eisele concluded the Incident report by indicating how he interpreted the correspondence from Mr. Gottesfeld. Specifically, the officer said:

> I feel threatened by inmate Gottesfeld's demands and I believe he is trying to extort me (and others), both personally and professionally. Inmate Gottesfeld is attempting to intimidate and compel me (and other staff, agencies, entities) by

---

[1] Grammatical errors corrected for clarity.

3

> threat of financial demise into providing him a document (to which I have no access) and potentially assisting him in securing a fraudulent release from custody.

Dkt. 21-1 at 11. Mr. Gottesfeld received a copy of the Incident Report notifying him of the charge the same day. *Id*.

Mr. Gottesfeld told the Unit Disciplinary Committee ("UDC") the following:

> I did not extort anyone. I quoted relevant law nearly verbatim. See attached. This incident report is unconstitutional and those involved with its preparation and any sanctions will likely be held not to have qualified immunity.

*Id*. Later that evening, Officer B. Devlin conducted an investigation and advised Mr. Gottesfeld of his rights. *Id*. at 13. Mr. Gottesfeld informed the investigator that he believed the charge was unconstitutional and in retaliation for his pending litigation. *Id*.

The disciplinary hearing officer ("DHO") held Mr. Gottesfeld's disciplinary hearing on December 20, 2019. *Id*. at 8. When asked if he had any comments, Mr. Gottesfeld stated, "[t]hat is the document I handed to Ms. Eisele, but I was not extorting anyone, I was quoting DC statute. This incident happened on the 6th not the 9th so the report is late. Video and audio will show this." *Id*.

The evidence presented at the hearing included the incident report, the UDC investigation, Mr. Gottesfeld's statements, audio and video recordings, and copies of Title 18 USC §3621(c), D.C Code §16-1905, D.C Code §13-421, D.C Code §13-422, and D.C Code §13-423(a). *Id*. at 8-10. The DHO found Mr. Gottesfeld guilty on January 22, 2020. *Id*. at 10. The sanctions imposed included the loss of twenty-seven good time credit days, ninety days of phone and commissary privileges, and a $50.00 fine. *Id*. at 10. The DHO delivered the findings to Mr. Gottesfeld on January 24, 2020. Dkt. 18 at 62.

On January 7, 2020—before the DHO had even issued its findings, Mr. Gottesfeld filed this § 2241 petition. *Compare* dkt. 1 *with* dkt. 21 at 8-10.

4

**III.    Analysis**

For the reasons explained below, Mr. Gottesfeld failed to exhaust his administrative remedies and this action is dismissed without prejudice.

The respondent moves this Court to dismiss this matter because Mr. Gottesfeld failed to exhaust his administrative remedies.[2] Dkt. 21 at 5-7.

The Bureau of Prisons established the Administrative Remedy Program to allow inmates to seek formal review of an issue relating to any aspect of their confinement. 28 C.F.R. § 542.10. This process involves four steps: 1) The inmate is required to attempt an informal resolution with the staff, 28 C.F.R. § 542.13; 2) If the informal resolution is unsuccessful the inmate may submit a formal request to the warden on a BP-9 form within 20 calendar days following the date on which the basis for the request occurred, 28 C.F.R. § 542.14; 3) An inmate who is not satisfied with the warden's response may submit an appeal on the appropriate form (BP–10) to the appropriate regional director within 20 calendar days of the date the warden signed the response, 28 C.F.R. § 542.15; and 4) an inmate who is not satisfied with the regional director's response may submit an appeal on the appropriate form (BP–11) to the general counsel within 30 calendar days of the date the regional director signed the response, 28 C.F.R. § 542.15.

The DHO's Report specifically states that Mr. Gottesfeld, "the inmate", has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. Dkt. 21-1 at 10.

---

[2] In doing so, respondent cites to case law applying the Prison Litigation Reform Act (PLRA), Pub.L. No. 104–134, § 801 et seq., 110 Stat. 1321–66 (1996), but "cases properly brought under §§ 2241 or 2254 as habeas corpus petitions are not subject to the PLRA." *Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000); *Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 878 (7th Cir. 2019) (citing *Walker*). Nevertheless, as explained above, a common-law exhaustion rule applies to § 2241 actions.

Respondent argues that Mr. Gottesfeld did not exhaust his administrative remedies and bolsters his argument by noting Mr. Gottesfeld has filed at least forty-two administrative filings and none of them contain appellate documents for Incident Report number 3338082. Dkt. 21-1 at 49-70. Further, Respondent provided a signed affidavit from the employee responsible for entering the time when appeals are filed into the SENTRY case management system, and they noted no appellate filings could be located. Dkt. 21-1 at 1-4. Accordingly, in the absence of any admissible evidence to the contrary, the Court finds that Mr. Gottesfeld failed to exhaust his administrative remedies.

In his petition, Mr. Gottesfeld includes a heading, "The Petitioner Exhausted the Available Administrative-Remedy Procedures." Dkt. 1 at 23; *see also id.* at 1, ¶ 6. But does not allege that he completed the appeal process for Incident Report number 3338082. Instead, he alleges that the appeal process was unavailable to him because prison officials denied him relief on some prior grievances and failed to respond to others. *Id.* at 23−26, ¶¶ 118−131. But Mr. Gottesfeld acknowledges that prison staff have responded to other grievances close in time to his sanction for Incident Report number 3338082. *Id.* at 26, ¶ 132 ("The petitioner further notes that agents of the respondent continue to answer other ARP requests he filed after the Eisele BP-8 but before the latest incident report, just not the Eisele BP-8."). He may not skip the exhaustion process in this case, without even attempting to appeal, based on his allegations regarding his attempts to exhaust a prior grievance.

Mr. Gottesfeld also argues that he somehow exhausted his disciplinary sanction before it was even issued. Dkt. 1 at 23, ¶ 117 ("[T]he petitioner exhausted the ARP before Rebekka Eisele submitted the latest retaliatory, untimely, manifestly-unconstitutional, and frivolous incident

6

report against him."). Mr. Gottesfeld offers no legal authority for the proposition a petitioner may exhaust his disciplinary sanction before it has been issued, and the Court is aware of none.

Finally, Mr. Gottesfeld argues that the respondent should be estopped from arguing exhaustion because prison officials seized his personal belongings when they issued the incident report at issue. *Id.* at 26−27, ¶¶ 135−36. But he provides no evidence that this seizure was an attempt to prevent him from appealing his disciplinary sanction. And he does not explain how this seizure prevented him from filing an administrative appeal, even though he was able to file his petition in this action.

A petitioner may not run straight to federal court before attempting to exhaust available administrative remedies—or, indeed, before his sanction has even been issued. Because Mr. Gottesfeld attempted to do just that in this case, and he has provided no evidence that he later exhausted his available administrative remedies, his petition is **dismissed**.

## IV.    Conclusion

The undisputed record reflects that Mr. Gottesfeld did not timely exhaust his available administrative remedies before filing this habeas action. Accordingly, this action relating to Incident Report No. 3338082 is **dismissed without prejudice**. Judgment consistent with this Order shall now issue.

Additionally, Mr. Gottesfeld's motion for extension of time to file a rely brief, dkt. [95], is **denied**.

**IT IS SO ORDERED**.

Date: 07/18/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARTIN S. GOTTESFELD
12982-104
MARION - USP
MARION U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov