U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Gottesfeld, Martin S.__   __12982-104__   __THA-CMU__   __FCI-Terra Haute__
           LAST NAME, FIRST, MIDDLE INITIAL           REG. NO.           UNIT           INSTITUTION

**Part A– INMATE REQUEST** Please see the BP-8 attached hereto. Additionally, I don't believe that the CMU can qualify as a "general population unit" when a radical Islamic inmate who went on to kill a non-violent 68-year-old and stab another man times—be, both over a noise dispute (allegedly), was housed there with a possibili of later stepping down to a legitimate "general population unit," as revealed by t sworn court declaration of Associate Warden Dan Sproul in the case of 3:16-CV-0096 NJR-DGW (please see attached). I wish to be moved to a facility which is instead commensurate with my status as a non-violent first-time alleged offender who is 35 years old with a high-school diploma and which is located within 500 miles of my wife in Somerville, MA 02143, whereat I can have contact visits.

_____          _____
DATE                                           SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____          _____
DATE                                           WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _____

                                                         CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____
DATE                                           RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982

USP LVN                    PRINTED ON RECYCLED PAPER

Attachment 1

## FCC Terre Haute

### Administrative Remedy – Informal Resolution

| Inmate Name: *Gollesfeld* | | Register #: 12982-104 | | |
|---|---|---|---|---|
| Unit: *Cmu* | | Date Submitted: April 24th, 2019 | | |

Section 1: NOTICE TO INMATE - Be advised, normally prior to filing a Request for Administrative Remedy, BP-229 (13), you must attempt to informally resolve your complaint through your Correctional Counselor.

Section 1a: Briefly state your specific single complaint: I was not given any hearing before I was placed in a CMU and my current offenses of conviction and offense conduct do not indicate a substantial likelihood that I will "encourage, coordinate, facilitate, or otherwise act in furtherance of illegal activity through communication with persons in the community," especially in light of the simple fact that in my 3 years in custody prior to arriving at the CMU I had never once been adjudicated guilty of a single inmate disciplinary charge and I was never placed on restricted correspondence or communications in any way prior.

Section 1b: Briefly state the resolution you request: I wish to be moved to a facility commensurate with my status as a non-violent first-time offender who is 35 years old with a high-school diploma, located within 500 miles of my wife and with contact visits.

Inmate Signature:

Counselor Printed Name/Signature:

| Section 2: Department Assigned | | | | | |
|---|---|---|---|---|---|
| Date Assigned: | | | Date Due: | | |
| ☐ Food Service | ☒ | Unit Mgmt | ☐ Unicor | ☐ | Education |
| ☐ Psychology | ☐ | Medical | ☐ Chaplain | ☐ | Recreation |
| ☐ Trust Fund | ☐ | Custody | ☐ Facilities | ☐ | Safety |
| ☐ ISM/Mailroom | ☐ | Admin. | ☐ SIS | | |

Section 3: Department Head Response

Issue Resolved Comments:

Issue Un-resolved Comments: You are currently in a general population unit with 100% communication monitoring. Upon a multi-level review, it was determined that your designation to a Communication Management Unit was and still is appropriate.

Unable to Address Issue Comments:

| Inmate Signature if Resolved: | | | | | Date: | |
|---|---|---|---|---|---|---|
| Staff Signature: | | | | | Date: 4/30/19 | |

| Section 4: Tracking | | | | | | |
|---|---|---|---|---|---|---|
| | BP-8 issued to inmate | BP-8 returned to Counselor | BP-9 issued to inmate | BP-9 returned to Unit Team | To Admin Remedy Clerk | Returned as Rejected |
| Date | 4-19-19 | 4/24/19 | 4/30/19 | 5/2/19 | | |
| Time | 1415 | 1:00 pm | 2:49 pm | 12:54 pm | | |
| Staff | R.Eisele | (S) | R. Eisele | (D) | | |

– Page A94 of A263 –

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

RODNEY HAMRICK,

    Plaintiff,

vs.                         No. 3:16-CV-00967-NJR-DGW

MAUREEN P. BAIRD, *in her individual capacity*,
and WILLIAM TRUE III, *in his official capacity*,

    Defendants.

---

### DECLARATION OF D. SPROUL

I, Dan Sproul, do hereby declare as follows:

1. I am an Associate Warden at the Federal Correctional Complex located in Terre Haute, Indiana (FCC Terre Haute). I am primarily stationed at the Federal Correctional Institution (FCI) component of FCC Terre Haute, which houses the Communications Management Unit (CMU). Under the general direction of the FCI Warden, I am responsible for the general oversight of the CMU at FCI Terre Haute. I have held this position since August 2014.

2. The statements made in this declaration are based on my personal knowledge and experiences at FCC Terre Haute and in other BOP institutions, and my review of BOP records, including disciplinary records of the Plaintiff and the rest of the inmates housed at the CMU. These records have been properly prepared as business records. These records are maintained in the institution's Central Inmate Files and in investigative files. As a Bureau of Prisons employee, I know the record-keeping procedures of the Bureau of Prisons and

Page 1 of 3

the procedures under which the records were created. These documents were prepared in the normal course of business of administering the Bureau of Prisons' correctional institutions and imposing inmate discipline. These records were prepared by staff members with personal knowledge at or near the time of the events described therein in order to document those events described therein.

3. The Plaintiff, Rodney Hamrick, (Federal Register Number 01192-087), is a Federal inmate currently incarcerated in the CMU at FCC Terre Haute, but was housed at USP Marion at the time he filed this civil complaint. He is serving a LIFE sentence as a result of conviction for, 18 USC §924 (C)(1)(A)(C)(II), Use of Destructive Device in Attempted Crime of Violence-Second or Subsequent Offense. *See* Attachment 1, Public Information for Plaintiff Hamrick.

4. Inmate Hamrick was originally designated to the CMU at FCI Terre Haute on September 4, 2012. He was transferred to the CMU at USP Marion on August 12, 2014 and then stepped down from the CMU to the general population at USP Terre Haute on September 12, 2016. Inmate Hamrick was placed back in the CMU at FCI Terre Haute on January 13, 2017. *See* Attachment 2, Inmate History for Plaintiff Hamrick.

5. There is currently no plan or procedure underway to transfer inmate Hamrick out of FCI Terre Haute to another BOP institution. Specifically, there is no current reason to believe that inmate Hamrick will be transferred or redesignated from the CMU at Terre Haute to the CMU at USP Marion.

6. CMU inmates are reviewed every six months to determine whether or not their communications continue to require the heightened monitoring afforded by placement in the CMU. *See* Attachment 3, Program Statement 5214.02, *Communications Management Units*. The referenced Program Statement provides a series of factors to determine whether the

Page 2 of 3

---

reasons for CMU placement still exist. If it is again determined that inmate Hamrick's communications do not require placement in the CMU, he will step down from the CMU into general population to be redesignated to a facility commensurate with his security needs at that time.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this _____ day of March, 2017.

Dan Sproul
Associate Warden, FCC Terre Haute

Page 3 of 3

REQUEST TO BE TRANSFERRED TO A FACILITY CLOSER TO FAMILY

1). I Martin S. Gottesfeld____, Reg. No. 12982-104 submit that I am classified as _____ level inmate, and currently incarcerated at ~~United States Penitentiary~~ _____ that is too many miles from my family and home. My family resides in Somerville, MA____. My legal release address is 28 Albion St., Apt 1, Somerville, MA 02143_____.

2). Release Residence: The B.O.P. encourages transferring inmates closer to release for better family relations. B.O.P. Program Statement *5100.08 Chapter 5, Page 3, D* states: "The Bureau of Prisons *Ordinarily*, attempts to place each inmate in an institution that is reasonably close to the anticipated release area. *Ordinarily*, placement within *500 miles* of the release area is to be considered, regardless of whether there may be an institution closer to the inmates release area." Additionally, *P.S. 5100.08, Chapter 7, Page 4*, sets the criteria for a Nearer Release Transfer (Code "*313*"), with eighteen (18) months clear conduct for a penitentiary to penitentiary transfer; thirty-six (36) months for an inmate who received a disciplinary transfer (Code "*309*"); and one (1) year for a reduction in custody transfer to an F.C.I.. The three require a family member reside in the requested region for the purposes of family ties.

3). *Anderson v. Smith, 697 F.2nd. 239, (8th Cir.1983)* held that an inmate is entitled to expect the B.O.P. to follow its own policies. B.O.P. Program Statements as well as other Justice Department Rules is regarded as "laws of the United States." See *Abraham v. U.S., 465 F.Supp 610, 612 (D.C. Cir.1975); Roadway v. U.S., 514 F.2nd 809, 814 (D.C. Cir.1975)* ("It is of course, well settled that validly issued regulations have the force and effect of law"); *U.S. v. Mersky, 361 US 431, 437-38 (1960)* ("An administrative regulation or course, is not a "statute." While in practical effect regulations may be called "little laws," they are at most offspring of statutes"... "Once promulgated, *these regulations, called for by the statute itself, have the force of law, and violations thereof incur criminal prosecutions, just as if all the details had been incorporated into the congressional language"). A prisoner has a statutory right to have the B.O.P. comply with the ("APA") and its own rules and guidelines. See *Brown v. Lundgren, 528 F.2nd 1050, 1054 (5th Cir.1976).* P.S. 5100.08 are established by Congress. It revamped the system the B.O.P uses to Designate, Sentence and Compute federal prisoners' sentences by restructuring, relocating and consolidating the ("DSCC") in Grand Prairie, Texas. It rescinds and amends existing legislative rule, so it can not be deemed "interpretive", but "legislative". Such a rule would impose new rights or obligations by changing the existing law and must follow the applicable procedures of the APA. See *Gunderson v. Hood, 268 F.3rd 1149, 1153-1155 (9th Cir.2001).* Finally, the APA "*Title 5 USCA § 551 (1)*" applies to the B.O.P. See *Bunn v. Conley, 309 F.3rd 1002, 1009 (7th Cir.2002).*

*RELIEF REQUESTED*

Accordingly, I respectfully request a transfer to one of facilities listed below, as they are closer to my family and release designation area than the institution I am currently housed, and they are the proper security classifications.

A). Fort Devins, Camp_____

B). FCI Otisville, Camp_____

Respectfully submitted,

By, _____

Date: May 2nd, 2019____