Attchm. 9

Martin S. Gottesfeld
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

Dear Correctional Officer Harvey,

Thank you for agreeing to be my staff representative for the adjudication of post-hoc-numbered incident report 3249328. I very much appreciate your assistance.

1. I have serious concerns about the untimeliness of the report as well as with it being submitted as a BP-A0288 as opposed to a referral. As you are aware, the initial report, as delivered to me was clearly dated "April 19, 2018" (emphasis added). In addition, even with that field now corrected (perhaps illegitimately) to April 19, 2019, there was still nearly a 72-hour delay before it was signed by CTU on April 22, 2019, followed by approximately 72 hours of further delay before a copy of the report was first delivered to me on April 25th, 2019. I would like for you to please advise the legal department here of these issues regarding timing.

2. Further, it is my understanding that CTU personnel are not actually FBOP employees and that the FBOP has previously asserted such to U.S. courts in good faith in order to evade liability in civil suits. As such, it is inappropriate for the report's author to submit incident reports on BP-A0288 forms when instead he should be using referral forms as per the relevant FBOP policy statement, sworn Congressional testimony, and other court records. I would like for you to please advise the legal department here of this discrepency as well.

3. As an additional item, I have previously asked the legal department here for the "rules of the road" regarding inmate communications with the public only to have been denied. I would like for you please to request that the audio of my Thursday, April 18th, 2019, 10:00 A.M. (approximately) discussion with the legal department, which you witnessed, to be preserved and presented to the DHO and then also preserved thereafter for the purposes of civil litigation.

4. Also, please inquire with the legal department as to whether FCI Terre Haute UDC and DHO staff expect to receive qualified immunity in future civil litigation regarding this ticket given 28 CFR 543.11(f)(1), FBOP Policy Statement 1315.07(10), and the longstanding, binding, unambiguous U.S. Supreme Court precedents of Johnson v. Avery, 393 U.S. 483; 21 L.Ed.2d 718; 89 S.Ct. 747 (1969), Wolff v. McDonnell, 418 U.S. 539; 93 S.Ct. 2963; 41 L.Ed.2d (1974), and Bounds v. Smith, 430 U.S. 817; 52 L.Ed.2d 72; 97 S.Ct. 1491 (1977), as well as Williams v. Lane, 851 F.2d 867 (7th Cir. 1988).

5. I would also like to examine any and all written correspondence and records related to this ticket which can be made available to me ahead of time, including any such communications to/from CTU.

6. Penultimately, there are now motions for declaratory

judgements pending in the case of 18-cv-02328 (Cox v. Dodd, et al.) in The District of Colorado and the case of 18-cv-10836-PGG in The Southern District of New York, as well as an emergency ex-parte motion for a temporary restraining order (TRO) in the District of Colorado case, all regarding the adjudication of this incident report by the FBOP. Please ask legal if they believe it to be prudent for the DHO hearing to preempt The Honorable Courts in this instance.

7. Finally, I do not believe it was legitimate for the UDC to modify the incident report post hoc, nor for the DHO to give them permission to do so <u>before</u> the matter had been referred to him. I would like for you to please ask the legal department if FCI and DHO staff expect to receive qualified immunity when they go far outside even the BOP's own policies and procedures to adjudicate an incident report to prevent inmates from litigating a politically-sensitive civil case involving FBI informants as defendants.

My thanks again for your help, Mr. Harvey,

*(signature)*

Martin S. Gottesfeld, Reg. No.: 12982-104