**U.S. Department of Justice**     Attchm. 57          **Central Office Administrative Remedy Appeal**
Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: __Gottesfeld, Martin, S.__     __12982-104__     __D/CMU__     __FCI-THA__
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** Please provide me a copy of DHO Jason Bradley's May 3rd, 2019, decision regarding incident report number 3249328 so that I can file an administrative remedy with regional and so that the administrative-remedy system is available to me.

I filed the BP-8 corresponding to this request on June 25th, 2019, but never heard back despite multiple follow-up attempts. I did not attach those follow-up requests to the corresponding BP-9, which I filed on September 12th, 2019, because the administrative-remedy clerk at FCI-THA would have used their presence as an illegitimate excuse to reject that BP-9 to cover for Bradley's illegal acts taken under the color of federal authority. My written follow-up requests to the BP-8 remain available upon request. I never heard back on the BP-9, and pursuant to 28 C.F.R. § 542.18, I took the omission of a response thereto as a denial of that BP-9 and timely filed an appeal (BP-10) pursuant to 28 C.F.R. §§ 542.15(a) and 542.15(b)(1). I continue to note 18 U.S.C. § 241, 28 C.F.R. § 543.11(f)(1), and BOP Program Statements 1315.07 § 10 and 5214.02 § 5(10), as they apply to the original incident report and its adjudication by DHO Bradley, and to the denial through deliberate omission of Bradley's written report, which are in turn denying me access to the courts unlawfully.

Pursuant to 28 C.F.R. §§ 542.15(a), 542.17(b), 542.17(c), and 542.18, I appeal the response of the regional director. I did not fail "to include a copy of the warden's response," because as noted supra and inter alia in my BP-10, Warden Lanmer responded via omission pursuant to 28 C.F.R. § 542.18 and I noted explicitly this response-by-omission in my BP-10. The rejection by the regional director is missing the required signature "by the Administrative Remedy Coordinator" mandated by 28 C.F.R. § 542.17(b). Appeal is thus also appropriate under 28 C.F.R. § 542.17(c). I note also Ross v. Blake, that I am being "thwarted" from using the admin-remedy system.

__Tue Nov 26th, 2019__                              __/s/__
DATE                                                SIGNATURE OF REQUESTER

**Part B - RESPONSE**




DATE                                              GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                        CASE NUMBER: _____

**Part C - RECEIPT**                               CASE NUMBER: _____

– Page A207 of A263 –

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE                    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

Martin S. Gottesfeld
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808



USPS TRACKING #

9114 9023 0722 4293 0821 29

⇔12982-104⇔
Office Of General Counsel
Bureau of Prisons
320 1ST ST NW
Washington, DC 20534
United States

Tuesday, November 26th, 2019, <u>Houston v. Lack, 487 U.S. 266 (1988)</u>

Admin.-Remedy Req.: <u>996452</u>

Tue, Nov. 26th, 2019
Admin. Rem. # 996452
DHO Report Being Withheld
For Incident Rep. # 3249328

- Page A208 of A263 -