PREA—See, e.g., 28 C.F.R. §§ 115.52(b)(1) ("The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse") and 115.67(c) ("shall act promptly to remedy" retaliation, incl. incident reports).

U.S. Department of Justice
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.    12982-104    I    USP MARION
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A – REASON FOR APPEAL Please expunge incident report (IR) 3338082. Remedies were unavailable to me at FCI-THA due to affirmative misconduct of its officials. See Habeas Petition, Gottesfeld v. Lammer, 2:20-cv-12-JRS-MJD (S.D. Ind.), dkt. 1 (Jan. 7, 2020) at 23, § IV (citing, inter alia, Ross v. Blake, 136 S. Ct. 1850, 1859–60 (2006); Turley v. Rednour, 729 F.3d 645, 650 n. 3 (7th Cir. 2013); Ramirez v. Young, 906 F.3d 530, 533 (7th Cir. 2018); Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006); Kaba v. Stepp, 458 F.3d 678, 684–86 (7th Cir. 2006) (adopting Hemphill v. New York, 380 F.3d 680, 688 (2d Cir. 2004)); and O'Brien v. Town of Caledonia, 748 F.2d 403, 409 (7th Cir. 1984)). DID Matthews was biased. See id. at 13, § III. My warden-appointed staff rep. neglected her duties and my rights. Id. I was denied witnesses, e.g., Rebekka Eisele and William Harris, and exculpatory evidence, e.g., a copy of the cop-out in question. Submitting a cop-out, as the IR charges I did, as a prereq. to litigation, is protected conduct. See id. at 3, § II (citing, inter alia, Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015); DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000); Edelson PC v. Bandes Law Firm PC, 2018 U.S. Dist. LEXIS 19423, No. 16 C 11057 (N.D. Ill. Feb. 6, 2018); and Sellers v. Beto, 345 F. Supp. 499, 501 (S.D. Tex. 1972)) and id. at 26, § 133 (quoting Thompson v. Washington, 362 F.3d 969, 971 (7th Cir. 2004) and Perez, supra).

Moreover, "[t]he court also expressed a concern that '[a]llowing litigants to be charged with extortion would open yet another collateral way for litigants to attack one another.'" Edelson at *20–21 (citing United States v. Pendergraft, 297 F.3d 1198, 1207 (11th Cir. 2002) and Deck v. Engineered Laminates, 349 F.3d 1253, 1258 (10th Cir. 2003)). "[P]rosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system." Pendergraft at 1208. See also Deck at 1258 (joining a "multitude of other courts in holding that meritless litigation is not extortion").

Apr. 29, 2022 (Fri.)    [signature] MSG
DATE    SIGNATURE OF REQUESTER

Part B – RESPONSE The incident report was plainly retaliatory, written immediately after I handed its author Rebekka Eisele admin. rem. no. 1000236-F1 (which she then took two days ON A PREA to turn over to the admin.-remedy clerk). See BP-9 no. 1000236-F1, Gottesfeld v. Lammer, supra, dkt. 47-1 (July 14, 2020) at 4. Todd Royer was Matthews's fellow FCI-THA alternate DID. In reality that BP-9 was in the same stack as the cop-out in question when I handed both to IR-writer Eisele. Eisele saw that admin. rem. no. 1000236-F1 is a PREA against her boss, Unit Manager Royer, and lodged the incident report before the PREA BP-9.

DATE    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

Part C - RECEIPT
                                            CASE NUMBER: _____

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE    SIGNATURE, RECIPIENT OF REGIONAL APPEAL    BP-230(13)

```
MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959
```

  

⇔12982-104⇔
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

Appeal of IR 3338082

Friday, April 29, 2022; *Houston v. Lack*, 487 U.S. 266 (1988)