PREA — See, e.g., 28 C.F.R. §§ 115.67(e) and 115.34

U.S. Department of Justice

Federal Bureau of Prisons

Attachm. 68

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S. (LAST NAME, FIRST, MIDDLE INITIAL) 12982-104 (REG. NO.) I (UNIT) USP MARION (INSTITUTION)

**Part A - REASON FOR APPEAL** DHO Jason Bradley is withholding his DHO report re incident report (IR) 3549119 in violation of BOP policy, PREA and U.S. Const. amend. I. Please either produce the written report or expunge the IR. He entered sanctions five months ago (Dec. 1, 2022) but wrote and delivered no report to me. *See, e.g.*, Program Statement 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5 ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision") and *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (due process requires, *inter alia*, ability to call witnesses, disclosure of exculpatory evidence, an impartial decision maker and written findings). Unit Manager Todd Royer was subject of the call in question and I had and have PREA complaints filed against him. Bradley retaliates against my PREA reporting of his friend and fellow DHO Mr. Royer rather than follow BOP policy and PREA, *e.g.*, 28 C.F.R. §§ 115.54 ("The agency shall establish a method to receive third-party reports of sexual abuse and sexual harassment [...]"), 115.64(a)(1) ("Separate the alleged victim and abuser") and 115.67(a) (monitor for "possible retaliation," *e.g.*, "any inmate disciplinary reports," and "act promptly to remedy any such retaliation"), Program Statement 5264.08 Inmate Telephone Regulations (Jan. 24, 2008) ("Inmates may submit telephone numbers for any person they choose, including numbers for [...] news media") and PS 5270.09, *supra*. I was denied the staff rep. of my choice; my warden-appointed rep. violated my rights. I was denied witnesses, *e.g.*, Jodi Wampler, exculpatory evidence, *e.g.*, a copy of all audio to challenge the transcription, and an impartial decision maker, *i.e.* not Royer's fellow THA-DHO buddy. PREA was never followed, *e.g.*, 28 C.F.R. §§ 115.54, 115.64(a)(1), 115.73(a) and 115.67(c). The IR and withholding of Bradley's report are parts of a retaliation campaign by FCI-THA staffers Bradley, Royer, Eisele, Wheeler, Sherman, Lammer, Baker, Edwards *et al.* and W. Virginia staffers, *e.g.* Wampler, in violation of PREA and U.S. Const. amend. I. My calls are not subject to my securing assurances not to be quoted to the press.

Apr. 29, 2022 (Fri.) — DATE

[signature] — SIGNATURE OF REQUESTER

**Part B - RESPONSE**

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: ________

**Part C - RECEIPT**

CASE NUMBER: ________

Return to: LAST NAME, FIRST, MIDDLE INITIAL — REG. NO. — UNIT — INSTITUTION

SUBJECT:

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL



BP-230(13)

MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959










⇔12982-104⇔
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

Appeal of IR 3549119

Friday, April 29, 2022; *Houston v. Lack*, 487 U.S. 266 (1988)