PREA—*See, e.g.,* 28 C.F.R. §§ 115.67(c) and 115.54

U.S. Department of Justice

Federal Bureau of Prisons     Attachm. 69

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Gottesfeld, Martin          12982-104     I      USP Marion
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT    INSTITUTION

Part A - REASON FOR APPEAL DHO Jason Bradley is withholding his DHO report re incident report (IR) 3552752 in violation of BOP policy and PREA. Please either produce the written report or expunge the IR. He entered sanctions five months ago (Dec. 1, 2021) but wrote and delivered no report to me. *See, e.g.,* Program Statement 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5 ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision") and *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (due process requires, *inter alia*, ability to call witnesses, 24-hour notice of charge(s), disclosure of exculpatory evidence, an impartial decision maker and written findings). The sole UDC member was Todd Royer, against whom I had and still have filed PREA complaints and who was subject of the relevant phone call. *See, e.g.,* 28 C.F.R. §§ 541.7(b) ("UDC members will not be [...] significantly involved in the incident"), 115.64(a)(1) (staff must "Separate the alleged victim," me, and "abuser," Royer), and 115.67(c) (BOP must monitor alleged abusers and abused for "changes that may suggest possible retaliation" and "act promptly to remedy any such retaliation," including "inmate disciplinary reports"); and U.S. Const. amend I. Bradley retaliates against my PREA reporting of his fellow DHO Mr. Royer. I was denied witnesses, *e.g.,* Jodi Wampler, evidence, *e.g.,* audio surveillance of staffer Ms. Jamie Wheeler's saying I may read the same statement for which I was sanctioned, an impartial decision maker not friends with Royer, separation from Royer under PREA, and, now, Bradley's written report, without which I am denied access to court. The call posed no articulable threat to safety or orderly operations; none was ever presented. Instead Bradley openly took exception to negative reports to journalists re Royer. I was denied advance notice of the charge, code 397, which Bradley adopted *sua sponte* at the hearing minutes before his decision. My staff rep. neglected her duties re my rights.

Apr. 29, 2022 (Fri.)           /s/ MG
    DATE                    SIGNATURE OF REQUESTER

Part B - RESPONSE

_____
    DATE                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Part C - RECEIPT
                                                CASE NUMBER: _____

                       - Page A233 of A263 -

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____
    DATE                   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959



⇔12982-104⇔
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

Appeal of IR#3552752
Friday, April 29, 2022; *Houston v. Lack*, 487 U.S. 266 (1988)