PREA—See, e.g., 28 C.F.R. §§ 115.67(c) and 115.54

**U.S. Department of Justice**  
Federal Bureau of Prisons

Attchm. 76

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN  12982-104  I  USP MARION
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

Part A - REASON FOR APPEAL Please either produce the written DHO report re incident report (IR) 3552752, action taken Dec. 1, 2021, prohibited-act code 397, or expunge the IR. Jason Bradley entered sanctions six months ago but wrote and gave me no report, in violation of U.S. Const. amend. I, PREA and BOP policy. See, e.g., Program Statement 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5 ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision"); Dougherty v. Clark, 1993 U.S. App. LEXIS 12444, No. 91-3344 at *4 (DHO proceedings 'may be invalidated by evidence that they were retaliatory in nature'" (quoting Cain v. Lane, 857 F.2d 1139, 145 (7th Cir. 1988)). The sole UDC member was Todd Royer, against whom I and others had and have filed PREA complaints and who was subject of the relevant phone call. See, e.g., 28 C.F.R. §§ 541.7(b) ("UDC members will not be [...] significantly involved in the incident"), 115.64(a)(1) (staff must "Separate the alleged victim," i.e. me, and "abuser," Royer), and 115.67(c) (BOP must monitor alleged abusers and abused for "changes that may suggest possible retaliation" and "act promptl[y] to remedy any such retaliation," including "inmate disciplinary reports"); U.S. Const. amend. I. Bradley retaliates against my PREA reporting of his fellow DHO Mr. Royer. I was denied witnesses, e.g., Jodi Wampler, evidence, e.g., the call audio to challenge the transcription and surveillance audio of S.I.S. Ms. Jamie Wheeler's saying I may read the same statement for which I was sanctioned, an impartial decision maker not friends with Royer, separation from Royer under PREA, and, now, the DHO report, without which I am denied access to court. The call posed no articulable threat to safety or orderly operations none was ever presented. Instead Bradley openly took exception to negative but true reports to journalists re Royer and FC Terre Haute's failures to follow PREA. I was denied advance notice of the charge, code 397, which Bradley adopted sua sponte at the hearing minutes before his decision. My staff rep. neglected her duties and my rights. This is a resubmission of rem. no. 1120386-R1, signed the day I was given the rejection.

June 3, 2022 (Fri.)
DATE  |  SIGNATURE OF REQUESTER

Part B - RESPONSE

DATE  |  REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar

ORIGINAL: RETURN TO INMATE  CASE NUMBER: _____

Part C - RECEIPT

CASE NUMBER: _____

– Page A249 of A263 –

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: _____

DATE  |  SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

Case 2:20-cv-00012-JRS-MJD   Document 100-77   Filed 07/25/22   Page 2 of 2 PageID #: 1233

```
MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959
```





⟷12982-104⟷
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

RESUBMISSION OF ADMIN. REM. NO. 1120386-R1
FRIDAY, JUNE 3, 2022

- Page A250 of A263 -