Attachm. 77

REJECTION NOTICE – ADMINISTRATIVE REMEDY

DATE: MAY 16, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      MARION USP    UNT: I    QTR: I01-007L
      P.O. BOX 2000
      MARION, IL 62959

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID     : 1120431-R1      REGIONAL APPEAL
DATE RECEIVED : MAY 6, 2022
SUBJECT 1     : DHO APPEAL – PROCEDURES
SUBJECT 2     :
INCIDENT RPT NO: 3338082

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF THE   DHO REPORT YOU
                 WISH TO APPEAL OR      IDENTIFY THE CHARGES AND DATE
                 OF THE DHO ACTION.

REJECT REASON 2: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE
                 THAN ONE INCIDENT REPORT (INCIDENT NUMBER).   YOU MUST
                 FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE
                 OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.



Received
on 6-15-22
NS



RECEIVED
JUN 0 8 2022
BY: MW

PREA. *See, e.g.,* 28 C.F.R. §§ 115.52(b)(1) ("The agency shall not impose a time limit on when an inmate may submit a grievance regarding an ~~allegation~~ ~~administrative~~ ~~Remedy~~ ~~Appeal~~ allegation of sexual abuse") and 115.67(c) ("shall act promptly to remedy" retaliation, incl. incident reports).

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | GOTTESFELD, MARTIN S. | 12982-104 | I | USP MARION |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A - REASON FOR APPEAL** Please expunge incident report (IR) 3338082. Remedies were unavailable to me at FCI-THA due to affirmative misconduct of its officials. *See Habeas Petition, Gottesfeld v. Lammer,* 2:20-cv-12-JRS-MJD (S.D. Ind.), dkt. 1 (Jan. 7, 2020) at 23, § IV (citing, *inter alia, Ross v. Blake,* 136 S. Ct. 1850, 1859–60 (2006); *Turley v. Rednour,* 729 F.3d 645, 650 n. 3 (7th Cir. 2013); *Ramirez v. Young,* 906 F.3d 530, 533 (7th Cir. 2018); *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006); *Kaba v. Stepp,* 458 F.3d 678, 684–86 (7th Cir. 2006) (adopting *Hemphill v. New York,* 380 F.3d 680, 688 (2d Cir. 2004)); and *O'Brien v. Town of Caledonia,* 748 F.2d 403, 409 (7th Cir. 1984)).

DHO Matthews was biased. *See id.* at 13, § III. My warden-appointed staff rep. neglected her duties and my rights. *Id.* I was denied witnesses, *e.g.,* Rebekka Eisele and William Harris, and exculpatory evidence, *e.g.,* a copy of the cop-out in question. Submitting a cop-out, as the IR charges I did, as a prereq. to litigation, is protected conduct. *See id.* at 3, § II (citing, *inter alia, Perez v. Fenoglio,* 792 F.3d 768, 783 (7th Cir. 2015); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000); *Edelson PC v. Bandas Law Firm PC,* 2018 U.S. Dist. LEXIS 19423, No. 16 C 11057 (N.D. Ill. Feb. 6, 2018); and *Sellers v. Beto,* 345 F. Supp. 499, 501 (S.D. Tex. 1972)) and *id.* at 26, § 133 (quoting *Thompson v. Washington,* 362 F.3d 969, 971 (7th Cir. 2004) and *Perez, supra*).

Moreover, "[t]he court also expressed a concern that '[a]llowing litigants to be charged with extortion would open yet another collateral way for litigants to attack one another." *Edelson* at *20–21 (citing *United States v. Pendergraft,* 297 F.3d 1198, 1207 (11th Cir. 2002) and *Deck v. Engineered Laminates,* 349 F.3d 1253, 1258 (10th Cir. 2003)). "[P]rosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system." *Pendergraft* at 1208. *See also Deck* at 1258 (joining a "multitude of other courts in holding that meritless litigation is not extortion").

| Apr. 29, 2022 (Fri.) | [signature] |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

~~Part B - RESPONSE~~ The incident report was plainly retaliatory, written immediately after I handed its author Rebekka Eisele admin. rem. no. 1000236-F1 (which she then took two days ON A PREA to turn over to the admin.-remedy clerk). *See* BP-9, No. 1000236-F1, *Gottesfeld v. Lammer, supra,* dkt. 47-1 (July 14, 2020) at 4. Todd Royer was Matthews's fellow FCI-THA alternate DHO. In reality that BP-9 was in the same stack as the cop-out in question when I handed both to IR-writer Eisele. Eisele saw that admin. rem. no. 1000236-F1 is a PREA against her boss, Unit Manager Royer, and lodged the incident report before the PREA BP-9.

RECEIVED
MAY 0 6 2022
REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGION

| | |
|---|---|
| DATE | REGIONAL DIRECTOR |

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                      CASE NUMBER: _____

**Part C - RECEIPT**                             CASE NUMBER: |1120431-R1|

Return to: _____   – Page A252 of A263 –
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL. |