**U.S. Department of Justice** Attchm. 78

**Federal Bureau of Prisons**

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __GOTTESFELD, MARTIN S.__  __12982-104__  __I__  __USP MARION__
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** This is a resubmission of remedy ID 1120431-R1, seeking only the expungement of incident report ("IR") 3338082, DHO action taken 12-20-2019, charge 204A attempted extortion. In support of this singular request, I note 28 C.F.R. §§ 115.52(b)(1) ("The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse"); 115.67(c) (BOP "shall act promptly to remedy" PREA retaliation, including IRs). The IR was plainly retaliatory—and therefore unconstitutional—written immediately after I handed its author Rebekka Eisele a PREA re FCI-THA D-unit manager Mr. Todd Royer—now the subject of an internal-affairs investigation. Royer was alternate DHO Mr. D. Matthews fellow alternate DHO, whom he protected and took revenge for. The PREA was in the same set of papers I handed to Eisele with the cop-out that became subject of the IR. Also in support of this singular request to expunge the IR, I note that remedies were unavailable to me at FCI-THA due to affirmative misconduct of its officials so I filed this remedy only after my transfer to USP-MARION. For details in support of the unavailability of remedies prior to my transfer, see *Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.), dkt. 1 (Petition, Jan. 7, 2020) at 23, § IV (citing, *inter alia*, *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2006); *Turley v. Rednour*, 729 F.3d 645, 650 n. 3 (7th Cir. 2013); *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Kaba v. Stepp*, 458 F.3d 678, 684-86 (7th Cir. 2006) (adopting *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004)); *O'Brien v. Town of Caledonia*, 748 F.2d 403, 409 (7th Cir. 1984)). I note in further support of my single request to expunge the IR that DHO D. Matthews was biased. See *id.* at 13, § III. My warden-appointed staff rep. neglected her duties and my rights. *Id.* In further support of my single request to expunge the IR I note that I was denied witnesses, e.g., Rebekka Eisele and William Harris, and exculpatory evidence, e.g., a copy of the cop-out in question. **PLEASE SEE CONTINUATION PAGE ->**

__June 15, 2022 (Wed.)—the same day I received the__  __[signature]__
DATE            rejection                      SIGNATURE OF REQUESTER

**Part B - RESPONSE**




_____                                    _____
DATE                                                       REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**
                                              CASE NUMBER: _____

– Page A253 of A263 –

Return to: _____   _____   _____   _____
        LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT    INSTITUTION
SUBJECT: _____

_____            _____
DATE                               SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN                                                    BP-230(13)
                                                           JUNE 2002

REGIONAL ADMINISTRATIVE REMEDY APPEAL—CONTINUATION PAGE 1 OF 1

GOTTESFELD, MARTIN S.          REG. NO. 12982-104    I-UNIT   USP-MARION

I note in further support of my single request to expunge the IR that submitting a cop-out as a prerequisite for litigation, as the IR charges I did, is protected conduct. *See id.* at 3, § II (citing, *inter alia, Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *Edelson PC v. Bandes Law Firm PC*, 2018 U.S. Dist. LEXIS 19423, No. 16 C 11057 (N.D. Ill. Feb. 6, 2018); *Sellers v. Beto*, 345 F. Supp. 499, 501 (S.D. Tex. 1972)) and *id.* at 26, § 133 (quoting *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004); *Perez, supra*)).

Moreover, I note in further support of my single request to expunge the IR, "[t]he court also expressed a concern that '[a]llowing litigants to be charged with extortion would open yet another collateral way for litigants to attack one another." *Edelson* at *20–21 (citing *United States v. Pendergraft*, 297 F.3d 1198, 1207 (11th Cir. 2002); *Deck v. Engineered Laminates*, 349 F.3d 1253, 1258 (10th Cir. 2003)). *See also Pendergraft* at 1208 ("[P]rosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system"); *Deck* at 1258 (joining a "multitude of other courts in holding that meritless litigation is not extortion").

Martin Gottesfeld

2022-06-15 (Wed.)
Date

- CONTINUATION PAGE 1 OF 1 -

MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959




↔12982-104↔
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

Resubmission of remedy ID 1120431-R1
Wednesday, June 15, 2022