REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 16, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      MARION USP,   UNT: I    QTR: I01-009L
      P.O. BOX 2000
      MARION, IL 62959

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 1120386-R2     REGIONAL APPEAL
DATE RECEIVED   : JUNE 13, 2022
SUBJECT 1       : DHO APPEAL - PROCEDURES
SUBJECT 2       :
INCIDENT RPT NO: 3552752

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF THE   DHO REPORT YOU
                 WISH TO APPEAL OR    IDENTIFY THE CHARGES AND DATE
                 OF THE DHO ACTION.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.

*Received 7-11-22 NS*

*RECEIVED JUL 06 2022 BY:MW*

PREA — See, e.g., 28 C.F.R. §§ 115.67(c) and 115.54

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN          12982-104          I          USP MARION
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.        UNIT         INSTITUTION

**Part A - REASON FOR APPEAL** Please either produce the written DHO report re incident report (IR) 3552752, action taken Dec. 1, 2021, prohibited-act code 397, or expunge the IR. Jason Bradley entered sanctions six months ago but wrote and gave me no report, in violation of U.S. Const. amend. I, PREA and BOP policy. See, e.g., Program Statement 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5 ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days of the decision"); Dougherty v. Clark, 1993 U.S. App. LEXIS 12444, No. 91-3344 at *4 (DHO 'proceedings 'may be invalidated by evidence that they were retaliatory in nature'" (quoting Cain v. Lane, 857 F.2d 1139, 1145 (7th Cir. 1988)). The sole UDC member was Todd Royer, against whom I and others had and have filed PREA complaints and who was subject of the relevant phone call. See, e.g., 28 C.F.R. §§ 541.7(b) ("UDC members will not be [...] significantly involved in the incident"), 115.64(a)(1) (staff must "Separate the alleged victim," i.e. me, and "abuser," Royer), and 115.67(c) (BOP must monitor alleged abusers and abused for "changes that may suggest possible retaliation" and "act promptly to remedy any such retaliation," including "inmate disciplinary reports"); U.S. Const. amend. I. Bradley retaliates against my PREA reporting of his fellow DHO Mr. Royer. I was denied witnesses, e.g., Jodi Wampler, evidence, e.g., the call audio to challenge the transcription and surveillance audio of S.I.S. Ms. Jamie Wheeler's saying I may read the same statement for which I was sanctioned, an impartial decision maker not friends with Royer, separation from Royer under PREA, and, now, the DHO report, without which I am denied access to court. The call posed no articulable threat to safety or orderly operations; none was ever presented. Instead Bradley openly took exception to negative but true reports to journalists re Royer and FCI Terre Haute's failures to follow PREA. I was denied advance notice of the charge, code 397, which Bradley adopted sua sponte at the hearing minutes before his decision. My staff rep. neglected her duties and my rights. This is a resubmission of

June 3, 2022 (Fri.)  rem. no. 1120386-R1, signed the day      _____
DATE                 I was given the rejection.                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED JUN 13 2022 REGIONAL DIRECTOR'S OFFICE NORTH CENTRAL REGION

Rej. DHO
RSR

_____                                    _____
DATE                                                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                              CASE NUMBER: _____

**Part C - RECEIPT**                                    CASE NUMBER: _____

— Page A259 of A263 —

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                    _____
DATE                               SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN                                                 BP-230(13) JUNE 2002



**U.S. Department of Justice**
Federal Bureau of Prisons

*United States Penitentiary*

4500 Prison Road
Marion, IL 62959

June 7, 2022

MEMORANDUM FOR ALL CONCERNED

FROM:   N. Simpkins, Case Manager

SUBJECT:   **GOTTESFELD, Martin**
**Register #12982-104**
**Administrative Remedy #1120386-R1**

Please accept this memorandum for the attached documents for Martin Gottesfeld. As you can see it was not received at the institution until 6-2-22. His rejection notice was not given to him until 6-3-22 and he returned his appeal to be mailed out on Monday 6-6-22. Being a CMU inmate their mail must be scanned and cleared before ever being delivered to them or leaving the institution.

Thank you in advance for your time.

If you have any questions pertaining to this subject, please do not hesitate to contact me at (618) 964-1441, ext. 1360.