**U.S. Department of Justice**                          **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __GOTTESFELD, MARTIN S.__    __12982-104__    __I__    __USP MARION__
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL** This is a resubmission of rem. no. 1120386-R2. The relevant DHO action was taken Dec. 1, 2022; the charge was code 397; I have never been provided the DHO report, I never signed-off that I received it. Either produce the written DHO report re incident report (IR) 3552752 or expunge the IR. Jason Bradley entered sanctions seven months ago, Dec. 1, 2021, but wrote and gave me no report, in violation of U.S. Const. amend. I, PREA and BOP policy. *See* Prog. Stat. 5270.09, CN-1, Inmate Discipline Program at ch. 5 (Nov. 8, 2020) ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days[*sic*] of the decision"); *Dougherty v. Clark*, 1993 U.S. App. LEXIS 12444, No. 91-3344 at *4 (DHO "proceedings 'may be invalidated by evidence that they were retaliatory in nature'" quoting *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988)). Todd Royer was the sole UDC member, against whom I and others had and have Prison Rape Elimination Act (PREA) complaints filed. Royer was subject of my relevant phone call, over which the charge was brought against me. *See* 28 C.F.R. §§ 541.7(b) ("UDC members will not be [...] significantly involved in the incident"), 115.64(a)(1) (staff must "Separate the alleged victim," i.e. me, and "abuser," i.e. Royer), 115.67(c) (BOP must monitor alleged abusers and abused for "changes that may suggest possible retaliation" and "act promptly to remedy any such retaliation," including "inmate disciplinary reports"). Royer was involved significantly in the incident, was never separated from any of his accusers, including me, and BOP failed to monitor for and promptly remedy this retaliation. Bradley retaliates openly against my PREA reporting of his fellow FCI-THA DHO, Royer, in violation of U.S. Const. amend. I. I was denied witnesses, e.g., Jodi Wampler, evidence, e.g., the call audio, in order to challenge its transcription, and surveillance audio of S.I.S. Ms. Jamie Wheeler's saying I may read the same statement from the call out loud in the unit, and an impartial decisionmaker not friends with Royer, as well as separation from Royer under PREA. *SEE CONTINUATION PAGE ->*

__11 JULY 2022 (MON.)__               _/s/_
     DATE                                       SIGNATURE OF REQUESTER

**Part B - RESPONSE**

 

---

DATE                                                   REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                  CASE NUMBER: _____

**Part C - RECEIPT**

                                                             CASE NUMBER: _____

Return to: _____      – Page A261 of A263 –
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____                                               _____
DATE                                      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN             PRINTED ON RECYCLED PAPER                              BP-230(13) JUNE 2002

```
GOTTESFELD, MARTIN S.      12982-104      I-UNIT      USP-MARION
       REGIONAL ADMINISTRATIVE REMEDY APPEAL CONTINUATION PAGE
```

Now, absent the DHO report—which has never been produced—I am denied access to court. The call in question in IR 3552752 posed no articulable threat to safety or orderly operations; none was ever presented; it was a call to a journalist, Mr. Arthur "Jordan" Bloom of *The American Conservative*. "Inmates may submit telephone numbers for any person[s] they choose, including [...] members of the news media." Prog. Stat. 5264.08 Inmate Telephone Regulations at ch. 8 (Jan. 24, 2008). Third-party PREA reporting is protected by regulation and program statements. 28 C.F.R. § 115.54; Prog. Stat. 5324.12 Sexually Abusive Behavior Prevention and Intervention Program (June 4, 2015) (quoting 28 C.F.R. § 115.54). *See also* U.S. Const. amend. I.

    Bradley took open exception to my negative but true reports to journalists re Royer and FCI Terre Haute's systemic failures to follow PREA. I was denied adequate notice of the charge, code 397, which Bradley adopted *sua sponte* during the hearing minutes before his decision, in violation of *Scruggs v. Jordan*, 485 F.3d 934, 937 (7th Cir. 2007) (prisoners must be given advanced written notice of charges, impartail decisionmakers, exculpatory evidence, and opportunity to call witnesses, when consistent with institutional safety).

    My staff rep. neglected her duties and my rights.

    This resubmission was typed within hours of my receipt of the 1120386-R2 relevant rejection notice and given to unit team for mailing at my next opportunity thereafter.

July 11, 2022

                                                            MARTIN S. GOTTESFELD

```
                    - CONTINUATION PAGE 1 OF 1 -
```

```
MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959
```



12982-104
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States

RESUBMISSION OF REM. NO. 1120386-R2

MONDAY, JULY 11, 2022