Exhibit 2

No. 91-3344

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

JOSEPH W. DOUGHERTY,
Plaintiff-Appellant,

v.

JOHN L. CLARK, R. E. HOLT, M. A. MCELMURRY, and RICK ELLET,
Defendants-Appellees.

MOTION TO CHANGE STATUS (CIRCUIT RULE 32.1(c))

Respectfully submitted by

Martin Gottesfeld, *pro se*
Reg. no. 12982-104
United States Penitentiary
P.O. Box 1000
Marion, IL 62959

Monday, July 11, 2022

"A motion must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." Fed. R. App. P. 27(a)(2)(A). "Any person may request by motion that an order be reissued as an opinion." Circuit Rule 32.1(c). "The motion should state why this change would be appropriate." *Id.*

MARTIN GOTTESFELD, Movant, *pro se*, moves this Court to reissue as an opinion its order in this case, found at 1993 U.S. App. LEXIS 12444 (May 17, 1993) (hereinafter "Lex. Ord.").

In 1988 this Court decided *Cain v. Lane*, 857 F.2d 1139, setting a precedent under 42 U.S.C. § 1983 that disciplining a prisoner "in retaliation for his constitutionally protected speech[....] would invalidate [the prison's administrative] proceedings despite compliance with due process requirements." *Cain*, 857 F.2d at 1145. Five years later this Court applied *Cain* to the instant case, finding under 28 U.S.C. § 2241: "It is not enough that Dougherty was given a hearing before the DHO." Lex. Ord. at 4. "Even if his hearing before the DHO was sufficient to satisfy the requirements of due process, the hearing violated Dougherty's First Amendment rights under *Cain* if the proceedings were retaliatory in nature." *Id.* at 4-5. With *Cain* published in the Federal Reporter and no need at the time to duplicate its precedential holding, this Court decided the instant case by order.

The next year the Supreme Court decided *Heck v. Humphrey*, 512 U.S. 477 (1994) (barring civil claims that would invalidate convictions unless and until the relevant conviction is overturned). SCOTUS then applied "the *Heck* bar"—as it became known—to prison disciplinary findings in *Edwards v. Balisok*, 528 U.S. 641, 645-46 (1997). Albeit on other grounds, *Edwards* arguably abrogates *Cain*, wherein the record does not reflect the plaintiff secured favorable termination of his discplinary charges before filing under § 1983. Indeed, before *Heck* and *Edwards*, he would have had no compelling reason to do so. And the instant case has never been citable precedent for the proposition that retaliatory prison discipline is actionable under § 2241. *See* pre-2007 versions of Circuit Rule 53(b)(2)(iv) (unpublished orders uncitable as precedents in other cases); Circuit Rule 32.1(d) (orders issued before Jan. 1, 2007, uncitable as precedents in other cases). Instead, litigants were able to rely on *Cain* to render such retaliatory discipline actionable under multiple theories, including § 2241.

- Page 1 of 4 -

Though Movant is cognizant *Cain* may still be good law for § 2241 cases, he respectfully submits that had *Heck* and *Edwards* preceded the instant case, then this Court would have decided this case by opinion, not order, to provide precedent to lower courts and litigants for situations where a § 2241 petitioner's "hearing before the DHO" may have been "sufficient to satisfy the requirements of due process," but nonetheless violative of First Amendment rights. Absent such guidance from this Court, lower courts could arrive at conflicting rulings, *e.g.*, that 1) although now inapplicable under § 1983, *Cain* remains good law for § 2241 cases and 2) the Supreme Court abrogated *Cain* and this Court specifically chose not to set precedent in this case, therefore the only requirements for prison discipline are set forth in this Court's precedential opinions, *e.g.*, *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (prisoners in disciplinary proceedings must be afforded 1) 24 hours written notice of the charges; 2) an impartial factfinder; 3) a chance to present witness testimony and documentary evidence, when consistent with institutional safety and with the right to disclosure of exculpatory evidence, if requested; and 4) a written statement by the factfinder of the evidence relied on and the reason or reasons for the disciplinary action).

Circuit Rule 32.1(c) does not expressly address standing. By its language, *e.g.*, "Any person may request [....]," the rule seems to imply that at most a *de minimus* showing suffices. But another interpretation is that Movant must establish standing as part of "why this change would be appropriate." Movant searched the only law library available to him for relevant case law and found none. *See* Declaration in Support of Motion to Change Status ("Decl.") ¶¶ 2–5, Exh. 1.

In any event, Movant is a federal prisoner similarly situated to Dougherty, challenging prison discipline in a § 2241 case in this circuit under a retaliation theory. *Id.* ¶ 1 (citing *Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.)). *See also, generally, Gottesfeld v. Lammer*, dkt. 1 (Petition, entered Jan. 7, 2020) (Respondent, a federal warden, disciplined Petitioner for his attempt to access court under D.C. Code §§ 16-1905 (right to copy of commitment order), 13-421 *et seq.* (long-arm statute)). But, unlike Dougherty, Movant brings his § 2241 case after *Heck* and *Edwards*. Thus, the applicability of *Dougherty* may prove outcome determinative to Movant's district-court case.

Movant further respectfully submits that to retread the same ground on appeal as *Dougherty*

would be judicially uneconomical and burdensome to the parties. To save this Court from repetitious litigation, provide guidance to lower courts and shorten and simplify the parties' efforts, Movant respectfully submits that it is appropriate to reissue the relevant order from this case as a precedential opinion.

Last, Movant notes his difficulty serving this motion on Mr. Dougherty after the passage of 29 years, Decl. ¶¶ 6-7, and requests the Clerk's assistance effecting whatever additional service may be necessary.

Respectfully submitted Monday, July 11, 2022; Decl. ¶ 8 (citing Fed. R. App. P. 25(a)(2)(A)(iii)),

by: /s/

Martin Gottesfeld, *pro se*
Reg. no. 12982-104
United States Penitentiary
P.O. Box 1000
Marion, IL 62959

## CERTIFICATE OF COMPLIANCE

I, Martin Gottesfeld, *pro se*, certify that this motion complies with Fed. R. App. P. 27(d)(1)(E), (2)(B), (3), 32(a)(5), (6) because it is three typewritten pages in a roman-style typeface with no more than 10 1/2 characters per inch, with case names italicized, provided to the Court in original plus three duplicates.

by: /s/

Martin Gottesfeld

CERTIFICATE OF SERVICE

I, Martin Gottesfeld, *pro se*, certify that on July 11, 2022, or my first opportunity thereafter, I mailed a copy of the foregoing document to

    U.S. Attorney's Office
    Southern District of Illinois
    750 Missouri Ave., Third Floor
    East St. Louis, IL 62201.

*See* Decl. ¶¶ 7 (Mr. Dougherty's address is unknown and the docket presumably outdated after 29 years), 8 (Movant must wait for "specific staffers to send court mail"), Exh. 1.

by: *[signature]*
    Martin Gottesfeld

Exhibit 1

Declaration in Support of Motion to Change Status

1. I am Martin Gottesfeld, Movant, *pro se*, in *Dougherty v. Clark*, No. 91-3344 (7th Cir.) and Petitioner, *pro se*, in *Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.)

2. Prior to filing the accompanying motion I searched the only law library available to me for guidance and precedent on motions to change status under modern Circuit Rule 32.1(c) and its predecessor Rule 53(d)(3).

3. I found only two references, to decisions that "involve an issue of continuing public interest." See *Ancillary Affiliated Health Servs., Inc. v. Shalala*, 165 F.3d 1069 (1998) and 165 F.3d 31 (1998).

4. The other dicta mentioning Rule 53(d)(3) did not state on what basis or bases the motions were brought or decided, only that they were granted.

5. None of the rulings I found addressed standing to bring a Rule 32.1(c) motion.

6. The law library to which I have access does not show Mr. Dougherty's address when this case was decided or specify his counsel's identity, if any; I am without direct access to PACER.

7. After 29 years, however, the likelihood of reaching Mr. Dougherty using such information is nil.

8. I am depositing this filing into the prison-mail system Monday, July 11, 2022, or, because I must wait for specific staffers to send court mail, at my first opportunity thereafter, and "first-class postage is being prepaid." Fed. R. App. P. 25(a)(2)(A)(iii).

I declare under the penalty of perjury under the laws of The United States of America that the foregoing is true and correct. 28 U.S.C. § 1746. Executed Monday, July 11, 2022.

by: /s/ Martin Gottesfeld
Martin Gottesfeld

```
MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959
```





⇔12982-104⇔
U S Court Of Appeals For The
Seventh Circuit
219 S Dearborn ST
Room 2722
Chicago, IL 60604
United States

MONDAY, JULY 11, 2022; *Houston v. Lack*, 487 U.S. 266 (1988)

CONTENTS—

• MOTION COVER PAGE;

• MOTION TO CHANGE STATUS (CIRCUIT RULE 32.1(c))(FOUR PAGES); and

• DECLARATION IN SUPPORT (ONE PAGE).

TOTAL OF SIX PAGES FOR ENTRY IN NO. 91-3344

```
MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959
```



⇔12982-104⇔
U S Attorneys Office
S.D. Illinois
750 Missouri AVE
Third Floor
E Saint Louis, IL 62201
United States