Martin Gottesfeld, *pro se*
Reg. no. 12982-104
United States Penitentiary
P.O. Box 1000
Marion, IL 62959

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARTIN GOTTESFELD, Petitioner, *pro se*, <br><br> v. <br><br> B. LAMMER, Warden of The FCI Terre Haute, Indiana, Respondent. | No. 2:20-cv-12-JRS-MJD |

## INTERROGATORIES (28 U.S.C. § 2246)

TO Mr. D. Matthews, Declarant, Matthews Decl. (Feb. 21, 2020), dkt. 21-3

FROM Martin Gottesfeld, *pro se*
SET NO. 1

MARTIN GOTTESFELD, Petitioner, requests that you, Mr. D. Matthews, Declarant, answer all of the following interrogatories, in writing and under oath, as required by 28 U.S.C. § 2246 and the Court's order. A copy of your written answers to these interrogatories must be served on Martin Gottesfeld at the address listed above by the time set by the Court.

### INSTRUCTIONS FOR RESPONDING

A. These interrogatories are to be answered by you based on all the information that is or may be available to you, or any person, employee, agent, expert, accountant or attorney who has acted or is now acting on your behalf.

B. If, after a reasonable and thorough investigation, using due diligence, you are unable to answer any interrogatory, or any part of any interrogatory, on the grounds of lack of information available to you, specify in full and complete detail why the information is not available to you and what has been done to locate such information. In addition, specify what knowledge or belief you do have concerning the unanswered portion of any interrogatory and set forth the facts on which such knowledge or belief is based.

C. When an interrogatory does not specifically request a particular fact, but when the fact or facts are necessary to make the answer to the interrogatory either comprehensible, complete, or not misleading, you should include that fact or those facts as part of the answer. The interrogatory shall be deemed specifically to request whatever fact or facts are needed to make the response comprehensible without reference to any other matter.

D. If you claim any form of privilege with regard to any oral communication, document, or tangible thing, whether based on a statute or otherwise, as a ground for not answering an interrogatory or any portion of an interrogatory, or for not voluntarily producing any tangible thing or document, set forth in your answers, with respect to each oral communication, document, or tangible thing for which you claim such a privilege, the following:

1. The date of any oral communication or the date of preparation of any document;

2. The name, address, title, and occupation of each of the participants in any oral conversation or each of the authors and addresses of any document;

3. The name, title, and address of the present custodian of any document or tangible thing;

4. A description of each oral conversation, document, or tangible thing (by subject matter or title) that is sufficient to identify the particular conversation or tangible thing without revealing its content, but with sufficient detail to set out the legal and factual basis for the application of the privilege claimed for that conversation, document, or tangible thing.

E. When statements of factual information are requested, the requested information includes the identification of all formal and informal documentation that explains, clarifies, describes, or in any way relates to the requested statement of factual information.

F. For the purposes of these interrogatories, whenever necessary to ensure completeness or accuracy, words importing the singular number include the plural and words importing the plural number include the singular, and words importing the masculine include the feminine.

G. With respect to any interrogatory or answer in which reference is made to an oral communication, specify the following:

1. The name, company or other affiliation, and title or identifying feature of the individual who made the oral communication;

2. The name, company or affiliation, and title or other identifying feature of each individual to whom the oral communication was made;

3. The date on which the oral communication was made;

4. The place where the oral communication was made;

5. The names of each and every individual who heard the oral communication if different or in addition to those individuals to whom the oral communication was made. If the names of these individuals are not sufficient to permit identification of the individuals, include a description of these individuals that will be sufficient to permit their identification by Martin Gottesfeld;

6. The nature and content of the oral communication, repeating the actual words used to the extent possible and, when not possible, paraphrasing in detail those words;

7. State whether any individual to whom the oral communication was made, or hearing the oral communication, made any statements in response to the communication and, if so, identify the the response or responses in detail, repeating the actual words used to the extent possible, and, when not possible, paraphrasing those words; and

8. State whether the oral communication was ever memorialized in any document. If so, identify each document in sufficient detail to permit the preparation of a valid request to produce it.

H. These interrogatories are continuing in nature and responses that Interrogatee or Respondent later learn are inaccurate or incomplete are to be reasonably supplemented. Cf., e.g., Fed. R. Civ. P. 26(e).

END OF INSTRUCTIONS FOR RESPONDING

INTERROGATORY NO. 1: What is your full name?

ANSWER:

INTERROGATORY NO. 2: When did you first decide you would find Petitioner Martin Gottesfeld guilty for the incident report numbered 3338082, dkt. 21-3 at 11?

ANSWER:

INTERROGATORY NO. 3: What, if anything, were you told, and by whom, that influenced your decision to find Petitioner guilty of IR 3338082, dkt. 21-3 at 11?

ANSWER:

INTERROGATORY NO. 4: Without perjuring yourself, or further perjuring yourself, can you deny Petitioner's allegations that you were biased against him and had predetermined the outcome of IR 3338082, dkt. 21-3 at 11, no matter what the law and the facts said?

ANSWER:

INTERROGATORY NO. 5: What role or roles, if any, did BOP attorney Ms. Katherine Norris Siereveld play in the authorship, processing or adjudication of IR 3338082, dkt. 21-3 at 11?

ANSWER:

INTERROGATORY NO. 6: Who, besides yourself, if anyone, wrote or helped write the DHO report for IR 3338082, dkt. 21-3 at 10?

ANSWER:

INTERROGATORY NO. 7: Which conversations, if any, did you overhear or participate in that are relevant to Petitioner's claim that you were biased, the IR was retaliatory, the hearing outcome was predetermined or Petitioner was denied relevant exculpatory evidence?

ANSWER: