UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
07/25/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

```
_____
                              )
   MARTIN GOTTESFELD,         )
   Petitioner, pro se,        )
                              )
          v.                  )   No. 2:20-cv-12-JRS-MJD
                              )
   B. LAMMER, Warden of       )
   The FCI Terre Haute, Indiana, )
          Respondent.          )
_____)
```

## MOTION FOR LEAVE TO SUPPLEMENT OR AMEND

MARTIN GOTTESFELD, Petitioner, *pro se*, moves the Court for leave to supplement, or, in the alternative, to amend the instant petition to challenge three subsequent incident reports (IRs), numbered 3427792 (the *Forbes* IR), 3549119 (the *RT* IR) and 3552752 (the *TAC* IR), Respondent's denial without due process of Petitioner's timely requests to enroll in BOP's credit-earning Residential Drug Abuse Program (RDAP, pronounced *arr-dapp*) and to better challenge his continuing retaliatory placement without due process in a communications-management unit (CMU).

The Petition, dkt. 1, "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). "Generally, a habeas corpus petition is most desirable in the district where the material events took place and where the records and witnesses are likely found." *Smith-El v. Warden*, 2021 U.S. Dist. LEXIS 17635, No. 20-cv-1319-DWD (S.D. Ill. Jan. 29, 2021) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493–94 (1973)). For the majority of the proposed challenges for supplementation or amendment, "The instant material events took place and the records and witnesses are likely found in Terre Haute." Notice of Change of Address to USP Marion, dkt. 84. As a matter of judicial economy, all of the proposed challenges

are so situated as to render unduly burdensome on both the courts and the parties the litigation on an overlapping basis in concurrent venues. The matter of exhaustion, for instance, shares a common set of facts and law already extensively briefed before this Court, with relevant documents and witnesses within its territory. Absent leave to supplement or amend, however, Petitioner would have no choice but to pursue duplicative litigation in The Southern District of Illinois, requiring a second district judge to review the same events briefed in Petitioner's recent 62-page Declaration re *Exhuastion, Retaliation & Justiciability* (ERJ Decl.) and a second assistant United States attorney to represent a second respondent largely irresponsible for the relevant events, as well as force Petitioner to wage two cases *pro se* with overlapping deadlines, all before the losing party or parties would ultimately end up taking appeals to the same appellate court from potentially contradictory judgments.

As ERJ Decl. makes clear, this Court is best situated to dispose of all of the relevant challenges, with findings of law and fact shared across them all.

In the interest of time, Petitioner would prefer to file a supplemental pleading. As the Court easily sees, Petitioner is very diligent and exacting with his factual briefings. Though he is happy to do as the Court pleases, an amended petition would be a very significant undertaking larger than his recent ERJ Decl. and amended reply. It would take months and be costly in terms of copies, typing supplies, postage, etc.

But should the Court find a supplemental pleading not in order, Petitioner would amend, if allowed. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires"); *Parvis v. United States*, 662 F.3d 939, 945 (7th Cir. 2011) (assuming habeas petitioner "would have been able to amend" to include newly available *Johnson* claim).

To supplement, Petitioner would ask for at least 28 days; to amend, he would ask two months.

Respectfully submitted July 18, 2022, by mailing to the Court in a box bearing sufficient pre-paid U.S. Priority Mail® postage and tracking no. 9114 9014 9645 1828 1185 72, handed at the next opportunity to Ms. Kathy Hill of the CMU Marion unit team in her official capacity as an agent of Respondent and of his counsel; *Houston v. Lack*, 487 U.S. 266 (1988),

by: [signature]
Martin Gottesfeld, *pro se*
Reg. no. 12982-104
United States Penitentiary
P.O. Box 1000
Marion, IL 62959

CERTIFICATE OF SERVICE

I, Martin Gottesfeld, *pro se*, certify that on July 18, 2022, or the first opportunity thereafter, I caused a copy of the foregoing document to be served digitally upon counsel for the respondent in the above-captioned case by handing this filing to Ms. Kathy Hill of the CMU Marion unit team in her official capacity as an agent of Respondent and of his counsel, for mailing to the Court; *see* 28 C.F.R. § 540.203(a), (c) (mail to U.S. courts and judges is read for contents).

by: [signature]
Martin Gottesfeld