Attchm. 1



**U.S. Department of Justice**

Federal Bureau of Prisons

United States Penitentiary

4500 Prison Road

Marion, IL  62959

August 8, 2022

MEMORANDUM FOR:  Administrative Remedy Coordinator

FROM:  M. Wallace, Administrative Remedy Clerk
USP Marion, IL

SUBJECT:  Late Administrative Remedy/Delay Memo

On August 8, 2022, Administrative Remedy Rejection 1120431-R2 was placed in the inmate mailbox back to the inmate. Please use your judgment in accepting his appeal accordingly.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JUNE 30, 2022

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO  : MARTIN GOTTESFELD, 12982-104
      MARION USP    UNT: I    QTR: I01-009L
      P.O. BOX 2000
      MARION, IL 62959

FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID       : 1120431-R2      REGIONAL APPEAL
DATE RECEIVED   : JUNE 27, 2022
SUBJECT 1       : DHO APPEAL - PROCEDURES
SUBJECT 2       :
INCIDENT RPT NO: 3338082

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF THE   DHO REPORT YOU
                 WISH TO APPEAL OR   IDENTIFY THE CHARGES AND DATE
                 OF THE DHO ACTION.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.





**U.S. Department of Justice**
Federal Bureau of Prisons

*United States Penitentiary*

---

4500 Prison Road
Marion, IL 62959

June 23, 2022

MEMORANDUM FOR ALL CONCERNED

FROM:      N. Simpkins, Case Manager

SUBJECT:      **GOTTESFELD, Martin**
                      **Register #12982-104**
                      **Administrative Remedy #1120431-R1**

Please accept this memorandum for the attached documents for Martin Gottesfeld. As you can see it was not received at the institution until 6-8-22. His rejection notice was not given to him until 6-15-22 and he returned his appeal to be mailed out on Thursday 6-16-22. Being a CMU inmate their mail must be scanned and cleared before ever being delivered to them or leaving the institution, which is the reason for it just now leaving the institution. Due to our procedures, he will technically be out of his timeframe.

Thank you in advance for your time.

If you have any questions pertaining to this subject, please do not hesitate to contact me at (618) 964-1441, ext. 1360.

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __GOTTESFELD, MARTIN S.__  __12982-104__  __I__  __USP MARION__
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL** This is a resubmission of remedy ID 1120431-R1, seeking only the expungement of incident report ("IR") 3338082, DHO action taken 12-20-2019, charge 204A attempted extortion. In support of this singular request, I note 28 C.F.R. §§ 115.52(b)(1) ("The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse"); 115.67(c) (BOP "shall act promptly to remedy" PREA retaliation, including IRs). The IR was plainly retaliatory—and therefore unconstitutional—written immediately after I handed its author Rebekka Eisele a PREA re FCI-THA D-unit manager Mr. Todd Royer—now the subject of an internal-affairs investigation. Royer was alternate DHO Mr. D. Matthews fellow alternate DHO, whom he protected and took revenge for. The PREA was in the same set of papers I handed to Eisele with the cop-out that became subject of the IR. Also in support of this singular request to expunge the IR, I note that remedies were unavailable to me at FCI-THA due to affirmative misconduct of its officials so I filed this remedy only after my transfer to USP-MARION. For details in support of the unavailability of remedies prior to my transfer, see *Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.), dkt. 1 (Petition, Jan. 7, 2020) at 23, § IV (citing, inter alia, *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2006); *Turley v. Rednour*, 729 F.3d 645, 650 n. 3 (7th Cir. 2013); *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Kaba v. Stepp*, 45 F.3d 678, 684-86 (7th Cir. 2006) (adopting *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004)); *O'Brien v. Town of Caledonia*, 748 F.2d 403, 409 (7th Cir. 1984)). I note in further support of my single request to expunge the IR that DHO D. Matthews was biased. See *id.* at 13, § III. My warden-appointed staff rep. neglected her duties and my rights. *Id.* In further support of my single request to expunge the IR I note that I was denied witnesses, e.g., Rebekka Eisele and William Harris, and exculpatory evidence, e.g., a copy of the cop-out in question. **PLEASE SEE CONTINUATION PAGE ->**

__June 15, 2022 (Wed.)—the same day I received the__  __[signature]__
DATE      rejection            SIGNATURE OF REQUESTER

**Part B - RESPONSE**

[Stamp: RECEIVED JUN 27 2022 REGIONAL DIRECTOR'S OFFICE NORTH CENTRAL REGION]

---

_____    _____
DATE                           REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

---

ORIGINAL: RETURN TO INMATE                CASE NUMBER: _____

**Part C - RECEIPT**                     CASE NUMBER: __1120431 - R2__

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____

_____    _____
DATE                           SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN          [recycle symbol] PRINTED ON RECYCLED PAPER         BP-230(13) JUNE 2002

REGIONAL ADMINISTRATIVE REMEDY APPEAL—CONTINUATION PAGE 1 OF 1

GOTTESFELD, MARTIN S.          REG. NO. 12982-104     I-UNIT     USP-MARION

I note in further support of my single request to expunge the IR that submitting a cop-out as a prerequisite for litigation, as the IR charges I did, is protected conduct. See id. at 3, § II (citing, inter alia, Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015); DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000); Edelson PC v. Bandes Law Firm PC, 2018 U.S. Dist. LEXIS 19423, No. 16 C 11057 (N.D. Ill. Feb. 6, 2018); Sellers v. Beto, 345 F. Supp. 499, 501 (S.D. Tex. 1972)) and id. at 26, § 133 (quoting Thompson v. Washington, 362 F.3d 969, 971 (7th Cir. 2004); Perez, supra)).

Moreover, I note in further support of my single request to expunge the IR, "[t]he court also expressed a concern that '[a]llowing litigants to be charged with extortion would open yet another collateral way for litigants to attack one another." Edelson at *20-21 (citing United States v. Pendergraft, 297 F.3d 1198, 1207 (11th Cir. 2002); Deck v. Engineered Laminates, 349 F.3d 1253, 1258 (10th Cir. 2003)). See also Pendergraft at 1208 ("[P]rosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system"); Deck at 1258 (joining a "multitude of other courts in holding that meritless litigation is not extortion").

_____
Martin Gottesfeld

2022-06-15 (Wed.)
Date

- CONTINUATION PAGE 1 OF 1 -

```
                    REJECTION NOTICE - ADMINISTRATIVE REMEDY


DATE: MAY 16, 2022



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO   : MARTIN GOTTESFELD, 12982-104
       MARION USP     UNT: I    QTR: I01-007L
       P.O. BOX 2000
       MARION, IL 62959



FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1120431-R1       REGIONAL APPEAL
DATE RECEIVED   : MAY 6, 2022
SUBJECT 1       : DHO APPEAL - PROCEDURES
SUBJECT 2       :
INCIDENT RPT NO: 3338082

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF THE   DHO REPORT YOU
                 WISH TO APPEAL OR    IDENTIFY THE CHARGES AND DATE
                 OF THE DHO ACTION.

REJECT REASON 2: YOU RAISE MORE THAN ONE ISSUE/RELATED ISSUE OR APPEAL MORE
                 THAN ONE INCIDENT REPORT (INCIDENT NUMBER).   YOU MUST
                 FILE A SEPARATE REQUEST/APPEAL FOR EACH UNRELATED ISSUE
                 OR INCIDENT REPORT YOU WANT ADDRESSED.

REJECT REASON 3: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 10 DAYS OF THE DATE OF THIS REJECTION NOTICE.
```



Received on 6-15-22 NS



RECEIVED JUN 08 2022 BY: [signature]

PREA—See 28 C.F.R. §§ 115.52(b)(1) ("The agency shall impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse") and 115.67(c) ("shall act promptly to remedy" retaliation, incl. incident reports).

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **GOTTESFELD, MARTIN S.**    **12982-104**    **I**    **USP MARION**
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A - REASON FOR APPEAL Please expunge incident report (IR) 3338082. Remedies were unavailable to me at FCI-IHA due to affirmative misconduct of its officials. See Habeas Petition, *Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.), dkt. 1 (Jan. 7, 2020) at 23, § IV (citing, *inter alia*, *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2006); *Turley v. Rednour*, 729 F.3d 645, 650 n. 3 (7th Cir. 2013); *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Kaba v. Stepp*, 458 F.3d 678, 684–86 (7th Cir. 2006) (adopting *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004)); and *O'Brien v. Town of Caledonia*, 748 F.2d 403, 409 (7th Cir. 1984)). DHO Matthews was biased. See *id.* at 13, § III. My warden-appointed staff rep. neglected her duties and my rights. *Id.* I was denied witnesses, e.g., Rebekka Eisele and William Harris, and exculpatory evidence, e.g., a copy of the cop-out in question. Submitting a cop-out, as the IR charges I did, as a prereq. to litigation, is protected conduct. See *id.* at 3, § II (citing *inter alia*, *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *Edelson PC v. Bandas Law Firm PC*, 2018 U.S. Dist. LEXIS 19423, No. 16 C 11057 (N.D. Ill. Feb. 6, 2018); and *Sellers v. Beto*, 345 F. Supp. 499, 501 (S.D. Tex. 1972)) and *id.* at 26, § 133 (quoting *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004) and *Perez*, *supra*). Moreover, "[t]he court also expressed a concern that '[a]llowing litigants to be charged with extortion would open yet another collateral way for litigants to attack one another." *Edelson* at *20–21 (citing *United States v. Pendergraft*, 297 F.3d 1198, 1207 (11th Cir. 2002) and *Deck v. Engineered Laminates*, 349 F.3d 1253, 1258 (10th Cir. 2003)). "[P]rosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system." *Pendergraft* at 1208. See also *Deck* at 1258 (joining a "multitude of other courts in holding that meritless litigation is not extortion").

Apr. 29, 2022 (Fri.)      /s/ M.G.
DATE                                SIGNATURE OF REQUESTER

Part B - RESPONSE The incident report was plainly retaliatory, written immediately after I handed its author Rebekka Eisele admin. rem. no. 1000236-F1 (which she then took two days ON A PREA to turn over to the admin.-remedy clerk). See BP-10, 1000236-F1, *Gottesfeld v. Lammer*, *supra*, dkt. 47-1 (July 14, 2020) at 4. Todd Royer was Matthews's fellow FCI-IHA alternate DHO. In reality that BP-9 was in the same stack as the cop-out in question when I handed both to IR-writer Eisele. Eisele saw that admin. rem. no. 1000236-F1 is a PREA against her boss, Unit Manager Royer, and lodged the incident report before the PREA BP-9.

[RECEIVED stamp: MAY 06 2022, REGIONAL DIRECTOR'S OFFICE, NORTH CENTRAL REGION]

DATE                                         REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _____

Part C - RECEIPT      CASE NUMBER: **1120431-R1**

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE                                   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN      PRINTED ON RECYCLED PAPER      BP-230(13) JUNE 2002