U.S. Department of Justice    Attachment    **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.    12982-104    I    USP-MARION
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A – REASON FOR APPEAL** This is a resubmission of rem. no. 1120431-R2, given to prison officials for mailing at the opportunity immediately following when the rejection was given to me—*see* Late Administrative Remedy/Delay Memo, included herewith. I seek expungement of incident report (IR) 3338082—*see* DHO report included herewith—sanctions entered Dec. 20, 2019, charged prohibited-act code 204A Extortion, Attempted. In support of this singular request to expunge IR 3338082 I note 28 C.F.R. §§ 115.52(b)(1) ("The agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse"); 115.67(c) (BOP "shall act promptly to remedy" PREA retaliation, incl. IRs). The IR was plainly retaliatory—and therefore unconstitutional—written immediately after I handed its author Rebekka Eisele a PREA complaint re FCI-THA D-unit Manager Todd Royer—now the subject of an internal-affairs investigation. Royer was alternate DHO D. Matthews's fellow alternate DHO, whom he protected and avenged. The PREA complaint was in the same set of papers I handed to Eisele with the cop-out that became subject of the IR. Also in support of this singular request to expunge IR 3338082, I note that remedies were unavailable to me at FCI-THA due to affirmative misconduct of its officials so I filed this remedy only after my transfer to USP-MARION. For details in support of the unavailability of remedies prior to my transfer, *see Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.), dkt. 1 (Petition, Jan. 7, 2020) at 23, § IV (citing, *inter alia*, *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2006); *Turley v. Rednour*, 729 F.3d 645, 650 n. 3 (7th Cir. 2013); *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Kaba v. Stepp*, 458 F.3d 678, 685-86 (7th Cir. 2006) (adopting *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004)); *O'Brien v. Town of Caledonia*, 748 F.2d 403, 409 (7th Cir. 1984)) and dkt. 100 (Declaration of Martin Gottesfeld re *Exhaustion, Retaliation & Justiciability*). PLEASE SEE CONTINUATION PAGE ->

09 Aug. 2022 (Tue.)      [signature]
DATE      SIGNATURE OF REQUESTER

**Part B – RESPONSE**

---

DATE      REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _____

---

**Part C – RECEIPT**

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

DATE      SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN    PRINTED ON RECYCLED PAPER    BP-230(13) JUNE 2002

REGIONAL ADMINISTRATIVE REMEDY APPEAL—CONTINUATION PAGE 1 OF 1

GOTTESFELD, MARTIN S.    REG. NO. 12982-104    I-UNIT    USP-MARION

I note in further support of my single request to expunge IR 3338082 that DHO D. Matthews was biased. *See* Petition § III, *Gottesfeld v. Lammer*, *supra*, dkt. 1 at 13. My warden-appointed staff rep. neglected her duties and my rights. *Id.* In further support of my single request to expunge IR 3338082 I note I was denied witnesses, *e.g.*, Rebekka Eisele and William Harris, and also denied exculpatory evidence, *e.g.*, a copy of the cop-out in question in time for me to prepare a written statement.

 I note in further support of my single request to expunge IR 3338082 that submitting a cop-out as a prerequisite for litigation, as the IR charges, is protected conduct. *See id.* at 3, § II (citing, *inter alia*, *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *Edelson PC v. Bandas Law Firm PC*, 2018 U.S. Dist. LEXIS 19423, No. 16 C 11057 (N.D. Ill. Feb. 6, 2018); *Sellers v. Beto*, 345 F. Supp. 499, 501 (S.D. Tex. 1972)); *id.* at 26, ¶ 133 (quoting *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004); *Perez*)).

 Moreover, I note in further support of my single request to expunge IR 3338082: "The court also expressed a concern that '[a]llowing litigants to be charged with extortion would open yet another collateral way for litigants to attack one another." *Edelson* at *20—21 (citing *United States v. Pendergraft*, 297 F.3d 1198, 1207 (11th Cir. 2002); *Deck v. Engineered Laminates*, 349 F.3d 1253, 1258 (10th Cir. 2003)). *See also Pendergraft*, 297 F.3d at 1208 ("[P]rosecuting litigation activities as federal crimes would undermine the policies of access and finality that animate our legal system"); *Deck*, 349 F.3d at 1258 (joining a "multitude of other courts in holding that meritless litigation is not extortion").

by: [signature]    09 Aug. 2022 (Tue.)
Martin Gottesfeld

- CONTINUATION PAGE 1 OF 1 -

Exhibit 17

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**  **FEDERAL BUREAU PRISONS**

| | |
|---|---|
| Institution: FCC Terre Haute | Incident Report number: 3338082 |
| NAME OF INMATE: Gottesfeld, Martin | REG. NO.: 12982-104    UNIT: CMU |
| Date of Incident Report: 12-09-2019 | Offense Code: 204A |
| Date of Incident: 12-06-2019 | |
| Summary of Charges: Extortion (Attempted) | |

**I. NOTICE OF CHARGE(S)**

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) **12-09-2019** at (time) **1739** (by staff member) **B. Devlin**.

B. The DHO Hearing was held on (date) **12-20-2019** at (time) **1120**.

C. The inmate was advised of the rights before the DHO by (staff member): **S. Williams, Counselor** on (date) **12-12-2019** and copy of the advisement of rights form is attached.

**II. STAFF REPRESENTATIVE**

A. Inmate waived right to staff representative. Yes ___ No **X**.

B. Inmate requested staff representative and appeared.

C. Staff Representative statement: **No procedural errors noted. Inmate states he was quoting statute and not attempting to extort anyone.**

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that: (New Staff Representative Name) **Warden Appointed** was selected.

E. Staff representative **T. Feuquay, Case Manager** was appointed.

**III. PRESENTATION OF EVIDENCE**

A. Inmate ___ (admits) **X** (denies) ___ (neither) the charge(s).

B. Summary of inmate statement:
"**That is the document I handed to Ms. Eisele, but I was not extorting anyone, I was quoting DC statute. This incident happened on the 6th not the 9th so the report is late. Video and audio will show this.**"

C. Witnesses:
1. Inmate waived right to witness. Yes ___ No **X**

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below). **Inmate Gottesfeld waived in person witness and the following witness provided a written statement. William Harris #40743-050. "Marty did not intend to extort anything from R. Eisele. He simply was requesting the copy of his order of commitment which is consistent with the statutes regarding the same. Eisele read Marty's document before leaving the library."**

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents: **Written correspondence from inmate Gottesfeld addressed to Ms. Eisele and other individuals, US and DC statutes, video and audio recordings of the of the incident.**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because: **N/A**.

**IV. FINDINGS OF THE DHO**

**X** A. The act was committed as charged.
___ C. No prohibited act was committed: Expunge according to Inmate Discipline PS.
___ B. The following act was committed:

**INMATE COPY**

1

BP-A0304
JAN 17

# DISCIPLINE HEARING OFFICER REPORT

**U.S. DEPARTMENT OF JUSTICE**                                      **FEDERAL BUREAU PRISONS**

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| Gottesfeld, Martin | 12982-104 | 12-20-2019 |

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.):

You were advised of your rights before the Discipline Hearing Officer and stated that you understood those rights. You requested staff members SOS S. Harvey, SOS B. Eddy and Counselor R. Orr to be your staff representative all of which declined. You were then appointed Case Manager T. Feuquay. Additionally, you requested the inmate William Harris as a witness and authorized use of a written statement. You presented the following as documentary evidence on your behalf: Inmate Request to Staff Member, dated 12/06/2019, Title 18 USC §3621(c), D.C Code §16-1905, D.C Code §13-421, D.C Code §13-422, D.C Code §13-423(a).

The DHO finds that on December 6, 2019, you committed the prohibited act of Code 204A, Attempted Extortion or Blackmail.

The DHO considered the Incident Report which the reporting officer states, "On the evening of December 6, 2019, at approximately 1920 hrs, inmate Gottesfeld, Martin, Reg. No. 12982-104, handed me two inmate Requests for processing. I briefly glanced at them, noticed he requested a copy of what I thought was his Judgement and Commitment, on one of them and I verbally explained to him he would have to ask the Records Department to view his Judgement to see if it is any different from the copy I had already given him. I brought the requests to my office, scanned them and left them for further processing on the next business day. On December 9, 2019, I began processing the requests I had collected and noticed inmate Gottesfeld's request includes a demand for a "statutorily-mandated sum" which I interpreted as money. The demand is to myself and approximately 72 other individuals, agencies, and entities demanding a true copy of his Order of Commitment. Specifically he states" I have searched my records for an order of commitment (sic) allowing each of you, jointly and severely (sic), to hold me against my will and found no such order… I hereby demand a true copy of the order of commitment (sic) under which each of you, jointly and severely(sic) is detaining me against my will. This demand is self-executing every twenty-four (24) hours; and each of you whom neglects to deliver to me a true copy of the required order of commitment (sic) shall forfeit to me the statutorily-mandated sum."

I feel threatened by inmate Gottesfeld's demands and I believe he is trying to extort me (and others), both personally and professionally. Inmate Gottesfeld is attempting to intimidate and compel me (and other staff, agencies, entities) by threat of financial demise into providing him a document (to which I have no access) and potentially assisting him in securing a fraudulent release from custody."

The DHO considered your statement to the investigating Lieutenant, where you stated, "This is unconstitutional and retaliatory to my pending litigation. I request for the record that you save the video and audio files of this encounter."

The DHO considered your statement to the UDC stating, "I did not extort anyone. I quoted relevant law nearly verbatim. See attached. This incident report is unconstitutional and those involved with its preparation and any sanctions will likely be held not to have qualified immunity."

The DHO considered the statement by your staff representative stating "No procedural errors noted. Inmate states he was quoting statute and not attempting to extort anyone."

The DHO considered your statement to the DHO stating, "I did give Ms. Eisele those papers but I was not extorting anyone. This incident report is late. It happened on the 6th and I wasn't given a copy until the 9th. I used language right from the DC statue."

The DHO considered your statement and denial to the charge against you, but was not convinced. The DHO believes you would deny the charge to avoid possible disciplinary sanctions, if found guilty. Staff clearly report that you attempted to extort or blackmail them. You admitted to giving Ms. Eisele the written correspondence that contained threatening language. The DHO can find no evidence that the date of incident should have been December 6, 2019, instead of December 9, 2019. The video of the incident was reviewed by the DHO and your interaction with Ms. Eisele was not captured inside the Law Library. The audio was reviewed by the DHO and was only able to make out muffled voices. Ms. Eisele clearly states in the incident report she did not become aware of the incident until December 9, 2019. You received a copy of the incident on December 9, 2019, at 5:39 p.m. Therefore, the DHO finds the incident report is within the timeline outlined in policy. The DHO

2

**INMATE COPY**

| BP-A0304 | **DISCIPLINE HEARING OFFICER REPORT** | |
|---|---|---|
| JAN 17 | | |
| **U.S. DEPARTMENT OF JUSTICE** | | **FEDERAL BUREAU PRISONS** |

| Name of Inmate: | Reg. No.: | Hearing Date: |
|---|---|---|
| Gottesfeld, Martin | 12982-104 | 12-20-2019 |

considered your statement that you were quoting statute and not attempting to extort anyone but was not convinced. Upon reviewing the statutes you requested the DHO finds while you have the right to litigation, however; you do not have the right to attempt to extort or blackmail staff into complying with your demands.

Therefore, based on the greater weight of evidence the DHO finds you committed the prohibited act of Code 204A: Attempting to Extort or Blackmail.

VI. SANCTION OR ACTION TAKEN (List each prohibited act with respective sanctions for that act):

Code 204A:
27 Days Disallow Good Conduct Time
90 Days Loss of Phone
90 Days Loss of Commissary
$50.00 Fine
(balance $401.55 as of 12-20-2019)

VII. REASON FOR EACH SANCTION OR ACTION TAKEN:

The action/behavior on the part of any inmate to carry out an act of extortion/blackmail on another inmate or staff member, poses a very serious threat to the health, safety and welfare of not only the inmate involved, but that of all inmates and staff. Past acts of this nature have resulted in drugs, guns and other weapons entering the institution, as well as escape attempts being carried out. This type of action/behavior cannot be tolerated at any time. The sanction(s) imposed by the DHO were taken to let the inmate know that he, and he alone, will be held responsible for his actions/behavior at all times. Although not directly related to the infraction, loss of privileges was invoked to deter the inmate from this behavior in the future.

VIII. APPEAL RIGHTS: __X__ The inmate has been advised of the findings, specific evidence relied on action and reasons for the action. The inmate has been advised of the right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| D. Matthews, Alternate DHO | D. Matthews | 01-22-2020 |

DHO report delivered to Inmate by: _R.E_

R. Eisele
Printed Name (Staff)

Signature: _R.E_

Date and Time: 01/24/2020 1504hrs.

Prescribed by P5270    Replaces BP-A0304 of AUG 11

**INMATE COPY**

3

```
MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959
```



⇦12982-104⇨
North Central Region
400 State AVE
Kansas CITY, KS 66101-2492
United States





```
RESUBMISSION OF REM. NO. 1120431-R2
TO EXPUNGE COURT-ACCESS IR 3338082
        TUESDAY, AUGUST 9, 2022
```