Exhibit 1

Declaration of Martin Gottesfeld

1. I am Martin Gottesfeld, Petitioner, *pro se*, in *Gottesfeld v. Lammer*, 2:20-cv-12-JRS-MJD (S.D. Ind.).

2. I received the Court's July 18, 2022, mailing of Order Dismissing Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment, dkt. 97, and Final Judgment, dkt. 98, on Wednesday, July 27, 2022. *See* 28 C.F.R. § 540.203 (court mail is not special mail and is pre-screened for contents); Photocopy of Annotated Envelope of Court Mailing, Attachm. 1.

3. I received Bureau of Prisons North Central Regional Director Andre Matevousian's July 1, 2022, response to Regional Remedy Appeal ("BP-10") 1121369-R1 re RT IR 3549119 on Monday, August 1, 2022. *See* BP-10 Response Packet, Attachm. 2.

4. The first page of the aforsaid remedy response was stamped "RECEIVED JUL 27 2022" and initialed illegibly. *Id.* at 1. CMU Case Manager Mr. Nathan Simpkins then accurately annotated the regional director's response "I/M [Inmate] received 8/1/22 N[athan] S[impkins]." *Id.* at 2. My original BP-10 was accurately dated Friday, April 29, 2022. *Id.* at 3.

5. I immediately composed and mailed at the next opportunity a relevant Central Office Administrative Remedy Appeal ("BP-11"). *See* BP-11 with Cont. Pg. and Proof of Mailing (August 1, 2022), Attachm. 3.

6. My Motion to Set Aside Judgment (Fed. R. Civ. P. 59(e)) was ready for mailing Thursday, August 4, 2022, but since there is no free-standing prison mailbox in my unit and I cannot summon at will the specific staffers designated to handle my court mail, I turned over care, custody and control of my filing to CMU Intelligence Resource Officer Ms. Kathy Hill for mailing to the Court at my next opportunity, Friday, August 5, 2022. *See* Proof of Mailing & Service (August 4, 2022), Attachm. 4.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of The United States of America. 28 U.S.C. § 1746. Executed Saturday, August 6, 2022.

by: /s/ Martin Gottesfeld
    Martin Gottesfeld

- Page 1 of 9 -

Attchm. 1

$0.810
US POSTAGE
FIRST-CLASS
062S0009595006
47807

INDIANAPOLIS IN 460
18 JUL 2022 PM 1 L

Return to sender
because clerk's 07.28
won't 07-27
by [signature]

( 2:20-cv-12 )
MARTIN S. GOTTESFELD
12982-104
MARION U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION IL 62959

THE OFFICE OF THE
CLERK OF THE U.S. DISTRICT COURT
921 OHIO STREET
ROOM 104
TERRE HAUTE, IN  47807

OFFICIAL BUSINESS

Attchm. 2

```
MARTIN GOTTESFELD, 12982-104
MARION USP    UNT: I    QTR: I01-009L
P.O. BOX 2000
MARION,  IL 62959
```



| | |
|---|---|
| U.S. Department of Justice<br>Federal Bureau of Prisons<br>North Central Regional Office | Regional Administrative Remedy Appeal<br>Part B - Response |

**Administrative Remedy Number:** 1121339-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on May 6, 2022, in which you allege you were subjected to retaliation by staff members at the United States Penitentiary Marion, Illinois. You were not specific in your request for relief.

Program Statement 5324.12, <u>Sexually Abusive Behavior Prevention and Intervention Program</u> states, "The agency shall establish a policy to protect all inmates and staff who report sexual abuse or sexual harassment or cooperate with sexual abuse or sexual harassment investigations from retaliation by other inmates or staff, and shall designate which staff members or departments are charged with monitoring retaliation." Your allegation has been referred to the appropriate authorities for investigation. A thorough investigation will be conducted and you will be notified of the outcome.

Based on the above, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

7/1/22
Date

Andre Matevousian, Regional Director

I/M
received
8/1/22
US

**PREA**
U.S. Department of Justice  
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __GOTTESFELD, MARTIN S.__  __12982-104__  __I__  __USP MARION__
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A – REASON FOR APPEAL** DHO Jason Bradley is withholding his DHO report re incident report (IR) 3549119 in violation of BOP policy, PREA and U.S. Const. amend. I. Please either produce the written report or expunge the IR. He entered sanctions five months ago (Dec. 1, 2021) but wrote and delivered no report to me. See, e.g., Program Statement 5270.09, CN-1, Inmate Discipline Program (Nov. 8, 2020) at ch. 5 ("The DHO gives the inmate a written copy of the decision and disposition, ordinarily within 15 work days of the decision") and Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007) (due process requires, inter alia, ability to call witnesses, disclosure of exculpatory evidence, an impartial decision maker and written findings). Unit Manager Todd Royer was subject of the call in question and I had and have PREA complaint filed against him. Bradley retaliates against my PREA reporting of his friend and fellow DHO Mr. Royer rather than follow BOP policy and PREA, e.g., 28 C.F.R. §§ 115.54 ("The agency shall establish a method to receive third-party reports of sex sexual abuse and sexual harassment [...]"), 115.64(a)(1) ("Separate the alleged victim and abuser") and 115.67(a) (monitor for "possible retaliation," e.g., "any inmate disciplinary reports," and "act promptly to remedy any such retaliation"), Program Statement 5264.08 Inmate Telephone Regulations (Jan. 24, 2008) ("Inmates may submit telephone numbers for any pers they choose, including numbers for [...] news media") and PS 5270.09, supra. I was denied the staff rep. of my choice; my warden-appointed rep. violated my rights. I was denied witnesses, e.g., Jodi Wampler, exculpatory evidence, e.g., a copy o call audio to challenge the transcription, and an impartial decision maker, see, not Royer's fellow THA-DHO buddy. PREA was never followed, e.g., 28 C.F.R. §§ 115.54, 115.64(a)(1), 115.73(a) and 115.67(c). The IR and withholding of Bradley's report are parts of a retaliation campaign by FCI-THA staffers Bradley, Royer, Eisele, Wheeler, Sherman, Lamer, Baker, Edwards, et al. and W. Virginia staffers, e.g. Wampler, in violation of PREA and U.S. Const. amend. I. My calls are not subject to my securing assurances not to be quoted to the press.

__Apr. 29, 2022 (Fri.)__   __[signature]__
DATE | SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE | REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE    CASE NUMBER: _____

**Part C - RECEIPT**
CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION
SUBJECT: _____

_____
DATE | SIGNATURE, RECIPIENT OF REGIONAL APPEAL

UPN LVN

BP-230(13)
JUNE 2002

PREA---See, e.g., 28 C.F.R. §§ 115.67(c), 115.54    Attachm. 3

**U.S. Department of Justice**    **Central Office Administrative Remedy Appeal**
Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: GOTTESFELD, MARTIN S.    12982-104    I    USP-MARION
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL** This is an appeal of rem. no. 1121369-R1. I seek only the DHO report re incident report (IR) 3549119 to comply with my due-process right to a copy of the factfinder's written reason(s) for the action taken, or, in the alternative, the expungement of the IR. Bradley (DHO) entered sanctions Dec. 1, 2021, eight months ago, but wrote and delivered no report to me. See, e.g., Program Statement 5270.09, CN-1, Inmate Discipline Program at ch. 5 (Nov. 8, 2020) ("The DHO gives the inmate a written copy of the decisions and disposition, ordinarily within 15 work days[sic] of the decision"); Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007) (due process requires, inter alia, ability to call witnesses, disclosure of exculpatory evidence, an impartial decisionmaker and written findings). A relevant OIA inquiry, as alluded-to by Reg. Dir. Matevousian in his response, does not negate these policy or due-process requirements. Unit Manager Mr. Todd Royer was subject of the call in question and I had and have PREA complaints filed against him. Bradley, the DHO, retaliates against my PREA reporting of Mr. Royer, Bradley's friend and fellow DHO, and violates BOP policy and PREA, e.g., 28 C.F.R. §§ 115.54 ("The agency shall establish a method to receive third-party reports of sexual abuse and sexual harassment [...]"), 115.64(a)(1) ("Separate the alleged victim and abuser"), 115.67(a) (monitor for "possible retaliation," e.g., "any inmate disciplinary reports," and "act promptly to remedy any such retaliation"); Program Statement 5264.08 Inmate Telephone Regulations (Jan. 24, 2008) ("Inmates may submit telephone numbers for any person they choose, including numbers for [...] news media"); Prog. Stat. 5270.09, CN-1, supra. I was denied the staff rep. of my choice; my warden-appointed rep. violated my rights. I was denied witnesses, e.g., Ms. Jodi Wampler, exculpatory evidence e.g., a copy of the call audio to challenge the transcription, and an impartial decisionmaker, i.e. not Royer's fellow FCI-THA DHO Buddy. PLEASE SEE INCLUDED CONTINUATION PAGE ->

1 AUG. 2022 (MON.)    <--SAME DAY I RECEIVED REG.'S RESPONSE.    /s/ [signature]
    DATE        SIGNATURE OF REQUESTER

**Part B - RESPONSE**

---

    DATE    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: _____

**Part C - RECEIPT**
    CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

    DATE    SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
UPN LVN    PRINTED ON RECYCLED PAPER    BP-231(13) JUNE 2002

CENTRAL OFFICE ADMINISTRATIVE REMEDY APPEAL CONT. PAGE

APPEAL OF REM. NO. 1121369-R1; PREA—*See, e.g.*, 28 C.F.R. §§ 115.67(c), 115.54

GOTTESFELD, MARTIN S.        12982-104              I-UNIT    USP-MARION

PREA was never followed, *e.g.*, 28 C.F.R. §§ 115.54, 115.64(a)(1), 115.73(a), 115.67(c). The IR and withholding of Bradley's DHO report are parts of a retaliation campaign by FCI-THA staffers Bradley, Royer, Siereveld, Lammer, Eisele, Wheeler, Baker, Sherman, Edwards *et al.* and West Virginia staffers, *e.g.*, Jodi Wampler, in violation of PREA and U.S. Const. amend. I. My calls are not subject to my securing assurances not to be quoted to the press, esp. regarding flagrant violations by Bureau of Prisons communications-management unit (CMU) staffers of the Prison Rape Elimination Act (PREA).

    The Reg. Director's response was withheld from me from July 1, 2022, until today, August 1, 2022, when I immediately composed this reply. *See* included timeliness memo., and, *cf.*, *Houston v. Lack*, 487 U.S. 266 (1988) (creating the prison-mailbox rule because unrepresented prisoners are unable to secure timely marshaling of mailings). *See also* 28 C.F.R. § 540.203(a), (c) (mail to and from CMU prisoners and BOP regional and central offices is pre-screened for contents).

by: *[signature]* MARTIN GOTTESFELD

1 AUGUST 2022 (MON.)

    - CONTINUATION PAGE 1 OF 1 -

MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959



⇔ 12932-104 ⇔
Office Of General Counsel
Bureau of Prisons
320 1ST ST NW
Washington, DC 20534
United States

MONDAY, AUGUST 1, 2022
APPEAL OF REM. NO. 1121369-R1

Attchm. 4

```
MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959
```

    



⇔12982-104⇔
U S Distr Court
921 OHIO ST
Room #104
Terre Haute, IN 47807
United States

```
THURSDAY, AUGUST 4, 2022; Houston v. Lack, 487 U.S. 266 (1988)

                    CONTENTS—

· MOTION TO SET ASIDE JUDGMENT (FED. R. CIV. P. 59(e)) (15 PGS.).

                     TOTAL—

        15 PGS. FOR ENTRY IN 2:20-CV-12-JRS-MJD.
```

```
MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959
```



Thursday, August 4, 2022; Houston v. Lack, 487 U.S. 266 (1988)
⇔12982-104⇔
U S Attorneys Office
Southern District of IN
10 W Market ST
Suite 2100
Indianapolis, IN 46204
United States