UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARTIN GOTTESFELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 2:20-cv-00012-JRS-MJD |
| | ) |
| B. LAMMER, Warden, | ) |
| | ) |
| Respondent. | ) |

**RESPONSE TO MOTION TO SET ASIDE JUDGMENT**

The Petitioner Martin Gottesfeld has filed a motion to set aside the order denying his petition for writ of habeas corpus. (ECF No. 106.) For the foregoing reasons, the Court should deny this motion.

**ARGUMENT**

Gottesfeld seeks relief under Fed. R. Civ. P. 59(e), which permits a party to move to "alter or amend a judgment" within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). To satisfy Rule 59, a movant must clearly establish "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). Rule 59 motions are not vehicles for introducing new evidence or for advancing arguments that a party could have or should have presented before the entry of judgment. *Egonmwan v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 845, 852 (7th Cir. 2010). The party seeking reconsideration must show "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

1

Gottesfeld cannot meet this burden here. Gottesfeld makes various legal arguments, but they are not new. Rather, he is asking the Court to reconsider the applicable law and conclude that he is entitled to relief. But the authorities Gottesfeld cites do not support this outcome.

In his initial Petition, Gottesfeld challenged disciplinary findings related to a December 9, 2019 incident, which resulted in Gottesfeld being found in violation of Prohibited Act Code 204(A), attempted extortion. (ECF 97 at 3.) Gottesfeld received a copy of the decision (the "DHO Report") on January 24, 2020. (ECF 18 at 62.)

Gottesfeld argued in his Petition that his constitutional rights were violated in various ways during the disciplinary process. In response, the Warden showed 1) that Gottesfeld had not exhausted his administrative remedies as to his claims; and 2) that Gottesfeld received due process during the proceedings. (ECF 21.)

In its Order denying Gottesfeld's Petition, the Court found that he had not exhausted his administrative remedies before filing his Petition. (ECF 97.) Specifically, the Court noted the Warden's evidentiary submissions, which showed that although Gotttesfeld filed 42 administrative remedies during his time in BOP custody, he did not appeal the disciplinary findings related to Incident Report No. 3338082. (ECF 97 at 97.)

In his Motion, Gottesfeld again argues that the Court's conclusion was in error because the Court should consider remedies that Gottesfeld filed with the BOP *before* his disciplinary sanctions were issued. (ECF 97 at 4 (showing that Gottesfeld filed his Petition on January 7, 2020, and DHO report was issued on January 22, 2020.) But the Court correctly determined that by filing his Petition before the DHO report was issued, Gottesfeld per se deprived the BOP the opportunity to consider any appeal and adjudicate it, which is the point of exhaustion. *Woodford*

2

*v. Ngo*, 548 U. S. 81, 85 (2006); *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) ("Judicial review pursuant to 28 U.S.C. § 2241" of "a claim concerning the computation of a sentence . . . is obtainable . . . only after a prisoner exhausts administrative remedies.").

Gottesfeld also argues that he was prejudiced because the Court denied his "timely requests for extensions in which to file an amended reply." (ECF 106 at 2.) But the Court granted about 20 requests for extension of time from Gottesfeld to file a Reply. (*See* Docket (granting extensions of time from April 15, 2020 to July 11, 2022.) The Court's decision to "no further" Mr. Gottesfeld after granting him numerous extensions was well within its discretion.

For these reasons, the Court properly denied Gottesfeld's Petition.

                                              Respectfully submitted,

                                              ZACHARY A. MYERS
                                              United States Attorney

By:    s/ *Shelese Woods*
        Shelese Woods
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2022, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that on August 24, 2022, a copy of the foregoing was mailed, by first class U.S. Mail, postage prepaid and properly addressed to the following:

Martin S. Gottesfeld
Register No. 12982-104
USP MARION
U.S. PENITENTIARY
P.O. BOX 1000
MARION, IL  62959

s/ *Shelese Woods*
Shelese Woods
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204