UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

FILED
09/19/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

MARTIN GOTTESFELD,
Petitioner, pro se,

v.

B. LAMMER, Warden of
The FCI Terre Haute, Indiana,
Respondent.

No. 2:20-cv-12-JRS-MJD

REPLY RE MOTION TO SET ASIDE JUDGMENT (FED. R. CIV. P. 59(e))

MARTIN GOTTESFELD, Petitioner, pro se, replies in support of his Motion to Set Aside Judgment (hereinafter "Motion"), dkt. 106.

1. BACKGROUND

This Court entered judgment against Petitioner Monday, July 18, 2022. Judgment, dkt. 98. Petitioner timely moved to set aside that judgment. See Motion (filed Aug. 4, 2022; entered Aug. 15, 2022). Respondent formally opposed Motion Aug. 24, 2022. Response to Rule 59(e) Motion (hereinafter "Opp."), dkt. 108.

Petitioner and Respondent agree: "Rule 59(e) enables a district court to correct its own errors based on newly discovered evidence or manifest errors of law." Motion at 1 (quoting *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (internal quotation marks omitted); Opp. at 1 ("To satisfy Rule 59, a movant must clearly establish '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment'") (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2012)).

Respondent contends, "Gottesfeld makes various legal arguments, but they are not new" and "the authorities Gottesfeld cites do not support" relief.

Opp. at 2.

He further contends, "by filing his Petition before the DHO report was issued, Gottesfeld per se deprived the BOP the opportunity to consider any appeal and adjudicate it." *Id.*

Respondent finally contends without citation to authority that the Court's decision to grant Petitioner "no further" extensions "was well within its discretion." *Id.* at 3.

2. RESPONDENT OVERLOOKED *TURLEY V. REDNOUR*, 729 F.3d 645, 650 (7th CIR. 2013). Nowhere does the instant record reflect that the Court considered the Seventh Circuit's precedential holding: "In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." Motion at 3, § 2 (quoting *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013)) (internal quotation marks omitted). And nowhere does Respondent rebut that *Turley* requires relief from this Court's adverse ruling issued on the bases that Petitioner offered "no legal authority for the proposition a petitioner may exhaust his disciplinary sanction before it has been issued" and "the Court is aware of none." Order Dismissing Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment (hereinafter "Dism. Ord.") § III, dkt. 97 at 7.

But the Seventh Circuit could hardly have been clearer: "'Separate complaints about particular incidents'—or incident reports (IR)—'are only required if the underlying facts or complaints are different.'" Motion at 3 (quoting *Turley* at 650).

Nor does Respondent rebut the application of other overlooked precedents nowhere mentioned by the Court, despite the fact, "A *pro se* plaintiff who has alleged well-pled facts supporting a claim for relief can withstand dismissal without responding to a motion to dismiss." *Id.* at 4 (quoting *Curtis v. Bem-*

benek, 48 F.3d 281 (7th Cir. 1995)) (internal quotation marks omitted). Respondent, for example, fails to show how, in concert with *Turley*, this Circuit's principles of *pro-se* construction fail to warrant relief: "Moreover, 'no administrative remedy system may demand'—as Respondent purports, constructively, to do—'that the prisoner specify each remedy later sought in litigation.'" *Id.* at 3 (quoting *Strong v. David*, 297 F.3d 649—50 (7th Cir. 2002)). And, "'A document filed pro se is to be liberally construed.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007) (internal quotation marks and citation omitted)).

3. RESPONDENT OVERLOOKED *KABA V. STEPP*, 458 F.3d 678, 686 (7th CIR. 2006). The Court declined to estop Respondent's nonexhaustion defense because, it found, Petitioner did "not explain how [Respondent's] seizure [of Petitioner's property] prevented him from filing an administrative appeal, even though he was able to file his petition in this action." Motion at 1—2 (quoting Dism. Ord. at 7) (alterations added, internal quotation marks omitted). Nowhere does the instant record reflect the Court considered—and nowhere does Respondent address—the Seventh Circuit's contrary holding: "The fact that [Prisoner] was able to file his FTCA claim and this lawsuit does not prove that remedies were available within the [prison] system." Motion at 4 (quoting *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006)) (internal quotation marks omitted; alterations in original). "Threats or other intimidation by prison officials may well deter a prisoner of ordinary firmness from filing an internal grieveance, but not an external one because the latter might avoid threatened retaliatory conduct from prison employees." *Id.* (quoting *Kaba*) (internal quotation marks, alteration marks and citations omitted).

4. RESPONDENT OVERLOOKED THE UNANSWERED EISELE BP-8. Respondent is correct, Rule 59 allows relief where "the court committed a manifest error of law *or fact*." Opp. at 1 (quoting *Blue*, 224 F.3d at 606) (in-

ternal quotation marks omitted; emphasis added). But he overlooks and fails to rebut Petitioner's unanswered filing of the Eisele BP-8 regarding Respondent's retaliation against Petitioner's exhaustion of litigation prerequisites. *See* Motion at 4—5 (quoting Petition ¶¶ 119—24, dkt. 1 at 23—24). "There is no maximum amount of time for prison officials to answer a 'BP-8.'" Motion at 5 (citing 28 C.F.R. § 542.18 Response Time). "And BP-8s are 'not recorded in the SENTRY database.'" *Id.* (quoting *Barnett v. Harlow*, 2019 U.S. Dist. LEXIS 94080, No. 2:18-cv-397-JMS-MJD (S.D. Ind. June 5, 2019) at *7). "Eisele herself had the chance to deny that Petitioner filed the Eisele BP-8 but did not do so." *Id.* (citing Eisele Decl., dkt. 21-2).

And nowhere in his Opposition does Respondent now produce admissible evidence contradicting Petitioner's filing of the Eisele BP-8.

Nor does Respondent show anywhere on the record where the Court recognized or he distinguished the instant case from the Seventh Circuit's relevant precedent: "When the prisoner follows procedure but receives no response due to error by the prison, this court has found that the prisoner exhausted." *Id.* (quoting Petition ¶ 127, dkt. 1 at 25 (quoting *Turley*, 729 F.3d at 650 n. 3) (internal quotation marks, citations and alteration marks omitted)).

5. RESPONDENT OVERLOOKED *MCCARTHY V. MADIGAN*, 503 U.S. 140 (1992). Respondent points to nowhere on the record where the Court considered the recognized exceptions to common-law exhaustion, nor does he argue that those expressly argued by Petitioner are somehow inapplicable. "Administrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in efficiency or administrative autonomy." Motion at 6 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)) (internal alteration marks and citation removed). "For example, 'requiring resort to administrative remedy may occasion undue prejudice to subsequent assertion of a court action.'" *Id.* (quoting *McCarthy* at 146—47).

"In the instant case vital evidence of DHO D. Matthews's partiality and the retaliatory animus underlying IR 3338082 faced imminent destruction." Mot. at 6 (citing Emergency Motion for an Order to Preserve Evidence Against Imminent Destruction, dkt. 3; Cop-out requesting preservation of evidence, dkt. 3-1). "Only this Court's order prevented spoliation." *Id.* (citing Order § I, dkt. 9 at 1).

> I previously requested the preservation of the audio and video surveillance footage subject to my recently-granted emergency motion in the case by submitting the exhibited written requests but was told by an agent of [R]espondent that the footage would not be preserved.

*Id.* (quoting Gottesfeld Jan. 28, 2020, Decl. ¶ 9, dkt. 16-1 at 2). "'That is why I came to The Court for an order.'" *Id.* (quoting Gottesfeld Jan. 28, 2020 Decl. ¶ 9, dkt. 16-1 at 2).

Respondent provides no authority requiring Petitioner to watch him destroy key evidence while he indefinitely delayed Petitioner's remedies. Nor may he show where the Court considered this issue prior to judgment.

### 6. RESPONDENT OVERLOOKED THAT THE RECORD IS DISPUTED.

Respondent points to nowhere on the record where the Court considered the procedural requirements or the lack thereof of the parties to dispute the record. As Petitioner argued with citations to Seventh Circuit and Supreme Court precedents and legislative histories: "The duty to dispute was Respondent's—not Petitioner's." Motion at 6–8, § 6 (citing 28 U.S.C. §§ 2243, 2248; Original Committee Note to § 2254 Rule 5; *United States ex rel. Kendzierski v. Brantley*, 447 F.2d 806, 808 (7th Cir. 1971); *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Walker v. O'Brien*, 216 F.3d 626, 636 (7th Cir. 2000); *Wehrs v. Wells*, 688 F.3d 886, 890–91 (7th Cir. 2012) and the authorities for the habeas context found in Amended Reply In Support of § 2241 Petition n. 2, dkt. 101 at 2).

"Respondent's search through a terse computer-generated summary of Petitioner's 42 BP-9s, -10s and -11s—but not his BP-8s—for a retrospective in-

cident report no.—Respondent's sole evidence in support of his nonexhaustion defense—plainly failed to rebut Petitioner's specific facts re exhaustion." Motion at 8 (citing Administrative Remedy Generalized Retrieval, dkt. 21-1 at 49 in contrast to Petition ¶¶ 119—24, dkt. 1 at 23—24 (Eisele BP-8 never answered, after other relevant remedies were illegitimately rejected)).

7. RESPONDENT PROVIDES NO PROOF OF REMEDY REVIEW FOR CONSTITUTIONAL ISSUES. Petitioner cited Respondent's own policies and regulations as new and previously unconsidered evidence of the unavailability of administrative review of disciplinary proceedings for constitutional violations: "The decision of the DHO is final and subject to review only by the Regional Director to ensure conformity with the disciplinary policy." Motion at 8—9 (quoting U.S. Dep't of Justice, Fed. Bur. of Prisons Program Statement 5270.09 Inmate Discipline Program ("Prog. Stat. Inm. Disc.") at ch. 5 (July 8, 2011)). "On appeals, the reviewing authority considers: Whether the UDC or DHO substantially complied with regulations on inmate discipline." *Id.* (quoting Prog. Stat. Inm. Disc. at ch. 5).

"A Lexis® search within [the relevant policy and regulatory] folios for *constit\** returns zero results." *Id.* at 9.

Because Respondent cannot show any contrary evidence upholding administrative review of DHO decisions for constitutional violations he complains that Petitioner's filing the instant Petitition "per se deprived the BOP the opportunity to consider any appeal." Opp. at 2. This erroneously shifts the burden of proof because "Exhaustion is an affirmative defense, and the burden of proof is on Respondent." Motion at 8 (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)) (citing *Kaba* (burden of proof remains on Respondent to show availability of remedy review)) (internal quotation marks omitted). Simply put, where Petitioner provides new evidence proving remedy review was unavailable for a later-litigated theory of a case, it is Respondent who must

prove remedy review was available under that same theory despite his own policies to the contrary. Respondent fails to meet this burden and cannot show that this Court considered his failure prior to judgment.

8. **RESPONDENT OVERLOOKED *IDDIR V. INS*, 301 F.3d 492, 498 (7th CIR. 2002).** Respondent cannot show anywhere on the record where the Court considered the exceptions to exhaustion recognized in this Circuit. For example, "'exhaustion may be excused' where 'substantial constitutional questions are raised' or 'the agency lacks the ability or competence to resolve the issue or grant the relief requested.'" Motion at 9 (citing *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002)). "Exhaustion may also be excused if it 'causes prejudice, due to unreasonable delay or an indefinite time frame for administrative action.'" *Id.* at 14 (quoting *Iddir* at 498).

The Court must now consider these exceptions, having previously not done so, in light of "the substantial constitutional questions posed by this case, *e.g.* 1) May Respondent punish Petitioner for his statutory exhaustion of D.C. Code § 16-1905? and 2) Is IR 3338082 retaliatory in violation of U.S. Const. amend. I.?" Motion at 9. It must also consider that "Respondent has never timely answered Petitioner's remedies and his assurances that Petitioner may appeal an unanswered remedy invariably rang hollow. 'Exhaustion of the remedy directly prior to IR 3338082 took 573 days.'" Motion at 14 (quoting Amended Reply § 8B, dkt. 101 at 14). "At such great delays witness memories fade, documents are lost, etc." *Id.*

9. **RESPONDENT ERRONEOUSLY UNDERSTATES THE COURT'S DUTY TO A *PRO SE* PARTY.** Petitioner provided numerous precedents for the proposition his amended reply should be allowed. Motion at 9—12 (citing precedents). Unable to show that the Court considered any of them prior to judgment, Respondent claims—without citation to any authority whatsoever—that the Court's decision "was well within its discretion." Opp. at 3.

"Dismissal for failure to prosecute is a harsh penalty that should be used to sanction only extreme misconduct." Motion at 10 (citing *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)). "The need for a clear warning is particularly great where a party is proceeding *pro se*." *Id.* (citing *In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995)). "Here there is no 'clear record of contumacious conduct' that would justify a dismissal." *Id.* (quoting *Rice v. City of Chicago*, 333 F.3d 780, 785–86 (7th Cir. 2003)). "One missed deadline is not a pattern of dilatory conduct." *Id.* (quoting *Kruger*, 214 F.3d at 787; citing *Casteel v. Piescheck*, 3 F.3d 1050, 1055–56 (7th Cir. 1993)).

Nowhere does Respondent show that the Court considered these or other precedents more specific to habeas relief, *e.g.*, "Respondent and the Court violate the Constitution by enforcing dispositive deadlines in a habeas case while Petitioner is deprived of law-library access." *Id.* at 11 (citing Objection, dkt. 103 (citing *Estremera v. United States*, 724 F.3d 773 (7th Cir. 2013) (reversing denial of habeas relief for evidentiary hearing to determine law-library availability prior to petitioner's AEDPA deadline))).

In addition to *Estremera*, Respondent cannot point to any record showing the Court considered, "[I]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertant forfeiture of important rights because of their lack of legal training." Motion at 11 (quoting *McLeod v. Jewish Guild For The Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1316 (11th Cir. 2011)) (internal quotation marks omitted, alteration marks in original).

10. **RESPONDENT DOES NOT DISPUTE PETITIONER'S DILIGENCE.**

Respondent does not dispute, "the fruits of Petitioner's labor now make plain his diligence." Motion at 12 (citing ERJ Decl., Amended Reply and Motion to Supplement or Amend, dkts. 100–02). Viewed *ab initio* Petitioner's diligent

efforts include handwriting a 40-plus-page Petition from solitary confinement without a desk, timely replying to Respondent's Return before the Court ordered him to amend his reply, timely objecting to the Court's denial of his motions for extensions, timely filing his Rule 59(e) Motion and now timely replying in its support. *See, generally*, Docket Report. The one late filing was a 60-plus-page declaration with 250-plus-page appendix and lengthy and comprehensive amended reply, each prepared without a word processor and despite impediments such as SARS-CoV-2 lockdowns, other law-library outages and commissary supply shortages. *See* Motion at 11—12 (quoting Mots. for Exts. and Decls. in support thereof).

At the same time, Respondent does not rebut, "The Court cannot equitably expect Petitioner to plead both the law and facts of detailed issues to avoid dismissal and refuse to provide him adequate time with adequate legal resources to produce thorough filings." Motion at 12 (citing Dism. Ord. § III (expecting Petitioner to provide "legal authority for the proposition a petitioner may exhaust his discplinary sanction before it has been issued"), dkt. 97 at 7).

It is especially inequitable to do so where, as here, such comprehensive pleadings were necessitated by Respondent's refusal to concede the law and facts that this Court's rules required him to concede. *See, e.g.*, Motion at 9 (contemplating Respondent's "fraud upon the Court" for his assertion "that administrative review for constitutional violations was available" despite policy to the contrary); Fed. R. Civ. P. 11(b) (defenses must have factual and legal support).

          11. RESPONDENT DOES NOT JUSTIFY THE PREJUDICE TO PETITIONER.

"Respondent never argued he was prejudiced in any way because Petitioner needed more time—nor should he have been heard to complain, having caused the very difficulties that belabored this case." Motion at 12 (citing *Ball v.*

*City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993) (prejudice to opposing party should be considered when imposing sanction)). Respondent's Opp. still pleaded no such prejudice to his defense because none is to be found.

Petitioner, instead, is he who is unfairly prejudiced by the denial of the requested extensions. He, *e.g.*, was prevented from proving he "exhausted on two theories: 1) court access and 2) impermissible vagueness." Motion at 13, § 9 (citing BP-11 responses). "He pleaded both in Petition." *Id.* (citing Petition, dkt. 1 at 1, 34). Respondent leaves unaddressed that "[d]enying Petitioner's requested extensions prejudiced him from presenting these issues." *Id.* (citing Amended Reply §§ 6, 9A, dkt. 101 at 6, 18).

## 12. CONCLUSION

Respondent still fails to rebut that: "Petitioner exhausted under multiple theories: retaliation, court access and vagueness." Motion at 14.

> Any of these warrants the Great Writ. Moreover, exhaustion was never applicable because administrative review was unavailable for constitutional violations and prejudicially untimely for evidentiary violations. Had Respondent wished Petitioner to seek further administrative review volitionally, Respondent should have agreed to preserve the evidence Petitioner requested rather than force him to secure this Court's Order on an emergency basis. And Respondent's affirmative misconduct against remedy filings at financial cost to Petitioner properly estops Respondent's nonexhaustion defense.

*Id.* Nothing in Respondent's opposition alters that, "This Court's Judgment should be set aside or corrected to reflect these plain truths." *Id.*

Respectfully filed Monday, August 29, 2022, under the prison-mailbox rule, *Houston v. Lack*, 487 U.S. 266 (1988), by mailing to the Court in an envelope bearing sufficient affixed pre-paid First Class U.S. postage, handed to Ms. Kathy Hill of the CMU Marion unit team in her official capacity as an agent of Respondent and of his counsel at the next opportunity,

by: /s/
Martin Gottesfeld, #12982-104
United States Penitentiary, P.O. Box 1000
Marion, IL 62959

## CERTIFICATE OF SERVICE

I, Martin Gottesfeld, *pro se*, certify I mailed a copy of the foregoing document to counsel for the respondent in the above-captioned case Monday, August 29, 2022, or my first opportunity thereafter and that I separately effected service via 28 C.F.R. § 540.203(a), (c) (mail to U.S. courts and judges is read for contents),

by: /s/ Martin Gottesfeld
Martin Gottesfeld

MARTIN GOTTESFELD
REG. NO. 12982-104
UNITED STATES PENITENTIARY
P.O. BOX 1000
MARION, IL 62959

CONTENTS—

- REPLY RE RULE
  59(e) MOTION
  (11 PGS.).

TOTAL—11 PGS.
FOR ENTRY IN
2:20-CV-12-JRS-MJD.

Monday, August 29, 2022; *Houston v. Lack*, 487 U.S. 266 (1988)

⇔ 12982-104 ⇔
U S Distr Court
921 OHIO ST
Room #104
Terre Haute, IN 47807
—————— United States

FILED
SEP 19 2022
U.S. C____'S OFFICE
TERRE HA___ INDIANA
47807-373829

SAINT LOUIS
15 SEP 2022