UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARTIN S. GOTTESFELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:20-cv-00012-JRS-MJD |
| | ) |
| B. LAMMER, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Post-Judgment Motions**

Petitioner Martin Gottesfeld brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary proceeding identified as Incident Report No. 3338082. Finding that Mr. Gottesfeld failed to exhaust his administrative challenges to his disciplinary conviction before filing this petition, the Court dismissed it.[1] Mr. Gottesfeld seeks reconsideration of that ruling. He has also filed an amended reply in support of his petition and a motion for leave to file a supplement to his petition.

**I. Motion for Leave to File Supplement and Amended Reply**

First, after final judgment issued, the Court received from Mr. Gottesfeld a number of filings, including an amended reply in support of his petition and a motion for leave to file a supplement or amend. The Court had previously granted Mr. Gottesfeld nineteen extensions of time to file an amended reply – which provided him over two years to file that reply – and had warned him that no further extensions beyond May 16, 2022, would be granted. Dkt. 88. Mr. Gottesfeld has demonstrated no error in that ruling or sufficiently explained why two years was

---

[1] In fact, Mr. Gottesfeld filed the present petition before the disciplinary hearing officer had issued his findings. *See* dkt. 97 at 4.

insufficient time to file his amended reply. Accordingly, his motion for leave, dkt. [102], is denied and his filings of July 25, 2022, have not been considered.

## II. Motion to Set Aside Judgment

Mr. Gottesfeld also seeks relief from the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

In support of his motion, Mr. Gottesfeld raises several challenges to the Court's ruling, none of which establish his entitlement to relief. For example, he challenges the exhaustion requirement itself. But he has failed to show that the Court committed a manifest error of law by applying an exhaustion requirement. Dkt. 97 at 2 (citing *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004)). He also argues that administrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in efficiency. Dkt. 110-1 at 4. But he has not shown why immediate judicial review of his loss of earned credit time was necessary.[2] He also argues that he was not required to file multiple grievances on the same issue.

---
[2] Moreover, his multiple requests for an extension of time belie his purported desire for immediate judicial review.

2

While this is true, the exhaustion requirement nonetheless requires an inmate to complete the administrative remedy process *before* filing his lawsuit. *See Ford v. Johnson*, 362 F.3d 395, 399 (7th Cir. 2004). Mr. Gottesfeld also suggests that he was thwarted in pursuing administrative remedies and that the record regarding whether he exhausted his administrative remedies is disputed. Again, Mr. Gottesfeld is correct that an inmate is not required to exhaust those administrative remedies that are not available. But having filed this petition before his disciplinary hearing was even complete, he cannot show administrative remedies were not available to him.

In short, Mr. Gottesfeld has presented no evidence or argument to show that the Court erred in finding that he failed to exhaust his available administrative remedies before he filed this petition. He therefore has failed to show the Court's order was the result of a manifest error of fact or law and his motion for reconsideration is denied.

### III. Conclusion

As discussed above, Mr. Gottesfeld's motion for leave to file supplement or amend, dkt. [102], and his motion to set aside judgment, dkt. [106], are each **denied**. Mr. Gottesfeld is reminded that his petition for a writ of habeas corpus was dismissed without prejudice to filing a new petition after he has exhausted his administrative remedies.

**IT IS SO ORDERED.**

Date: 10/28/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARTIN S. GOTTESFELD
12982-104
MARION - USP
MARION U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959

All Electronically Registered Counsel